GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (admitted *pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (admitted *pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-4622
Facsimile: (415) 801-7389

ANDREW M. KASABIAN (SBN 313210)
akasabian@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone: (213) 229-7311
Facsimile: (213) 229-6311

*Attorneys for Defendant Meta Platforms, Inc.*

*Additional Attorneys in Signature Block*

GEORGE FELDMAN MCDONALD, PLLC
LORI G. FELDMAN (admitted *pro hac vice*)
LFeldman@4-justice.com
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (917) 983-9321
Fax: (888) 421-4173

BURSOR & FISHER, P.A.
JOEL D. SMITH (SBN 244902)
jsmith@bursor.com
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

*Steering Committee Co-Chairs for All Plaintiffs in Consolidated Action*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This Document Relates To:<br><br>Case No. 3:22-cv-07557-SI, All Actions | Master File No. 3:22-cv-07557-SI<br><br><u>PUTATIVE CLASS ACTION</u><br><br>**JOINT STATEMENT REGARDING PROTECTIVE ORDER**<br><br>Hon. Judge Virginia K. DeMarchi |

# JOINT STATEMENT

In accordance with the Court's direction at the April 20, 2023 Discovery Conference, *see* Dkt. No. 216, the parties in *In re Meta Pixel Healthcare Litigation*, Case No. 22-cv-3580-WHO (VKD), *In re Meta Pixel Tax Filing Cases*, Case No. 22-cv-07557-SI (VKD), and *Gershzon v. Meta*, Case No. 3:23-cv-00083-SI (VKD) have continued to meet and confer regarding the terms of a protective order to be entered in their respective cases. While the parties have made progress, they have been unable to reach agreement on all issues.

The Tax Case Plaintiffs' proposed protective order is attached as Exhibit A, Meta's proposed protective order is attached as Exhibit B, and a redline comparing the Tax Plaintiffs' proposed protective order and Meta's proposed protective order is attached as Exhibit C. The parties submit the following statements regarding the remaining disputes.

## I.   PLAINTIFFS' STATEMENT

In this statement and their proposed Protective Order, the Tax Case Plaintiffs'[1] address a single area where the Tax Case Plaintiffs' proposal differs from those offered by the Healthcare Case Plaintiffs. During further discussions with Meta over the terms of the Protective Order, it has become clear that Meta may produce a significant volume of materials with redactions. Meta proposes, for instance, to redact snippets of source code that appear in internal Meta communications.

The Tax Case Plaintiffs do not object to Meta's proposals in this regard but proposed that the parties should agree to the maintenance and production of Redaction Logs specifying the location of such materials and the reasons for redaction. Specifically, the Tax Case Plaintiffs proposed additions to Section 13.5 of the Proposed Order as follows (additions underlined):

---

[1] This Joint Statement refers to *In re Meta Pixel Tax Filing Cases* (Case No. 3:22-cv-07557) as the "Tax Case" and the plaintiffs therein as the "Tax Case Plaintiffs", to *In re Meta Pixel Healthcare Litigation* (Case No. 3:22-cv-03580) as the "Healthcare Case" and the plaintiffs therein as the "Healthcare Case Plaintiffs," and *Gershzon v. Meta Platforms, Inc.* (Case No. 3:23-cv-00083) as the "DMV Case" and the plaintiffs therein as the "DMV Case Plaintiffs."

> 13.5. Privilege <u>& Redaction</u> Logs. The Parties' agreement regarding the requirement for, timing, format, and content of privilege logs is memorialized in a separate agreement. <u>All materials redacted under any provision of this Protective Order shall be listed on a Redaction Log specifying by bates number the individual pages redacted and the reasons for such redactions. On request, a party must produce said Redaction Log within ten (10) business days.</u>

These revisions are necessary for practical purposes. If Meta is to produce a significant volume of redacted documents under the Protective Order, the parties and the Court will need a ready reference showing the volume of such materials, their location, and the reasons for redaction. Further, the Tax Case Plaintiffs' suggested approach is consonant with the Federal Rules and standard practice in the federal courts. *See, e.g.*, Fed. R. Civ. P. 5.2(g) ("A filing that contains redacted information may be filed together with a reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed."); *Mas v. Cumulus Media Inc.*, No. C-10-1396 EMC, 2010 WL 4916402, at *2 (N.D. Cal. Nov. 22, 2010) (allowing plaintiff to redact portions of documents revealing nonresponsive financial information but ordering that "[a]ny redaction should be accounted for in a redaction log."). The Tax Case Plaintiffs have confirmed that the DMV Case Plaintiffs support the addition of this redaction-log requirement and that the Healthcare Case Plaintiffs do not oppose it. For all these reasons, the Tax Case Plaintiffs request that the Court's Protective Order in this matter include a redaction-log requirement in substantially the form suggested above.

## II. META'S STATEMENT

Meta incorporates its positions from the joint statement filed in the Healthcare Case concerning the protective order as if fully stated herein. As with the Rule 502(d) Clawback Order, it is Meta's position that there should be a single protective order that is entered in each of the cases that have been referred to this Court for discovery. With respect to the topic raised by the Tax Case Plaintiffs specifically, Meta responds as follows.

**Section 13.5**. The Tax Case Plaintiffs propose that the parties prepare redaction logs listing documents that contain redactions and the reasons for redaction. Meta's position is that the proposed redaction logs are not necessary. Creating a separate redaction log to cover Source Code

- 3 -

redactions (and any other unspecified "materials redacted under any provision" of the Protective Order) will serve no practical purpose. The parties have already agreed to separately discuss privilege logs, and Meta intends to utilize redactions that specify the reason for the redaction within the redaction itself. So, for example, if Source Code is redacted from a document, there will be an opaque box in place of the Source Code content, and there will be text within the box that reads, "Redacted – Source Code" that will look like this:

> Redacted – Source Code

Accordingly, the "reasons for redaction" and their quantity will already be clear to Plaintiffs from the face of the documents that Meta produces, and a redaction log would be duplicative and is thus unnecessary.

It is also not appropriate to impose the Tax Case Plaintiffs' obligation to provide this unnecessary redaction log upon "ten (10) business days" notice. The Court already provided guidance to the parties on the timing for the production of privilege logs in the context of the ESI protocol (April 20, 2023 Hr'g Tr. at 100:11–101:23), and the Tax Case Plaintiffs' 10-business-day requirement is both unreasonable and ignores that guidance and the court's instruction that the parties separately meet and confer regarding interim deadlines for items like privilege logs.

Federal Rule of Civil Procedure 5.2(g) is inapposite; that rule relates to redacted information in court filings and it contemplates a completely different procedure—one in which the "reference list" actually contains the confidential information at issue along with appropriate "identifiers" to use in place of the confidential information in public court filings, and the reference list itself is confidential and "must be filed under seal." Here, by contrast, the redactions will be made in documents produced in discovery—not public court filings—and the Tax Case Plaintiffs will be able to view the underlying Source Code content in the Source Code review room to the extent it is relevant and upon reasonable request from the Tax Case Plaintiffs (as discussed in the

joint statement filed in the Healthcare Case). Accordingly, there is no need for the Tax Case Plaintiffs' proposed language above regarding redaction logs.

Dated: May 5, 2023                GIBSON, DUNN & CRUTCHER LLP

By: */s/ Lauren R. Goldman*
      Lauren R. Goldman

LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:   (415) 393-8200
Facsimile:    (415) 393-8306

ANDREW M. KASABIAN (SBN 313210)
akasabian@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:   (213) 229-7311
Facsimile:    (213) 229-6311

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
KYLE C. WONG (SBN 224021)
kwong@cooley.com
CAROLINE A. LEBEL (SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000

*Attorneys for Defendant Meta Platforms, Inc.*

Dated: May 5, 2023

GEORGE FELDMAN MCDONALD, PLLC

By: */s/ Lori G. Feldman*
  Lori G. Feldman

LORI G. FELDMAN (admitted *pro hac vice*)
LFeldman@4-justice.com
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Telephone: (917) 983-9321
Facsimile: (888) 421-4173

BURSOR & FISHER, P.A.

By: */s/ Joel D. Smith*
  Joel D. Smith

Joel D. Smith (SBN 244902)
jsmith@bursor.com
Neal J. Deckant (SBN 322946)
ndeckant@bursor.com
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

GEORGE FELDMAN MCDONALD, PLLC
David J. George. (*pro hac vice* forthcoming)
DGeorge@4-Justice.com
Brittany L. Brown. (*pro hac vice* forthcoming)
BBrown@4-justice.com
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Telephone: (561) 232-6002
Facsimile: (888) 421-4173

Plaintiffs' Steering Committee Co-Chairs

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
REBECCA A. PETERSON (SBN 241858)
rapeterson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

FOSTER YARBOROUGH, PLLC
Patrick Yarborough (admitted *pro hac vice*)
patrick@fosteryarborough.com
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254

THE HODA LAW FIRM, PLLC
Marshal J. Hoda (admitted *pro hac vice*)
marshal@thehodalawfirm.com
12333 Sowden Road, Suite B, PMB 51811
Houston, TX 77080
Telephone: (832) 848-0036
Facsimile: (832) 201-0364

Plaintiffs' Steering Committee Members

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: May 5, 2023            By:    /s/ *Lauren R. Goldman*

                                               Lauren R. Goldman