# Exhibit A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 22-cv-07557-SI (VKD) |
| | <u>PUTATIVE CLASS ACTION</u> |
| | **PLAINTIFFS' [PROPOSED] ORDER REGARDING COORDINATION OF DISCOVERY AND INTERIM DISCOVERY DEADLINES** |
| **This Document Relates To:** | Date: May 23, 2023 |
| All Actions | Time: 1:30 p.m. |
| | Courtroom: 2, 5th Floor |
| | Judge: Hon. Virginia K. DeMarchi |
| | Action Filed: December 1, 2022 |

### 1.      PURPOSE

This Order will govern the coordination of written, document-production, and deposition discovery in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

The purpose of this order is to facilitate the progress of discovery across *In re Meta Pixel Tax Filing Cases*, Case No. 22-cv-07557-SI (VKD) (the *"Tax* Case"), *In re Meta Pixel Healthcare Litigation*, Case No. 22-cv-3580-WHO (VKD) (the "*Healthcare* Case"), and *Gershzon v. Meta*, Case No. 22-cv-00083-SI (VKD) ("*DMV* Case") (collectively, the "Three Cases") *without* causing or enabling delays or infringing upon the autonomy of each set of lawyers for the plaintiffs in the Three Cases.

### 2.      COORDINATION OF WRITTEN DISCOVERY AND DOCUMENT PRODUCTION

#### a.   Identification of "Common Discovery" Prompts

Within thirty (30) days of the entry of this Order, the plaintiffs in each of the Three Cases shall identify specific requests in one another's already-served written discovery that request

documents or information that is also discoverable in their case ("Common Discovery"). Subject to any valid objections by Meta that the requests so identified are in whole or in part not relevant to a particular case, within thirty (30) days of the identification of Common Discovery, Meta shall respond to or produce that Common Discovery to plaintiffs that have identified it as such.

Likewise, within thirty (30) days of the service of future sets of written discovery, the plaintiffs in each of the Three Cases shall identify Common Discovery as defined above. Subject to any valid objections by Meta that the requests so identified are in whole or in part not relevant to a particular case, within thirty (30) days of the identification of such Common Discovery, Meta shall respond to or produce that Common Discovery to plaintiffs that have identified it as such.

Nothing in this Order shall be construed to treat any set of plaintiffs' discovery as the "starting point" for Common Discovery or set any numerical limits on the parties' case-specific written discovery requests. Until further order of this Court, the only limitations on written discovery requests are those set forth in the Federal Rules of Civil Procedure.

### b.  Interim Discovery Deadlines

To facilitate the effective coordination of written discovery, document production, privilege logs, redaction logs, deposition scheduling, and any disputes about the same, the Three Cases need consistent document-production, privilege-log, and redaction-log deadlines set well ahead of the close of discovery, in time for related disputes to be raised during the discovery period without delays of coordinated depositions or trial.

Accordingly, the parties in this case are required to comply with the following interim deadlines for document production: (1) final completion of production of all requested data about class representatives and proposed classes and subclasses due ninety (90) days from the entry of the scheduling order; (2) substantial completion of all other document production due one hundred twenty (120) days from the date of the entry of the scheduling order; and (3) final completion of all document production due ninety (90) days before the close of discovery. Interim privilege- and redaction-log deadlines are set twenty-eight (28) days after each of these interim document-production deadlines.

To ensure the parties need not spend deposition time authenticating documents, the parties shall enter a stipulation authenticating all documents they have produced in discovery.

**3.      COORDINATION OF DEPOSITIONS**

*a.   Identification and Scheduling of Depositions of Common Witnesses*

To facilitate the identification of Meta fact witnesses common to more than one case, the plaintiffs in this case shall disclose to the plaintiffs in the other Three Cases every witness they intend to depose at or before the time they communicate their intention to depose that witness to Meta. Plaintiffs may only depose Common Witnesses once across the Three Cases where such scheduling is practicable and would not cause delay. Examples where scheduling a single deposition of a Common Witness would be impracticable or cause delay include situations where one or more other sets of plaintiffs (a) have not received a substantial production of custodial documents for that witness, (b) have a pending discovery dispute pertaining to that witness or their documents, or (c) otherwise are not in a position to depose that witness given the state of document discovery in their case or cases.

Plaintiffs are prohibited from taking the deposition of an already-deposed Meta witness where those plaintiffs earlier failed to designate that person as a Common Witness for their case, except that (1) plaintiffs should be allowed to depose such a witness over Meta's objections where scheduling that deposition earlier in a particular case would have been premature, impracticable, or cause delay because, for example, plaintiffs in that case (a) had not received a substantial production of custodial documents for that witness, (b) had a pending discovery dispute pertaining to that witness or their documents, or (c) otherwise were not in a position to depose that witness given the state of document production in their case or cases at the time; and (2) plaintiffs should be allowed to obtain the transcript and video of any fact-witness deposition they chose not to attend, unless Meta can show good cause for why they should not be allowed the transcript and video.

Where practicable, for Common Witness depositions, the plaintiffs shall coordinate with the plaintiffs in the other Three Cases to issue a single notice of deposition designating mutually agreeable dates.

### b. *Questioning of Common Witnesses*

At each deposition where plaintiffs from two or three cases question a Common Witness, each of the plaintiffs' groups attending shall have the right to question the Common Witness using one lawyer per each plaintiffs' group.

### c. *Time Limits for Common Witness Depositions*

For Common Witnesses designated by plaintiffs in two cases, a total time limit of twelve (12) hours is imposed. For Common Witnesses designated by the plaintiffs in all three cases, a total time limit of fifteen (15) hours is imposed.

### 4. COORDINATION OF DISCOVERY DISPUTES

To enable coordination of any disputes common to more than one of the Three Cases, the plaintiffs in the Three Cases shall inform one another in advance of raising with the Court any discovery disputes that involve Common Discovery or Common Witnesses, so they may file joint discovery motions or responses, or file joinders in whole or in part on the same.

Though the plaintiffs in the Three Cases may coordinate their discovery disputes, nothing in this order shall be construed to remove from lead counsel in any of the Three Cases their full control over their respective (1) written discovery requests, (2) negotiations with Meta over the scope of Meta's discovery responses and document production (including with respect to Meta's production of documents in each case pursuant to Common Discovery prompts), (3) negotiations with Meta regarding search terms; and (4) negotiations with Meta over custodians.

**IT IS SO STIPULATED,** through Plaintiffs' Counsel of Record.

Dated:  May 16, 2023

GEORGE FELDMAN MCDONALD, PLLC

By:  ___*/s/ Lori G. Feldman*___
        Lori G. Feldman

LORI G. FELDMAN (admitted *pro hac vice*)
LFeldman@4-justice.com
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Telephone: (917) 983-9321
Facsimile: (888) 421-4173

David J. George. (*pro hac vice* forthcoming)
DGeorge@4-Justice.com
Brittany L. Brown. (*pro hac vice* forthcoming)
BBrown@4-justice.com
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Telephone: (561) 232-6002
Facsimile: (888) 421-4173


BURSOR & FISHER, P.A.

By:  ___*/s/ Joel D. Smith*___
        Joel D. Smith

Joel D. Smith (SBN 244902)
jsmith@bursor.com
Neal J. Deckant (SBN 322946)
ndeckant@bursor.com
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700

GEORGE FELDMAN MCDONALD, PLLC

*Plaintiffs' Steering Committee Co-Chairs*


LOCKRIDGE GRINDAL NAUEN P.L.L.P.

Rebecca A. Peterson (SBN 241858)
rapeterson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile:  (612) 339-0981

FOSTER YARBOROUGH PLLC

Patrick Yarborough (admitted *pro hac vice*)
patrick@fosteryarborough.com
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254

THE HODA LAW FIRM, PLLC

Marshal J. Hoda (admitted *pro hac vice*)
marshal@thehodalawfirm.com
12333 Sowden Road, Suite B, PMB 51811
Houston, TX 77080
Telephone: (832) 848-0036
Facsimile: (832) 201-0364

*Plaintiffs' Steering Committee Members*

**IT IS SO ORDERED**.

Dated:

_____
UNITED STATES MAGISTRATE JUDGE