UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE META PIXEL TAX FILING CASES | Case No. 22-cv-07557-SI (VKD) |
|---|---|
| This Document Relates To:<br>All Actions. | **DISCOVERY SCHEDULING ORDER** |

No case schedule has been set in this case. However, to facilitate the timely completion of fact discovery before class certification briefing, this order sets deadlines for the exchange of information regarding the production of ESI, and provides a framework for interim deadlines for the exchange of privilege logs and the substantial completion of document production. After the presiding judge sets a case schedule, the parties shall confer and submit a proposed schedule for all dates that follow the June 23, 2023 date for the disclosure of search terms.

The deadlines set below may be modified by agreement of the parties by means of a stipulated request and proposed order, or by the Court upon a showing of good cause.[1]

| Producing party discloses custodial and non-custodial ESI data sources, per ESI Protocol | June 19, 2023[2] |
|---|---|
| If using search terms, producing party discloses search terms, per | June 23, 2023[3] |

---

[1] The party moving for a modification based on good cause should file an administrative motion that complies with Civil L.R. 7-11.

[2] The Court understands that plaintiffs have already served comprehensive document requests on Meta, and Meta has served written responses. If no document requests have been served on a party, that party's deadline to disclose ESI data sources is 40 days from the date of service of the requesting party's document requests.

[3] If no document requests for production have been served on a party, that party's deadline to

| ESI Protocol | |
|---|---|
| Parties exchange first interim privilege logs | 90 days before second exchange |
| Parties exchange second interim privilege logs | 60 days before final exchange |
| Parties substantially complete document production | 90 days before fact discovery cut off |
| Parties exchange final privilege logs | 40 days before fact discovery cut off |

The Court expects the parties to produce documents on a rolling basis; they must not delay their production until the substantial completion deadline. As a general matter, the Court also expects the parties to produce documents before taking depositions of party witnesses or former employees of a party. In particular, the parties should take steps to ensure that the production of documents for which a witness is the custodian is substantially complete before that witness is deposed.

The parties must confer about the form and content of their privilege logs sufficiently in advance of the deadline for the exchange of first interim privilege logs so that any disputes about the form and content of the log can be resolved before the deadline.

The Court expects plaintiffs in the *Healthcare*, *Tax*, and *DMV* cases to cooperate with Meta with respect to Meta's production of documents regarding subject matter common to all cases. However, the Court will not require plaintiffs in the *Healthcare, Tax,* and *DMV* cases to serve coordinated "global" requests for discovery on Meta. Rather, the burden to identify subject matter common to all cases lies with Meta in the first instance. If Meta identifies documents that are relevant and responsive to document requests served in all three cases, it may produce an identical set of such documents in each of the three cases, in addition to its case-specific document productions. Meta should avoid producing documents that are relevant to only one case in other cases to which the documents are not relevant.

---

disclose search terms (if used) is 7 days after it discloses its ESI data sources.

The parties in the *Healthcare, Tax*, and *DMV* cases must use their best efforts to coordinate the scheduling of depositions of Meta's current and former employees whose testimony is relevant to all three cases so as to minimize the burden and inconvenience for the witness. For example, if plaintiffs in one case notice the deposition of a Meta witness who Meta believes may provide testimony relevant to all three cases, Meta may so advise plaintiffs in the other cases and request that all plaintiffs coordinate with each other and with Meta in scheduling the witness's deposition. The parties shall also discuss other reasonable measures to minimize the burden and inconvenience for a given witness, including measures to avoid the taking of duplicative testimony by different plaintiffs.

**IT IS SO ORDERED.**

Dated: May 25, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge