UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This Document Relates To:<br>All Actions. | Case No. 22-cv-07557-SI (VKD)<br><br>**THIRD ORDER RE DISPUTE RE ESI PROTOCOL** |

This order resolves the parties' disputes concerning two provisions of the proposed ESI protocol concerning the treatment of hyperlinked documents (App. 1, sec. 1) and the production of metadata for email thread members (sec. 7(b)). The Court has reviewed and considered the declarations of Sam Yang and Jamie Brown filed by Meta on June 1, 2023, together with the prior briefing and the declaration of Douglas Forrest regarding these provisions.

**1.     Hyperlinked documents (App. 1, sec. 1)**

The Court is persuaded that the commercially available tools plaintiffs suggest may be used for automatically collecting links to non-public documents have no or very limited utility in Meta's data environments or systems, and even that limited utility (i.e. using the Microsoft Purview eDiscovery (Premium) tool to collect links to SharePoint and OneDrive cloud attachments in Microsoft Exchange environments) would disrupt Meta's standardized workflow for ESI-related discovery processing across all of its platforms and systems. Accordingly, the ESI protocol should make clear that hyperlinked documents are not treated as conventional attachments for purposes of preserving a "family" relationship in production. However, the Court anticipates that for some documents, it will be important to collect (or attempt to collect) hyperlinked documents and associate them with the underlying ESI in which the links appear. In

such circumstances, the parties should consider reasonable requests for production of hyperlinked documents on a case-by-case basis. Such requests should not be made as a matter of routine.

### 2. Email threading (sec. 7(b))

Meta acknowledges that in a prior matter it did provide additional metadata for email thread members that is similar to what plaintiffs request here. However, Meta's consultant explains that the production of such metadata is not an industry standard practice, would require significant customized work(as it did in the prior matter), and would add time and complexity to the ESI production process. The Court finds that the benefits of the approach plaintiffs suggest do not outweigh the burdens of what would be required to provide the additional metadata information. This is particularly true here where a party is only permitted to produce the most inclusive message, and avoid separately producing the earlier messages in the email thread, when all thread members are "fully contained" within the most inclusive message, including attachments and identical senders and recipients. Thus, with the exception of the send date, the metadata for the most inclusive message should reflect all of the same participants for all earlier messages in the email thread. The Court adopts Meta's proposal on this point.

\*\*\*

The Court has now resolved all disputes presented regarding the parties' proposed ESI protocol. *See* Dkt. Nos. 77, 81. The parties shall file a proposed ESI protocol that conforms to this and the Court's prior orders no later than **June 5, 2023**, for the Court's review and approval.

**IT IS SO ORDERED.**

Dated: June 2, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge