GIBSON, DUNN & CRUTCHER LLP
LAUREN GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   212.351.4000
Facsimile:   212.351.4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:   415.393.4622
Facsimile:   415.801.7389

ANDREW M. KASABIAN, SBN 313210
akasabian@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612 USA
Telephone:   949.451.3800
Facsimile:   949.451.4220

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   415.693.2000
Facsimile:   415.693.2222

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This Document Relates To:<br><br>Case No. 3:22-cv-07557-SI, All Actions | MASTER FILE NO. 3:22-cv-07557-SI<br><br>**DEFENDANT META PLATFORMS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>CLASS ACTION<br><br>Date:  October 27, 2023<br>Time:  10:00 a.m.<br>Judge:  Hon. Susan Illston<br>Date Action Filed: December 1, 2022 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), defendant Meta Platforms, Inc. ("Meta"), through its undersigned counsel, respectfully requests that the Court take judicial notice of, and/or deem as incorporated by reference, the following exhibits, filed in support of its Motion to Dismiss, which are attached to the accompanying Declaration of Abigail A. Barrera.

**Exhibit 1** is a true and correct copy of Meta's Terms of Service, available on Meta's website: https://www.facebook.com/legal/terms/plain_text_terms.

**Exhibit 2** is a true and correct copy of Meta's Privacy Policy, available on Meta's website: https://mbasic.facebook.com/privacy/policy/printable/.

**Exhibit 3** is a true and correct copy of Meta's Cookies Policy, available on Meta's website: https://mbasic.facebook.com/privacy/policies/cookies/printable/.

**Exhibit 4** is a true and correct copy of Meta's Business Tools Terms, available on Meta's website: https://www.facebook.com/legal/terms/businesstools.

**Exhibit 5** is a true and correct copy of a Meta Business Help Center article titled "About restricted Meta Business Tools data," available on Meta's website: https://www.facebook.com/business/help/1057016521436966.

**Exhibit 6** is a true and correct copy of a Meta Business Help Center article titled "About sensitive financial information," available on Meta's website: http://www.facebook.com/business/help/2770378636585929.

# ARGUMENT

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to matters subject to judicial notice and to documents incorporated in the complaint by reference. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Meta respectfully requests that the Court deem Exhibits 1–6 incorporated by reference because plaintiffs' consolidated complaint both refers to and relies on the contents of these documents. Meta additionally requests that the Court take judicial notice of Exhibits 1–6 as public records accessible on publicly available websites.

## A.    Incorporation By Reference of Material in the Complaint

The Court may take judicial notice of Exhibits 1–6 under the incorporation by reference doctrine. Under that doctrine, a district court may, when ruling on a motion to dismiss, consider documents cited in the complaint when "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *In re Talis Biomedical Corp. Sec. Litig.*, 2022 WL 17551984, at *10 (N.D. Cal. Dec. 9, 2022) (Illston, J.) (quoting *Khoja*, 899 F.3d at 1002). Incorporation by reference "prevent[s] plaintiffs from selectively citing 'only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.'" *Id.* (quoting *Khoja*, 899 F.3d at 1003). Where a claim "depends on the contents of a document," it may be incorporated by reference even if not explicitly cited in the complaint, provided the "defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *accord Lee*, 250 F.3d at 688–89.

*First*, incorporation by reference of the first five appended exhibits (Exhibits 1–5) is appropriate because the alleged omissions and misrepresentations contained therein "form the basis" of several of plaintiffs' claims. *Khoja*, 899 F.3d at 1005. Plaintiffs allege that Meta's Terms of Service, Data Policy (now known as the Privacy Policy), and Cookies Policy failed to disclose the collection of their data, such that plaintiffs did not consent to Meta receiving that data via the Pixel. *See* Consolidated Class Action Complaint ("CAC") ¶¶ 63–68 (alleging that the policies attached as Exhibits 1–3 lack adequate disclosures). Plaintiffs also claim that Meta's public statements, including in its policies and in articles posted to its website, "misled its customers." *See, e.g., id.* ¶¶ 69–70, 95 (discussing Meta's Business

Tools Terms and an article from the Meta Business Help Center, attached as Exhibits 4 and 5). These alleged misrepresentations (along with the alleged omissions in Meta's policies) form the bases of plaintiffs' claims. In short, issues at the heart of plaintiffs' claims—whether plaintiffs consented to the collection of their data and whether Meta misled plaintiffs—turn on the terms of Meta's policies and the statements made on its website, which plaintiffs cite in their complaint. Therefore, the proffered exhibits are central to plaintiffs' claims and should be deemed incorporated by reference. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

*Second*, incorporation by reference of all six proffered exhibits (Exhibits 1–6 ) is also proper to "prevent plaintiffs from selectively citing" to certain portions of those documents. *In re Talis Biomedical*, 2022 WL 17551984, at *10. Plaintiffs selectively quote from or describe each of the documents appended as Exhibits 1–5. And while plaintiffs do not directly quote or describe the article attached as Exhibit 6 (titled "About sensitive financial information"), this article is linked in the "Learn more" section of Exhibit 5, which plaintiffs do quote. Exhibit 6 provides additional context, specific to financial information, for the statements made in Exhibit 5.

A full section of the complaint, "Meta Did Not Receive Consent To Receive Confidential Tax Information," is devoted to a discussion of Meta's policies and articles in order to support plaintiffs' claims that Meta acted without consent and made "false or misleading" statements. CAC ¶¶ 63–70 (discussing Exhibits 1–5). In that section, plaintiffs quote a Business Help Center Article titled "About Restricted Meta Business Tools Data" and Meta's Business Tools Terms to support their allegations that Meta misleads users about the Pixel's "collect[ion] [of] financial information." *Id.* ¶¶ 69–70 (quoting Exhibits 4 and 5). These allegations drive plaintiffs' claims that the *purpose* of the Pixel is to collect confidential tax information. *See, e.g.*, *id.* at p. 11. Plaintiffs' selective reliance on Exhibits 1–5, and failure to cite Exhibit 6 (linked in the "Learn more" section of Exhibit 5), is grounds for incorporation by reference. *See In re Talis Biomedical*, 2022 WL 17551984, at *11 (incorporating by reference documents challenged by plaintiffs as "false or misleading").

In sum, plaintiffs base their wiretapping and fraud claims on the allegation that Meta knowingly obtained their personal information without their consent while misleading them about its practices. These claims necessarily turn on the content of the disclosures made in Meta's policies and the

allegedly misleading statements it made on its website. The full text of these documents is essential to the consideration of plaintiffs' claims. *Khoja*, 899 F.3d at 1003.

### B.  Judicial Notice of Materials From Public Websites

The Court may also take judicial notice of Exhibits 1–6 under Federal Rule of Evidence 201 because they are available on public websites, their contents are not subject to reasonable dispute, and they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2). Courts in this district routinely take judicial notice of websites and their contents, including publicly available contracts and terms of service. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010); *Carvalho v. HP, Inc.*, 2022 WL 2290595, at *5 (N.D. Cal. June 24, 2022); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("websites and their contents may be judicially noticed"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020); *Shaw v. Gera*, 2019 WL 4933636, at *2 (N.D. Cal. Oct. 7, 2019) (citing *Diaz v. Intuit, Inc.*, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018)). In particular, courts in this district have previously taken judicial notice of Meta's policies. *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828–29 (N.D. Cal. 2019).

### CONCLUSION

Under Federal Rule of Evidence 201 and the incorporation by reference doctrine, and for the reasons stated above, the Court should consider Exhibits 1 through 6 to the accompanying Barrera Declaration when ruling on Meta's motion to dismiss.

Dated: July 27, 2023

| GIBSON, DUNN & CRUTCHER LLP | COOLEY LLP |
|---|---|
| By: /s/ Lauren R. Goldman<br>     Lauren R. Goldman | By: /s/ Michael G. Rhodes<br>     Michael G. Rhodes |
| | *Attorneys for Meta Platforms, Inc.* |

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: July 27, 2023                    GIBSON, DUNN & CRUTCHER LLP

                                        By:  */s/ Lauren R. Goldman*
                                             Lauren R. Goldman