1  GIBSON, DUNN & CRUTCHER LLP
   LAUREN R. GOLDMAN (*pro hac vice*)
2  lgoldman@gibsondunn.com
   DARCY C. HARRIS (*pro hac vice*)
3  dharris@gibsondunn.com
   200 Park Avenue
4  New York, NY 10166
   Telephone:    (212) 351-4000
5  Facsimile:    (212) 351-4035

6  ELIZABETH K. MCCLOSKEY, SBN 268184
   emccloskey@gibsondunn.com
7  ABIGAIL A. BARRERA, SBN 301746
   abarrera@gibsondunn.com
8  555 Mission Street, Suite 3000
   San Francisco, CA 94105
9  Telephone:    (415) 393-4622
   Facsimile:    (415) 801-7389
10
11 ANDREW M. KASABIAN, SBN 313210
   akasabian@gibsondunn.com
12 333 South Grand Avenue
   Los Angeles, CA 90071 USA
13 Telephone:    (213) 229-7311
   Facsimile:    (213) 229-6311

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    415.693.2000
Facsimile:    415.693.2222

14 *Attorneys for Defendant Meta Platforms, Inc.*

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17                SAN FRANCISCO DIVISION

18

19 IN RE META PIXEL TAX FILING CASES

20 This Document Relates To:

21 All Actions

Master File No. 3:22-cv-07557-SI (VKD)

**DEFENDANT META PLATFORMS, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

Date Action Filed: December 1, 2022

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

On October 8, 2023, plaintiffs in the above-captioned case (the "Consolidated Action") filed an administrative motion to consider whether *Hunt v. Meta Platforms, Inc.*, Case No. 3:23-cv-04953-TSH ("*Hunt*"), is related to the Consolidated Action and, if so, whether the *Hunt* claims against Meta should be severed.  *See* Dkt. 115.

Meta agrees with the Consolidated Action plaintiffs that the claims against Meta in these two cases are related.[1]  The focus and key allegations against Meta in each action closely track one other—they involve the same technology, the same website, the same class of users who visited that website, and the same alleged harm.  Plaintiffs in both cases allege that one of Meta's business tools—the Meta Pixel—was installed on H&R Block's website, and as a result, Meta allegedly received sensitive information regarding users of H&R Block's website.  *Compare Hunt* Dkt. 12 ¶¶ 86–89, *with* Consolidated Action Dkt. 71 ¶¶ 1–2, 6–10, 12, 58, 62.  The sensitive information in both actions allegedly includes information that users provided to H&R Block while filing out tax returns online, which Meta then allegedly used for advertising.  *Hunt* Dkt. 12 ¶¶ 1–5, 9; Consolidated Action Dkt. 71 ¶¶ 1, 53–54.  Plaintiffs in both cases further allege that Meta did not have plaintiffs' consent to receive their information.  *Hunt* Dkt. 12 ¶¶ 116–123; Consolidated Action Dkt. 71 ¶¶ 63–67.  Both complaints also accuse Meta of other identical wrongful conduct, including purportedly making false or misleading statements about its privacy practices.  *Hunt* Dkt. 12 ¶¶ 116–126; Consolidated Action Dkt. ¶¶ 69–70.

The class definitions and relief sought also closely overlap.  The Consolidated Action plaintiffs purport to represent a class of "[a]ll people in the United States whose tax filing information was obtained by Meta from an online tax preparation provider such as H&R Block, TaxAct, or Tax Slayer."  Consolidated Action Dkt. 71 ¶ 80.  The *Hunt* plaintiff purports to represent a class that is subsumed within the Consolidated Action's class:  "All persons in the United States and its territories who submitted personal information to H&R Block for the purpose of online tax return preparation during the time the Meta Pixel . . . existed on the H&R Block websites."  *Hunt* Dkt. 12 ¶ 217.  Moreover, both the *Hunt* plaintiff and Consolidated Action plaintiffs seek similar relief, including statutory damages, monetary damages, and injunctive relief.  *Hunt* Dkt. 12 Prayer for Relief; Consolidated Action Dkt. 71

---

[1] Although the deadline to file a response under Local Rule 7-11 expired on October 10, 2023, Meta respectfully submits this Statement given the *Hunt* plaintiff's opposition to the Administrative Motion.

DEFENDANT META PLATFORMS, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS'
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
MASTER FILE NO. 3:22-CV-07557-SI

Prayer for Relief.   None of the parties dispute that *Hunt* is related to the Consolidated Action, underscoring the significant overlap between these two cases.

For this reason, Meta also agrees with the Consolidated Action plaintiffs that severance of the *Hunt* claims brought against Meta is warranted.  "Rule 21 allows the Court to sever [] claims against [a defendant] even though it was properly joined as a defendant."  *Bradford Techs., Inc. v. Biggers*, 2014 WL 12641953, at *5 (N.D. Cal. May 27, 2014).  Severance is proper where it "will serve the ends of justice and further the prompt and efficient disposition of litigation."  *Khanna v. State Bar of Cal.*, 2007 WL 2288116, at * 2 (N.D. Cal. 2007).  In considering whether to sever under Rule 21, a court considers "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims."  *SEC v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010).  These factors all weigh in favor of severance.

Factors one, two, and five weigh in favor of severance because the *Hunt* claims against Meta and the Consolidated Action claims all arise out of the same transaction or occurrence, present common questions of law or fact, and will draw upon the same witnesses and documentary proof.  As explained above, the *Hunt* plaintiff's allegations are closely related to those in the Consolidated Action.  Both cases allege that Meta received information about H&R Block users without their consent as a result of H&R Block's installation of the Meta Pixel on its website, which Meta later used for advertising purposes.  That the *Hunt* plaintiff asserts different claims than the Consolidated Action plaintiffs does not compel a different result because the claims in both actions arise from the same alleged conduct.  *See Netlist, Inc. v. Smart Modular, Inc.*, 2013 WL 12128691, at *5 (C.D. Cal. Nov. 26, 2013); *see also Whelan v. Miles Indus.*, 2013 WL 12174135, at *1–2 (N.D. Cal. Jan. 3, 2013) (severing and consolidating claims with related litigation based on same conduct, though the alleged causes of action were not identical).  And because the claims are based on the same facts, the same documentary

Gibson, Dunn &
Crutcher LLP

1    evidence and witnesses will likely be implicated. Therefore, factors one, two, and five all weigh in

2    favor of severance.

3        Factor three also weighs in favor of severance because severance and relation will increase

4    efficiencies.  If the *Hunt* claims against Meta are not severed, there will be a significant and unnecessary

5    burden on the judicial system due to simultaneous, largely duplicative discovery processes proceeding

6    in parallel in different cases.  *Colors of India v. Nielsen*, 2018 WL 6430118, at *5 (C.D. Cal. Oct. 19,

7    2018) ("Indeed, severing the claims would likely avoid lengthy delays associated with duplicative,

8    unnecessary discovery requests.").  Further, the parties in the Consolidated Action have already

9    negotiated a Clawback Order, Protective Order, and ESI Protocol with the assistance of Judge

10   DeMarchi, Dkts. 65, 73, 93, and discovery is underway.  Severance, relation, and eventual

11   consolidation will thus facilitate judicial economy and relieve another court from having to oversee

12   negotiations between the *Hunt* plaintiff and Meta regarding duplicative discovery protocols, as well as

13   any subsequent discovery disputes that may arise.  In sum, severance and relation will promote

14   efficiencies and avoid the unnecessary burden on the judicial system of having to resolve the same (or

15   similar) discovery disputes multiple times in overlapping actions regarding the same factual

16   allegations, witnesses, and documentary evidence.

17       Finally, factor four weighs in favor of severance because severance and relation will avoid

18   prejudicing Meta, with no prejudice to the *Hunt* plaintiff.  Without severance, relation, and

19   consolidation, Meta will be required to defend the same facts and allegations in two different cases,

20   with all of the attendant burden and expense of unnecessarily duplicative briefing and discovery;

21   denying severance would also increase the risk of inconsistent results that may result from having to

22   litigate the same issues in multiple cases.  *See Netlist, Inc. v. Smart Modular, Inc.*, 2013 WL 12128691,

23   at *7 (C.D. Cal. Nov. 26, 2013); *XpandOrtho, Inc. v. Zimmer Biomet Holdings, Inc.*, 2022 WL

24   18110171, at *5 (S.D. Cal. Nov. 22, 2022).  The *Hunt* plaintiff, on the other hand, will not be prejudiced

25   by severance.  The *Hunt* action is still in a very early phase of litigation, so severance of the claims

26   against Meta will not interfere with *Hunt*.  *See Valez v. Billingsleys' Main St. Grill, Inc.*, 2020 WL

27   2213463, at *2 (C.D. Cal. Apr. 2, 2020) ("Because this litigation . . . is at an early stage, the Court also

28

DEFENDANT META PLATFORMS, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS'
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
MASTER FILE NO. 3:22-CV-07557-SI

determines that no substantial right will be prejudiced by the severance of the claims.").  In addition, the fact that the *Hunt* plaintiff seeks the same relief as that sought in the Consolidated Action—monetary damages and injunctive relief for a putative class that is subsumed within the Consolidated Action class—essentially concedes that there will be no prejudice to the *Hunt* plaintiff if the claims against Meta are severed and consolidated with the Consolidated Action.  *See Hunt* Dkt. 12 ¶ 217, Prayer for Relief; Consolidated Action Dkt. 71 ¶ 80, Prayer for Relief.

All parties agree that *Hunt* is related to the Consolidated Action.  The only question is whether the claims against Meta in *Hunt* should be severed and consolidated with the Consolidated Action.  For the reasons explained above, they should.[2]  This Court should enter an order relating the *Hunt* case to the Consolidated Case, and then proceed to sever the claims against Meta in *Hunt* so that they can be consolidated with the Consolidated Action.  *See* Consolidated Action Dkt. 29.

Dated: October 11, 2023

**GIBSON, DUNN & CRUTCHER LLP**

By:  */s/ Lauren R. Goldman*
      Lauren R. Goldman

**COOLEY LLP**

By:  */s/ Michael G. Rhodes*
      Michael G. Rhodes

*Attorneys for Meta Platforms, Inc. (formerly known as Facebook, Inc.)*

---

[2] To the extent the Court determines that the request for severance should be heard by the judge currently presiding over the *Hunt* case, Meta respectfully requests permission to fully brief this issue before the *Hunt* court.

1

## CIVIL L.R. 5-1(h)(3) ATTESTATION

2         Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of

3   perjury that concurrence in the filing of this document has been obtained from all signatories.

4

5   DATED: October 11, 2023                    **GIBSON, DUNN & CRUTCHER LLP**

6

7                                              By: */s/ Lauren R. Goldman*
                                                   Lauren R. Goldman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS'
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
MASTER FILE NO. 3:22-CV-07557-SI