# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 23-cv-02431-VC<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 42 |

       The plaintiffs' motion for a preliminary injunction is denied.[1] A "preliminary injunction is an extraordinary and drastic remedy" where "the requirement for substantial proof" is high and "the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Based on the evidence the plaintiffs presented, they have not met their burden. There is doubt as to their likelihood of success on the merits and, even if there are serious questions going to the merits, the plaintiffs have failed to show the balance of hardships tips sharply in their favor or that a preliminary injunction would serve the public interest. *See Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).

       Two preliminary matters. First, the plaintiffs' rebuttal declaration from Dr. Zubair Shafiq is excluded. This declaration was included with the plaintiffs' reply brief and contains almost 600 pages of new evidence. While rebuttal evidence is appropriate "to contradict, impeach, or defuse the impact of the evidence offered by an adverse party," it may not be used "to advance new arguments or new evidence." *Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, 340 F.

---

[1] The plaintiffs' motion to appoint interim lead counsel and lead plaintiff is also denied.

Supp. 3d 934, 995-96 (N.D. Cal. 2018) (citations omitted). In their motion, the plaintiffs presented evidence that Google *acquires* patient health information through the use of Google source code on health care provider web properties. Although the plaintiffs presented evidence suggesting Google has the *capability* of using this information for its own purposes, they did not present evidence suggesting Google actually connects the health information with any specific patient or uses the acquired health information itself. Only on reply do the plaintiffs attempt to offer evidence of Google doing more than just acquiring the health information. It should have been obvious to the plaintiffs that this type of evidence would have made for a stronger case on the merits, on the balance of hardships, and on whether a preliminary injunction would serve the public interest. So if they wished to present such evidence in support of their preliminary injunction motion, they should have done so at the outset and given Google a meaningful opportunity to respond. Especially given the complexity of the evidence and the arguments surrounding it.

Second, the parties disagree as to whether the plaintiffs are seeking a mandatory or prohibitory injunction, which matters in the Ninth Circuit. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009). The distinction between mandatory and prohibitory injunctions often seems ephemeral, depending more on the words used to describe the relief sought than on any meaningful difference between the classifications. *See United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 348 (6th Cir. 1998) ("We . . . conclude that the distinction between mandatory and prohibitory injunctive relief is not meaningful."); *see also LaFlamme v. New Horizons, Inc.*, 514 F. Supp. 2d 250 (D. Conn. 2007) ("[T]he difference between the two types of injunctions may be largely academic, and is further complicated by the fact that mandatory injunctions may use prohibitory language."). Here, for example, one could describe the relief sought as "stop acquiring people's private health information contrary to law." That sounds like a prohibitory injunction. Or one could describe the relief sought as "restructure the complicated systems and relationships you've built that have allowed you to acquire people's private health

information." That sounds like a mandatory injunction. There probably should just be one test for whether to issue a preliminary injunction rather than separate tests for "mandatory" vs. "prohibitory" injunctions, with the understanding that courts should always be careful, in the exercise of their discretion, not to issue an injunction more burdensome than necessary to prevent irreparable harm while the litigation is pending. Anyway, the Court will assume for purposes of this motion that the plaintiffs are seeking a prohibitory injunction, since the law imposes a lighter burden for obtaining a prohibitory injunction—a burden the plaintiffs have not met.

*Likelihood of Success on the Merits*. The plaintiffs argue they are likely to succeed on their Electronic Communications Privacy Act (ECPA), California Invasion of Privacy Act (CIPA), invasion of privacy, and Unfair Competition Law (UCL) claims.

ECPA Claim. The plaintiffs have not shown they are likely to succeed on their ECPA claim because the ECPA makes explicit that it is not unlawful to intercept a communication if one of the parties to the communication has given prior consent. 18 U.S.C. § 2511(2)(d). Although the plaintiffs did not consent to Google receiving their health information, the health care providers consented to the use of Google source code on their web properties. The plaintiffs contend the criminal or tortious exception to the one-party consent exception applies. *Id.* (creating an exception to the exception when a "communication is intercepted for the purpose of committing any criminal or tortious act"). However, the plaintiffs have not provided sufficient evidence to show "the *purpose* for the interception—its intended use—was criminal or tortious." *Sussman v. American Broadcasting Companies, Inc.*, 186 F.3d 1200, 1202 (9th Cir. 1999). It is not enough for the interception itself to have violated the law, the interception must be "done for the purpose of facilitating some further impropriety" for the criminal or tortious exception to apply. *Id.*

CIPA Claim. The plaintiffs' CIPA claim may be their strongest. CIPA mirrors the ECPA but does not contain a one-party consent exception. Instead CIPA requires consent from all parties to the communication. Cal. Penal Code § 631(a). Here, the plaintiffs have presented

3

evidence that they did not consent to Google obtaining their personal health information. Google, however, argues it is merely a vendor providing a service for the health care providers to capture their patients' information while using their web properties. Courts have drawn a distinction for purposes of CIPA liability between "independent parties who mined information from other websites and sold it" versus vendors who provide "a software service that captures its clients' data, hosts it on [its] servers, and allows the clients to analyze their data." *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021); *see also Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *3 (N.D. Cal. Dec. 22, 2022). Based on the evidence presented in connection with this motion, it seems possible that Google could fall into either category, but the answer is far from obvious.

Privacy Claims. There is a reasonable expectation of privacy in one's private health information. *See In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 799-800 (N.D. Cal. 2022). But whether Google's actions constitute "highly offensive" conduct is less clear based on the plaintiffs' evidence at this stage. The acquisition of this information in conjunction with a service being offered to the health care provider web properties, without evidence that Google itself used the information, is not obviously "highly offensive," and in this case it may depend on a better understanding of Google's role (including whether it is merely acting as a vendor within the meaning of CIPA).

UCL Claim. The UCL "requires that a plaintiff have 'lost money or property' to have standing to sue" making "[t]he plain import of this [] that a plaintiff now must demonstrate some form of economic injury." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323 (2011). The issue of whether the disclosure of personal information or data constitutes an economic injury is not well-settled. *See Katz-Lacabe v. Oracle Am., Inc.*, No. 22-CV-04792-RS, 2023 WL 2838118, at *8 (N.D. Cal. Apr. 6, 2023) (collecting cases). Thus, it is not clear the plaintiffs are likely to succeed on this claim.

Balance of Hardships and Public Interest. Even assuming serious questions going to the merits, and even assuming the plaintiffs suffered some degree of irreparable injury by having

4

Google merely acquire (as opposed to use) their private health information, the plaintiffs have not demonstrated that the balance of hardships tips sharply in their favor or that a preliminary injunction would be in the public interest. Given the absence of evidence that Google is using the patient information for its own purposes, the plaintiffs have not shown that they or the public suffer in any significant way from Google's activity. On the other hand, the proposed preliminary injunctive relief would place a substantial burden on Google (regardless of whether you label it a mandatory or prohibitory injunction), and potentially on the health care companies with whom Google works. In a similar case, Facebook users alleged Meta Pixel allowed Meta to obtain their personal health information when they logged into their healthcare providers' patient portals. *Meta Pixel*, 647 F. Supp. 3d at 784-86. Judge Orrick denied a preliminary injunction based on the balance of hardships and the public interest prongs. *Id.* at 804-05. Despite evidence that Meta actually used the data to send targeted ads—evidence the plaintiffs have not presented here—Judge Orrick concluded "neither the equities nor the public interest currently support[ed] an injunction." *Id.* at 805. That's even more true here.

\* \* \*

Now that there has been a significant airing of some of the merits issues in this case, and now that the motion for a preliminary injunction has been denied, it seems possible that the plaintiffs may wish to amend their complaint rather than spending time and money on a further hearing on Google's pending motion to dismiss. If the plaintiffs wish to seek leave to file an amended complaint, they may do so by way of administrative motion pursuant to Local Rule 7-11 within 7 days of this ruling. The Court will grant leave to file an amended complaint absent extraordinary circumstances presented by Google. If the plaintiffs choose not to amend their complaint, the Court will likely schedule another hearing before adjudicating the motion to dismiss.

**IT IS SO ORDERED.**

5

Dated: October 11, 2023

_____
VINCE CHHABRIA
United States District Judge

Case 3:23-cv-03417-VC Document 61 Filed 10/18/23 Page 6 of 7