**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:    (415) 393-4622
Facsimile:    (415) 801-7389

*Attorneys for Defendant Meta Platforms, Inc.*

*Additional Attorneys in Signature Block*

**BURSOR & FISHER, P.A**
JOEL D. SMITH, SBN 244902
jsmith@bursor.com
NEAL DECKANT, SBN 320783
ndeckant@bursor.com
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

**GEORGE FELDMAN MCDONALD, PLLC**
LORI G. FELDMAN (*pro hac vice*)
lfeldman@4-justice.com
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321

*Attorneys for Plaintiffs*

*Additional Attorneys on Signature Block*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All Actions | Master File No. 5:22-cv-07557 (PCP)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     January 11, 2024<br>Time:    1:00 p.m.<br>Location: San Jose Courthouse<br>Judge:    Honorable Judge P. Casey Pitts |

Plaintiffs Katrina Calderon, Crystal Craig, Tiffany Bryant, Sait Kurmangaliyev, Chris Papadimitriou, Jane Doe, and Kayla Housman (collectively, "Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "parties"), by and through their undersigned counsel, hereby submit the following Joint Case Management Statement pursuant to the Clerk's Notice Resetting Case Management Conference Following Reassignment (Nov. 30, 2023), ECF No. 129, and Civil Local Rule 16-10, in advance of the Initial Case Management Conference in the above-captioned case scheduled for January 11, 2024, at 1:00 p.m. before the Honorable P. Casey Pitts.

The parties previously submitted a Joint Rule 26(f) Report and Initial Case Management Statement on June 30, 2023, ECF No. 97, and they are providing here a summary of that information with additional updates as appropriate in light of the transfer of this matter to the Honorable P. Casey Pitts.

**I.      JURISDICTION AND SERVICE**

The parties agree that no issues exist regarding personal jurisdiction or venue. Meta was formally served on December 12, 2022. *See* ECF No. 13 (Certificate of Service). There are no other defendants in this action.

Plaintiffs allege that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Federal Wiretap Act, 18 U.S.C. §§ 2510, et. seq., and pursuant to § 28 U.S.C. 1332(d) as this is a class action in which the amount in controversy exceeds the sum or value of $5,000,000 and at least one member of the Class is a citizen of a state different from the Defendant. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' state and common law claims.

Meta reserves its objections to subject-matter jurisdiction.

**II.     FACTS**

*Plaintiffs' Statement:*

This is a privacy class action against Meta, arising from Meta's wiretapping of electronic communications on major online tax filing websites offered by H&R Block, TaxAct, and TaxSlayer, among other sites. As a result of this wiretapping, U.S consumers have been transmitting their sensitive financial information to Meta – inadvertently and without consent –when they file their taxes online.

This information has included things such as income, refund amounts, filing status, the names of dependents, and scholarship information. When Meta receives this information, it matches it with Facebook users.

The device that makes this wiretapping possible is Meta's ubiquitous tracking pixel, which is embedded in the JavaScript of online tax preparation websites, and which is part of a larger set of free "business tools" that Meta offers to website owners. This pixel gathers information from website visitors even if they do not have a Meta account. A separate but related technology, which Meta calls "Conversions API," also transmits web events and customer interactions directly from the website to Meta's servers. Yet another tool, called the Facebook SDK, works similarly with mobile applications.

Disclosing tax-return information without consent is a crime. 26 U.S.C. § 7216. Aiding and abetting the unlawful disclosure of tax-return information is a crime. Inspecting unlawfully obtained tax-return information is a crime. 26 U.S.C. § 7213A(a)(2). Plaintiffs bring this action on behalf of themselves individually and a putative class of all people in the United States who used an online tax preparation provider subject to Meta's wiretap, including but not limited to H&R Block, TaxAct, or TaxSlayer, and who, as a result of using those services, had their tax-filing information transmitted to Meta via the pixel, Conversions API, or Facebook SDK. This action also seeks to certify subclasses of class members from California, Illinois, New York, Washington, and Missouri who used these same websites. Among other causes of action, Plaintiffs allege violations of state and federal wiretapping laws and consumer protection statutes.

***Meta's Statement:***

This case challenges Meta's alleged receipt and use of information about Plaintiffs from third-party tax-filing services H&R Block, TaxAct, and Tax Slayer.  Specifically, Plaintiffs allege that because these tax-filing services embedded the Meta Pixel on their websites, Meta received allegedly sensitive financial information about Plaintiffs, including income, filing status, and refund amounts. ECF No. 71, Consolidated Class Action Complaint ("Consolidated Complaint" or "Compl.") ¶¶ 1, 56.[1]

---

[1] Plaintiffs also refer to two other tools that they allege "work[] similarly" to the Pixel—the Facebook SDK and the Conversions API—but their allegations here and in the Consolidated Complaint about how or whether H&R Block, TaxAct, or TaxSlayer used those tools are sparse.  Compl. ¶¶ 51–52; *see also id.* ¶¶ 5–12 (alleging H&R Block, TaxAct, and TaxSlayer used the Pixel, but not mentioning

The Meta Pixel—which is a tool similar to those used across the web and offered by companies other than Meta—is a free, publicly available piece of code that third-party website developers can choose to install and use on their websites to measure certain actions taken on their own websites. Plaintiffs' allegations about the Meta Pixel's operation, what data it collects, and how that data is used are highly inaccurate. Meta is a passive recipient of information third-party websites choose to send, not an active, knowing participant improperly obtaining information. Meta does not want to receive sensitive information through the Pixel, and it takes numerous measures to block the transmission of such data.

First, Meta requires developers who choose to use the Meta Pixel tool to warrant that they have the legal right to share any information they choose to share with Meta, and Meta expressly prohibits developers from sending it sensitive information, including any information protected from transmission by applicable law. These provisions are set forth in clear and direct terms. For example, before integrating the Meta Pixel code, website developers must agree to the Facebook Business Tools Terms, which require developers to, among other things: (1) warrant that they have "all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations and industry guidelines)" to disclose the information they are sending to Meta; (2) refrain from sending Meta any "sensitive information," specifically including information "defined as sensitive under applicable laws"; (3) provide to their users "robust and sufficiently prominent notice regarding the . . . collection, sharing and usage" of data via Meta's Business Tools; and (4) explain how and where users can opt out of the collection and sharing of their information via Meta's Business Tools for ad targeting purposes. Additionally, during the Meta Pixel installation process, Meta reminds developers not to send Meta sensitive user data, linking to the Business Tools Terms and to Meta's Business Help Center content about sensitive data. Meta has also developed systems to filter out certain potentially sensitive data that website developers send it through the Meta Pixel.

Second, Plaintiffs are Facebook users (Compl. ¶¶ 5–12) who consented to Meta's use of the Pixel tool in agreeing to Meta's Terms of Service. Meta takes numerous steps to ensure that its users

---

the Facebook SDK and framing allegations as only "[t]o the extent [H&R Block, TaxAct, and TaxSlayer] utilized Meta's Conversions API").

are informed of and agree to the information that can be shared with Meta. Meta's Privacy Policy,[2] which all users must consent to in order to sign up for and continue to use Meta's services, discloses that advertisers and third-party website developers may use Meta's Business Tools, including the Meta Pixel, to send Meta "a variety of your information and activities on and off our Products . . . whether or not you're logged in or have an account on [Meta's] Products." It discloses that third parties may send to Meta, for example, "device information," "[w]ebsites you visit," "[p]urchases and transactions you make," and "the ads you see and how you interact with them." Meta users also agree, via the Meta Terms of Service, that their personal data can be used to provide targeted ads: "you agree that we can show you ads that businesses and organizations pay us to promote on and off the Facebook Company Products. We use your personal data, such as information about your activity and interests, to show you ads that are more relevant to you."

Third, Meta provides clear, comprehensive resources for its users to understand Meta's advertising practices, the data on which ads can be based, and the ability for users to adjust their ads preferences. Plaintiffs, like all Facebook users, have *control* over the use of their off-Facebook activity (such as activity on third-party websites) for advertising purposes. Meta enables its users to review a summary of information Meta has received about their activity from third parties, including through the Pixel, and to disconnect that data from their account. Meta users can control or disconnect the off-Facebook activity that has been associated with their Facebook account using the Off-Facebook Activity tool, subject to some exceptions for security and safety needs. In addition, Meta provides extensive additional privacy tools and resources to users of the Meta services that allow users to control how data shared by third parties can be used to show them relevant ads. Specifically, the "Data About Your Activity From Partners" tool within Meta's "Ad Settings" allows users to opt out of receiving personalized advertisements based on their activity on third-party websites, apps, or offline, among other things.

In sum, third-party developers decide what information, if any, to share with Meta via the Pixel tool. Meta contractually prohibits those developers from sending it sensitive and/or legally protected

---

[2] Meta uses "Privacy Policy" to refer to all versions of the policy operative during the time period relevant to this action, all of which contain similar disclosures regarding the data third parties may share with Meta.

data. Meta cannot exercise complete control over how third parties use the Pixel, but it takes multiple steps to educate and prevent those third parties from using the Pixel tool in a way that could share sensitive information. Further, Meta has implemented a filter to help prevent against it receiving even potentially sensitive information it detects. Meta users can control whether their activity on third-party websites is used by Meta for advertising purposes, and Meta discloses and obtains consent from all of its users for its data and advertising practices, including the use of the Pixel tool.

### III.     LEGAL ISSUES

*Plaintiffs' Statement:*

Plaintiffs in this proposed class action allege that Defendant Meta violated federal and state law by improperly and illegally accessing private tax return information from Plaintiffs and the proposed class. Plaintiffs allege Meta did not receive consent to receive confidential tax, financial and related information, but intentionally obtained such information. Plaintiffs allege that class certification is appropriate and that any applicable statute of limitations has been tolled based on the doctrines of fraudulent concealment, the discovery rule, and intentional misrepresentations by Meta. *See, e.g.*, Consolidated Class Action Complaint (ECF No. 71). In its motion to dismiss, Meta largely rehashes arguments that Judges Orrick and Illston rejected in the coordinated *Gershzon* (*Meta Pixel CA DMV*) and *Meta Pixel Healthcare Litigation* matters (and discussed *infra* at 8). *See Gershzon v. Meta Platforms, Inc.*, 2023 WL 5420234 (N.D. Cal. Aug. 22, 2023); *In re Meta Pixel Healthcare Litig.*, 2022 WL 17869218 (N.D. Cal. Dec. 22, 2022); *Doe v. Meta Platforms, Inc.*, Case No. 22-cv-03580-WHO (N.D. Cal. (Sept. 7, 2023) (MTD Order) (ECF No. 316). As explained in Plaintiffs' opposition to Meta's motion to dismiss, those cases survived motions to dismiss, and this case should too. (ECF No. 114).

*Meta's Statement:*

Meta denies that it has violated any laws or concealed any wrongful conduct, denies that Plaintiffs have stated a claim under any legal theory, and denies that Plaintiffs may pursue claims on behalf of any putative class. The primary legal issues at this stage of the litigation, which have been fully briefed in Meta's July 27, 2023 motion to dismiss (ECF No. 107), include:

1    (1) Whether Plaintiffs have alleged sufficient facts to plead a violation of the California Invasion of Privacy Act, the Federal Wiretap Act, or any of the other statutory and common law claims asserted in the Consolidated Complaint;

(2) Whether Plaintiffs consented to the conduct alleged in the Consolidated Complaint; and

(3) Whether Plaintiffs' claims are barred by the applicable statutes of limitations.

Additional legal issues may be presented, particularly if the case progresses past the pleading stage.

## IV.   MOTIONS

***Prior Motions:***  The court has ruled on several motions for leave to appear *pro hac vice*, as well as multiple motions to relate later-filed cases arising from the same set of operative facts, and the consolidation of related cases.  On February 14, 2023, Plaintiffs filed a Motion to appoint Lead Plaintiff and Lead Counsel (ECF No. 38) in the consolidated action, which was granted on March 31, 2023 (ECF No. 45).  On July 27, 2023, Meta filed a motion to dismiss the Consolidated Complaint (ECF No. 107), which is fully briefed and is scheduled for oral argument on January 11, 2024 (ECF Nos. 114, 121, 128).

On August 14, 2023, Plaintiffs filed an administrative motion to consider whether a recently filed case, *Smith v. Google, LLC*, Case No. 23-cv-03527, should be related to this case for limited discovery coordination (ECF No. 110).  Meta and Google, LLC both filed oppositions to this motion (ECF Nos. 111, 112), and the court denied the motion on August 22 (ECF No. 113).

On October 6, 2023, Plaintiffs filed an administrative motion to consider whether the claims against Meta in a newly filed case, *Hunt v. Meta Platforms, Inc., et al.*, Case No. 23-cv-04953 (N.D. Cal.), should be severed and related to this action (ECF No. 115).  On October 11, 2023, Meta filed a statement in support of Plaintiffs' administrative motion (ECF No. 118),[3] and on October 23, 2023, the Court issued an order relating *Hunt* and another action (*Smith v. Google, LLC*, Case No. 23-cv-03527) with this action (ECF No. 126).  The Court denied as moot Plaintiffs' motion to sever the claims against Meta in *Hunt* and relate them to this case (*Id.*).

---

[3] Meta also filed an administrative motion to consider Meta's statement in support of Plaintiffs' administrative motion (ECF No. 119), which the court found was moot (ECF No. 127).

*Other Anticipated Motions:*  Plaintiffs will move to have the claims certified for class treatment under Fed. R. Civ. P. 23.  Pursuant to the July 13, 2023 Joint Stipulation and Order as Amended by the Court (ECF No. 102), Plaintiffs' motion for class certification and class expert reports are currently due July 25, 2024; Meta's opposition and expert reports are currently due September 30, 2024; and Plaintiffs' reply and expert reply reports are due October 30, 2024.  As laid out in Section XVI below, the parties request to extend these deadlines in light of the transfer of the case to a new judge and the attendant delay in hearing argument on Meta's motion to dismiss.

Meta will oppose any motion to certify a class, and Meta believes any future motion practice is contingent on the Court's ruling on the motion to dismiss.

Meta also intends to file a motion in *Hunt v. Meta Platforms, Inc., et al.*, Case No. 23-cv-04953-PCP, to sever the claims against Meta in that case so that they can be consolidated with this case.  The claims against Meta in Hunt and the claims in the instant, earlier-filed case involve common questions of law and fact.  It is Meta's position that because the allegations against Meta in Hunt mirror those in this case, and Plaintiff's proposed class in Hunt is subsumed within the proposed class in this case, it would conserve resources, promote judicial economy, and avoid conflicting results to sever the claims against Meta in Hunt and consolidate them with this case.  Litigating the Hunt plaintiff's allegations against Meta together with this case—which assert the same conduct involving the same technologies against the same defendant—will better promote efficiency, fairness, and consistency than keeping the claims in Hunt combined with the other claims in that case concerning different parties, different internet tools, and different alleged facts.

The parties may move for summary judgment and make various discovery and pretrial motions, as necessary.

V.   **AMENDMENT OF PLEADINGS**

Plaintiffs filed their Consolidated Complaint on May 15, 2023.  ECF No. 71.  Plaintiffs reserve their right to amend the Consolidated Complaint consistent with Fed. R. Civ. P. 15, including to the extent any order from the Court requires or permits further amendment.

1    Meta reserves all rights regarding any future motion by Plaintiffs to amend the Consolidated
2    Complaint. Meta's position is that any further amendment would be dependent on the specific
3    circumstances presented.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have been engaged in meet-and-confer discussions regarding data preservation. As explained in more detail below, discovery in this matter has been referred to Magistrate Judge DeMarchi, and the parties have raised and discussed preservation issues with Judge DeMarchi. Plaintiffs have already taken significant steps to comply with their evidence gathering obligations, including rules regarding electronic discovery. Meta is aware of and is taking reasonable and proportionate steps to comply with its evidence preservation obligations regarding evidence relevant to the issues reasonably evident in this action under the Federal Rules of Civil Procedure, including the rules governing electronic discovery.

## VII. DISCLOSURES

The parties exchanged initial disclosures on July 14, 2023, and July 26, 2023.

## VIII. DISCOVERY

Discovery in this case has been referred to Judge DeMarchi for coordination with two other similar cases pending in this district, *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (VKD) (*Meta Pixel Healthcare Case*), and *Gershzon v. Meta Platforms, Inc.*, Case No. 3:23-cv-00083-SI (VKD) (*Meta Pixel CA DMV Case*) (collectively with this case, the "Three Matters"). Judge DeMarchi has addressed and coordinated various preliminary discovery issues in the Three Matters. Judge DeMarchi has held two discovery hearings in the case thus far. On April 20, 2023, Judge DeMarchi held a discovery conference with the parties in the Three Matters at which the parties discussed the protective order, ESI protocol, 502(d) clawback order, discovery coordination, evidence preservation, and other initial discovery issues. ECF No. 56. On May 23, 2023, Judge DeMarchi held a further discovery conference with the parties in the Three Matters, which addressed data preservation, the ESI protocol, limited discovery coordination across the Three Matters, and interim discovery deadlines. ECF No. 80.

Judge DeMarchi has issued a uniform Rule 502(d) Clawback Order (ECF No. 65), Protective Order (ECF Nos. 73, 109), and ESI Protocol (ECF No. 93) in the Three Matters.

Plaintiffs have served three sets of Requests for the Production of Documents and two sets of Interrogatories, and the parties have been meeting and conferring regarding Meta's Responses and Objections to those discovery requests. Meta has disclosed potentially relevant custodial and non-custodial ESI sources and proposed search terms for review of custodial ESI sources pursuant to Judge DeMarchi's July 24, 2023 Order (ECF No. 106), and Meta has commenced rolling document productions in response to Plaintiffs' requests. Meta continues to work with Plaintiffs in good faith to comply with its discovery obligations.

Meta has served one set of Requests for the Production of Documents on Plaintiffs, dated November 14, 2023, and the parties have agreed that Plaintiffs' deadline to respond to those requests is extended to January 15, 2024.

***Scope of Anticipated Discovery and Limitations or Modifications of the Discovery Rules:***

The parties in each of the Three Matters previously submitted Joint Statements Regarding Coordination of Discovery and Interim Discovery Deadlines (ECF No. 74) to Judge DeMarchi, which were discussed at the May 23, 2023 discovery conference. Thereafter, Judge DeMarchi issued an Order on May 25, 2023 (ECF No. 83) that addressed questions of limited coordination regarding document productions, sequencing depositions following document productions, privilege logs, and the potential for coordinating depositions across the Three Matters—where possible—to minimize the burden and inconvenience for the witness. *Id.*

***Plaintiffs' Position***: In addition to seeking discovery from Meta, Plaintiffs are also conducting third-party discovery and served subpoenas on H&R Block, TaxAct, and TaxSlayer. Plaintiffs do not believe that it would be efficient or productive to limit or focus discovery on particular issues at this time. Plaintiffs anticipate that they may need to seek relief from the standard limits on the number of deponents and/or interrogatories, but seek permission to take ten party depositions, which excludes any expert or non-party depositions. However, the extent of any anticipated relief from the rules is not known at this time, and Plaintiffs will coordinate discovery as required by Judge DeMarchi to minimize burden and inconvenience. Plaintiffs reserve all rights to seek relief at an appropriate time in the future.

*Meta's Position*: Meta has requested discovery from Plaintiffs on their claims, including but not limited to the following: (i) any materials related to Plaintiffs' use of Meta's services; (ii) any materials related to Plaintiffs' use of the tax filer websites and platforms; and (iii) any materials related to Plaintiffs' alleged damages. Meta also reserves the right to seek third-party discovery.

With respect to modification of the discovery rules, Meta's position is that it currently does not anticipate that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and currently does not request that other limitations be imposed, but reserves the right to seek Plaintiffs' consent and, as necessary, to seek leave for such modifications. Meta notes that Plaintiffs have not—and cannot at this stage—make the required "'particularized showing' of the need for additional depositions" or interrogatories, nor that they have "exhaust[ed] less expensive and burdensome means of discovery." *X One, Inc. v. Uber Techs., Inc.*, 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019).

## IX. CLASS ACTIONS

All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

*Plaintiffs' Statement:*

Plaintiffs will move to have the claims certified for class treatment under Fed. R. Civ. P. 23. Numerous issues of law and fact exist here and the alleged harm was the result of Meta's common course of conduct. The Complaint identifies the following classes for certification, for which Plaintiffs reserve the right to modify the definition based on further investigation and discovery in the case:

> <u>Nationwide Class</u>: All people in the United States whose tax filing information was obtained by Meta from an online tax preparation provider such as H&R Block, TaxAct, or TaxSlayer.
>
> Plaintiffs also seek corresponding state subclasses that include the same people in the Nationwide class, but limited to residents of the following states: California, Illinois, New York, Washington, and Missouri.

Compl. ¶ 80.  Plaintiffs believe that the evidence will establish that class certification is appropriate.

*Meta's Statement:*

Meta disputes that Plaintiffs may establish a basis for class certification under Rule 23 of the

Federal Rules of Civil Procedure, or that Plaintiffs will be able to show a class-wide basis for awarding damages.

X. **RELATED CASES**

Several related cases were administratively related and consolidated in front of Judge Illston prior to this case being reassigned to Your Honor. *See* ECF No. 30. Two additional cases pending before this Court have been administratively related, but not consolidated. *See* ECF No. 126 (October 23, 2023 Order relating *Hunt v. Meta Platforms, Inc.*, No. 23-cv-4953 and *Smith v. Google, LLC* , No. 23-cv-3527, to this case). As noted above in Section IV, Meta anticipates moving to sever and consolidate the claims against it in the *Hunt* action with this case. The parties are not presently aware of any further cases meeting the requirements of Civil Local Rule 3-12 as interpreted by courts in this district that have been filed in this Court or any other.

Meta notes there are several other actions currently pending in this district against Meta regarding the use of the Meta Pixel and SDK, and as noted in Section VIII, discovery in this case and two of these other cases (*Meta Pixel Healthcare* and *Meta Pixel CA DMV*) has been referred to Judge DeMarchi for coordination. ECF No. 28; *see also In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (VKD), ECF No. 179; *Gershzon v. Meta*, Case No. 3:23-cv-00083-SI (VKD), ECF No. 12.

XI. **RELIEF**

*Plaintiffs' Statement:*

Plaintiffs seek judgment against Meta and ask that the Court grant the following: class certification, damages, restitution and injunctive relief. Plaintiffs' damages claims include statutory, actual, nominal, common law, and/or punitive damages, as well as pre- and post-judgment interest, reasonable litigation expenses, costs of suit and attorney's fees, and other and further relief as the Court deems necessary and appropriate.

The Court may award statutory damages of $5,000 per violation for violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 631, 635, and 637.2, as well as statutory damages of not less than $100 a day for each day of violation or $10,000, whichever is greater, for violation of the Federal Wiretap Act, 18 U.S.C. § 2512. The precise number of Class Members during the relevant

period is subject to discovery, and the extent of actual, nominal, common law, and/or punitive damages is subject to discovery as well as expert testimony. As a result, Plaintiffs cannot presently provide an estimate of the total damages potentially recoverable against Meta should the Class(es) be certified and prevail at trial.

*Meta's Statement:*

Meta contends that Plaintiffs are not entitled to any relief from Meta, and the Consolidated Complaint fails to state a claim upon which relief can be granted, as set forth fully in its motion to dismiss. ECF No. 107. At this stage in the litigation, Meta is not in a position to describe the bases on which any alleged damages should be calculated in the event liability is established (which liability Meta contests). Meta has not yet filed any counterclaims but reserves the right to do so when it responds to the Consolidated Complaint.

## XII. SETTLEMENT AND ADR

Per ADR L.R. 3-5, the parties and their counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," available at www.adr.cand.uscourts.gov. The parties have met and conferred regarding mediation and ADR options.

Plaintiffs submit that private mediation is appropriate.

Meta's position is that it is premature to engage in ADR or settlement discussions at this time.

## XIII. OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation ("JPML"). Meta reserves its rights on the suitability of these mechanisms if facts or circumstances change. Plaintiffs do not believe that this case is or will ever be suitable for reference to binding arbitration. They reserve their rights on the suitability of a special master or JPML if facts or circumstances change.

## XIV. NARROWING OF ISSUES

The parties are not presently aware of any issues that may be narrowed by agreement.

Meta believes that its motion to dismiss is likely to narrow or eliminate issues for discovery and for trial. Plaintiffs believe that most if not all of their claims will survive Meta's pleading motion and the case will continue through discovery and result in a trial.

## XV.  EXPEDITED TRIAL PROCEDURE

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVI.  SCHEDULING

On May 25, 2023, Judge DeMarchi issued a Discovery Scheduling Order (ECF No. 83) setting forth the following interim discovery deadlines[4]:

| Event | Deadline |
| --- | --- |
| Producing party discloses custodial and non-custodial ESI data sources, per ESI Protocol | 40 days from the date of service of the requesting party's document requests |
| If using search terms, producing party discloses search terms, per ESI Protocol | 7 days after the party discloses its ESI data sources |
| Parties exchange first interim privilege logs | 90 days before second exchange |
| Parties exchange second interim privilege logs | 60 days before final exchange |
| Parties substantially complete document production | 90 days before fact discovery cut off |
| Parties exchange final privilege logs | 40 days before fact discovery cut off |

During a case management conference with Judge Illston on June 30, 2023, Judge Illston indicated that she would be setting a schedule through the hearing on the motion for class certification, and that she would wait to set the rest of the schedule until after the class certification hearing (June 30, 2023 Tr. 4:5-12).  Accordingly, on July 13, 2023, the court ordered a schedule for Plaintiffs' motion for class certification and associated export reports.  In light of the transfer of this case to your Honor and the attendant delay in the hearing on Meta's motion to dismiss, the parties jointly request that these deadlines be revised as follows:

| Event | Prior Deadline | Proposed Deadline |
| --- | --- | --- |
| Motion for Class Certification and Class Expert Reports Due | July 25, 2024 | October 14, 2024 |
| Opposition to Class Certification and Class Expert Reports Due | September 30, 2024 | December 20, 2024 |
| Class Certification Reply and Class Expert Reply Reports Due | October 30, 2024 | February 14, 2025 |

---

[4] On July 24, 2023, Judge DeMarchi entered an Order extending Meta's deadline to disclose custodial and non-custodial ESI data sources and propose search terms in response to Plaintiffs' First, Second, and Third Requests for Production (the "Requests").  ECF No. 106.

| Event | Prior Deadline | Proposed Deadline |
|---|---|---|
| Hearing on Class Certification | November 22, 2024 at 10 a.m. | TBD |

The parties acknowledge that they will need to set additional case schedule dates as the case progresses, and propose to discuss this with the Court during the upcoming Case Management Conference.

## XVII. TRIAL

Plaintiffs have requested a trial by jury and anticipate that a trial will take 10-15 days.

Meta's position is that it is not possible to estimate the length of the trial before resolution of Meta's motion to dismiss.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs certify that there is no conflict of interest (other than the named parties) to report.

Meta filed its Certification of Conflicts and Interested Entities or Persons on December 17, 2022 (ECF No. 17), which stated that there is no conflict of interest (other than the named parties) to report.

## XIX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct in the Northern District of California.

## XX. ANY OTHER MATTERS

At this time, the parties do not request the attention of the Court with respect to matters other than those outlined above.

| | | |
|---|---|---|
| 1 | Dated: December 28, 2023 | **BURSOR & FISHER, P.A**. |
| 2 | | By:  */s/ Joel D. Smith*            |
| 3 | |       Joel D. Smith |

Joel D. Smith (State Bar No. 244902)
Neal Deckant (State Bar No. 320783)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: jsmith@bursor.com
            ndeckant@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
lfeldman@4-justice.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Rebecca A. Peterson (241858)
Kate M. Baxter-Kauf (*pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com
kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (*pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (*pro hac vice*)

2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
jemerson@emersonfirm.com

*Attorneys for Plaintiffs*

**GIBSON, DUNN & CRUTCHER LLP**

By:   */s/ Lauren R. Goldman*
         Lauren R. Goldman

LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 351-4000
Facsimile:      (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:     (415) 393-8200
Facsimile:      (415) 393-8306

ANDREW M. KASABIAN (SBN 313210)
akasabian@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:     (213) 229-7311
Facsimile:      (213) 229-6311

**COOLEY LLP**

By:   */s/ Michael G. Rhodes*
         Michael G. Rhodes

MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
KYLE C. WONG (SBN 224021)
kwong@cooley.com
CAROLINE A. LEBEL (SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000

*Attorneys for Meta Platforms, Inc.*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: December 28, 2023             By:   */s/ Lauren Goldman*