| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>LAUREN R. GOLDMAN (*pro hac vice*)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (*pro hac vice*)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone:   (212) 351-4000<br>Facsimile:    (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY, SBN 268184<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA, SBN 301746<br>abarrera@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone:   (415) 393-8200<br>Facsimile:    (415) 393-8306 | COOLEY LLP<br>MICHAEL G. RHODES, SBN 116127<br>rhodesmg@cooley.com<br>KYLE C. WONG, SBN 224021<br>kwong@cooley.com<br>CAROLINE A. LEBEL, SBN 340067<br>clebel@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone:   (415) 693-2000<br>Facsimile:    (415) 693-2222 |

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This Document Relates To:<br><br>Case No. 5:22-cv-07557-PCP, All Actions | MASTER FILE NO. 5:22-cv-07557-PCP<br><br>**DEFENDANT META PLATFORMS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date: August 8, 2024<br>Time: 10:00 a.m.<br>Courtroom 8, 4th Floor<br><br>Action Filed: December 1, 2022<br>Honorable P. Casey Pitts |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 8, 2024, at 10:00 a.m., before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California, Courtroom 8, San Jose Courthouse, Defendant Meta Platforms, Inc., will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing counts IV, X, and XII of the amended consolidated complaint with prejudice.

The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

## STATEMENT OF ISSUES TO BE DECIDED

Should counts IV, X, and XII of the amended consolidated complaint be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim?

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................... 1

LEGAL STANDARD ..................................................................................................................... 2

ARGUMENT .................................................................................................................................. 2

    I.    Plaintiffs Fail To State A Claim Under The Washington Privacy Act (Count IV). ........................................................................................................................... 2

    II.    Plaintiffs Fail To State A Claim Under The New York Deceptive Practices Act (Count X). ................................................................................................................. 5

    III.    Plaintiffs Fail To State A Claim Under The California CLRA (Count XII)................ 7

        A.    Plaintiffs Are Not "Consumers" Who Engaged In Any "Transaction" With Meta......................................................................................................... 7

        B.    Plaintiffs Fail To Allege Actual Reliance. ....................................................... 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Apple Processor Litig.*,
 2023 WL 5950622 (9th Cir. Sept. 13, 2023) ...................................................................10

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ......................................................................................................2, 6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................................2

*Blantz v. Cal. Dep't of Corrs. & Rehab.*,
 727 F.3d 917 (9th Cir. 2013).............................................................................................3

*Brown v. Gardner*,
 513 U.S. 115 (1994) ...........................................................................................................4

*In re Carrier IQ, Inc.*,
 78 F. Supp. 3d 1051 (N.D. Cal. 2015) ..............................................................................5

*Claridge v. RockYou, Inc.*,
 785 F. Supp. 2d 855 (N.D. Cal. 2011) ..............................................................................8

*Cousineau v. Microsoft Corp.*,
 992 F. Supp. 2d 1116 (W.D. Wash. 2012).........................................................................5

*Doe v. Kaiser Found. Health Plan, Inc.*,
 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) ..................................................................5

*E.H. v. Meta Platforms, Inc.*,
 2024 WL 557728 (N.D. Cal. Feb. 12, 2024).....................................................................8

*In re Facebook PPC Advert. Litig.*,
 2010 WL 3341062 (N.D. Cal. Aug. 25, 2010)..................................................................9

*In re Facebook, Inc. Internet Tracking Litig.*,
 956 F.3d 589 (9th Cir. 2020).............................................................................................4

*Fulford v. Logitech, Inc.*,
 2008 WL 4914416 (N.D. Cal. Nov. 14, 2008)..................................................................8

*In re Google, Inc. Priv. Pol'y Litig.*,
 58 F. Supp. 3d 968 (N.D. Cal. 2014) ................................................................................8

*Green v. Canidae Corp.*,
 2009 WL 9421226 (C.D. Cal. June 9, 2009) ...................................................................8

*Haskins v. Symantec Corp.*,
 654 F. App'x 338 (9th Cir. 2016) .....................................................................................9

*Inyo Cnty. v. Paiute-Shoshone Indians*,
    538 U.S. 701 (2003) ................................................................................................................4

*Kas v. Mercedes-Benz USA, LLC*,
    2012 WL 12886203 (C.D. Cal. Jan. 19, 2012) ........................................................................8

*Lugones v. Pete & Gerry's Organic, LLC*,
    440 F. Supp. 3d 226 (S.D.N.Y. 2020) .....................................................................................5

*Martin v. Meredith Corp.*,
    657 F. Supp. 3d 277 (S.D.N.Y. 2023) .....................................................................................5

*In re Meta Pixel Tax Filing Cases*,
    2024 WL 1251350 (N.D. Cal. Mar. 25, 2024) ...............................................1, 2, 3, 4, 5, 6, 7, 9, 10

*Mohasco Corp. v. Silver*,
    447 U.S. 807 (1980) ................................................................................................................4

*Oden v. Boston Sci. Corp.*,
    330 F. Supp. 3d 877 (E.D.N.Y. 2018) .....................................................................................5

*Philips v. Ford Motor Co.*,
    2015 WL 4111448 (N.D. Cal. July 7, 2015) ...........................................................................8

*Russello v. United States*,
    464 U.S. 16 (1983) ..................................................................................................................4

*Seismic Reservoir 2020, Inc. v. Paulsson*,
    785 F.3d 330 (9th Cir. 2015) ...................................................................................................2

*Whitaker v. Saleem*,
    2013 WL 1149789 (N.D. Cal. Mar. 18, 2013) .......................................................................10

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
    2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ........................................................................9

*In re Zoom Video Commc'ns Inc. Priv. Litig.*,
    525 F. Supp. 3d 1017 (N.D. Cal. 2021) ...................................................................................9

**Statutes**

Cal. Civ. Code § 1761(d) ...................................................................................................................7

Cal. Civ. Code § 1770(a) ...................................................................................................................7

Cal. Civ. Code § 1780 ........................................................................................................................7

Wash. Rev. Code § 9.73.030(1)(a) ..............................................................................................1, 3, 4

**Other Authorities**

A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* (2012) .................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The consolidated complaint in this case initially encompassed 16 claims against Meta based on third-party tax-service providers' alleged use of the Meta Pixel tool to send information to Meta about plaintiffs' use of the providers' websites. In its order granting in part and denying in part Meta's motion to dismiss, this Court dismissed six claims in full. *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350 (N.D. Cal. Mar. 25, 2024). In their amended complaint, plaintiffs reassert three of those claims: under the Washington Privacy Act, the New York Deceptive Practices Act, and the California Consumer Legal Remedies Act (CLRA). But despite ample opportunity and clear guidance from this Court identifying the defects that compelled dismissal the first time and explaining how those problems could be addressed, plaintiffs' amended complaint fails to cure those defects. And these claims have other fatal deficiencies that the Court previously had no need to reach. The Court should dismiss these claims again, this time with prejudice.

The Washington Privacy Act claim is limited to interceptions of communications "between two or more individuals." Wash. Rev. Code § 9.73.030(1)(a). The communications at issue here took place between plaintiffs and their tax-service providers, but plaintiffs still do not "identify any individuals" from their tax-service providers who "received communications made through the automated systems at issue." *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *8. Instead, plaintiffs cursorily allege that software engineers *at Meta* personally received their data. Am. Compl. ¶ 127. But plaintiffs plead no facts to render that allegation plausible. And even if that allegation were plausible, it would fail as a matter of law: Plaintiffs' theory is that Meta intercepted communications between plaintiffs and their tax-service providers, not between plaintiffs and Meta. Meta clearly could not intercept a communication with itself.

As to the New York Deceptive Practices Act claim, plaintiffs add no allegations to fill the gap this Court identified on causation. Plaintiffs did not allege then, and do not allege now, that plaintiffs actually "saw the misleading statements of which they complain." *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *16 (quotation marks omitted). Tellingly, plaintiffs have abandoned the other claims this Court dismissed on causation grounds, presumably because no factual basis exists to fill

that gap.  Although plaintiffs reassert their New York claim, they make no effort to cure the defect.

For the CLRA claim, plaintiffs still do not, because they cannot, allege they are "consumers" who engaged in a "purchase or lease of goods or services" with Meta.  *See id.* at *22.  They also fail to allege actual reliance—again, the same failure that led this Court to dismiss other claims that plaintiffs have now abandoned.

This Court identified the shortcomings in plaintiffs' original claims and gave plaintiffs an opportunity to "address th[os]e shortcomings."  *Id.* at *1.  Plaintiffs have not done so.  The Court should dismiss these claims with prejudice.

## LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, the Court must first separate the complaint's legal conclusions—which are disregarded—from its factual allegations.  *Id.* at 678–79.  The remaining factual allegations must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  If the complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Claims also may be dismissed based on a dispositive issue of law.  *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015).

## ARGUMENT

Plaintiffs have not cured the defects this Court identified in its order dismissing their claims under the Washington Privacy Act, the New York Deceptive Practices Act, and the California CLRA.  For several elements of these claims, they have not even tried to do so.  These claims should be dismissed with prejudice.

**I.     Plaintiffs Fail To State A Claim Under The Washington Privacy Act (Count IV).**

Plaintiffs' claim under the Washington Privacy Act still fails to allege any communication between two or more people that was purportedly intercepted.  The Act makes it "unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any . . . [p]rivate communication transmitted by telephone, telegraph,

1  radio, or other device *between two or more individuals*." Wash. Rev. Code § 9.73.030(1)(a) (emphasis
2  added). This Court previously dismissed this claim because Washington's law "does not apply to
3  communications between an individual and a business entity's automated system," and plaintiffs' com-
4  munications here were directed to tax-service providers' websites—not another "individual." *In re*
5  *Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *8. The Court granted leave to amend and outlined
6  two ways plaintiffs could try to address this problem. First, plaintiffs could "identify any individuals
7  who received communications made through the automated systems at issue." *Id.* Or second, plaintiffs
8  could "reassert the claim as stated in the consolidated complaint with the understanding that the parties
9  will brief the proper statutory construction of Section 9.73.030 in more depth in any motion to dismiss
10 the amended complaint." *Id.*

11 In their amended complaint, plaintiffs try—but fail—to take up the first option. They now
12 allege that "the tax filing data at issue here was transmitted to Tobias Wooldridge and other unknown
13 individuals in Meta's Signals team," which is "generally responsible for maintaining and implementing
14 the Meta Pixel code, and for detecting potentially sensitive data that Meta receives via the Pixel." Am.
15 Compl. ¶ 127. But that allegation is not plausible, and even if it were it would defeat plaintiffs' claim.

16 Plaintiffs' allegation is not plausible because plaintiffs plead no facts even suggesting Meta's
17 software engineers (including Mr. Wooldridge) would have personally received or reviewed any of the
18 many billions of data points coming through the Pixel (let alone the data at issue in this case), as op-
19 posed to designing software *systems* to process that data. The Ninth Circuit has rejected similarly
20 "threadbare allegations of [] personal involvement" that are "inherent[ly] implausibl[e]." *Blantz v. Cal.*
21 *Dep't of Corrs. & Rehab.*, 727 F.3d 917, 927 (9th Cir. 2013).

22 Even if plaintiffs had plausibly alleged that individual Meta engineers received and reviewed
23 their data, that could not save their claim. As this Court stated, "[t]he question is whether *the tax sites*
24 on the other end of [] users' communications qualify as individuals such that intercepting communica-
25 tions *with the sites* violates this statute." *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *8
26 (emphases added). Plaintiffs still do not identify any communications with any individuals *at the tax*
27 *sites* that Meta intercepted; instead, they assert their communications were sent to individuals *at Meta*.
28 That theory, if it were plausible, would be self-defeating: A party cannot "intercept" its own

communications. *See, e.g.*, *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) (discussing party exception to wiretapping statutes). So if plaintiffs' theory is that *Meta* was a party to the communications at issue, then this claim and others break down.

To the extent plaintiffs also seek to take up this Court's second option and relitigate the meaning of Washington's law, the Court should adhere to its prior conclusion that a corporation and its automated systems are not "individuals" under the statute. Wash. Rev. Code § 9.73.030(1)(a). As this Court previously concluded, "[t]he text of the statute" itself "suggests that 'individual,' as used in the statute, has a meaning distinct from a corporation or other business entity." *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *8. That is because the statute's list of covered entities includes *both* individuals *and* corporations, whereas the statute's provision defining relevant communications is limited to communications between "individuals." Wash. Rev. Code § 9.73.030(1)(a) ("[I]t shall be unlawful for any *individual*, partnership, *corporation*, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any . . . [p]rivate communication . . . *between two or more individuals* . . . ." (emphases added)). It is an established canon of statutory interpretation that this "material variation in terms suggests a variation in meaning." A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012) (canon of consistent usage); *see also, e.g.*, *Inyo Cnty. v. Paiute-Shoshone Indians*, 538 U.S. 701, 710 (2003); *Russello v. United States*, 464 U.S. 16, 23 (1983). And the canon against surplusage further counsels against giving the word "individual" a definition that would swallow up the words immediately following it. *See* Scalia & Garner, *supra*, at 174. These settled interpretive principles apply with particular force here given that the relevant terms are "repeated within a given sentence." *Brown v. Gardner*, 513 U.S. 115, 118 (1994); *see also Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) (rejecting interpretation that "unreasonably" gave a word "two different meanings in the same section of the statute").

In its order on Meta's first motion to dismiss, the Court noted that "neither party points to a relevant construction of the Washington Privacy Act by the Washington Supreme Court or any Washington Court of Appeals." *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *8. Meta is not aware of any such authority addressing this question. As Meta noted in its initial motion to dismiss, however, other federal courts have followed "the plain language of the Act" to hold that the alleged

interception of data "such as [a] user's geographical location, URLs, search terms, etc. . . . may not form the basis for liability under Washington's Privacy Act" where such data "was not transmitted as part of a communication between individuals but instead directed to an automated system." *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1093 (N.D. Cal. 2015); *see also Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1129 (W.D. Wash. 2012) ("Without an individual on the other end of her communication (other than Microsoft), the transmission of Cousineau's data cannot be considered a communication under the [Act]."). Another recent case reiterated this point, noting that "courts (including this one) have rejected WPA claims on the grounds that there were not communications involving *individuals*." *Doe v. Kaiser Found. Health Plan, Inc.*, 2024 WL 1589982, at *35 (N.D. Cal. Apr. 11, 2024). That case allowed a claim only because the plaintiff alleged she sent communications through a "Message Center" that were received by an individual. *Id.* Plaintiffs make no such allegations here.

## II. Plaintiffs Fail To State A Claim Under The New York Deceptive Practices Act (Count X).

Plaintiffs' claim under New York's Deceptive Practices Act once again fails to allege causation. To bring a claim under that Act, plaintiffs "must allege (1) that the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *15 (quoting *Martin v. Meredith Corp.*, 657 F. Supp. 3d 277, 287 (S.D.N.Y. 2023)). Although this statute "does not require actual reliance," it "does require causation," which requires "[a]t a minimum" that plaintiffs "allege that they would have seen the disclosures they fault Meta for omitting." *Id.* at *16.

This Court previously dismissed this claim because plaintiffs failed to allege facts necessary to establish causation. As the Court explained, "[m]isrepresentation requires that there actually be a representation, and causation, in turn, requires that plaintiffs have been aware of that representation." *Id.* "Thus 'to plead [this claim] successfully, Plaintiffs must allege that they saw the misleading statements of which they complain.'" *Id.* (quoting *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 240 (S.D.N.Y. 2020)). But plaintiffs did "not allege that they actually read the various agreements where Meta makes other relevant disclosures about its data collection practices," nor did they "offer" any "other theory for how they would have seen Meta's disclosure if Meta had made one." *Id.* The Court accordingly concluded that plaintiffs failed to plead causation. *Id.*; *see also, e.g., Oden v. Boston*

*Sci. Corp.*, 330 F. Supp. 3d 877, 902 (E.D.N.Y. 2018) ("[T]o properly allege causation, a plaintiff must state in his complaint that he has seen the misleading statements of which he complains before he came into possession of the products he purchased." (quotation marks omitted)).

Although plaintiffs' amended complaint reasserts their New York claim, it does not add any allegation "that they would have seen the disclosures they fault Meta for omitting." *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *16. Their only new allegations for this claim are:

- "This nondisclosure violated N.Y. Gen. Bus. Law § 349 because (1) it was consumer oriented conduct (2) that mislead [sic] reasonable consumers and (3) caused injury to New York Plaintiffs and the New York Subclass." Am. Compl. ¶ 173.

- "Meta was required to disclose that it was receiving confidential tax filing information to the New York Plaintiffs and the New York Subclass because it exclusively knew that it was receiving the information, and Plaintiffs could not readily obtain the information elsewhere." *Id.* ¶ 174.

- "As a direct and proximate result of Meta's <u>omissions and failure to disclose</u>, New York Plaintiffs and other New York Subclass Members suffered injury and/or damages, including but not limited to, nominal damages <u>caused by the violation of their privacy rights</u> . . . ." *Id.* ¶ 175 (new language underlined).

- "Further Plaintiff Papadimitriou and other class members suffered injury by paying for services from the tax filing websites to prepare and file their taxes online without knowing their information was being shared with Meta." *Id.* ¶ 176.

*See also* Dkt. 142-1 at 32–34 (redlining these changes). None of these allegations addresses, much less cures, the specific defect this Court identified. Plaintiffs still do not allege that they "actually read the various agreements where Meta makes other relevant disclosures about its data collection practices"— *i.e.*, Meta's Terms of Service or Privacy Policy. *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *16. Nor do they offer any "other theory for how they would have seen Meta's disclosure if Meta had made one," plausible or otherwise. *Id.* All that plaintiffs have added are "threadbare recitals" of the causation element of their claim "supported by mere conclusory statements," which "do not suffice." *Iqbal*, 556 U.S. at 678.

Notably, this Court also dismissed plaintiffs' claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, their theft claim, and their fraud-based UCL claim on similar grounds. *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *13–14 (Illinois claim), *23 (theft), *25–26

Gibson, Dunn & Crutcher LLP

6

MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 5:22-CV-07557-PCP

(UCL).  Plaintiffs' amended complaint abandons those claims.  Because plaintiffs allege no facts to fill this gap for the New York claim, the Court should dismiss it on the same grounds as before.

### III. Plaintiffs Fail To State A Claim Under The California CLRA (Count XII).

The California CLRA allows "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770" to "bring an action against that person."  Cal. Civ. Code § 1780.  Plaintiffs allege Meta violated § 1770 "[b]y failing to disclose that Meta was secretly collecting and using tax filing and other financial data for its own advertising and other business purposes."  Am. Compl. ¶ 200; *see also id.* ¶¶ 201–02.  This claim fails for two reasons: plaintiffs are not "consumers" entitled to bring a claim against Meta (the basis for this Court's prior dismissal) and they have not alleged actual reliance (an independent ground this Court did not reach in its prior order).

#### A. Plaintiffs Are Not "Consumers" Who Engaged In Any "Transaction" With Meta.

Only a "consumer" may bring a claim under the CLRA.  Cal. Civ. Code § 1780.  A consumer is "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes."  *Id.* § 1761(d).  And the list of proscribed practices under the CLRA is limited to actions "undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer."  *Id.* § 1770(a).  This Court previously dismissed plaintiffs' claims because "the complaint fail[ed] to identify any specific purchase or lease of goods or services by plaintiffs."  *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *22.

Plaintiffs now allege they "purchased and paid for services from the tax filing websites to prepare and file their taxes online."  Am. Compl. ¶ 197.  But that allegation fails because it does not show that plaintiffs "purchase[d] or lease[d] . . . any goods or services" *from Meta*.  Cal. Civ. Code § 1761(d).  Every person is a "consumer" in some sense—everyone buys or leases *something*.  But to bring a CLRA claim, a person must be a "consumer" engaged in some transaction with the defendant.  The statute requires plaintiffs to plead a proscribed practice "undertaken by any *person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer.*"  *Id.* § 1770(a) (emphasis added).  Plaintiffs cursorily assert that "the unfair or deceptive acts or practices at issue here were undertaken by Meta through a transaction intended to result or that resulted in the sale of services

(namely, tax preparation and filing services)." Am. Compl. ¶ 197. But they do not and could not plausibly allege that Meta was a party to that transaction between them and their tax-service providers. Unsurprisingly, many courts have dismissed CLRA claims where plaintiffs did not purchase or lease any goods or services from the defendant. *E.g.*, *Kas v. Mercedes-Benz USA, LLC*, 2012 WL 12886203, at *2 (C.D. Cal. Jan. 19, 2012) (no claim against car manufacturer where another party sold the car); *Green v. Canidae Corp.*, 2009 WL 9421226, at *4 (C.D. Cal. June 9, 2009) (similar, against pet food manufacturer); *Fulford v. Logitech, Inc.*, 2008 WL 4914416, at *1 (N.D. Cal. Nov. 14, 2008) (no claim where alleged deceptive acts were not "in the course of a transaction with [plaintiff]"); *see also, e.g.*, *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 864 (N.D. Cal. 2011) (rejecting claim where plaintiff "did not 'purchase or lease' any goods or services from defendant—a strict requirement under the statute").[1]

Meta acknowledges that Judge Orrick recently allowed a CLRA claim based on a similar theory to proceed past a motion to dismiss. *See E.H. v. Meta Platforms, Inc.*, 2024 WL 557728, at *5–6 (N.D. Cal. Feb. 12, 2024) (declining to dismiss "at this juncture" and concluding that an evidentiary record could help establish "[h]ow far the CLRA transaction requirement stretches"). Respectfully, however, that decision fails to account for the text of the CLRA—which requires plaintiffs to allege they are "consumers" who engaged in a "purchase or lease" with the defendant who committed a proscribed act "in [the] transaction"—and for the case law dismissing CLRA claims where these allegations are absent. The CLRA is a consumer-protection statute designed to protect consumers from being defrauded by companies marketing their goods and services. Because plaintiffs did not buy or lease any goods or services from Meta, they have no CLRA claim against Meta.

---

[1] Some courts have been more lenient and have allowed plaintiffs to bring claims against manufacturers who sell goods and services to consumers indirectly through intermediaries. *E.g.*, *Philips v. Ford Motor Co.*, 2015 WL 4111448, at *14 (N.D. Cal. July 7, 2015) (allowing claim against Ford where plaintiffs purchased cars from "an authorized dealership"); *In re Google, Inc. Priv. Pol'y Litig.*, 58 F. Supp. 3d 968, 981–82 (N.D. Cal. 2014) (suggesting plaintiffs could bring claim against Google where they obtained Android devices through "the stream of commerce" rather than "a direct sale," but dismissing on reliance grounds). Those cases, however, still involved a plaintiff's indirect purchase or lease of the defendant's goods or services; here, plaintiffs do not allege they purchased or leased any goods or services from Meta *at all*, directly or indirectly.

### B. Plaintiffs Fail To Allege Actual Reliance.

Plaintiffs' CLRA claim also fails for another, independent reason that this Court had no occasion to reach in its dismissal order: they do "not allege that [they] read and relied on a specific misrepresentation." *Haskins v. Symantec Corp.*, 654 F. App'x 338, 339 (9th Cir. 2016). Rule 9(b)'s particularity requirement governs this claim, and it requires plaintiffs to "allege an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations"—that is, "the who, what, when, where, and how of the misconduct charged." *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1046 (N.D. Cal. 2021) (quotation marks omitted). Courts have therefore dismissed CLRA claims where plaintiffs merely point to a defendant's "website and privacy policy," without alleging they "read[] those allegedly misleading statements, let alone read[] them at a specific time or place." *Id.* (dismissing CLRA claim where plaintiffs "fail[ed] to allege *who* actually saw *what* misrepresentations/omissions and *when* and *where* they saw the misrepresentations or omissions" and collecting cases) (quotation marks omitted); *see also, e.g.*, *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *30 (N.D. Cal. Aug. 30, 2017) (dismissing UCL claim for failure to allege reliance where plaintiffs did not allege they "actually read" defendant's privacy policy). This Court already dismissed plaintiffs' Illinois and New York consumer-protection claims on causation grounds, as well as their theft and fraud-based UCL claims. *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *13–14 (Illinois claim), *16–17 (New York claim), *23 (theft), *25–26 (UCL). It follows *a fortiori* that plaintiffs' CLRA claim—which requires actual reliance, not just causation—must also be dismissed.

In their opposition to Meta's first motion to dismiss, plaintiffs argued that "[a]n omission claim does not require the same level of specificity as a misrepresentation claim." Dkt. 114 at 19. Even in the context of alleged omissions, though, courts have required plaintiffs to "identify with particularity at least the specific policies and representations that they reviewed." *In re Facebook PPC Advert. Litig.*, 2010 WL 3341062, at *10 (N.D. Cal. Aug. 25, 2010) (dismissing UCL claim). Additionally, the Ninth Circuit reiterated just recently—and plaintiffs have conceded (*see* Dkt. 114 at 19)—that individuals asserting an omission claim still must "demonstrate reliance on the alleged omission" by showing that "had the omitted information been disclosed, [they] would have been aware of it and

behaved differently." *In re Apple Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023); *see also In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *16 ("At a minimum, though, plaintiffs must plausibly allege that they would have seen the disclosures they fault Meta for omitting to establish causation.") (dismissing New York consumer-protection claim). As this Court previously held, plaintiffs have not alleged that—much less with particularity. *See In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *13–14, *16, *25. Their claim thus fails.

## CONCLUSION

The defects in these claims are not new: Meta raised them in its first motion to dismiss, and this Court's dismissal order specified the allegations plaintiffs would need to include for their claims to survive. Because plaintiffs have "already been provided a chance to amend" and have "failed to cure the deficiencies of the complaint," counts IV, X, and XII should be "dismissed with prejudice." *Whitaker v. Saleem*, 2013 WL 1149789, at *2 (N.D. Cal. Mar. 18, 2013).

DATED: May 24, 2024   **GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
   Lauren R. Goldman

**COOLEY LLP**

By: */s/ Michael G. Rhodes*
   Michael G. Rhodes

*Attorneys for Defendant Meta Platforms, Inc.*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

DATED: May 24, 2024                                  **GIBSON, DUNN & CRUTCHER LLP**

                                                                           By: */s/ Lauren R. Goldman*
                                                                                   Lauren R. Goldman