**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 320783)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman *(pro hac vice)*
Michael Liskow (State Bar No. 243899)
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
E-mail: lfeldman@4-justice.com
mliskow@4-justice.com
e-service@4-justice.com

*Attorneys for Plaintiffs*

*Additional Attorneys on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE META PIXEL TAX FILING CASES

This document relates to:

All actions

Master File No. 5:22-cv-07557-PCP

**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Date: August 8, 2024
Time: 10:00 a.m.
Judge: Hon. P. Casey Pitts
Date Action Filed: Dec. 1, 2022

# TABLE OF CONTENTS

**PAGE(S)**

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. The Washington Plaintiff States A Claim Under the Washington Privacy Act ........ 1

1. Meta's Position Is Contrary To Washington Supreme Court Authorities ........ 1

2. Meta's Arguments Are Irrelevant Under § 9.73.030(1)(b) ........ 3

B. The New York Plaintiffs State A Claim Under New York's General Business Law § 349 ........ 4

C. Plaintiffs State A Claim Under California's CLRA ........ 4

1. Plaintiffs' Allegations Are Sufficient Under *E.H. v. Meta* ........ 4

2. Meta's Newly Raised Reliance Argument Does Not Support Dismissal ........ 6

III. CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Chamberlan v. Ford Motor Co.*, No. C, 2003 WL 25751413 (N.D. Cal. Aug. 6, 2003) ... 5

*Claridge v. Rockyou, Inc.*, 785 F. Supp. 2d 855 (N.D. Cal. 2011) ... 6

*E.H. v. Meta Platforms, Inc.*, 2024 WL 557728 (N.D. Cal. Feb. 12, 20214) ... 1, 5, 6

*Fed. Trade Comm'n v. Quincy Bioscience Holding Co., Inc.*, 753 F. App'x 87 (2d Cir. 2019) ... 4

*Heinze v. Amazon.com Inc.*, 2024 WL 2091108 (W.D. Wash. May 8, 2024) ... 2

*Hoffman v. 162 N. Wolfe LLC*, 175 Cal. Rptr. 3d 833 (Ct. App. 2014) ... 7

*In Re Anthem, Inc. Data Breach Litig.*, 2016 WL 3029783 (N.D. Cal. May 27, 2016) ... 6

*In Re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051 (N.D. Cal. 2015) ... 7

*Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803 (9th Cir. 2019) ... 2

*Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940 (N.Y. 2012) ... 4

*Krobath v. S. Nassau Comms. Hosp.*, 178 A.D.3d 807 (N.Y. App. 2019) ... 4

*Lytle v. Nutramax Labs, Inc.*, 99 F.4th 557 (9th Cir. 2024) ... 5, 6

*Makaeff v. Trump Univ., LLC*, 145 F. Supp. 3d 962 (S.D. Cal. 2015) ... 6

*Nguyen v. Nissan N. Am, Inc.*, 932 F.3d 811 (9th Cir. 2019) ... 6

*Northwestern Indus., Inc. v. City of Seattle*,
33 Wash.App. 757 (1983) ..... 3

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
85 N.Y.2d 20 (N.Y. App. 1995) ..... 4

*Philips v. Ford Motor Co.*,
2015 WL 4111448 (N.D. Cal. Jul. 7, 2015) ..... 5, 6

*Roney v. Miller*,
705 F. App'x 670 (9th Cir. 2017) ..... 7

*Rossi v. Whirlpool Corp.*,
2013 WL 5781673 (N.D. Cal. Oct. 25, 2013) ..... 6

*Smith v. Chase Manhattan Bank, USA, N.A.*,
293 A.D. 598, 599 (N.Y. App. 2002) ..... 4

*State v. Bilgi*,
19 Wash.App.2d 845 (2021) ..... 2

*State v. Bliss*,
191 Wash. App. 903 (2015) ..... 3

*State v. Fjermestad*,
114 Wash.2d 828 (1990) ..... 2

*State v. Kipp*,
179 Wash.2d 718, (2014) ..... 3

*State v. Roden*,
179 Wash.2d 893 (2014) ..... 2

*State v. Smith*,
189 Wash.2d 655, (2017) ..... 2

*State v. Townsend*,
147 Wash.2d 666 (2002) ..... 2

*Vizcarra v. Michaels Stores, Inc.*,
2024 WL 64747 (N.D. Cal. Jan. 5, 2024) ..... 6

**STATUTES**

Cal. Civ. Code § 1760 ..... 5, 6

Cal. Civ. Code § 1761(D) ..... 5

New York's General Business Law § 349 ..... 4

Wash. Rev. Code Ann. § 9.73.030(1) ..... 2

§ 9.73.030(1)(a) ..... 1, 3

§ 9.73.030(1)(b) ..... 1, 3

## I. INTRODUCTION

Meta's most recent motion to dismiss seeks the dismissal of three statutory causes of action under the Washington Privacy Act ("WPA"), New York's General Business Law ("GBL"), and California's Consumers Legal Remedies Act ("CLRA").[1] First, the Court should deny the motion with respect to the claim under Section 9.73.030(1)(a) of the WPA because the Washington Supreme Court has held that the statute applies to new technologies, including automated systems. Even if the Court were to hold that § 9.73.030(1)(a) does not apply here, Plaintiffs may still allege a claim under § 9.73.030(1)(b).

Second, Meta's arguments for dismissal of the GBL claim lack merit because they pertain to misrepresentation claims. But this case involves omissions, and so different rules apply.

Third, as for the CLRA, Judge Orrick recently rejected Meta's arguments that a plaintiff must have engaged in a direct sale or lease with the defendant to state a claim. *See EH v. Meta Platforms, Inc.*, No. 23-cv-4784, 2024 WL 557728, at *6 (N.D. Cal. Feb. 12, 20214) (Order on Motion to Dismiss). Judge Orrick's view is supported by the weight of authority and the Ninth Circuit's repeated instructions that the CLRA must be broadly construed to effectuate its remedial purpose. Meta also argues for the first time that Plaintiffs failed to sufficiently allege reliance in connection with their CLRA claim. That argument is incorrect, but, at most, it raises an issue that is easily curable via amendment.

## II. ARGUMENT

### A. The Washington Plaintiff States A Claim Under the Washington Privacy Act

#### 1. Meta's Position Is Contrary To Washington Supreme Court Authorities

Meta asks the Court to dismiss the WPA claim on the ground that the statute does not apply to communications between individuals and a corporation's "automated system" like the tax filing websites at issue here. MTD at 4:4–-5:11. However, the distinction between individuals and

[1] Throughout, Defendant's Motion to Dismiss First Amended Consolidated Class Action Complaint (ECF No. 145) is referenced as "MTD," and Plaintiffs' First Amended Consolidated Class Action Complaint (ECF No. 142) is referenced as "FAC."

corporations that Meta focuses on is unavailing because the Washington Supreme Court construes the WPA broadly and has already held that it applies to automated technologies.

This Court's task is "to predict how the Washington Supreme Court would decide the issue" of whether the WPA applies to automated systems run by businesses. *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 815 (9th Cir. 2019). The Washington Supreme Court explained in an *en banc* opinion that the "[WPA] is considered one of the most restrictive in the nation." *State v. Townsend,* 147 Wash.2d 666, 672 (2002) (*en banc*). The statute "expresses a legislative intent to safeguard the private conversations of citizens from dissemination *in any way*." *State v. Fjermestad*, 114 Wash.2d 828, 836 (1990) (emphasis added). The statute should be "construed to effect [its] purpose, and unlikely, absurd or strained consequences should be avoided." *State v. Smith*, 189 Wash.2d 655, 662 (2017).

For over twenty years, the Washington Supreme Court has held that the WPA applies to new and developing technologies, including automated systems that record communications. *See*, *e.g.*, *State v. Roden*, 179 Wash.2d 893, 902 (2014) (collecting authorities and explaining, "[w]e have repeatedly affirmed traditional expectations of privacy in the context of new communications technology notwithstanding some possibility of interception"). In *Townsend*, the Washington Supreme Court held that the WPA applied to communications that "were stored automatically" on a computer rather than being listened to in real time by an individual, and suggested that other automated recording systems like email and voicemail also fall within the ambit of the WPA. *See Townsend*, 147 Wash.2d at 666, 670; *cf. State v. Bilgi*, 19 Wash.App.2d 845, 858 (2021) (addressing communications that "were recorded on [a] computer"). In a recent similar case involving allegations of internet wiretapping by Amazon.com, a Washington district court followed *Townsend* and *Bilgi* when rejecting a similar argument made by Meta here; namely that "the WPA does not apply to 'computer software' because it is 'not an actor with an agency' [in other words, not an 'individual'] under Wash. Rev. Code Ann. § 9.73.030(1)." *Heinze v. Amazon.com Inc.*, No. 2:23-cv-1073, 2024 WL 2091108 at *4 (W.D. Wash. May 8, 2024).

Meta's interpretation of the WPA largely rests on the principle of implied exclusion; namely, that the expression of one thing (*i.e.*, "individuals" in § 9.73.030(1)(a)) impliedly excludes another

("corporations"). In the context of this statute, however, the distinction Meta draws between corporations and individuals is overstated. Corporations are *made up* of individuals, so if one is speaking to a corporation, one is ultimately speaking to individuals too, even if indirectly. Moreover, the principle of implied exclusion is just one of many *guides* for statutory interpretation—it is not dispositive on its own, and it does not trump the rule that the WPA must be construed broadly to effectuate its remedial purpose. *Cf. Northwestern Indus., Inc. v. City of Seattle*, 33 Wash.App. 757, 759 (1983) (rejecting argument that the expression of one thing necessarily excludes another). To adopt Meta's position under the facts here would lead to the absurd result that the WPA—"one of the most restrictive" wiretapping laws in the nation—permits Internet wiretapping on a massive, automated scale. Considering the authorities cited above, there is little reason to believe that the Washington Supreme Court would agree with that proposition.

**2. Meta's Arguments Are Irrelevant Under § 9.73.030(1)(b)**

Section 9.73.030(1)(b) of the WPA provides that it is unlawful for corporations like Meta "to intercept, or record any … [p]rivate conversation, by any device electronic or otherwise designed to record or transmit such conversation regardless how the device is powered or actuated without first obtaining the consent of all the persons engaged in the conversation." *Id*. Subsection (b) includes no reference to individuals, corporations, or any other entities. *See id.* And while Section 9.73.030(1)(a) refers to "communications" whereas Section 9.73.030(1)(b) refers to "conversations," the difference is immaterial because Washington courts use the terms "communication" and "conversation" interchangeably when addressing either subsection. *See State v. Kipp*, 179 Wash.2d 718, 724, (2014) (referring to "communications" and "conversations" interchangeably in the context of § 9.73.030 (1)(b)); *State v. Bliss*, 191 Wash. App. 903, 909 (2015) (citing § 9.73.030 (1)(a) when explaining the WPA "is implicated when one party records a conversation without the other party's consent"). Here, the Washington Plaintiff alleges a claim generally under § 9.73.030. *See* FAC, at 23 (Count IV Header) ("Wash Rev. Code § 9.73.030"). And while subsection (b)(1) is not expressly referenced in the FAC, that is easily curable by amendment if the Court determines that such an express allegation is necessary.

**B. The New York Plaintiffs State A Claim Under New York's General Business Law § 349**

To assert a Section 349 claim, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Fed. Trade Comm'n v. Quincy Bioscience Holding Co., Inc.*, 753 F. App'x 87, 89 (2d Cir. 2019) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. 2012) (summary order). "The deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances." *Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D. 598, 599 (N.Y. App. 2002). For omissions in particular, liability exists where "the business alone possesses material information that is relevant to the consumer and fails to provide this information." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26 (N.Y. App. 1995) ("*Oswego*"); *see also Krobath v. S. Nassau Comms. Hosp.*, 178 A.D.3d 807, 809 (N.Y. App. 2019) (same).

Plaintiffs' Section 349 claim is premised on *omissions* and not on a single statement or misrepresentation. Pure omissions claims are viable under Section 349 when: "the business alone possesses material information that is relevant to the consumer and fails to provide this information." *Oswego,* 85 N.Y.2d at 26. Meta's failure to acknowledge this is fatal to its motion as it argues the incorrect legal standard for this claim. Meta's position that reliance on a misrepresentation is an element in an omissions claim would essentially bar Section 349 in any omission. This is not New York law. *See id.* Causation can be demonstrated by showing that the deceptive act (the omission here) caused actual injury (here the violation of their privacy rights and the New York Plaintiffs paying for a service they would not have otherwise). *See* FAC ¶¶ 173-76. As the New York Plaintiffs are not required to plead misleading statements when the premise of the alleged wrongdoing are *omissions* under Section 349, the Court should not dismiss the claims.

**C. Plaintiffs State A Claim Under California's CLRA**

**1. Plaintiffs' Allegations Are Sufficient Under *E.H. v. Meta***

Meta argues that Plaintiffs are not "consumers" within the meaning of the CLRA because they did not buy goods or services directly from Meta, but instead bought services from various tax

filing websites that transmitted the information to Meta. Judge Orrick correctly rejected that argument in *E.H. v. Meta Platforms, Inc.*, No. 23-cv-4784, 2024 WL 557728 (N.D. Cal. Feb. 12, 2024), a similar case where the plaintiffs alleged that Meta, though its Pixel, surreptitiously collected health information from a mental telehealth provider called Cerebral. *See id.* at *6. This Court should reject Meta's argument here as well.

Meta's argument that there must be a direct purchase between Plaintiffs and Meta is unsupported by the text of the CLRA, which must be "liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices." CAL. CIV. CODE § 1760; *accord Lytle v. Nutramax Labs, Inc.*, 99 F.4th 557, 583 (9th Cir. 2024) (noting the requirement that the CLRA must be liberally construed) (citing CAL. CIV. CODE § 1760). There are two relevant provisions here, and neither of them states that Plaintiffs must have engaged in a direct sale or lease with Meta.

First, the CLRA defines "consumer" only as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." CAL. CIV. CODE § 1761(d). That definition is not limited to consumers who purchase goods or services from the defendant. Plaintiffs here allege they are "consumers" by virtue of paying for services from the tax filing websites, and Meta does not take issue with that allegation. *See* FAC, ¶ 197.

Second, as emphasized by Judge Orrick (and acknowledged by Meta at page 7:16–-17 of its brief) the plain text of § 1770(a) states that it applies to actions "'undertaken *by any person in a transaction* intended to result or that results in the sale or lease of goods or services to any consumer are unlawful.'" *E.H.*, 2024 WL 557728 at *5 (quoting § 1770(a)) (emphasis in original). "Nothing in the language of the CLRA states that only a defendant who directly engaged in a completed transaction with a plaintiff may be liable to that plaintiff." *Chamberlan v. Ford Motor Co.*, No. C 03-2628 CW, 2003 WL 25751413, at *7 (N.D. Cal. Aug. 6, 2003).

The weight of authority supports that point, permitting CLRA claims against defendants from whom plaintiffs did not directly purchase goods and services. *See*, *e.g.*, *Philips v. Ford Motor Co.*, No. 14-cv-2989, 2015 WL 4111448, at *14–15 (N.D. Cal. Jul. 7, 2015) ("[T]he vast majority of courts to address the issue have rejected Ford's argument, holding instead that a plaintiff need not

allege a direct transaction with the manufacturer.") (collecting cases); *Makaeff v. Trump Univ., LLC*, 145 F. Supp. 3d 962, 979–80 (S.D. Cal. 2015) (finding that plaintiffs and defendant entered into a transaction despite the fact that plaintiff did not purchase any services directly from defendant); *Rossi v. Whirlpool Corp*., 2013 WL 5781673, at *10 (N.D. Cal. Oct. 25, 2013) (affirming CLRA liability of manufacturers who had no direct relationship with plaintiffs and collecting cases).

To be sure, Meta cites older contrary authorities, but the above-cited cases show that the more recent trend is against Meta's position. The opinions that Meta cites are dated between 2008-2012 and predate several later orders of the Ninth Circuit reaffirming that the CLRA must be liberally construed. *See Lytle*, 99 F.4th at 583 (9th Cir. 2024); *Nguyen v. Nissan N. Am, Inc.*, 932 F.3d 811, 817–18 (9th Cir. 2019) ("the CLRA 'shall be liberally construed and applied to promote its underlying purposes'") (quoting CAL. CIV. CODE § 1760). One of the cases that Meta cites, *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855 (N.D. Cal. 2011), is easily distinguishable because the plaintiff failed to allege he paid money for *any* goods or services. *See id.* at 864. Instead, he argued that he essentially "paid" for the defendant's services with his personal data, but the court held that was not a tangible form of payment required under the statute. *See id.* In short, this Court should follow Judge Orrick's decision in *E.H.* in rejecting Meta's argument for dismissal.

**2. Meta's Newly Raised Reliance Argument Does Not Support Dismissal**

Meta's reliance arguments do not support dismissal with prejudice for two reasons. First, this is an omission-based claim, and reliance in a CLRA omissions case is established through materiality. *See In re Anthem, Inc. Data Breach Litig.*, 2016 WL 3029783, at *35 (N.D. Cal. May 27, 2016). Here, the materiality of confidential tax information is self-evident, particularly given that disclosure of such information is a crime. *See* FAC, ¶ 3. Under the rule that all reasonable inferences should be drawn in Plaintiffs' favor on 12(b)(6) motion, *see*, *e.g.*, *Vizcarra v. Michaels Stores, Inc.*, 2024 WL 64747, at *5 (N.D. Cal. Jan. 5, 2024) (Pitts, J.), the Court can and should reasonably infer that the disclosure of tax information to Meta was material to Plaintiffs.

Second, as Meta acknowledges in its brief, "this Court had no occasion to reach [reliance under the CLRA] in its [previous] dismissal order" because Meta never raised it. MTD, 9:2-3.

Therefore, if the Court determines that the pleadings are insufficient, it should grant Plaintiffs an opportunity to amend the reliance and materiality allegations pertaining to the CLRA claim. *See Roney v. Miller*, 705 F. App'x 670, 671 (9th Cir. 2017) (lower court erred by denying leave to amend after dismissing amended complaint). Any amendments here would be straightforward. In an omissions case, actual reliance may be based on two factors, both of which relate to materiality. The plaintiff may allege that "'had the omitted information been disclosed, the plaintiff would have been aware of it and behaved differently.'" *Id.* (quoting *Hoffman v. 162 N. Wolfe LLC*, 175 Cal. Rptr. 3d 833–34 (Ct. App. 2014)). Alternatively, materiality may be shown with allegations "regarding the public outcry regarding the [material fact] once its existence became public knowledge—including media reports" and government actions taken in response to the material facts. *Id.* (quoting *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1114 (N.D. Cal. 2015)). Both factors are at play in this case. Plaintiffs can and would allege that had they known that the tax filing websites were secretly disclosing information to Meta, they would have behaved differently. Meta's conduct at issue here also sparked a public outcry, media reports, and government action. *See* FAC ¶ 94 (describing news reports that preceded the filing of this action). If required by the Court, Plaintiffs could add detailed allegations regarding the outrage generated in connection with Meta's conduct, including actions taken by U.S. Senators in response.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Meta's motion to dismiss in its entirety. If the Court determines the pleadings are deficient in any respect, Plaintiffs request an opportunity to amend.

Dated: June 21, 2024

**SMITH KRIVOSHEY, P.C.**

By: */s/ Joel D. Smith*
Joel D. Smith

Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor
Boston, MA 02216
Telephone: 617-377-7404
Email: joel@skclassactions.com

**BURSOR & FISHER, P.A.**

Neal Deckant (State Bar No. 320783)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jsmith@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
E-mail: lfeldman@4-justice.com
mliskow@4-justice.com
eservice@4-justice.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Rebecca A. Peterson (241858)
Kate M. Baxter-Kauf (pro hac vice)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
E-mail: rapeterson@locklaw.com
kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (pro hac vice)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
Email: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (pro hac vice)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (pro hac vice)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649

Email: jemerson@emersonfirm.com

*Attorneys for Plaintiffs*