GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:    (212) 351-4000
Facsimile:     (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    (415) 393-8200
Facsimile:     (415) 393-8306

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    (415) 693-2000
Facsimile:     (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| IN RE META PIXEL TAX FILING CASES<br><br>This Document Relates To:<br><br>Case No. 5:22-cv-07557-PCP, All Actions | MASTER FILE NO. 5:22-cv-07557-PCP<br><br>**DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date: August 8, 2024<br>Time: 10:00 a.m.<br>Courtroom 8, 4th Floor<br><br>Action Filed: December 1, 2022<br>Honorable P. Casey Pitts |
|---|---|

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

    I.    Plaintiffs Fail To State A Claim Under The Washington Privacy Act (Count IV). ...................................................................................................................................... 2

        A.    Plaintiffs Fail To State A Claim Under Section 9.73.030(1)(a). ....................... 3

        B.    Plaintiffs Have Not Pleaded And Could Not Plead Any Viable Claim Under Section 9.73.030(1)(b). ........................................................................... 5

    II.    Plaintiffs Fail To State A Claim Under The New York Deceptive Practices Act (Count X). ................................................................................................................... 6

    III.    Plaintiffs Fail To State A Claim Under The California CLRA (Count XII). ................ 7

        A.    Plaintiffs Are Not "Consumers" Who Engaged In Any "Transaction" With Meta. ........................................................................................................ 8

        B.    Plaintiffs Fail To Allege Actual Reliance. ........................................................ 9

CONCLUSION ............................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Apple Processor Litig.*,
  2023 WL 5950622 (9th Cir. Sept. 13, 2023) ...................................................................................9

*Bonin v. Calderon*,
  59 F.3d 815 (9th Cir. 1995) ..............................................................................................................6

*Boyd v. Keyboard, Network Magazine*,
  2000 WL 274204 (N.D. Cal. Mar. 1, 2000) .....................................................................................8

*Chamberlan v. Ford Motor Co.*,
  2003 WL 25751413 (N.D. Cal. Aug. 6, 2003) .............................................................................8, 9

*Cooper v. Simpson Strong-Tie Co.*,
  460 F. Supp. 3d 894 (N.D. Cal. 2020) .............................................................................................9

*Cousineau v. Microsoft Corp.*,
  992 F. Supp. 2d 1116 (W.D. Wash. 2012) .......................................................................................6

*Daniel v. Ford Motor Co.*,
  806 F.3d 1217 (9th Cir. 2015) .........................................................................................................9

*Doe v. Kaiser Found. Health Plan, Inc.*,
  2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) ..................................................................................4

*E.H. v. Meta Platforms, Inc.*,
  2024 WL 557728 (N.D. Cal. Feb. 12, 2024) ....................................................................................9

*Heinz v. Amazon.com Inc.*,
  2024 WL 2091108 (W.D. Wash. May 8, 2024) ...............................................................................4

*Lansdown v. Bayview Loan Serv., LLC*,
  2023 WL 2934932 (N.D. Cal. Apr. 12, 2023) ..................................................................................3

*Macquarie Infrastructure Corp. v. Moab Partners, L.P.*,
  601 U.S. 257 (2024) .........................................................................................................................7

*In re Meta Pixel Tax Filing Cases*,
  2024 WL 1251350 (N.D. Cal. Mar. 25, 2024) .......................................................1, 2, 3, 4, 5, 6, 7, 8, 10

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
  85 N.Y.2d 20 (1995) ........................................................................................................................7

*Schneider v. Cal. Dep't of Corr.*,
  151 F.3d 1194 (9th Cir. 1998) .........................................................................................................5

*Schramm v. Montage Health*,
  2018 WL 1156894 (N.D. Cal. Mar. 5, 2018) ...................................................................................5

*State v. Bilgi*,
   19 Wash. App. 2d 845 (2021) .................................................................................................4

*State v. Ervin*,
   169 Wash. 2d 815 (2010) ........................................................................................................3

*State v. Fjermestad*,
   114 Wash. 2d 828 (1990) ........................................................................................................4

*State v. Kamara*,
   28 Wash. App. 2d 903 (2023) .................................................................................................6

*State v. Roden*,
   179 Wash. 2d 893 (2014) ........................................................................................................4

*State v. Smith*,
   189 Wash. 2d 655 (2017) ........................................................................................................4

*State v. Smith*,
   85 Wash. 2d 840 (1975) ..........................................................................................................6

*State v. Townsend*,
   147 Wash. 2d 666 (2002) ........................................................................................................4

*Tomassini v. FCA U.S. LLC*,
   2015 WL 3868343 (N.D.N.Y. June 23, 2015) ........................................................................7

*Vess v. Ciba-Geigy Corp. USA*,
   2001 WL 290333 (S.D. Cal. Mar. 9, 2001) .............................................................................8

*Whitaker v. Saleem*,
   2013 WL 1149789 (N.D. Cal. Mar. 18, 2013) ...................................................................5, 10

**Statutes**

Cal. Civ. Code § 1770(a)......................................................................................................... 2, 8

Wash. Rev. Code § 9.73.030(1) ........................................................................... 1, 2, 3, 4, 5, 6

**Other Authorities**

McKenna & Fishman, *Wiretapping and Eavesdropping* ..........................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Despite clear guidance in this Court's dismissal order specifying how plaintiffs could attempt to solve the multiple shortcomings in their consolidated complaint, plaintiffs' amended complaint wholly fails to fill the gaps this Court identified. Their claims under the Washington Privacy Act, the New York Deceptive Practices Act, and the California CLRA should be dismissed with prejudice on the same grounds as before, or in the alternative for reasons this Court previously had no need to reach. Plaintiffs' repeated requests for a third bite at the apple by amending their complaint yet again lack any valid justification.

Plaintiffs' Washington Privacy Act claim still fails because they do not allege that Meta intercepted any "communication . . . between two or more individuals." Wash. Rev. Code § 9.73.030(1)(a); *see In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *8 (N.D. Cal. Mar. 25, 2024). Their amended complaint attempted to plug that hole by purporting to identify individuals *at Meta* who received their communications. But Meta's renewed motion to dismiss detailed multiple legal and factual flaws in that theory—and plaintiffs now abandon it. Instead, they ask this Court to reconsider its interpretation of the Washington statute, but plaintiffs neither engage with the statute's text nor cite any case adopting their countertextual theory that a communication need not be "between two or more individuals." Wash. Rev. Code § 9.73.030(1)(a). In the alternative, plaintiffs hypothesize an entirely *new* claim under a different part of the statute. But plaintiffs undisputedly have never pleaded that claim and cannot smuggle it into the case belatedly through their motion briefing. Nor are plaintiffs entitled to amend again, which would be futile in any event because the new claim plaintiffs posit suffers from its own fatal defects.

Plaintiffs' New York Deceptive Practices Act claim likewise still fails because once again they fail to plead causation. They note that their claim is based on omissions, rather than misrepresentations. But that is beside the point because, as this Court's prior ruling recognized, New York law "require[s] causation" for omission claims, and plaintiffs' failure to plead that element was fatal. *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *16. The Court clearly instructed that plaintiffs must "plausibly allege that they would have seen the disclosures they fault Meta for omitting to establish

causation" and offer "some [] theory for how they would have seen Meta's disclosures if Meta had made one." *Id.* Plaintiffs failed to do so: their amended complaint added no facts establishing that causal link.

Finally, plaintiffs' California CLRA claim still fails because their amended complaint does not allege that plaintiffs are "consumer[s]" who engaged in any "transaction" with Meta. Cal. Civ. Code § 1770(a); *see In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *22. Plaintiffs note there is a split of authority on whether a CLRA claimant must show a *direct* transaction with the defendant or may sue an upstream supplier who sold products indirectly through a middleman. But that debate is irrelevant here because plaintiffs are not "consumers" of *any* Meta product; they neither purchased anything from Meta directly nor did so indirectly through an intermediary. In any event, plaintiffs' CLRA claim independently fails because plaintiffs (again) undisputedly allege no facts showing actual reliance—let alone with particularity, as Rule 9(b) requires. Plaintiffs' response that they need not plead reliance at all misstates the law. Plaintiffs alternatively ask to amend again because (they assert) "Meta never raised" this argument before. Opp. 6. But that representation is plainly false: Meta expressly raised this argument in its initial motion, in its reply brief, and at oral argument. The record speaks for itself. Moreover, numerous other claims were dismissed on similar causation or reliance grounds. Plaintiffs were on clear notice of this defect, and their failure to address it compels dismissal.

Plaintiffs were previously made aware of all of these defects and given an opportunity to cure them, but plaintiffs declined to do so. This Court should now dismiss these claims with prejudice.

## ARGUMENT

### I. Plaintiffs Fail To State A Claim Under The Washington Privacy Act (Count IV).

This Court dismissed plaintiffs' claim under the Washington Privacy Act because plaintiffs failed to plead that Meta intercepted any "communication . . . between two or more individuals." Wash. Rev. Code § 9.73.030(1)(a); *see In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *8. Plaintiffs offer no basis to reach a different conclusion now. Their alternative argument—proposing an entirely new claim under a different subsection of the statute that plaintiffs have never pleaded—is too little, too late. This claim should be dismissed with prejudice.

**A.     Plaintiffs Fail To State A Claim Under Section 9.73.030(1)(a).**

In dismissing plaintiffs' claim under subsection (a) of the statute, this Court offered plaintiffs two ways to address the problem: (1) plaintiffs could "amend to identify any individuals who received communications made through the automated systems at issue"; or (2) they could "reassert the claim as stated in the consolidated complaint with the understanding that the parties will brief the proper statutory construction of Section 9.73.030 in more depth." *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *8.

In an apparent effort to take up the first option, plaintiffs added an allegation in their amended complaint that individuals *at Meta* received plaintiffs' communications. Am. Compl. ¶ 127. As Meta explained in its motion to dismiss, however, that allegation is neither plausible nor legally sufficient to save their claim. It is not plausible because plaintiffs pleaded no facts to suggest Meta's software engineers personally received or reviewed their communications. And far from saving plaintiffs' claim, their new allegation doomed it: For Meta to have *intercepted* plaintiffs' communications, plaintiffs needed to plead that individuals *at the tax websites* received their communications; as a matter of law, Meta could not intercept communications with itself. Mot. 3–4. Plaintiffs offer no response and have thus abandoned this meritless theory. *See, e.g.*, *Lansdown v. Bayview Loan Serv., LLC*, 2023 WL 2934932, at *4 (N.D. Cal. Apr. 12, 2023) ("[A] failure to respond in an opposition to an argument constitutes waiver or abandonment, and thus concedes the argument." (quotation marks omitted)).

Plaintiffs now attempt the second option and urge the Court to deviate from its prior conclusion that a corporation and its automated systems are not "individuals" under the statute, but they identify no legal error in the Court's careful statutory analysis. Wash. Rev. Code § 9.73.030(1)(a). As Meta's motion explained, well-settled interpretive principles confirm this Court's analysis was correct, and other federal courts addressing this issue have reached the same conclusion. Mot. 4–5. Plaintiffs do not address any of those cases, and they barely engage with the settled interpretive principles compelling this result. The text of the Washington Privacy Act is clear, and the Washington Supreme Court would follow that clear text. *See, e.g.*, *State v. Ervin*, 169 Wash. 2d 815, 820 (2010) ("The surest indication of legislative intent is the language enacted by the legislature, so if the meaning of a statute is plain on its face, we give effect to that plain meaning." (quotation marks omitted)).

Rather than grapple with these issues, plaintiffs cite a string of cases for the proposition that the Washington Privacy Act applies to communications and interceptions facilitated by new technology. Opp. 2. But those decisions are inapposite because that is not the relevant question. Meta is not arguing that plaintiffs' communications are unprotected because they were carried out through new technologies, such as plaintiffs' computers or cell phones. For example, communications sent from one individual to another individual via text message, email, or voicemail may be protected under the statute. Similarly, as another court recently held, a person who sends messages to another individual through an online "Message Center" may bring a claim if those messages are intercepted. *Doe v. Kaiser Found. Health Plan, Inc.*, 2024 WL 1589982, at *35 (N.D. Cal. Apr. 11, 2024).

The question here is instead whether there must be another "individual[]" "on the other end of [plaintiffs'] communications." *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *8. This Court correctly concluded that the answer is yes. None of plaintiffs' caselaw casts doubt on that conclusion. Plaintiffs do not cite a single case endorsing their countertextual theory that there need not be an individual on the other end of their communication. Indeed, none of the cases they cite even interprets the statutory phrase "between two or more individuals," Wash. Rev. Code § 9.73.030(1)(a), let alone holds that a communication sent to a corporation's automated systems is actionable.[1]

Finally, plaintiffs retreat to the truism that "[c]orporations are made up of individuals," Opp. 3 (emphasis omitted), but that assertion gets them nowhere. As this Court previously held, and as the statutory text makes clear, plaintiffs' pleading burden was to allege that one or more *of those individuals*

---

[1] *See State v. Smith*, 189 Wash. 2d 655, 661–66 (2017) (considering, under another provision of the Washington Privacy Act, whether inadvertent recordings are covered, whether recording was a "conversation," and whether individual consented to recording); *State v. Roden*, 179 Wash. 2d 893, 899–906 (2014) (considering whether text messages were "private" and whether detective "intercepted" text messages by using drug dealer's cell phone and falsely posing as that drug dealer); *State v. Townsend*, 147 Wash. 2d 666, 672–79 (2002) (considering whether communications were "private," whether they were "recorded by a device," and whether individual consented to recording); *State v. Fjermestad*, 114 Wash. 2d 828, 829 (1990) (considering whether detective's use of body wire in violation of the statute rendered evidence inadmissible); *State v. Bilgi*, 19 Wash. App. 2d 845, 855–60 (2021) (considering whether text messages sent to undercover detective and shared with other officers were "intercepted"); *see also Heinz v. Amazon.com Inc.*, 2024 WL 2091108, at *4 (W.D. Wash. May 8, 2024) (considering, as part of choice-of-law analysis, whether statute requires actual damages, whether corporations may violate the statute, whether statute protects communications transmitted by electronic devices, and whether defendants could be liable for using computer software to facilitate an interception).

received the communications plaintiffs sent to their tax-service providers' automated systems.  They have not done so.  This Court should adhere to its prior, correct ruling and dismiss this claim.

### B. Plaintiffs Have Not Pleaded And Could Not Plead Any Viable Claim Under Section 9.73.030(1)(b).

Plaintiffs alternatively assert that their failure to allege any communication between two or more individuals would not be fatal to a claim under a different provision of the Washington statute. Opp. 3 (citing Wash. Rev. Code § 9.73.030(1)(b)).  That assertion is irrelevant because plaintiffs undisputedly have never pleaded any claim under Section 9.73.030(1)(b).  Plaintiffs concede that their complaint nowhere "reference[s]" that subsection.  Opp. 3.  And the amended complaint does not allege the elements of a violation of that provision.  Plaintiffs cannot survive dismissal of a deficient claim by pointing to a different, hypothetical claim that they have never even attempted to plead.  And they cannot now constructively "amend" their already-amended "complaint by way of a brief in opposition to a motion to dismiss."  *Schramm v. Montage Health*, 2018 WL 1156894, at *3 (N.D. Cal. Mar. 5, 2018) (citing *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998)).

Plaintiffs' suggestion that their failure to plead a claim under Section 9.73.030(1)(b) is "curable by amendment," Opp. 3, is mistaken: plaintiffs have already exhausted any entitlement to amend.  The relevant claims in plaintiffs' consolidated complaint were previously dismissed, and this Court's dismissal order put plaintiffs on notice of the problems with their claim under subsection (a).  That order granted leave to amend "to resolve the shortcomings identified" in the order—not to assert entirely new claims.  *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *26.  And even if it had been open to plaintiffs to add a completely new claim under a different provision (subsection (b)), plaintiffs declined to do so in their amended complaint.  They cannot now demand *yet another* opportunity to amend to plead an entirely new theory after their first two tries have failed.  Leave to amend should not become license to fix problems piecemeal through an endless series of revisions.  *See, e.g.*, *Whitaker v. Saleem*, 2013 WL 1149789, at *2 (N.D. Cal. Mar. 18, 2013) ("[A]s plaintiff has already been provided a chance to amend and as he failed to cure the deficiencies of the complaint, this case is dismissed with prejudice.").  Federal court litigation is not a game of whack-a-mole.

In any event, permitting plaintiffs to amend again would be pointless because their unpleaded

claim under subsection (b) would be meritless.  *See, e.g.*, *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Whereas subsection (a) encompasses "communication[s]" transmitted by "device[s]," subsection (b) is limited to "conversation[s]." Wash. Rev. Code § 9.73.030(1).  The term "conversation" does not encompass the online transmissions of data that plaintiffs allege Meta intercepted, which is presumably why plaintiffs have only ever pleaded a claim under subsection (a).  *See, e.g.*, *State v. Kamara*, 28 Wash. App. 2d 903, 910 (2023) ("In determining whether a communication between individuals constitutes a 'conversation' under the privacy act, courts use the ordinary meaning of the term: 'oral exchange, discourse, or discussion.'" (quoting *State v. Smith*, 85 Wash. 2d 840, 846 (1975))); *see also Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1129 (W.D. Wash. 2012) ("geolocation data" not a "conversation"); McKenna & Fishman, *Wiretapping and Eavesdropping* § 5:79 ("'private conversation' appears to include face-to-face conversations, i.e. ones which are not transmitted by artificial means").  Cementing this point, subsection (b) allows recordings if a party obtains "the consent of all the *persons* engaged in the conversation"—confirming that a "conversation" in subsection (b) means a dialogue between two or more "persons." Wash. Rev. Code § 9.73.030(1)(b) (emphasis added).

Plaintiffs' attempt to reinvent their subsection (a) claim under subsection (b) thus brings them full circle to the fundamental problem with their claim: they do not plausibly allege interception of any interchange between two or more humans.  Just as plaintiffs fail to allege under subsection (a) that Meta intercepted any "communication . . . between two or more individuals," they fail to allege under subsection (b) any "conversation" between two or more "persons."  *Id.* § 9.73.030(1).  The futility of plaintiffs' hypothetical subsection (b) claim is thus an independent, fully sufficient reason to reject it.

**II.    Plaintiffs Fail To State A Claim Under The New York Deceptive Practices Act (Count X).**

This Court dismissed plaintiffs' claim under the New York Deceptive Practices Act because plaintiffs failed to plead causation: they were required "[a]t a minimum" to "plausibly allege that they would have seen the disclosures they fault Meta for omitting," but their consolidated complaint failed to do so.  *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *16.  Plaintiffs' amended complaint did not fill that gap; plaintiffs did not add any allegations responsive to this requirement.  *See* Mot. 5–6.  So the same fatal problem persists, and the Court should now dismiss this claim with prejudice.

Instead of curing the causation defect this Court identified, plaintiffs seek to relitigate that prior ruling by contending that, for their claim based on alleged omissions rather than affirmative misrepresentations, their existing allegations are adequate. Opp. 4. But as this Court previously held, that plaintiffs assert an omission claim does not excuse them from pleading causation, and the Court specifically instructed them on how to do so for an omission-based claim. *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *16 ("Because plaintiffs do not allege that they actually read the various agreements where Meta makes other relevant disclosures about its data collection practices, plaintiffs must offer some other theory for how they would have seen Meta's disclosure if Meta had made one."); *see also* Mot. 5–6 (citing similar cases). Plaintiffs simply failed to follow those instructions.

In any event, plaintiffs' attack on this Court's prior decision lacks merit. Plaintiffs suggest that it is enough to allege that "the business alone possesses material information that is relevant to the consumer and fails to provide this information." Opp. 4 (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26 (1995)). That is incorrect. The language plaintiffs quote from *Oswego* does not address causation; instead, that language addresses what constitutes a misleading act in the first place. Under some statutes—for example, the federal securities laws—omissions themselves are not actionable, and a plaintiff must instead plead that an omission "render[ed] other statements made by a defendant misleading." *Tomassini v. FCA U.S. LLC*, 2015 WL 3868343, at *7 n.3 (N.D.N.Y. June 23, 2015); *see also Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 260 (2024) ("Pure omissions are not actionable under Rule 10b-5(b)."). In *Oswego*, the New York Court of Appeals held that New York's Deceptive Practices Act is not such a statute: under that law, omissions themselves may constitute a "deceptive act[] or practice[]." 85 N.Y.2d at 26; *see Tomassini*, 2015 WL 3868343, at *7 n.3. But that does not relieve a plaintiff of the separate burden to plausibly allege causation—a separate inquiry that, as this Court already made clear, requires some explanation of how plaintiffs "would have seen the disclosures they fault Meta for omitting." *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *16. That critical causal link was missing from plaintiffs' consolidated complaint, and it remains absent from their amended complaint as well.

### III. Plaintiffs Fail To State A Claim Under The California CLRA (Count XII).

This Court dismissed plaintiffs' CLRA claim because plaintiffs failed to plead that they are

1  "'consumers' entitled to bring a claim." *In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *22.
2  Plaintiffs' claim still fails under this requirement.  It also fails for the independent reason that plaintiffs
3  have not pleaded actual reliance at all, let alone with the particularity Rule 9(b) requires.  Mot. 7–10.

### A. Plaintiffs Are Not "Consumers" Who Engaged In Any "Transaction" With Meta.

The CLRA prohibits certain actions "undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer."  Cal. Civ. Code § 1770(a).  Plaintiffs do not contend that Meta engaged in any "transaction" with them for "the sale or lease of goods or services." *Id.*  Instead, the only "transaction" they allege is between plaintiffs and their tax-service providers.  That does not make them "consumers" in any "transaction" with Meta, so their CLRA claim fails.  Mot. 7–8 (collecting cases).

Plaintiffs offer no sound reason to avoid that result.  They assert that the text of the CLRA does not require "a direct sale or lease with Meta," Opp. 5, but that misses the point.  As Meta acknowledged in its motion, and as plaintiffs concede, the caselaw is mixed on whether plaintiffs can assert CLRA claims against a party who is *indirectly* involved in a transaction (for example, a car manufacturer who supplies a car to a dealership that then sells the car to a consumer) or are instead limited to claims against parties *directly* involved in that transaction (the dealership, not the manufacturer).  Mot. 7–8 & n.1 (collecting cases); *see* Opp. 6 (acknowledging this division of authority).  But other courts' disagreement over direct versus indirect involvement is irrelevant here because plaintiffs did not engage in any "transaction" for Meta's goods or services *at all*, directly or indirectly.  The cases plaintiffs cite from one side of that divide thus do not help them.  Those cases involve plaintiffs purchasing or leasing defendants' goods indirectly through middlemen.  Indeed, plaintiffs' lead case, *Chamberlan v. Ford Motor Co.*, 2003 WL 25751413 (N.D. Cal. Aug. 6, 2003), acknowledged that an individual could not sue entities that "were not engaged in any business transactions with the plaintiff," and that an individual could not sue "the publisher of [a false] advertisement" rather than the company that provided the good or service itself.  *Id.* at *7 (citing *Vess v. Ciba-Geigy Corp. USA*, 2001 WL 290333 (S.D. Cal. Mar. 9, 2001), and *Boyd v. Keyboard, Network Magazine*, 2000 WL 274204 (N.D. Cal. Mar. 1, 2000), *aff'd*, 246 F.3d 672 (9th Cir. 2000)).  *Chamberlan* distinguished itself from the cases it cited establishing those principles on the ground that the defendant in *Chamberlan* was "a manufacturer of

automobiles which it intends to and does sell to consumers." *Id.* at *8.  Plaintiffs do not and cannot allege anything like that with respect to Meta.

That leaves plaintiffs with only *E.H. v. Meta Platforms, Inc.*, where Judge Orrick declined to dismiss a CLRA claim advancing a similar theory "at th[at] juncture" because he believed an evidentiary record could help to show "[h]ow far the CLRA transaction requirement stretches."  2024 WL 557728, at *5–6 (N.D. Cal. Feb. 12, 2024).  But as Meta has respectfully explained, that decision does not comport with the CLRA's text or with its basic purpose of protecting consumers from being defrauded by the companies with which they transact.  Mot. 8.  Especially given the division of authority on whether plaintiffs can even sue defendants whose products they indirectly purchase, the decision in *E.H.* is an outlier that stretches the CLRA far beyond where other courts have been willing to go.

### B. Plaintiffs Fail To Allege Actual Reliance.

In any event, plaintiffs' CLRA claim also independently fails because they do not allege another essential element—actual reliance—at all, let alone with particularity under Rule 9(b).  Mot. 9–10.  That requirement is even stricter than the causation issue that led this Court to dismiss other claims.

Plaintiffs argue that "reliance in a CLRA omissions case is established through materiality."  Opp. 6.  But that is only half the story.  For omissions-based claims, the reliance element requires plaintiffs to plead both that, "had the omitted information been disclosed, [plaintiffs] [1] would have been aware of it *and* [2] behaved differently."  *In re Apple Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023) (emphasis added); *see also Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1226 (9th Cir. 2015) (describing these as "sub-element[s]" of reliance).  Although materiality can show the second part—that a plaintiff would have behaved differently—it does not show the first part: that the plaintiff would have been aware of the omitted information.  *E.g.*, *Cooper v. Simpson Strong-Tie Co.*, 460 F. Supp. 3d 894, 910 (N.D. Cal. 2020) ("Even though a change in behavior can be presumed if the omitted information is material, a plaintiff alleging fraud must still be able to show she would have been aware of the information had it been disclosed.").  As the Ninth Circuit made clear in affirming the dismissal of an omissions-based CLRA claim last year, a plaintiff's failure to plead that he would have been aware of the information if it were disclosed is independently fatal, even if the information (if known) would have altered his behavior.  *In re Apple Processor Litig.*, 2023 WL 5950622, at *2

("While Plaintiffs have alleged that they would have behaved differently had Apple disclosed the defects, they have not sufficiently alleged that they would have been aware of any disclosure.").

As this Court previously concluded, plaintiffs' consolidated complaint did not plausibly allege that they would have been aware of the allegedly omitted information had Meta disclosed it. *See In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *16. Plaintiffs' CLRA omission claim has been deficient from the outset for the same reason. Indeed, because their CLRA claim is subject to Rule 9(b)'s particularity requirement, this claim fails *a fortiori*. And because the amended complaint pleads no new facts to fill the gap, it should be dismissed.

Plaintiffs do not and cannot point to any new allegations in the amended complaint that cure this failing. Instead, they ask for *another* chance to amend. But, again, they have already exhausted their opportunity to amend to address this problem. *See, e.g.*, *Whitaker*, 2013 WL 1149789, at *2.

Worse, plaintiffs' only proffered excuse for not addressing this defect in their amended complaint rests on a misrepresentation: They assert that "Meta never raised" this argument before. Opp. 6. The record flatly refutes that assertion. Meta expressly raised this argument in its first motion to dismiss. *See* Dkt. 107 at 16. Plaintiffs *responded* to it then, Dkt. 114 at 19–20, belying any contention that the argument is new. And Meta pressed the argument again in its reply brief, Dkt. 121 at 4–5, and at oral argument, Tr. of Jan. 11, 2024 Hr'g at 21:18–21. Moreover, several other claims were dismissed based on similar reliance or causation issues. *See In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *13–14 (Illinois Consumer Fraud and Deceptive Business Practices Act), *16 (New York Deceptive Practices Act), *23 (theft), *25–26 (UCL). Plaintiffs have plainly been on notice of this problem since Meta moved to dismiss their consolidated complaint. That the Court did not need to address this defect in its prior ruling for this particular claim does not excuse plaintiffs' failure to correct it. Because plaintiffs have no valid excuse for their failure to address this issue, this claim should be dismissed with prejudice.

## CONCLUSION

Plaintiffs were given an opportunity to cure the defects in counts IV, X, and XII, but they failed to do so. Those claims should be dismissed with prejudice.

| | |
|---|---|
| DATED: July 19, 2024 | **GIBSON, DUNN & CRUTCHER LLP** |
| | By: */s/ Lauren R. Goldman* |
| | Lauren R. Goldman |
| | **COOLEY LLP** |
| | By: */s/ Michael G. Rhodes* |
| | Michael G. Rhodes |
| | *Attorneys for Defendant Meta Platforms, Inc.* |

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

DATED: July 19, 2024                            **GIBSON, DUNN & CRUTCHER LLP**

                                                       By: */s/ Lauren R. Goldman*
                                                              Lauren R. Goldman