AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

**Exhibit 3**

| | |
|---|---|
| _Plaintiff_ | ) |
| v. | ) |
| In re Meta Pixel Tax Filing Cases | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   3:22-cv-07557-SI

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          H&R BLOCK, INC. c/o Its Registered Agent
C T Corporation System, 120 South Central Avenue, Clayton, MO 63105 and HRB Digital LLC c/o A. Durone

_(Name of person to whom this subpoena is directed)_

✓ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A.  See also Schedule B, the Protective Order entered in this case on May 16, 2023.

| Place:                                      | Date and Time:          |
|---------------------------------------------|-------------------------|
| Foster Yarborough PLLC                       |                         |
| 917 Franklin Street, Suite 220, Houston, TX 77002 | 09/23/2024 5:00 pm |

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|--------|----------------|
|        |                |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/21/2024

_CLERK OF COURT_

OR

_____               /s/ Patrick Yarborough
_Signature of Clerk or Deputy Clerk_                       _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiffs
in the In re Meta Pixel Tax Filing Cases                           , who issues or requests this subpoena, are:

Patrick Yarborough, Foster Yarborough PLLC, 917 Franklin, Houston, Texas 77002, patrick@fosteryarborough.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:22-cv-07557-SI

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#10063;  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

&#10063;  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____           _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

**APPLICABLE TIME PERIOD**

Unless otherwise specified, the applicable time period on which this subpoena requests examination and production of documents is from January 1, 2017, to the present.

**DEFINITIONS**

1.      The term "COMMUNICATION" whether stated in the singular or plural, means any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind.

2.      The terms "CONCERN" or "CONCERNING," and all derivatives thereof, mean about, addressing, alluding to, analyzing, commenting upon, comprising, in connection with, considering, constituting, containing, defining, describing, determining, disclosing, discussing, embodying, evaluating, evidencing, examining, explaining, in respect of, memorializing, mentioning, noting, pertaining to, recording, referring to, relating to, reflecting, regarding, relevant to, respecting, responding to, setting forth, showing, stating, studying, summarizing, supporting, or touching upon, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

3.      The term "DOCUMENTS" is intended to have the broadest meaning permitted, and includes, without limitation all written, typed, electronically recorded or other graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies, preliminary versions or revisions of documents, whether

1

or not completed and drafts and both sides thereof, in any medium whatsoever, including: letters, correspondence, electronic mail, papers, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, studies, bills, billings, invoices, financial statements, financial analyses, worksheets, jottings, projections, notes, abstracts, advertisements, drawings, audits, charges, balance sheets, income statements, checks, diagrams, blueprints, diaries, calendars, logs, recordings, instructions, lists, minutes of meetings, orders, resolutions, telegrams, wires, cables, telexes, faxes, messages, resumes, summaries, tabulations, tallies, statistical analyses, tape recordings, videotapes, and all other writing or tangible things on which any information is recorded or reproduced, and any and all amendments or supplements to all the foregoing, whether prepared by a party or any other PERSON.

4.      The term "GALE PARTNERS" means the marketing agency Gale Partners a/k/a Gale.

5.      The term "PERSON" or "PERSONS" includes any natural individual, firm, association, organization, partnership, limited partnership, sole partnership, trust, corporation, or legal or government entity, association, or body.

6.      The term "H&R BLOCK" refers to H&R Block, Inc., HRB Digital LLC, and HRB Tax Group, Inc., as well as its predecessors, successors, parents, subsidiaries, divisions, or affiliates (foreign or domestic), and respective current and former officers, directors, agents, attorneys, accountants, employees, partners, or other PERSONS occupying similar positions or performing similar functions, and all other PERSONS acting or purporting to act on its behalf.

7.      The terms "YOU" or "YOUR" refer to the PERSON to whom this request is directed, H&R BLOCK, as well as its predecessors, successors, parents, subsidiaries, divisions, or affiliates (foreign or domestic), and its respective current and former officers, directors, agents,

attorneys, accountants, employees, partners, or other PERSONS occupying similar positions or performing similar functions, and all other PERSONS acting or purporting to act on its behalf.

## GENERAL INSTRUCTIONS

1.      All DOCUMENTS shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

2.      These requests relate to all DOCUMENTS which are in YOUR possession, custody, or control, or in the possession, custody, or control of YOUR predecessors, successors, parents, subsidiaries, divisions or affiliates, or YOUR respective officers, directors, agents, attorneys, accountants, employees, partners, or other PERSONS occupying similar positions or performing similar functions. A DOCUMENT is deemed to be in YOUR possession, custody, or control if it is in YOUR physical custody, or if it is in the physical custody of any other PERSON and YOU (a) own such DOCUMENT in whole or in part, (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such DOCUMENT on any terms, (c) have an understanding, express or implied, that YOU may use, inspect, examine, or copy such DOCUMENT on any terms, or (d) have, as a practical matter, been able to use, inspect, examine, or copy such DOCUMENT when YOU sought to do so.

3.      YOU shall produce the original of each DOCUMENT described below or, if the original is not in YOUR custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

4.      The technical specifications governing the form in which documents should be produced by YOU is set forth in Appendix A to the Stipulated Order Re: Discovery of

Electronically Stored Information entered in this action, *see* ECF No. 93, which has also been appended to this document as **Appendix A**.  If any document warrants a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents.

5.     If production of DOCUMENTS is withheld on the ground of privilege, as to each such withheld DOCUMENT, YOU shall state the following information:

    a.     Which privilege is claimed;

    b.     A precise statement of the facts upon which said claim of privilege is based;

    c.     The following information describing each purportedly privileged DOCUMENT:

        i.     Its nature, *e.g.*, agreement, letter, memorandum, tape, etc.;

        ii.     The date it was prepared;

        iii.     The date it bears;

        iv.     The date it was sent;

        v.     The date it was received;

        vi.     The number of pages in and the nature and title of the DOCUMENTS, and a description of the general subject matter of the DOCUMENT or COMMUNICATION;

        vii.     Any identifying index or reference number for the DOCUMENT or the file in which the DOCUMENT is found, as well as the name of any such file;

        viii.     The identity of each and every attachment or enclosure for the DOCUMENT;

ix.      The name, employer, position, and address of each author, preparer (other than stenographic or clerical personnel), sender, addressee and recipient of the DOCUMENT and the name, employer, position, and address of each participant in or witness to the COMMUNICATION;

x.      The full name, employer, position, and address of each PERSON now in possession of the original or a copy of the DOCUMENT;

xi.      The DOCUMENT request to which the information in the DOCUMENT is responsive; and

xii.      A statement as to whom each identified PERSON represented or purported to represent at all relevant times.

d.      A precise description of the place where each copy of that DOCUMENT is kept, including the title or description of the file in which said DOCUMENT may be found and the location of such file.

6.      Whenever a DOCUMENT is not produced in full or is produced in redacted form, YOU shall so indicate on the DOCUMENT and state with particularity the reason or reasons it is not being produced in full and describe to the best of YOUR knowledge, information, and belief, and with as much particularity as possible, those portions of the DOCUMENT which are not being produced.

7.      If a DOCUMENT responsive to these requests was at any time in YOUR possession, custody, or control but is no longer available for production, as to each such DOCUMENT YOU shall state the following information:

a.      The DOCUMENT'S file or code number;

     b.     The nature and type of the DOCUMENT;

     c.     A description of the DOCUMENT'S contents;

     d.     The form of the DOCUMENT and its mode of storage, *e.g.*, paper, cards, tapes, film, electronic, facsimile, computer storage devices, videotape, or other medium;

     e.     The number of pages of the DOCUMENT;

     f.     The names and addresses of the DOCUMENT'S authors and the name and address of the company by which the authors were employed;

     g.     The dates the DOCUMENT was in YOUR custody, possession, and control and the PERSONS who had such custody, possession, or control of the DOCUMENT, along with their position;

     h.     Whether the DOCUMENT is missing, damaged, destroyed, transferred, or otherwise disposed of, the date that action occurred or was discovered, the PERSONS who took that action, and the PERSONS who ordered, directed, advised or approved that action;

     i.     The DOCUMENT'S current location and the name and address of its current custodian, if any; and

     j.     All PERSONS having knowledge of the information contained in the DOCUMENT.

8.     With respect to any category of DOCUMENTS, if the production of which YOU contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

9.     The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the following requests inclusive rather than exclusive; the singular includes the plural, and the plural includes the singular; and the use of the verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the following requests DOCUMENTS that may otherwise be construed to be outside their scope.

**REQUEST FOR PRODUCTION OF DOCUMENTS AND COMMUNICATIONS**

1.     All DOCUMENTS CONCERNING the following H&R BLOCK users, including but not limited to activity logs showing the dates and times said users accessed H&R BLOCK's website and/or mobile application (including the specific webpages and/or portions of the mobile applications), the locations from which said users accessed the H&R BLOCK website and/or mobile application, and the devices they used to do so:

| Name | H&R Block Username | Email Address | Phone Number |
|------|--------------------|--------------|--------------|
| Tiffany Bryant | CMNO1f1989 | cmno1f@gmail.com | (312) 498-6434 |
| Crystal Craig | unknown | ccraig84@yahoo.com | (563) 639-6703 |
| Sait Kumargaliyev | unknown | kumargaliyevsait@yahoo.com | (929) 234-1101 |
| Chris Papadimitriou | unknown | chrispapadimitriou@gmail.com | (919) 740-0293 |
| Jori Lindley | unknown | jori.lindley@gmail.com | (424) 240-2214 |
| Kayla Housman | kaylanicole2369 | kaylahousman@gmail.com | (405) 265-0475 |

2.     All of YOUR COMMUNICATIONS with the following H&R BLOCK users:

| Name | H&R Block Username | Email Address | Phone Number |
|------|--------------------|--------------|--------------|
| Tiffany Bryant | CMNO1f1989 | cmno1f@gmail.com | (312) 498-6434 |
| Crystal Craig | unknown | ccraig84@yahoo.com | (563) 639-6703 |
| Sait Kumargaliyev | unknown | kumargaliyevsait@yahoo.com | (929) 234-1101 |

7

| Chris Papadimitriou | unknown | chrispapadimitriou@gmail.com | (919) 740-0293 |
| Jori Lindley | unknown | jori.lindley@gmail.com | (424) 240-2214 |
| Kayla Housman | kaylanicole2369 | kaylahousman@gmail.com | (405) 265-0475 |

3.      All DOCUMENTS CONCERNING GALE PARTNERS' transfer and/or communication of H&R BLOCK users' data to any third parties, including but not limited to logs and/or other documents detailing such transfers and/or communications.

# Schedule B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 22-cv-07557-SI (VKD) |
| This Document Relates To: | **PROTECTIVE ORDER** |
| Case No. 3:22-cv-07557-SI, All Actions | |

WHEREAS, the Parties hereto desire to obtain a protective order to prevent dissemination or disclosure of information and tangible things which are believed to be confidential and proprietary by the holder thereof; and

WHEREAS, such information and tangible things likely will include, among other things, sensitive, confidential, proprietary, trade secret, and/or private information;

IT IS ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following provisions govern the disclosure and discovery of information and tangible things in these proceedings.

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Protective Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information and tangible things that are entitled to confidential treatment under the applicable legal principles. All confidential documents and information produced in this action may be used solely for the purpose of litigating the instant action and its use in other legal actions

or otherwise is expressly prohibited, except as otherwise ordered by this Court or any other court.

2. DEFINITIONS

2.1    Challenging Party: A Party or Non-Party that challenges the designation of Disclosure or Discovery Material under this Protective Order.

2.2    "CONFIDENTIAL" Protected Material: Any Disclosure or Discovery Material (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), or the disclosure of which may cause harm to a Party or Non-Party.

2.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4    Designating Party: A Party or Non-Party that designates Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5    Disclosure or Discovery Material: All information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony and transcripts), that are produced, disclosed or used in this matter.

2.6    Expert: A person identified to serve as an expert witness or as a consultant in this action who is qualified as an expert by knowledge, skill, experience, training, or education in accordance with Federal Rule of Evidence 702.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material: "CONFIDENTIAL Protected Material," disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means, including but not limited to: Proprietary design and development materials for products and/or services, sensitive products and/or services, and strategic decision-making information; Plaintiffs' names and information sufficient to identify their Facebook and Instagram accounts (once provided to Meta), and other personally identifiable information, protected health information, financial information, tax-return information, and any documents disclosing information relating to an individual's health, healthcare, finances, or taxes.

2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material: "Protected

2

Material" representing or consisting of Source Code as defined in Section 2.16.

2.9    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity who is not a Party (as defined below) in this action.

2.10    Outside Counsel of Record:  Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party.

2.11    Party:  Any party to this action, including all of its officers, directors, and employees.

2.12    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE," or is otherwise within the scope of protected information identified in Section 3.

2.15    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.16    Source Code:  Extremely sensitive computer code and associated comments, revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms, computer code, or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all

3

United States District Court
Northern District of California

copies, excerpts, summaries, or compilations of Protected Material; (3) all documents and any other format reproducing, capturing, or otherwise incorporating any Protected Material; and (4) any testimony, conversations, or presentations by Parties, Non-Parties, or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain, including becoming part of the public record through trial or otherwise, after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, another court's Order, unlawful conduct, or a breach of any confidentiality obligation otherwise owed to the Designating Party. Any use of Protected Material at trial will be governed by a separate agreement or order. Where there is a dispute about whether material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE is in the public domain, the Parties shall meet and confer in accordance with Section 6 of this Order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications

United States District Court
Northern District of California

that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  To the extent it is impractical to do so, the Designating Party shall identify with specificity the portions of the material that qualify for protection upon reasonable request by a Party.  With respect to material designated HIGHLY CONFIDENTIAL-SOURCE CODE, the Designating Party shall identify the specific portions of a document that qualify for protection by providing a document that redacts the HIGHLY CONFIDENTIAL-SOURCE CODE material and is produced in the ordinary manner per the ESI Protocol.  To the extent the HIGHLY CONFIDENTIAL-SOURCE CODE material is relevant, a version of the produced document with the HIGHLY CONFIDENTIAL-SOURCE CODE material unredacted will be made available for inspection in PDF-searchable format in the source code review room per this Protective Order; provided that HIGHLY CONFIDENTIAL-SOURCE CODE material that is not relevant may remain redacted.  Any document produced with redacted HIGHLY CONFIDENTIAL-SOURCE CODE material may also be designated and produced with a lower designation as to the remainder of the document, as warranted.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the mistaken designation.

5.2     Subject to Section 3, if a Party obtains from a source other than a Party any documents or information of another Party that it knows or has reason to believe was taken from, leaked without permission, or otherwise disseminated without appropriate authorization of a Party, prior to any access, disclosure, or use of such documents or information, the obtaining Party must provide the Party from whom the documents or information originated with an opportunity to

review the documents or information to determine confidentiality and designation under this Protective Order as well as any applicable privileges or protections from discovery.

5.3 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for Protected Material in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

(b) <u>for testimony given in deposition or other pretrial hearing,</u> that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 21 calendar days of receipt of the final transcript, that the transcript must be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." To the extent a deponent gives testimony regarding exhibits that are designated Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as

United States District Court
Northern District of California

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material, and the title page must be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. During the 21-day period for designation, Parties shall treat any transcript that was not designated on the record pursuant to the first paragraph of Section 5 above as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or of such earlier time that such transcript is designated, the transcript will be treated only as actually designated.

(c) for information contained in written discovery responses, the responses may be designated as containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information by means of a statement at the beginning or conclusion of each response that contains such information specifying the level of designation of the Protected Material and by placing a legend on the front page of such discovery responses stating: "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the responses]." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted for each protected portion.

(d) for Protected Material produced in some form other than documentary and for any tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted for each

Case 5:22-cv-07557-BLF Document 154-3 Filed 05/08/24 Page 19 of 38

1  protected portion.

2        5.4    <u>Inadvertent Failure to Designate</u>.  An inadvertent failure to designate Protected

3  Material does not waive the Designating Party's right to secure protection under this Protective

4  Order for such material.  Upon correction of a designation, the Receiving Party must make all

5  reasonable efforts to assure that the material is treated in accordance with the provisions of this

6  Protective Order, which may require, to the extent reasonably practicable, a Party to withdraw

7  access to Protected Material that was given to a person who is not authorized to have access under

8  the new designation.

9        In the event that a Producing Party inadvertently fails to designate Protected Material, the

10  Producing Party shall give written notice of such inadvertent production (the "Inadvertent

11  Production Notice") and shall reproduce copies of the Protected Material that are labeled with the

12  appropriate confidentiality designation.  Upon receipt of an Inadvertent Production Notice and

13  properly labeled Protected Material, the Receiving Party shall promptly destroy the inadvertently

14  produced Protected Material and all copies thereof or return such Protected Material together with

15  all copies of such Protected Material to counsel for the Producing Party.  Should the Receiving

16  Party choose to destroy such inadvertently produced Protected Material, the Receiving Party shall

17  notify the Producing Party in writing of such destruction within 14 calendar days of receipt of the

18  Inadvertent Production Notice and properly labeled Protected Material.  This provision is not

19  intended to apply to any production of any document, material, or testimony protected by

20  attorney-client or work product privileges, which is separately addressed in a separate 502(d)

21  order.

22        6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

23        6.1    <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at

24  any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is

25  necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

26  significant disruption or delay of the litigation, a Party does not waive its right to challenge a

27  confidentiality designation by electing not to mount a challenge promptly after the original

28  designation is disclosed.

United States District Court
Northern District of California

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Challenging Party and the Designating Party must attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or videoconference; other forms of communication are not sufficient) within 14 calendar days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, they shall comply with the discovery dispute procedure outlined in this Court's Standing Order for Civil Cases.  Failure by the parties to seek court intervention within the period set out in this Court's Standing Order for Civil Cases shall automatically waive the confidentiality designation for each challenged designation.  In any discovery letter brief filed pursuant to this provision, the parties shall attest that they have complied with the meet and confer requirements imposed by the preceding paragraph and the Standing Order for Civil Cases.  The burden of persuasion in any such challenge is on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to seek court intervention as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.

(a)  A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

(b)  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

(c)  A Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION) for the Duration of this Protective Order.

(d)  A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2     Data Security of Protected Material.  The Receiving Party will ensure the security of Protected Material by having Protected Material maintained by and/or stored with a secure eDiscovery/litigation support site(s) or claims administrator that maintains an information security program that aligns with standard industry practices regarding data security.

Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Protective Order.  The Receiving Party will take reasonable steps to limit the number of copies that are made of another Party's Protected Material that is produced in paper format.

If a Receiving Party or any person in possession of or transmitting another Designating Party's Protected Material discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Designating Party's Protected Material, the Receiving Party or any person in possession of or transmitting a Designating Party's Protected Material shall:  (1) promptly provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach will not reoccur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach.

10

The Receiving Party or any person in possession of or transmitting any Protected Material agrees to cooperate, to the extent reasonably practicable, with the Designating Party in investigating any such security incident.  In any event, the Receiving Party or any person in possession of or transmitting any Protected Material shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

7.3    Disclosure of "CONFIDENTIAL" Protected Material.  Unless otherwise ordered by the Court (whether in response to a motion by the Receiving Party, which motion the Receiving Party is permitted to make, or otherwise) or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not past or current employees or contractors of a Party or of a Party's competitor, (3) who, at the time of retention, are not anticipated to become employees or contractors of a Party or of a Party's competitor (a fellow or intern shall not be considered an employee), and (4) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, videographers, and their staff;

(f) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

11

(Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material;

(i) any mediator, settlement officer, or similar third-party neutral evaluator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j) the named Plaintiffs who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.4     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.  Unless otherwise ordered by the Court (whether in response to a motion by the Receiving Party, which motion the Receiving Party is permitted to make, or otherwise) or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not past or current employees or contractors of a Party or of a Party's competitor, (3) who, at the time of retention, are not anticipated to become employees or contractors of a Party or of a Party's competitor (a fellow or intern shall not be considered an employee), and (4) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, videographers, and their staff;

(e) professional jury or trial consultants including mock jurors who have signed a

United States District Court
Northern District of California

confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(g) any mediator, settlement officer, or similar third-party neutral evaluator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(h) employees of a Party who reasonably need such information in order to preserve and collect Disclosure or Discovery Material.

7.5     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material.  Unless otherwise ordered by the Court (whether in response to a motion by the Receiving Party, which motion the Receiving Party is permitted to make, or otherwise) or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to five Experts (as defined in this Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not past or current employees or contractors of a Party or of a Party's competitor, (3) who, at the time of retention, are not anticipated to become employees or contractors of a Party or of a Party's competitor (a fellow or intern shall not be considered an employee), and (4) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  The Receiving Party may request permission to disclose "HIGHLY CONFIDENTIAL – SOURCE CODE" to additional, specific Experts who meet the specific requirements of this Section (7.5), and the Producing Party will not unreasonably deny such request;

(c) the Court and its personnel;

13

(d) court reporters, videographers, and their staff;

(e) professional jury or trial consultants (but not mock jurors) who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the Protected Material or a custodian who otherwise possessed or knew the Protected Material; and

(g) any mediator, settlement officer, or similar third-party neutral evaluator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.6    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (pursuant to Sections 7.4 and 7.5) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

United States District Court
Northern District of California

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must be based on a reasonable concern that disclosure would create substantial risk of serious harm and set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (in person or videoconference) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Parties shall comply with the discovery dispute procedure outlined in this Court's Standing Order for Civil Cases.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. <u>DISCLOSURE AND INSPECTION OF SOURCE CODE</u>

(a) To the extent production or disclosure of Source Code is requested in this case, a Producing Party may designate it as "HIGHLY CONFIDENTIAL - SOURCE CODE."

(b) Any Source Code that is offered for inspection must be given all protections of "HIGHLY CONFIDENTIAL – SOURCE CODE" and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed, as set forth in Sections 7.5 and 7.6.

(c) Any Source Code produced in discovery will be made available for inspection upon reasonable notice to the Producing Party, which must not be less than five (5) business days in advance of the requested inspection. A secured computer containing the Source Code in a format allowing it to be reasonably reviewed and searched ("Source Code Computer"), will be made available during normal business hours (9:00 a.m. to 5:00 p.m. local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel or another mutually agreed upon location. The Source Code will be produced in original and native format, and in a format where versions of the Source Code may be extracted. The Source Code inspection must occur in a room

1    without Internet access or network access to other computers, and the Receiving Party shall not

2    copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or

3    recordable device.  The Producing Party may visually monitor the activities of the Receiving

4    Party's representatives during any Source Code review, but only to ensure that there is no

5    unauthorized recording, copying, or transmission of the Source Code.  The Receiving Party's

6    representatives will be provided a separate secure room with a table and chairs (separate from the

7    room with the Source Code Computer) at the office where the Source Code review occurs, where

8    the Receiving Party's representatives will be able to work outside of the room with the Source

9    Code Computer and store their belongings.  All persons entering the inspection room where the

10   Source Code is being viewed shall sign a log that includes the names of persons who enter the

11   room and the dates and times when they enter and depart.

12           (d)     The Receiving Party may request paper copies of limited portions of Source Code

13   that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other

14   papers, or for use as an exhibit at deposition or trial, but shall not request paper copies for the

15   purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the

16   first instance.  Using the software available on the Source Code Computer, the Receiving Party

17   shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder

18   on the desktop named "Print Requests" with a subfolder identifying the date of the request.  The

19   PDF printouts must include identifying information including the full file path and file name, page

20   number, line numbers, and date.  The request for printed Source Code must be served via an email

21   request identifying the subfolders of the "Print Requests" folder that the Receiving Party is

22   requesting.  Within five (5) business days of such request, the Producing Party shall provide two

23   copies of all such Source Code on non-copyable paper including bates numbers and the label

24   "HIGHLY CONFIDENTIAL – SOURCE CODE."  If the request is served after 5:00 p.m. Pacific

25   Time, it will be deemed served the following business day.  The two copies of Source Code shall

26   be provided via overnight mail to the address identified in the email request.  The Producing Party

27   may challenge the amount of Source Code requested in hard copy form or whether the Source

28   Code requested in hard copy form is reasonably necessary to any case preparation activity.  Any

United States District Court
Northern District of California

16

disputes about the amount of Source Code to be provided in hard copy form will be resolved by the Court if the parties are unable to reach agreement pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of the dispute resolution. Challenged Source Code printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

(e) The Receiving Party shall maintain a log of all paper copies of the Source Code. The log must include the names of all reviewers and recipients of paper copies, dates and times of inspection, and locations where each paper copy is stored. The Producing Party may request a copy of the Receiving Party's log upon two (2) business day's advance written notice to the Receiving Party which notice shall state the reason for the request. If the Receiving Party objects to the Producing Party's request for the log, the Producing Party may seek a court order via an administrative motion or more expedited process compelling the Receiving Party to provide a copy of the log upon a showing of good cause.

(f) The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in accordance with Section 8(j) below. The Receiving Party is prohibited from creating any electronic or other images or making electronic copies of the Source Code from any paper copy of the Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the paper copy Source Code to a PDF or photograph the paper copy Source Code) and must not convert any of the Protected Material contained in the paper copies into any electronic format. Images or copies of Source Code must not be included in correspondence between the Parties (references to production numbers and/or line numbers must be used instead) and must be omitted from pleadings and other papers absent prior written consent from the Producing Party, which will not be unreasonably withheld, or an order from the Court. The Receiving Party may only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. The Receiving Party shall not request paper copies for the purposes of reviewing the Source

United States District Court
Northern District of California

Code other than electronically as set forth in Section 8(c) in the first instance.  The Receiving Party may create paper printouts of, or images of, limited excerpts of Source Code in a pleading, court filing, expert report, trial exhibit, demonstrative, deposition exhibit/transcript, mediation brief, and drafts of these documents, provided that the Receiving Party discloses to the Producing Party 14 business days in advance the number of consecutive lines of Source Code it intends to include in such a document.  Unless otherwise ordered, if a given excerpt of Source Code does not exceed 50 consecutive lines of code, it may be included in a document pursuant to this section. The Producing Party may challenge the number of consecutive lines of Source Code the Receiving Party intends to include in a document pursuant to this section, and must do so within 7 business days of the Receiving Party's notice.  Any disputes about the number of consecutive lines of Source Code to be included in a document will be resolved by the Court if the parties are unable to reach agreement pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of the dispute resolution.  Challenged consecutive lines of Source Code in excess of 50 consecutive lines of code may not be used in a document by the Receiving Party until the matter is resolved by the Court.  To the extent a dispute prevents the Receiving Party from timely filing a document, the Producing Party agrees to stipulate to an extension of time to file such document to allow for the dispute to be resolved.  To the extent a deposition is likely to involve Source Code, the Party taking the deposition shall provide at least seven (7) calendar days written notice of that fact, and the Producing Party will make a Source Code Computer available at the deposition, minimizing the need for additional paper copies of Source Code.  Any paper copies used during a deposition will be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(g)     The Producing Party shall install tools that are sufficient for viewing the Source Code produced for inspection on the Source Code Computer.  The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided,

18

however, that (a) the Producing or Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Producing Party shall approve reasonable requests for additional commercially available software tools.  The Receiving Party must provide the Producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party.  By way of example, the Producing Party will not compile or debug software for installation.  The Producing Party shall not take any action to impair the proper installation of the requested software.

(h)	The use or possession of any electronic input/output device, or any device that can access the Internet or any other network or external system (other than the Source Code Computer) including, without limitation, USB memory stick, mobile phone, smart phone, tablet, computer, smart watches, personal digital assistants (PDAs), Blackberries, Dictaphones, voice recorders, camera or any camera-enabled device, CD, DVD, floppy disk, portable hard drive, laptop, or device of any kind, is prohibited from the Source Code review room, except for the purpose described below in Section 8(i).

(i)	The Receiving Party's Outside Counsel and/or Experts qualified under Section 7.5(b) shall be entitled to take notes (handwritten or electronic) relating to the Source Code, but may not copy the Source Code into such notes.  To the extent the Receiving Party desires to take notes electronically, the Producing Party shall provide a notetaking computer (e.g., a computer, which is distinct from the Source Code computer, that is not linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and has image making functionality of any type disabled, including but not limited to camera and video functionality) ("note-taking computer") with a current, widely used word processing program in the Source Code review room

19

for the Receiving Party's use in taking such notes.  The note-taking computer shall have disk-encryption and be password protected.  The note-taking computer shall be used for the sole purpose of note-taking and shall be retained by the Producing Party.  The Producing Party will instruct the Receiving Party on how to start, log on to, and operate the notetaking computer.  The Receiving Party will save any notes taken on the note-taking computer to a folder labeled "Source Code Notes."  All notes relating to Source Code created as provided in this section shall be designated as and treated as HIGHLY CONFIDENTIAL – SOURCE CODE material, and shall be treated as copies of Source Code except as set forth in Sections 8(c), 8(d), and 8(f), and except that for electronic notes relating to Source Code at the end of each day of Source Code inspection, under the supervision of the Producing Party, such notes shall be saved on a removable encrypted and password protected drive supplied by the Producing Party and given to the Receiving Party to retain.  The Receiving Party will thereafter delete or destroy the electronic notes on the note-taking computer and show the Producing Party the empty "Source Code Notes" folder on the note-taking computer to confirm the electronic notes on the note-taking computer have been deleted or destroyed.  The note-taking computer shall have no features that will hinder the complete clearing of the Receiving Party's notes after such notes have been printed or downloaded.  The Producing Party will not open the folder labeled "Source Code Notes" on the note-taking computer, will not review the Source Code Notes, will not log key strokes with respect to the note taking, and will not otherwise attempt to discover the Receiving Party's work product related to the Source Code review.  Except as provided expressly in this paragraph, use or possession of any recordable media or recordable devices during the inspection by anyone other than the Producing Party is prohibited.

Any notes related to Source Code shall not include copies or reproductions of the Source Code, but may refer to function names, variable names, filenames, and line numbers.  The Receiving Party will be entitled to password protect the electronic Source Code Notes folder and/or Word documents contained therein.

Any Source Code notes taken electronically may be stored with a secure eDiscovery/litigation support site in order to allow for such notes to be viewed by the Receiving

United States District Court
Northern District of California

Party's Outside Counsel and/or Experts qualified under Section 7.5(b) of this Order. Before being transmitted to the eDiscovery/litigation support site, an electronic Source Code notes file must be password protected. The transmission of any and all Source Code notes to the eDiscovery/litigation support site shall be via a secure, password-protected transmission that aligns with standard industry practices regarding data security. Access to such notes via the secure eDiscovery/litigation support site will be restricted to the Receiving Party's Outside Counsel and/or Experts qualified under Section 7.5(b) of this Order, and functions allowing for duplication of such notes, including but not limited to printing, emailing, downloading, and saving, will be disabled. The Receiving Party is otherwise prohibited from creating any copies (physical or electronic) or images of Source Code notes taken electronically.

With respect to handwritten notes related to Source Code, the Receiving Party is prohibited from creating any physical copies of the Source Code notes, and the Receiving Party is prohibited from creating any electronic or other images or making electronic copies of the Source Code notes from any paper copy of the Source Code notes for use in any manner (including by way of example only, the Receiving Party may not scan the paper copy Source Code notes to a PDF or photograph the paper copy Source Code notes) and must not convert any of the Protected Material contained in the paper copies of the Source Code notes into any electronic format. This paragraph does not limit the Receiving Party's ability to store handwritten notes related to Source Code with the secure eDiscovery/litigation support site referenced above.[1]

Nothing in this Section 8(i) prevents an Expert qualified under Section 7.5(b) from using notes related to Source Code (whether taken by hand or electronically) in the preparation of their expert report.

The Parties agree that if any disputes arise that implicate the Receiving Party's notes relating to Source Code taken pursuant to this Section 8(i), all relevant notes relating to Source Code taken by the Receiving Party pursuant to this Section 8(i) that may be reviewed by the Court to resolve the dispute shall be subject to *in camera* review, and will not be filed in the public

[1] The parties say they will "submit an addendum regarding the process by which handwritten notes are transmitted to the security eDiscovery /litigation support site."

21

United States District Court
Northern District of California

1  record for any reason, to ensure compliance with this Protective Order.

2       (j)     The Receiving Party's Outside Counsel and any person receiving a copy of any

3  Source Code shall maintain and store any paper copies of the Source Code and any notes taken

4  during the inspection of the Source Code that reveal the substance or content of the Source Code

5  at their offices in a manner that prevents duplication of or unauthorized access to the Source Code,

6  including, without limitation, storing the Source Code in a locked room or cabinet at all times

7  when it is not in use.  No more than a total of five (5) persons identified by the Receiving Party,

8  excluding Outside Counsel, may have access to the Source Code.  The Receiving Party may

9  request that additional, specific persons be permitted access to the Source Code, and the Producing

10  Party will not unreasonably deny such request.

11       9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

12  OTHER LITIGATION

13       9.1     If a Party is served with a subpoena or a court order issued in other litigation that

14  compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL" or

15  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

16  SOURCE CODE" that Party must:

17       (a) promptly notify in writing the Designating Party.  Such notification must include a

18  copy of the subpoena or court order;

19       (b) promptly notify in writing the party who caused the subpoena or order to issue in the

20  other litigation that some or all of the material covered by the subpoena or order is subject to this

21  Protective Order.  Such notification must include a copy of this Protective Order; and

22       (c) cooperate with respect to all reasonable procedures sought to be pursued by the

23  Designating Party whose Protected Material may be affected.

24       If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the

25  Party served with the subpoena or court order must not produce any Disclosure or Discovery

26  Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

27  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a

28  determination by the court from which the subpoena or order issued, unless the Party has obtained

the Designating Party's permission to produce the subpoenaed Protected Material.  The

Designating Party bears the burden and expense of seeking protection in that court of its

confidential material – and nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this action to disobey a lawful directive from another court.  Any

agreement by a Designating Party that Protected Material may be produced in response to a

subpoena does not in any way waive the protections this Protective Order provides against

disclosure in any other litigation.

       9.2     The provisions set forth herein are not intended to, and do not, restrict in any way

the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

      10.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN</u>

<u>THIS LITIGATION</u>

     (a)  Any discovery requests, including subpoena and deposition notices, propounded to

Non-Parties must be accompanied by a copy of this Protective Order.

     (b)  The terms, remedies, and relief provided by this Protective Order are applicable to

Disclosure or Discovery Material produced by a Non-Party in this action and designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE."  Nothing in these provisions should be

construed as prohibiting a Non-Party from seeking additional protections.

     (c)  In the event that a Party is required, by a valid discovery request, to produce a Non-

Party's confidential information in its possession, and the Party is subject to an agreement with the

Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      1.     promptly notify in writing the Requesting Party and the Non-Party that

some or all of the information requested is subject to a confidentiality agreement with a Non-

Party; and

      2.     promptly provide the Non-Party with a copy of the Protective Order in this

litigation, the relevant discovery request(s), and a reasonably specific description of the

information requested.

     (d)  If the Non-Party fails to object or seek a protective order from this Court within a

reasonable period of time after receiving the notice and accompanying information, including but not limited to any contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The Parties and Court will enter a separate Order under Fed. R. Evid. 502(d) that governs the production of documents protected from discovery.

13.    MISCELLANEOUS

13.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections.  By stipulating to the entry of a Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this

United States District Court
Northern District of California

24

Protective Order.

13.3 <u>Export Control</u>.  The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted.  The Producing Party shall be responsible for identifying any such technical data subject to export control laws so that the Receiving Party can take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.  Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

13.4 <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal Protected Material must comply with Judge Orrick's Standing Order On Administrative Motions To File Under Seal and Civil Local Rule 79-5.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the effect of the Court's ruling on that request is as set forth in Civil Local Rule 79-5(g).

13.5 <u>Privilege Logs</u>.  The Parties' agreement regarding the requirements for, timing, format, and content of privilege logs is memorialized in a separate agreement.

13.6 <u>Notice</u>.  Unless expressly stated otherwise, notice under this agreement shall be provided via email to all counsel of record for the Parties.

14.     FINAL DISPOSITION

Within 60 calendar days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of Source Code.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.     OTHER PROCEEDINGS

By entering this Protective Order and limiting the disclosure of Disclosure or Discovery Material in this case, the Court does not intend to preclude another court from finding that Disclosure or Discovery Material may be relevant and subject to disclosure in another case.  Any person or Party subject to this Order who becomes subject to a motion to disclose another Producing Party's information shall promptly notify that Party of the motion so that the Producing Party may have an opportunity to appear and be heard on whether that Disclosure or Discovery Material should be disclosed.

**IT IS SO ORDERED.**

Dated: May 16, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE META PIXEL TAX FILING CASES

This Document Relates To:

Case No. 3:22-cv-07557-SI, All Actions

Case No.  22-cv-07557-SI (VKD)

**EXHIBIT A:  ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California in the case of *In Re Meta Pixel Tax Filing Cases*, Case No. 3:22-cv-07557-SI (VKD).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____