1  GIBSON, DUNN & CRUTCHER LLP
   LAUREN R. GOLDMAN (*pro hac vice*)
2  lgoldman@gibsondunn.com
   DARCY C. HARRIS (*pro hac vice*)
3  dharris@gibsondunn.com
   200 Park Avenue
4  New York, NY 10166
   Telephone:    (212) 351-4000
5  Facsimile:    (212) 351-4035

6  ELIZABETH K. MCCLOSKEY, SBN 268184
   emccloskey@gibsondunn.com
7  ABIGAIL A. BARRERA, SBN 301746
   abarrera@gibsondunn.com
8  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
9  Telephone:    (415) 393-8200
   Facsimile:    (415) 393-8306
10
   *Attorneys for Defendant Meta Platforms, Inc.*
11 *(formerly known as Facebook, Inc.)*

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                SAN FRANCISCO DIVISION

15
   IN RE META PIXEL TAX FILING CASES        Case No. 5:22-cv-7557-PCP
16
   This Document Relates To:                **DEFENDANT META PLATFORMS, INC.'S**
17                                           **ANSWER TO FIRST AMENDED**
   All Actions                              **CONSOLIDATED CLASS ACTION**
18                                           **COMPLAINT**

19                                           CLASS ACTION

20
                                            Complaint Filed:       April 19, 2024
21
                                            HON. P. CASEY PITTS
22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Defendant Meta Platforms, Inc. ("Meta") hereby answers the First Amended Consolidated Class Action Complaint filed by plaintiffs on April 19, 2024 ("FAC") according to its numbered paragraphs as follows below. Meta denies all allegations in the FAC not expressly admitted herein. By filing this Answer, Meta does not waive—and hereby expressly preserves—its defenses under Federal Rule of Civil Procedure 12(b) or any other defenses asserted in future motions or submissions to the Court.

## NATURE OF THE ACTION[1]

1.      The allegations in paragraph 1 contain conclusions of law, for which no responsive pleading is required. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 1.

2.      The allegations in paragraph 2 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it makes available certain Business Tools, such as the Meta Pixel, Conversions API, and the Facebook SDK for App Events, which are optional technologies that help website owners and publishers, app developers, and business partners (including advertisers and others, which could include tax preparation providers) who agree to the Meta Business Tools Terms, understand and measure their products and services and better reach and serve people who use or might be interested in their products and services. Meta further admits that the Meta Pixel consists of JavaScript code. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 2.

3.      The allegations in paragraph 3 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that the allegations in paragraph 3 purport to cite 26 U.S. § 7216 and § 7213A(a)(2), which speak for themselves, and no further responsive pleading is required. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 3.

4.      Meta admits that plaintiffs purport to bring this lawsuit on behalf of themselves and certain users of online tax preparation providers but denies that Meta was engaged in unauthorized

---

[1] Meta denies each and every allegation contained in any and all headings in the FAC, to the extent any allegations are contained therein.

Gibson, Dunn & Crutcher LLP

1   "wiretap[ping]."   Except as expressly stated, Meta otherwise denies each and every allegation in

2   paragraph 4.

3                                        **THE PARTIES**

4          5.       Meta admits that plaintiff Katrina Calderon has had a Facebook account.  Meta lacks

5   information sufficient to admit or deny the remaining allegations in paragraph 5 regarding the actions

6   or knowledge of persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies

7   each and every allegation in paragraph 5.

8          6.       Meta admits that plaintiff Crystal Craig has had a Facebook account.   Meta lacks

9   information sufficient to admit or deny the remaining allegations in paragraph 6 regarding the actions

10  or knowledge of persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies

11  each and every allegation in paragraph 6.

12         7.       Meta admits that plaintiff Tiffany Bryant has had a Facebook account.   Meta lacks

13  information sufficient to admit or deny the remaining allegations in paragraph 7 regarding the actions

14  or knowledge of persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies

15  each and every allegation in paragraph 7.

16         8.       Meta admits that plaintiff Sait Kumargaliyev has had a Facebook account.  Meta lacks

17  information sufficient to admit or deny the remaining allegations in paragraph 8 regarding the actions

18  or knowledge of persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies

19  each and every allegation in paragraph 8.

20         9.       Meta admits that plaintiff Chris Papadimitriou has had a Facebook account.  Meta lacks

21  information sufficient to admit or deny the remaining allegations in paragraph 9 regarding the actions

22  or knowledge of persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies

23  each and every allegation in paragraph 9, and specifically denies that the Meta Pixel was installed on

24  any site as of 2001.

25         10.      Meta admits that plaintiff Jane Doe has had a Facebook account.   Meta lacks

26  information sufficient to admit or deny the remaining allegations in paragraph 10 regarding the actions

27  or knowledge of persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies

28  each and every allegation in paragraph 10.

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

11.     Meta admits that plaintiff Josh Schramm has had a Facebook account.  Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 11 regarding the actions or knowledge of persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 11.

12.     Meta admits that plaintiff Kayla Housman has had a Facebook account.  Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 12 regarding the actions or knowledge of persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 12.

13.     Meta admits that it is a corporation incorporated in Delaware with headquarters in Menlo Park, California.  Meta admits it does business in California and offers its services to people in other states.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 13.

## JURISDICTION AND VENUE

14.     The allegations in paragraph 14 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits it is headquartered in California.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 14.

15.     The allegations in paragraph 15 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that its principal place of business is in Menlo Park, San Mateo County, California and that it conducts business in California.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 15.

## STATEMENT OF FACTS

### *The Evolution Of Meta's Business Model: From Social Media to Surveillance*

16.     Meta admits that it operates Facebook, which includes the internet site Facebook.com.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 16.

17.     Meta admits that on October 24, 2007, Meta and Microsoft Corporation announced that Microsoft would take a $240 million equity stake in Meta's next round of financing at a $15 billion valuation.  Meta admits that the allegations in paragraph 17 appears to reference a document, which

Gibson, Dunn & Crutcher LLP

3

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

speaks for itself, and no responsive pleading is required. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 17.

18. Meta admits that the allegations in paragraph 18 purport to quote from a document, which speaks for itself, and no responsive pleading is required. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 18.

19. Meta admits that in 2007 it introduced Facebook Ads, an ad system for businesses to connect with users and target advertising to the exact audiences they want. Meta admits that the allegations in paragraph 19 purport to quote from a document, which speaks for itself, and no responsive pleading is required. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 19.

20. Meta admits that the allegations in paragraph 20 purport to quote from a document, which speaks for itself, and no responsive pleading is required. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 20.

21. Meta respectfully refers the Court to Meta's Form 10-Ks, which speak for themselves, for information regarding Meta's revenue. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 21.

22. Meta admits that it informs prospective advertisers that they can use ad targeting. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 22.

23. Meta admits that the allegations in paragraph 23 purport to quote from a document, which speaks for itself, and no responsive pleading is required. To the extent a response is required, Meta admits that it asks users to use the same name on Facebook that they use in everyday life. Meta admits that it asks users to enter their date of birth and gender when creating a Facebook account. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 23.

24. Meta admits that Facebook users can create profiles in which they can choose to provide certain information. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 24.

25. Meta admits that it provides a Core Audiences feature that allows advertisers to set the parameters for their target audience based on criteria like demographics, location, interests, online

Gibson, Dunn &
Crutcher LLP

4

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

behaviors and connections.  Except as expressly stated, Meta denies each and every allegation in paragraph 25.

### The Wiretapping Devices: Meta's Tracking Pixel and Similar Business Tools

26.     Meta admits that the allegations in paragraph 26 quote from a document, which speaks for itself, and no responsive pleading is required.  Meta also admits that it makes available certain Business Tools which are optional technologies that can help website owners and publishers, app developers, and business partners (including advertisers and others) who agree to the Meta Business Tools Terms, understand and measure their products and services and better reach and serve people who use or might be interested in their products and services.  Except as expressly stated, Meta denies each and every allegation in paragraph 26.

27.     Meta admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can embed in their websites to measure visitor activity and share that data with Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 27.

28.     Meta admits that the allegations in paragraph 28 appear to quote from Meta's developer documentation regarding the Meta Pixel, which speaks for itself, and no responsive pleading is required.  To the extent plaintiffs characterize those documents, Meta denies the allegations in paragraph 28.  Except as expressly stated, Meta denies each and every allegation in paragraph 28.

29.     Meta admits that the allegations in paragraph 29 reference Meta's developer documentation regarding the Meta Pixel, which speaks for itself, and no responsive pleading is required.  To the extent plaintiffs characterize those documents, Meta denies the allegations in paragraph 29.  Except as expressly stated, Meta denies each and every allegation in paragraph 29.

30.     Meta admits that the allegations in paragraph 30 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  To the extent a response is required, Meta admits that it is continually working to improve its Business Tools, including the Pixel.  Except as expressly stated, Meta denies each and every allegation in paragraph 30.

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

1
31.     Meta denies each and every allegation in paragraph 31.

2
32.     Meta admits that the allegations in paragraph 32 purport to quote from a document,

3
which speaks for itself, and no responsive pleading is required.  Except as expressly stated, Meta denies

4
each and every allegation in paragraph 32.

5
33.     Meta admits that the allegations in paragraph 33 purport to quote from a document,

6
which speaks for itself, and no responsive pleading is required.  Except as expressly stated, Meta

7
otherwise denies each and every allegation in paragraph 33.

8
34.     Meta admits that the allegations in paragraph 34 purport to quote from a document,

9
which speaks for itself, and no responsive pleading is required.  Except as expressly stated, Meta

10
otherwise denies each and every allegation in paragraph 34.

11
35.     Meta admits that when a developer chooses to configure the Meta Pixel to measure an

12
action that an individual takes on the developer's website,  and subject to Meta's Business Tools Terms,

13
Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, the

14
website may send Meta certain data.  Except as expressly stated, Meta otherwise denies each and every

15
allegation in paragraph 35.

16
36.     The allegations in paragraph 36 contain conclusions of law, for which no responsive

17
pleading is required.  In addition, Meta lacks information sufficient to admit or deny the allegations in

18
paragraph 36 regarding persons or entities other than Meta.  Except as expressly stated, Meta otherwise

19
denies each and every allegation in paragraph 36.

20
37.     The allegations in paragraph 37 contain conclusions of law, for which no responsive

21
pleading is required.  Except as expressly stated, Meta otherwise denies each and every allegation in

22
paragraph 37.

23
38.     Meta lacks information sufficient to admit or deny the allegations in paragraph 38.

24
Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 38.

25
39.     Meta admits that it may be able to match data to Meta accounts in certain instances,

26
including by using cookies.   Except as expressly stated, Meta otherwise denies each and every

27
allegation in paragraph 39.

28

Gibson, Dunn &
Crutcher LLP

6
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

40.     Meta admits that it may be able to match data to Meta accounts in certain instances, including by using cookies.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 40.

41.     The allegations in paragraph 41 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that the allegations in paragraph 41 purport to quote from a document, which speaks for itself, and no responsive pleading is required. Meta further admits that it offers "automatic advanced matching," which allows third-party web developers, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, Commercial Terms and the configurations set by the third-party developer, to send Meta data relating to visitors of the developers' websites.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 41.

42.     The allegations in paragraph 42 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that with advanced matching, developers can send Meta hashed customer data along with the developer's Meta Pixel events, which can help the developer attribute more conversions and reach more people.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 42.

43.     The allegations in paragraph 43 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that third parties may send data to Meta via the Business Tools (whether or not a user is logged into an account on Meta technologies). Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 43.

44.     Meta denies each and every allegation in paragraph 44.

45.     Meta admits that third parties may send data to Meta via the Business Tools (whether or not a user is logged into an account on Meta technologies), and that such data may be used for analytics and advertising purposes.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 45.

46.     The allegations in paragraph 46 contain conclusions of law, for which no responsive pleading is required.  Except as expressly stated, Meta denies each and every allegation in paragraph 46.

Gibson, Dunn &
Crutcher LLP

7

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

47.     Meta admits that, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, it may use certain data transmitted to it by third-party developers to improve Meta's features and technologies in a variety of ways, including to promote safety and security.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 47.

48.     Meta admits that the allegations in paragraph 48 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  Meta further admits that it provides features that help advertisers to reach audiences based on interests.  Except as expressly stated, Meta denies each and every allegation in paragraph 48.

49.     Meta admits that it derives revenue, in part, from the use of its targeted advertising feature, and that this feature uses data, including data provided to Meta in accordance with Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, to help advertisers deliver ads.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 49.

50.     Meta admits that the Meta Pixel is a free, publicly available piece of code that can be used by third-party developers.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 50.

51.     Meta admits that it announced the Facebook Pixel (now known as the Meta Pixel) on October 14, 2015.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 51.

52.     Meta admits that the allegations in paragraph 52 purport to quote from multiple documents, which speak for themselves, and no responsive pleading is required.  Meta also admits that it offers a Business Tool called the Facebook SDK for App Events that can be used to log events that visitors take on an application.  Except as expressly stated, Meta denies each and every allegation in paragraph 52.

53.     The allegations in paragraph 53 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that the allegations in paragraph 53 purport to quote from multiple documents, which speak for themselves, and no responsive pleading

Gibson, Dunn & Crutcher LLP

8

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

is required.  Meta also admits that it offers a Business Tool called Conversions API, which is designed to create a connection between an advertiser's marketing data and Meta systems that optimize ad targeting, decrease cost per result, and measure outcomes.  To the extent plaintiffs characterize those documents, Meta denies the allegations in paragraph 53.  Except as expressly stated, Meta denies each and every allegation in paragraph 53.

### Meta Secretly Hoovers Up Vast Amounts Of Private Tax Return Information

54.    Meta admits that when a developer chooses to configure the Meta Pixel to measure an action that an individual takes on the developer's website, and subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, the website may send Meta certain data.  Meta further admits that the Conversions API Business Tool is designed to create a connection between an advertiser's marketing data and Meta systems and that it offers a Business Tool called the Facebook SDK for App Events that can be used to log events that visitors take on an application.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 54.

55.    Meta admits that it receives data via the Meta Pixel from third parties (whether or not it relates to an account on Meta technologies) and uses data in accordance with Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 55.

56.    Meta lacks information sufficient to admit or deny the allegations in paragraph 56.

57.    Meta lacks information sufficient to admit or deny the allegations in paragraph 57.

58.    Meta admits that the first sentence of paragraph 58 purports to cite a document, which speaks for itself, and no responsive pleading is required.  Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 58.

59.    Meta lacks information sufficient to admit or deny the allegations in paragraph 59.

60.    Meta lacks information sufficient to admit or deny the allegations in paragraph 60.

61.    Meta lacks information sufficient to admit or deny the allegations in paragraph 61.

Gibson, Dunn &
Crutcher LLP

9

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

1
2
3

62.    The allegations in paragraph 62 contain conclusions of law, for which no responsive pleading is required.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 62.

4
5
6
7
8
9
10
11
12
13
14

63.    The allegations in paragraph 63 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that when a developer chooses to configure the Meta Pixel to measure an action that an individual takes on the developer's website, and subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, the website may send Meta certain data.  Meta further admits that it uses data that is received via the Meta Pixel from third parties in certain ways, including to personalize Meta technologies; to provide, test, and improve Meta technologies; to promote safety, security, and integrity on Meta's technologies; to tailor ads that are shown on Meta technologies; for business intelligence and analytics; to research and innovate for social good; and to share with law enforcement and respond to legal requests.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 63.

15

***Meta Did Not Receive Consent To Receive Confidential Tax Information***

16
17
18
19
20
21

64.    The allegations in paragraph 64 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that Facebook users must agree to the operative Terms of Service, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use Facebook and that, as part of agreeing to these terms, Facebook users permit Meta to receive and use certain data.  Except as expressly stated, Meta denies each and every allegation in paragraph 64.

22
23
24
25
26
27

65.    The allegations in paragraph 65 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that Facebook users must agree to the operative Terms of Service, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use Facebook and that, as part of agreeing to these terms, Facebook users permit Meta to receive and use certain data.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 65.

28

66.    Meta denies each and every allegation in paragraph 66.

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

1    67.    Meta denies each and every allegation in paragraph 67.

2    68.    Meta denies each and every allegation in paragraph 68.

3    69.    Meta lacks information sufficient to admit or deny the allegations in paragraph 69
4    regarding persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each
5    and every allegation in paragraph 69.

6    70.    Paragraph 70 contains conclusions of law, for which no responsive pleading is required.
7    To the extent a response is required, Meta admits that paragraph 70 purports to cite to and quote from
8    multiple documents, which speak for themselves, and no responsive pleading is required.  Except as
9    expressly stated, Meta otherwise denies each and every allegation in paragraph 70.

10    71.    Paragraph 71 contains conclusions of law, for which no responsive pleading is required.
11    To the extent a response is required, Meta admits that the allegations in the second sentence of
12    paragraph 71 purport to quote from a document, which speaks for itself, and no responsive pleading is
13    required.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 71.

14    ***Meta Intentionally Obtained Confidential Tax and Financial Information***

15    72.    Meta denies each and every allegation in paragraph 72.

16    73.    Meta lacks information sufficient to admit or deny the allegations in the first sentence
17    of paragraph 73.  Except as expressly stated, Meta otherwise denies each and every allegation in
18    paragraph 73.

19    74.    The allegations in paragraph 74 contain conclusions of law, for which no responsive
20    pleading is required.  To the extent a response is required, Meta admits that it has implemented technical
21    means designed to detect and filter out potentially sensitive data before it can be stored and used in
22    Meta's systems.  Meta further admits that developers are ultimately responsible for the data that they
23    share with Meta, are in the best position to ensure their integration of the Meta Pixel, Conversions API,
24    and Facebook SDK for App Events do not send sensitive or prohibited data to Meta, and that Meta's
25    systems are not a substitute for developers' own compliance mechanisms.  Except as expressly stated,
26    Meta denies each and every allegation in paragraph 74.

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

75.    Meta admits that it employs account managers who assist with supporting Meta clients, including through education and support.  Except as expressly stated, Meta denies each and every allegation in paragraph 75.

76.    Meta denies each and every allegation in paragraph 76.

77.    Meta admits that it requires third-party businesses to accept terms governing Meta's provision of the Meta Business Tools that require third-party businesses to have all necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines)—including any necessary consents from consumers—for data they share with Meta.  Meta contractually prohibits third-party businesses from sending Meta sensitive data via the Meta Business Tools and takes steps to further educate third parties about these contractual obligations.  Meta further admits that it has implemented integrity systems designed to filter out potentially prohibited data that Meta is able to detect before it is stored and used in Meta's ad systems.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 77.

78.    The allegations in paragraph 78 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 78.

79.    The allegations in paragraph 79 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 79.

80.    The allegations in paragraph 80 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 80.

## CLASS ACTION ALLEGATIONS

81.    Meta admits that plaintiffs purport to bring this action on behalf of the members of the purported class referenced in paragraph 81.  Meta denies that class certification is appropriate for this case.

82.    Meta admits that plaintiffs purport in paragraph 82 to reserve their right to revise their class definition.  Meta denies that class certification is appropriate for this case.

Gibson, Dunn &
Crutcher LLP

83.     The allegations in paragraph 83 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 83.  Meta denies that class certification is appropriate for this case.

84.     The allegations in paragraph 84 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 84.  Meta denies that class certification is appropriate for this case.

85.     The allegations in paragraph 85 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 85 regarding persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 85.  Meta denies that class certification is appropriate for this case.

86.     The allegations in paragraph 86 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 86 regarding persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 86.  Meta denies that class certification is appropriate for this case.

87.     The allegations in paragraph 87 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 87.  Meta denies that class certification is appropriate for this case.

88.     Meta admits that plaintiffs purport to bring this action on behalf of the members of the purported class referenced in paragraph 88.  Meta denies that class certification is appropriate for this case.

## TOLLING, CONCEALMENT, AND ESTOPPEL

89.     The allegations in paragraph 89 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 89.

90.     Meta denies each and every allegation in paragraph 90.

Gibson, Dunn & Crutcher LLP

13

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

91.    The allegations in paragraph 91 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 91.

92.    The allegations in paragraph 92 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 92.

93.    The allegations in paragraph 93 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 93.

94.    Meta denies each and every allegation in paragraph 94.

95.    Meta admits that Activity Off-Meta Technologies (formerly known as the Off-Facebook Activity Tool) allows users to see and control the data that other apps and websites share with Facebook.  Meta further admits that the allegations in the first sentence of paragraph 95 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  To the extent plaintiffs characterize those documents, Meta denies the allegations in paragraph 95.  Except as expressly stated, Meta denies each and every allegation in paragraph 95.

96.    The allegations in paragraph 96 contain conclusions of law, for which no responsive pleading is required.  Except as expressly stated, Meta denies each and every allegation in paragraph 96.

## COUNT I

### Violation of the California Invasion of Privacy Act
### Cal. Penal Code § 631

97.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

98.    Meta admits that plaintiffs purport to bring this action individually and on behalf of the members of the purported class referenced in paragraph 98.  Meta denies that class certification is appropriate for this case.

Gibson, Dunn &
Crutcher LLP

14
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

99.     The allegations in paragraph 99 contain conclusions of law and purport to quote from Cal. Penal Code § 631, for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part Cal. Penal Code § 631.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 99.

100.     The allegations in paragraph 100 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 100.

101.     The allegations in paragraph 101 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 101.

102.     The allegations in paragraph 102 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 102.

103.     The allegations in paragraph 103 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 103.

104.     The allegations in paragraph 104 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 104.

105.     The allegations in paragraph 105 refer to the relief sought by plaintiffs and Class members in the FAC, which speaks for itself.  The allegations in paragraph 105 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 105.  Meta further denies that plaintiffs and Class members have suffered damages of any kind and that they are entitled to any form of relief from Meta.

Gibson, Dunn & Crutcher LLP

15
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT II**

**Violation of the California Invasion of Privacy Act**
**Cal. Penal Code § 632**

106.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

107.    Meta admits that plaintiffs purport to bring this action individually and on behalf of the members of the purported class referenced in paragraph 107.  Meta denies that class certification is appropriate for this case.

108.    The allegations in paragraph 108 contain conclusions of law and purport to quote from Cal. Penal Code § 630, for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part Cal. Penal Code § 630.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 108.

109.    The allegations in paragraph 109 contain conclusions of law and purport to quote from Cal. Penal Code § 632, for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part Cal. Penal Code § 632.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 109.

110.    The allegations in paragraph 110 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 110.

111.    The allegations in paragraph 111 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 111.

112.    The allegations in paragraph 112 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 112.

113.    The allegations in paragraph 113 refer to the relief sought by plaintiffs and Class members in the FAC, which speaks for itself.  The allegations in paragraph 113 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required,

Gibson, Dunn &
Crutcher LLP

16
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

1    Meta denies each and every allegation in paragraph 113.  Meta further denies that plaintiffs and Class

2    members have suffered damages of any kind and that they are entitled to any form of relief from Meta.

3                                          **COUNT III**

4                        **Violation of Illinois Eavesdropping Statute**
                                        **720 ILCS 5/14**

5
6        114.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if
     fully set forth herein.
7
8        115.    Meta admits that plaintiffs Craig and Bryant purport to bring this action individually

9    and on behalf of the members of the purported class referenced in paragraph 115.  Meta denies that

10   class certification is appropriate for this case.

11       116.    The allegations in paragraph 116 contain conclusions of law and purport to quote from

12   720 ILCS 5/14, for which no responsive pleading is required.  To the extent a response is required,

13   Meta admits that plaintiffs correctly quote in part 720 ILCS 5/14.  Except as expressly stated, Meta

14   otherwise denies each and every allegation in paragraph 116.

15       117.    The allegations in paragraph 117 contain conclusions of law and purport to quote from

16   720 ILCS 5/14-1(e), for which no responsive pleading is required.  To the extent a response is required,

17   Meta denies that plaintiffs correctly quote 720 ILCS 5/14-1(e), as plaintiffs have not included the full

18   definition.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph

19   117.

20       118.    The allegations in paragraph 118 contain conclusions of law, for which no responsive

21   pleading is required.  To the extent a response is required, Meta denies each and every allegation in

22   paragraph 118.

23       119.    The allegations in paragraph 119 contain conclusions of law, for which no responsive

24   pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit

25   or deny the allegations in paragraph 119 regarding persons or entities other than Meta.  Except as

26   expressly stated, Meta otherwise denies each and every allegation in paragraph 119.

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

120.    The allegations in paragraph 120 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 120.

121.    The allegations in paragraph 121 refer to the relief sought by the Illinois Plaintiffs and the Illinois Subclass members in the FAC, which speaks for itself.  The allegations in paragraph 121 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 121.  Meta further denies that the Illinois Plaintiffs and the Illinois Subclass members have suffered damages of any kind and that they are entitled to any form of relief from Meta.

### COUNT IV

### Violation Of The Washington Privacy Act
### Wash. Rev. Code § 9.73.030

122.    The allegations in Paragraph 122 relate to Count IV of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153).  No response is required.

123.    The allegations in Paragraph 123 relate to Count IV of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153).  No response is required.

124.    The allegations in Paragraph 124 relate to Count IV of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153).  No response is required.

125.    The allegations in Paragraph 125 relate to Count IV of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153).  No response is required.

126.    The allegations in Paragraph 126 relate to Count IV of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153).  No response is required.

Gibson, Dunn & Crutcher LLP

18

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

127.    The allegations in Paragraph 127 relate to Count IV of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

128.    The allegations in Paragraph 128 relate to Count IV of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

### COUNT V

### Violation Of The Missouri Wiretap Act
### Mo. Ann. Stat. § 542.418, *et seq.*

129.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

130.    Meta admits that plaintiff Housman purports to bring this action individually and on behalf of the members of the purported class referenced in paragraph 130.  Meta denies that class certification is appropriate for this case.

131.    The allegations in paragraph 131 contain conclusions of law and purport to quote from Mo. Ann. Stat. § 542.418, for which no responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly quote Mo. Ann. Stat. § 542.418.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 131.

132.    The allegations in paragraph 132 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 132.

133.    The allegations in paragraph 133 refer to the relief sought by the Missouri Plaintiff and the Missouri Subclass members in the FAC, which speaks for itself.  The allegations in paragraph 133 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 133.  Meta further denies that the Missouri Plaintiff and the Missouri Subclass members have suffered damages of any kind and that they are entitled to any form of relief from Meta.

Gibson, Dunn & Crutcher LLP

19
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

**COUNT VI**

**Violation Of The Federal Wiretap Act**
**18 U.S.C. § 2510, *et seq.***

134.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

135.    Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 135.  Meta admits that each plaintiff purports to bring this claim on behalf of their respective state subclass.  Meta denies that class certification is appropriate for this case.

136.    The allegations in paragraph 136 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 136.

137.    The allegations in paragraph 137 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 137.

138.    The allegations in paragraph 138 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 138.

139.    The allegations in paragraph 139 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 139 regarding persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 139.

140.    The allegations in paragraph 140 contain conclusions of law and purport to quote from 18 U.S.C. § 2511, for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2511.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 140.

141.    The allegations in paragraph 141 contain conclusions of law and purport to quote from 18 U.S.C. § 2510(12), for which no responsive pleading is required.  To the extent a response is

required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2510(12).  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 141.

142.    The allegations in paragraph 142 contain conclusions of law and purport to quote from 18 U.S.C. § 2510(5), for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2510(5).  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 142.

143.    The allegations in paragraph 143 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 143 regarding persons or entities other than Meta.  Except as expressly stated, Meta denies each and every allegation in paragraph 143.

144.    The allegations in paragraph 144 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 144.

145.    The allegations in paragraph 145 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 145.

146.    The allegations in paragraph 146 refer to the relief sought by plaintiffs in the FAC, which speaks for itself.  The allegations in paragraph 146 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 146.  Meta further denies that plaintiffs have suffered damages of any kind and that they are entitled to any form of relief from Meta.

## COUNT VII

### Unjust Enrichment

147.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

148.    Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 148.  Meta admits that each plaintiff purports

Gibson, Dunn & Crutcher LLP

21
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

1  to bring this claim on behalf of their respective state subclass. Meta denies that class certification is

2  appropriate for this case.

3      149.    The allegations in paragraph 149 contain conclusions of law, for which no responsive

4  pleading is required. To the extent a response is required, Meta denies each and every allegation in

5  paragraph 149.

6      150.    The allegations in paragraph 150 contain conclusions of law, for which no responsive

7  pleading is required. To the extent a response is required, Meta denies each and every allegation in

8  paragraph 150.

9      151.    The allegations in paragraph 151 contain conclusions of law, for which no responsive

10  pleading is required. To the extent a response is required, Meta denies each and every allegation in

11  paragraph 151.

12      152.    The allegations in paragraph 152 contain conclusions of law, for which no responsive

13  pleading is required. To the extent a response is required, Meta denies each and every allegation in

14  paragraph 152.

15      153.    The allegations in paragraph 153 contain conclusions of law, for which no responsive

16  pleading is required. To the extent a response is required, Meta denies each and every allegation in

17  paragraph 153.

18      154.    The allegations in paragraph 154 refer to the relief sought by plaintiffs and class

19  members in the FAC, which speaks for itself. The allegations in paragraph 154 also contain

20  conclusions of law, for which no responsive pleading is required. To the extent a response is required,

21  Meta denies each and every allegation in paragraph 154. Meta further denies that plaintiffs and class

22  members have suffered damages of any kind and that they are entitled to any form of relief from Meta.

### COUNT VIII

**Violation Of The California Invasion Of Privacy Act**
**Cal. Penal Code § 635**

26      155.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if

27  fully set forth herein.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

156.    Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 156.  Meta admits that each plaintiff purports to bring this claim on behalf of their respective state subclass.  Meta denies that class certification is appropriate for this case.

157.    The allegations in paragraph 157 contain conclusions of law and purport to quote from California Penal Code § 635, for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part California Penal Code § 635.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 157.

158.    The allegations in paragraph 158 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 158.

159.    The allegations in paragraph 159 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can embed in their websites to measure visitor activity and share that data with Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 159.

160.    The allegations in paragraph 160 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 160.

161.    The allegations in paragraph 161 refer to the relief sought by plaintiffs and class members in the FAC, which speaks for itself.  The allegations in paragraph 161 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 161.  Meta further denies that plaintiffs and class members have been injured or suffered damages of any kind and that they are entitled to any form of relief from Meta.

Gibson, Dunn &
Crutcher LLP

23
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

**COUNT IX**

**Violation Of The Federal Wiretap Act**
**18 U.S.C. § 2512**

162.     Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

163.     Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 163.  Meta admits that each plaintiff purports to bring this claim on behalf of their respective state subclass.  Meta denies that class certification is appropriate for this case.

164.     The allegations in paragraph 164 contain conclusions of law and purport to quote from 18 U.S.C. § 2512, for which no responsive pleading is required.  To the extent a response is required, Meta admit that plaintiffs correctly quote in part 18 U.S.C. § 2512.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 164.

165.     The allegations in paragraph 165 contain conclusions of law and purport to quote from 18 U.S.C. § 2510(5), for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2510(5).  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 165.

166.     The allegations in paragraph 166 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 166.

167.     The allegations in paragraph 167 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 167.

168.     The allegations in paragraph 168 refer to the relief sought by plaintiffs and class members in the FAC, which speaks for itself.  The allegations in paragraph 168 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 168.  Meta further denies that plaintiffs and class members suffered damages of any kind and that they are entitled to any form of relief from Meta.

Gibson, Dunn & Crutcher LLP

24
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

# COUNT X

## Violation Of New York's Deceptive Practices Act
## N.Y. Gen. Bus. Law, § 349 ("GBL")

169.    The allegations in Paragraph 169 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

170.    The allegations in Paragraph 170 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

171.    The allegations in Paragraph 171 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

172.    The allegations in Paragraph 172 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

173.    The allegations in Paragraph 173 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

174.    The allegations in Paragraph 174 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

175.    The allegations in Paragraph 175 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

176.    The allegations in Paragraph 176 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

177.    The allegations in Paragraph 177 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

178.    The allegations in Paragraph 178 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

179.    The allegations in Paragraph 179 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

180.    The allegations in Paragraph 180 relate to Count X of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

## COUNT XI

### Negligence/ Negligence Per Se

181.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

182.    Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 182.  Meta admits that each plaintiff purports to bring this claim on behalf of their respective state subclass.  Meta denies that class certification is appropriate for this case.

183.    The allegations in paragraph 183 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 183.

184.    The allegations in paragraph 184 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 184.

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

1    185.    The allegations in paragraph 185 contain conclusions of law, for which no responsive

2   pleading is required.  To the extent a response is required, Meta denies each and every allegation in

3   paragraph 185.

4    186.    The allegations in paragraph 186 contain conclusions of law, for which no responsive

5   pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit

6   or deny the allegations in paragraph 186 regarding persons or entities other than Meta.  Except as

7   expressly stated, Meta otherwise denies each and every allegation in paragraph 186.

8    187.    The allegations in paragraph 187 contain conclusions of law, for which no responsive

9   pleading is required.  To the extent a response is required, Meta denies each and every allegation in

10  paragraph 187.

11   188.    The allegations in paragraph 188 contain conclusions of law, for which no responsive

12  pleading is required.  To the extent a response is required, Meta denies each and every allegation in

13  paragraph 188.

14   189.    The allegations in paragraph 189 contain conclusions of law, for which no responsive

15  pleading is required.  To the extent a response is required, Meta denies each and every allegation in

16  paragraph 189.

17   190.    The allegations in paragraph 190 contain conclusions of law, for which no responsive

18  pleading is required.  To the extent a response is required, Meta denies each and every allegation in

19  paragraph 190.

20   191.    The allegations in paragraph 191 contain conclusions of law, for which no responsive

21  pleading is required.  To the extent a response is required, Meta denies each and every allegation in

22  paragraph 191.  Meta further denies that plaintiffs and Class members suffered damages of any kind

23  and that they are entitled to any form of relief from Meta.

24   192.    The allegations in paragraph 192 contain conclusions of law, for which no responsive

25  pleading is required.  To the extent a response is required, Meta denies each and every allegation in

26  paragraph 192.

27

28

Gibson, Dunn &
Crutcher LLP

27
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

193.     The allegations in paragraph 193 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 193.

194.     The allegations in paragraph 194 refer to the relief sought by plaintiffs and class members in the FAC, which speaks for itself.  The allegations in paragraph 194 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 194.  Meta further denies that plaintiffs and class members suffered damages of any kind and that they are entitled to any form of relief from Meta.

**COUNT XII**

**Violation of California Consumer Legal Remedies Act**
**Cal. Civ. Code § 1780, *et seq.***

195.     The allegations in Paragraph 195 relate to Count XII of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153).  No response is required.

196.     The allegations in Paragraph 196 relate to Count XII of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153).  No response is required.

197.     The allegations in Paragraph 197 relate to Count XII of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153).  No response is required.

198.     The allegations in Paragraph 198 relate to Count XII of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153).  No response is required.

199.     The allegations in Paragraph 199 relate to Count XII of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153).  No response is required.

Gibson, Dunn &
Crutcher LLP

200. The allegations in Paragraph 200 relate to Count XII of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

201. The allegations in Paragraph 201 relate to Count XII of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

202. The allegations in Paragraph 202 relate to Count XII of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

203. The allegations in Paragraph 203 relate to Count XII of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

204. The allegations in Paragraph 204 relate to Count XII of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

205. The allegations in Paragraph 205 relate to Count XII of the First Amended Consolidated Class Action Complaint, which the Court dismissed with prejudice on August 6, 2024 (ECF No. 153). No response is required.

**COUNT XIII**

**Violation Of California's Unfair Competition Law
Cal. Bus. & Prof. Code § 17200, *et seq.***

206. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

207. Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 207. Meta admits that each plaintiff purports to bring this claim on behalf of their respective state subclass. Meta denies that class certification is appropriate for this case.

Gibson, Dunn &
Crutcher LLP

29
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

208.     The allegations in paragraph 208 contain conclusions of law and purport to quote from California Business and Professions Code section 17200, for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part California Business and Professions Code section 17200.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 208.

209.     The allegations in paragraph 209 contain conclusions of law and purport to quote from California Business and Professions Code section 17200, for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part California Business and Professions Code section 17200.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 209.

210.     The allegations in paragraph 210 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 210.

211.     The allegations in paragraph 211 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 211.

212.     The allegations in paragraph 212 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 212.

213.     The allegations in paragraph 213 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 213.

214.     The allegations in paragraph 214 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 214.  Meta further denies that plaintiffs and class members suffered any injuries or damages of any kind and that they are entitled to any form of relief from Meta.

Gibson, Dunn & Crutcher LLP

30

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

215.    The allegations in paragraph 215 contain conclusions of law, for which no responsive pleading is required.  Meta further denies that plaintiffs and class members suffered any injuries or damages of any kind and that they are entitled to any form of relief from Meta.

216.    The allegations in paragraph 216 contain conclusions of law, for which no responsive pleading is required.  Meta further denies that plaintiffs and class members suffered any injuries or damages of any kind and that they are entitled to any form of relief from Meta.

217.    The allegations in paragraph 217 contain conclusions of law, for which no responsive pleading is required.  Meta further denies that plaintiffs, class members, or any other taxpayers suffered any injuries or damages of any kind and that they are entitled to any form of relief from Meta.

218.    The allegations in paragraph 218 refer to the relief sought by plaintiffs and class members in the FAC, which speaks for itself.  The allegations in paragraph 218 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 218.  Meta further denies that plaintiffs and class members suffered damages of any kind and that they are entitled to any form of relief from Meta.

219.    The allegations in paragraph 219 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 219.

220.    The allegations in paragraph 220 refer to the relief sought by plaintiffs and class members in the FAC, which speaks for itself.  The allegations in paragraph 220 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 220.  Meta further denies that plaintiffs and class members suffered damages of any kind and that they are entitled to any form of relief from Meta.

## **AFFIRMATIVE DEFENSES**

Meta has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on Meta's knowledge, information, and belief at this time.  By asserting the defenses herein, Meta has not knowingly and intentionally waived any applicable defenses and hereby expressly reserves the right to assert any additional defenses, cross-claims, and/or third-party claims as may be

Gibson, Dunn & Crutcher LLP

appropriate at a later time. Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of plaintiffs' claims, Meta asserts the following separate and additional defenses:

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

The FAC and the claims alleged therein fail to state a claim upon which relief may be granted.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Plead with Particularity)

The FAC fails to plead each purported cause of action with sufficient particularity.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (No Injury)

Plaintiffs and Class members have not sustained any injury, harm, and/or damage as a result of any actions allegedly taken or omissions allegedly made by Meta and are thus barred from asserting any claim against Meta.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Laches / Waiver / Release / Estoppel / Unclean Hands / Inequitable Conduct)

The FAC and the claims alleged therein are barred, in whole or in part, by the doctrines of laches, waiver, release, estoppel, unclean hands *in pari delicto*, and/or inequitable conduct.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate)

Plaintiffs' and Class members' claims for damages are barred, in whole or in part, to the extent discovery reveals they failed to mitigate their damages.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Statutes of Limitations)

The FAC and the claims alleged therein are barred, in whole or in part, by one or more of the statutes of limitations under applicable law.

Gibson, Dunn &
Crutcher LLP

32

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' and Class members' claims for equitable and/or injunctive relief are barred, in whole or in part, to the extent there is an adequate remedy at law.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Insufficient Likelihood of Future Injury)

Plaintiffs' and Class members' claims for injunctive relief are barred, in whole or in part, to the extent plaintiffs and Class members fail to demonstrate a likelihood of future injury.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Barred by Contract)

The FAC and the claims alleged therein are barred, in whole or in part, by contracts and/or agreements entered into with Meta which govern the subject matter of plaintiffs' and Class members' claims.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Mistake)

The FAC and the claims alleged therein are barred, in whole or in part, on the grounds that Meta reasonably relied on facts that may later prove to be false and/or made a bona fide error despite using reasonable procedures to avoid any such error.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unjust Enrichment)

The right to relief on behalf of plaintiffs and Class members is barred by the doctrine of unjust enrichment. Plaintiffs and Class members would be unjustly enriched if allowed to recover the relief claimed to be due.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (First Amendment)

The FAC and the claims alleged therein are barred, in whole or in part, on the grounds that any statements made by Meta that are the subject of this lawsuit are constitutionally protected speech.

Gibson, Dunn & Crutcher LLP

33
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (No Intent)

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs cannot show Meta had the requisite intent.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Wrong Party)

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs have filed suit against the wrong party.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Contributory Negligence)

The FAC and the claims alleged therein are barred, in whole or in part, as a result of plaintiffs' and Class members' contributory negligence in causing the harms, if any, they have allegedly suffered.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Good Faith)

The FAC and the claims alleged therein are barred, in whole or in part, because Meta at all times acted in good faith.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Lack of Causation)

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs have failed to allege that Meta's actions were a legal cause of plaintiffs' and Class members' alleged injuries.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (No Privacy Interest)

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs do not maintain a legally protected privacy interest over any data plaintiffs allege to have been impermissibly collected, plaintiffs' continued use of Meta's services eliminated any reasonable expectation of privacy over any such data, and any such data was shared with plaintiffs' explicit permission, consent, and/or ratification.

Gibson, Dunn &
Crutcher LLP

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Offensive Intrusion)

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs have failed to allege that any purported intrusion into a legally protected privacy interest was sufficiently offensive to support a claim under California common law.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Intervening or Superseding Cause)

The FAC and the claims alleged therein are barred, in whole or in part, because the damages alleged in the FAC, if any, were caused by persons and entities other than Meta.  Such intervening and superseding conduct of others bars and/or diminishes recovery, if any, by plaintiffs and Class members against Meta.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Party to Communications)

The FAC and the claims alleged therein are barred, in whole or in part, because Meta was a party to any and all communications Meta allegedly received, and therefore no actionable interception occurred.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Usual Course of Business)

The FAC and the claims alleged therein are barred, in whole or in part, because any alleged interceptions of communications, to the extent any interceptions occurred at all, were made in the ordinary course of business.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Improper Class Action)

Plaintiffs may not maintain this lawsuit as a class action because the purported claims of the putative class representatives are not sufficiently typical of those of the purported class members, common issues of fact and law do not predominate over individual issues and liability and damages cannot be proven on a class-wide basis, the putative class representatives will not adequately represent the purported class, the putative class is not ascertainable, the proposed class action would not be

Gibson, Dunn & Crutcher LLP

35

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

manageable, and a class action is not a superior method for adjudicating the purported claims set forth in the FAC.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Class Action Unconstitutional – Absent Persons)

Any attempt to require Meta to identify, locate, or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Class Action Unconstitutional – Jury Trial)

As a matter of constitutional right and substantive due process, Meta would be entitled to contest by jury trial its liability to any particular individual on whose behalf this action is purportedly brought.  Trying this case as a class action would violate the United States Constitution.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Speculative Remedies & Damages)

The FAC and the claims alleged therein are barred, in whole or in part, because the remedies sought are speculative, remote, and impossible to ascertain, and because the damages alleged to have been suffered are speculative and not compensable under the law.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Improper Request for Attorneys' Fees)

Plaintiffs' request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Double Recovery)

The FAC and the claims alleged therein are barred, in whole or in part, on the grounds that plaintiffs seek to recover multiple times for the same harm, and to the extent that plaintiffs or Class members recover or have recovered any alleged damages already or from sources other than Meta.

Gibson, Dunn & Crutcher LLP

36
DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unauthorized Remedies)**

The FAC and the claims alleged therein are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, otherwise unauthorized, or not recognized by applicable state law.

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

**(Unconstitutional Request for Statutory and Punitive Damages)**

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited.  That is because (1) any recovery of statutory or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (2) imposition of any statutory, punitive, or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

**THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Unconstitutional Aggregation of Statutory Damages)**

Any aggregation of statutory damages should be barred or should otherwise be limited.  This is because imposition of massively aggregated statutory damages on the scale of what plaintiffs and Class members seek would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

**THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Consent)**

The FAC and the claims alleged therein are barred, in whole or in part, on the grounds that plaintiffs explicitly consented to Meta's conduct as a result of agreeing to Meta's policies and terms (or the policies and terms of the tax-service provider websites) and implicitly consented by continuing to use Meta's and tax-service providers' products after becoming aware of the conduct that forms the basis for their claims.

Gibson, Dunn & Crutcher LLP

1

2

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Statutory Standing)

3

Plaintiffs and Class members lack statutory standing and are thus barred from asserting their

4

claims against Meta.

5

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

6

### (Lack of Interception)

7

The FAC and the claims alleged therein are barred, in whole or in part, because there was no

8

simultaneous transmission, and therefore no actionable interception occurred.

9

## THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

10

### (Additional Affirmative Defenses)

11

As a separate and distinct affirmative defense, Meta reserves the right to amend this Answer to

12

assert additional defenses and/or supplement or modify this Answer as may be warranted by the

13

revelation of information during discovery and investigation.  Furthermore, Meta intends to develop

14

and present evidence negating one or more elements of each of the claims in the FAC, as well as

15

evidence showing that it has not violated the law.

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP

1    Dated: March 18, 2025                    **GIBSON, DUNN & CRUTCHER LLP**

2                                             By:   */s/ Lauren R. Goldman*

3                                                   Lauren R. Goldman

4

5                                             *Attorney for Meta Platforms, Inc.*

6                                             *(formerly known as Facebook, Inc.)*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 5:22-CV-7557-PCP