BURSOR & FISHER, P.A.
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

*Attorneys for Plaintiffs*

*Additional Attorneys on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE META PIXEL TAX FILINGS CASES | Master File No. 5:22-cv-07557-PCP (VKD) |
| This document relates to: | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT (FED. R. CIV. P. 15(a))** |
| All actions | |
| | The Honorable P. Casey Pitts<br>Courtroom 8, 4th Floor<br>Date: May 22, 2025<br>Time: 10:00 a.m. PT |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT**

PLEASE TAKE NOTICE that on May 22, 2025, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, the undersigned will appear before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California, Courtroom 8, San Jose Courthouse. Plaintiffs will and hereby do move the Court for an order pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure granting Plaintiffs leave to file their proposed Second Amended Consolidated Class Action Complaint ("Second Amended Complaint"). This Motion is based upon this Notice and Motion, the following Memorandum of Points and Authorities, the pleadings, records, and other materials in the record, argument of counsel, and such other matters as the Court may consider.

**ISSUE PRESENTED**

Whether Plaintiffs should be granted leave to file their proposed Second Amended Complaint.

**RELIEF REQUESTED**

Plaintiffs respectfully request an Order allowing Plaintiffs to file their proposed Second Amended Complaint, attached hereto as Exhibit A.

# TABLE OF CONTENTS

**PAGE(S)**

NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT ...................... i

INTRODUCTION ................................................................................................................................ 1

PROCEDURAL HISTORY ................................................................................................................ 2

ARGUMENT ....................................................................................................................................... 4

I.    LEGAL STANDARD ................................................................................................................ 4

II.   ALL FOUR FACTORS SUPPORT GRANTING PLAINTIFFS LEAVE TO AMEND ......... 5

       A.    Permitting Plaintiffs' Amendment Will Not Prejudice Meta .................................. 5

       B.    Plaintiffs' Motion is Timely and Not the Product of Undue Delay ......................... 6

       C.    Plaintiffs' Motion is Not Sought in Bad Faith ........................................................ 7

       D.    Plaintiffs' Proposed Amendments are Not Futile ................................................... 7

CONCLUSION ................................................................................................................................... 8

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Abels v. JBC Legal Grp.*, P.C.,
   229 F.R.D. 152 (N.D. Cal. 2005) .................................................................................................. 7

*Aguilar v. Boulder Brands, Inc.*,
   2014 WL 4352169 (S.D. Cal. Sept. 2, 2014) ................................................................................ 6

*Bowen v. Target Corp.*,
   2019 WL 9240985 (C.D. Cal. Nov. 12, 2019) .......................................................................... 6, 7

*Clayborne v. Chevron Corp.*,
   2020 WL 11563087 (N.D. Cal. Dec. 2, 2020) .............................................................................. 4

*Desertrain v. City of Los Angeles*,
   754 F.3d 1147 (9th Cir. 2014) ...................................................................................................... 4

*Ecojet, Inc. v. Luraco, Inc.*,
   2017 WL 6939158 (C.D. Cal. Mar. 22, 2017) .............................................................................. 5

*Eminence Cap., LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ...................................................................................................... 4

*Entangled Media, LLC v. Dropbox Inc.*,
   2025 WL 315305 (N.D. Cal. Jan. 27, 2025) ......................................................................... 4, 5, 7

*Foman v. Davis*,
   371 U.S. 178 (1962) ...................................................................................................................... 4

*Fujifilm Corp. v. Motorola Mobility LLC*,
   2014 WL 2730724 (N.D. Cal. June 16, 2014) .............................................................................. 7

*Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*,
   220 F.R.D. 614 (C.D. Cal. 2003) .................................................................................................. 5

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000) ...................................................................................................... 4

*Meaux v. Nw. Airlines, Inc.*,
   2006 WL 8459606 (N.D. Cal. July 17, 2006) .............................................................................. 4

*Nordyke v. King*,
   644 F. 3d 776 (9th Cir. 2011) ....................................................................................................... 7

*Owens v. Kaiser Found. Health Plan, Inc.*,
  244 F. 3d 708 (9th Cir. 2001) .................................................................................................. 4

*Srigley v. Monterey Peninsula Yacht Club, Inc.*,
  748 F. Supp. 3d 801 (N.D. Cal. 2024) .................................................................................. 4, 6

**STATUTES**

18 U.S.C. § 2510 ............................................................................................................................ 2

18 U.S.C. § 2512 ............................................................................................................................ 2

720 Ill. Comp. Stat. § 5/14 ............................................................................................................. 2

815 Ill. Comp. Stat. § 505 .............................................................................................................. 2

815 Ill. Comp. Stat. § 510/2 ........................................................................................................... 2

Cal. Bus. & Prof. Code § 17200 ..................................................................................................... 2

Cal. Civ. Code § 1780 .................................................................................................................... 2

Cal. Penal Code § 496 ................................................................................................................ 2, 3

Cal. Penal Code § 631 ................................................................................................................ 2, 3

Cal. Penal Code § 632 ............................................................................................................ 1, 2, 3

Cal. Penal Code § 635 .................................................................................................................... 2

Cal. Penal Code § 638.51 ........................................................................................................... 1, 8

Mo. Ann. Stat. § 542.418 ............................................................................................................... 2

N.Y. Gen. Bus. Law, § 349 ............................................................................................................ 2

Wash. Rev. Code § 9.73.030 .......................................................................................................... 2

**RULES**

Fed. R. Civ. P. 15 .............................................................................................................. i, 1, 4, 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs seek leave to amend their complaint to incorporate an additional claim under the California Invasion of Privacy Act ("CIPA")[1] and new factual allegations supporting this and other claims based on evidence obtained in discovery.[2] The core of this case remains the same: Meta's unlawful collection of private and sensitive financial and tax information of individuals who used online tax preparation providers including H&R Block, TaxAct and TaxSlayer. As a result of using those services, Plaintiffs and the putative class members had their tax-filing information transmitted to Meta via Meta's tracking pixel.

Discovery has substantiated Plaintiffs' claims and further confirmed that Meta knowingly received and utilized a wide array of information from Plaintiffs and class members. Evidence produced by Meta in this case concerning the information collected by Meta's tracking pixel supports an additional CIPA claim under Cal. Penal Code § 638.51, and buttresses Plaintiffs' other claims. Accordingly, Plaintiffs seek to amend their complaint to include this additional CIPA claim and to conform the complaint to the evidence. The unredacted proposed complaint is filed under seal because it contains confidential tax information disclosed in Meta's records and evidence that Meta designated as confidential under the protective order in this case.

Allowing leave to amend will not interfere with discovery, delay the proceedings, or otherwise improperly prejudice Meta. Moreover, each factor governing requests for leave to amend weigh heavily in favor of granting Plaintiffs' request here. Plaintiffs respectfully ask the Court to grant their motion for leave to file the proposed Second Amended Complaint.[3]

---

[1] Plaintiffs already allege a claim under CIPA, Cal. Penal Code §§ 631, 632, and 635. The amendment seeks to add a CIPA claim under Cal. Penal Code § 638.51.

[2] Plaintiffs' proposed Second Amended Complaint (attached as Exhibit A) also removes claims that were dismissed by the Court, allegations pertaining to former plaintiff Josh Schramm who was voluntarily dismissed from the case, and formatting and other minor corrections, such as updating the current case number.

[3] Pursuant to the Court's Standing Order for Civil Cases, a redlined version of Plaintiffs' proposed Second Amended Complaint, comparing it with Plaintiffs' First Amended Complaint (Dkt. 142),

**PROCEDURAL HISTORY**

On May 15, 2023, Plaintiffs filed their Consolidated Class Action Complaint, which included claims for: (1) Violation of CIPA, Cal. Penal Code § 631; (2) Violation of CIPA, Cal. Penal Code § 632; (3) Violation of Illinois Eavesdropping Statute 720 ILCS 5/14; (4) Violation of the Washington Privacy Act, Wash. Rev. Code § 9.73.030; (5) Violation of the Missouri Wiretap Act, Mo. Ann. Stat. § 542.418, *et seq.*; (6) Violation of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*; (7) Unjust Enrichment; (8) Violation of CIPA, Cal. Penal Code § 635; (9) Violation of the Federal Wiretap Act, 18 U.S.C. § 2512; (10) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. §§ 505, *et seq.*; (11) Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/2, et seq.; (12) Violation Of New York's Deceptive Practices Act, N.Y. Gen. Bus. Law, § 349; (13) Negligence/Negligence Per Se; (14) Violation of California Consumer Legal Remedies Act, Cal. Civ. Code § 1780 *et seq.*; (15) Violation of California Penal Code § 496; and (16) Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  *See* Dkt. 71.

On July 27, 2023, Meta filed its Motion to Dismiss Consolidated Class Action Complaint, seeking dismissal of each of Plaintiffs' claims. *See* Dkt. 107.

On March 25, 2024, the Court entered an Order Denying in Part and Granting in Part Motion to Dismiss and Granting Requests for Judicial Notice ("Order on MTD"). Dkt. 141. The Court's Order on MTD dismissed the following claims with leave to amend: Washington Privacy Act, Illinois Consumer Fraud and Deceptive Business Practices Act, Illinois Uniform Deceptive Trade Practices Act, New York Deceptive Practices Act, California Consumer Legal Remedies Act, California Penal Code § 496, and the fraudulent conduct prong claim under California's Unfair Competition Law (the Court sustained Plaintiffs' UCL claims under the "unlawful" and "unfair" prongs). *See id.*

---

is attached hereto as Exhibit B.

As to Plaintiffs' CIPA claims, the Court sustained the CIPA claims under sections 632 (Count II) and 635 (Count VIII), and under section 631 (Count I) to the extent Plaintiffs alleged violations of the second and third prongs (the first and fourth prongs were dismissed).

On April 19, 2024, shortly after the Court's Order on MTD, Plaintiffs filed their First Amended Consolidated Class Action Complaint ("First Amended Complaint"). Dkt. 142. The First Amended Complaint repled the claims under the Washington Privacy Act, New York Deceptive Practices Act, and California Consumer Legal Remedies Act.[4] The First Amended Complaint also added allegations supporting the fourth prong of Plaintiffs' CIPA section 631 claim.

Meta moved to dismiss the First Amended Complaint on May 24, 2024. Dkt. 145. In its Order on Motion to Dismiss (Dkt. 153), entered on August 6, 2024, the Court dismissed Plaintiffs' replead claims under the Washington Privacy Act, New York Deceptive Practices Act, and California Consumers Legal Remedies Act. *See* Dkt. 153.

The parties began propounding discovery requests in January of 2023 and discovery has been ongoing. Thus far, Plaintiffs have served on Meta six sets of Requests for Production, two sets of Interrogatories, and one set of Requests for Admission. Meta has partially responded to Plaintiffs' discovery requests and made certain document productions but is far from completing its obligations with respect to the already served discovery. Through discovery Plaintiffs uncovered evidence supporting the amendment Plaintiffs now seek in this motion. Plaintiffs anticipate finding additional important evidence as discovery continues to progress and more document productions are made by Meta.

---

[4] Plaintiffs did not replead the dismissed claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, Illinois Uniform Deceptive Trade Practices Act, and California Penal Code § 496. *See* Dkt. 142.

# ARGUMENT

## I. LEGAL STANDARD

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has stated that 'this mandate is to be heeded.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Rule 15(a) places leave to amend within the sound discretion of the trial court. In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Entangled Media, LLC v. Dropbox Inc.*, Case No. 23-cv-03264-PCP, 2025 WL 315305, at *3 (N.D. Cal. Jan. 27, 2025). The Ninth Circuit has emphasized that "[t]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F. 3d 708, 712 (9th Cir. 2001); *see also Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 803 (N.D. Cal. 2024) ("Courts in this Circuit apply Rule 15 'with extreme liberality.'") (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)).

"The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *Meaux v. Nw. Airlines, Inc.*, No. C 05-3733 CW, 2006 WL 8459606, at *1 (N.D. Cal. July 17, 2006) (citations omitted). "As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). "Absent prejudice, or a strong showing of any of the remaining … factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis in original) (citations omitted). As the "non-moving party[,]" Meta "bears the burden of demonstrating why leave to amend should not be granted." *Clayborne v. Chevron Corp.*, Case No. 19-cv-07624-JSW, 2020 WL 11563087, at *1 (N.D. Cal. Dec. 2, 2020) (citations omitted).

## II. ALL FOUR FACTORS SUPPORT GRANTING PLAINTIFFS LEAVE TO AMEND

Here, Meta cannot meet its burden as to any of the four factors, particularly considering Plaintiffs are largely conforming the complaint to evidence found in discovery, the amendment does not require an extension of case deadlines, will require little or no additional discovery, and because the crux of the case remains the same. The new allegations, based on just some of the discovery and investigation obtained to date, provide additional corroboration about how:

- ✓ Meta obtained literally dozens of data points from website visitors every time they used a subject tax-filing website, including confidential tax-filing information;
- ✓ Meta employees have been raising the alarm for years about the steady stream of sensitive information being funneled into Meta's system, but the company made a profit-driven decision to do nothing;
- ✓ Meta systematically uses event data from websites for a wide variety of internal purposes.

Most importantly, Meta will not be prejudiced by allowing Plaintiffs' amendment.

### A. Permitting Plaintiffs' Amendment Will Not Prejudice Meta

Meta will not be prejudiced by Plaintiffs' amendment because the core of the case remains the same and the proposed new CIPA claim and factual allegations will not substantially impact discovery, which remains ongoing, or affect any case deadlines. "'The Ninth Circuit considers prejudice to the opposing party as the most important factor in the Rule 15 analysis.'" *Entangled Media*, 2025 WL 315305, at *4 (quoting *Ecojet, Inc. v. Luraco, Inc.*, No. SACV 16-00487-AG-KES, 2017 WL 6939158, at *3 (C.D. Cal. Mar. 22, 2017)). Undue prejudice refers to "'substantial prejudice or substantial negative effect' on the opposing party." *Entangled Media*, 2025 WL 315305, at *4 (quoting *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003)). "The party opposing amendment must show 'substantial' prejudice to overcome Rule 15(a)'s liberal amendment policy... Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving

party itself constitutes a sufficient showing of prejudice." *Bowen v. Target Corp.*, No. CV162587JGBMRWX, 2019 WL 9240985, at *4 (C.D. Cal. Nov. 12, 2019) (internal quotations omitted); *see also Srigley*, 748 F. Supp. 3d at 804 (even "unreasonable delay with an improper motive is insufficient to deny leave to amend absent a showing of prejudice.") (citations omitted).

Plaintiffs' proposed amendment does not require the reopening of discovery (discovery is ongoing) or significantly expand the scope of discovery and does not impose any unfair litigation burden on Meta. Rather, the amendment seeks to conform the complaint to evidence already obtained through discovery. Plaintiffs' proposed amendment will not cause any delays in the litigation, or force extensions of case deadlines. No depositions of either party have occurred yet.

Plaintiffs do not seek to extend any case deadlines and do not anticipate significant additional discovery based on this amendment (if any at all). There is no prejudice when "[d]iscovery should not be substantially impacted." *Aguilar v. Boulder Brands, Inc.*, No. 3:12–cv–01862–BTM–BGS, 2014 WL 4352169, at *5 (S.D. Cal. Sept. 2, 2014).

Moreover, should Meta claim it requires additional discovery, it would not be prejudiced because discovery is ongoing.[5] *See Srigley*, 748 F. Supp. 3d at 804-05 (permitting amendment would not prejudice party when fact discovery remained open, giving non-moving party "nearly two months to conduct any necessary additional discovery."). The substantial prejudice factor thus strongly favors allowing Plaintiffs to amend their complaint.

### B. Plaintiffs' Motion is Timely and Not the Product of Undue Delay

Plaintiffs' Motion is timely and is not the product of undue delay, and Meta cannot establish that Plaintiffs have unduly delayed in seeking this amendment. Plaintiffs previously amended their complaint on April 19, 2024, shortly after the Court denied in part and granted in part Meta's motion to dismiss Plaintiffs' Consolidated Complaint. *See* Dkts. 141, 142. At that time, discovery had barely commenced.[6] Although Plaintiffs have engaged in substantial discovery, serving on Meta

---

[5] The Court has not yet set a deadline for fact discovery which remains ongoing.

[6] Since then, Meta has partially responded to discovery and made certain document productions but

six sets of Requests for Production, two sets of Interrogatories, and one set of Requests for Admission, Plaintiffs continue to pursue more complete responses from Meta and many responsive documents remain outstanding. Plaintiffs' proposed amendment was triggered in part by class member Hive data produced in March, and by an analysis of internal documents Meta produced. Accordingly, Plaintiffs have timely moved to add the section 638.51 CIPA claim and conform the complaint to evidence Plaintiffs largely uncovered in discovery to date. Moreover, there is no undue delay because discovery is ongoing. *See Abels v. JBC Legal Grp.*, P.C., 229 F.R.D. 152, 156 (N.D. Cal. 2005) (finding no undue delay because case "still at the discovery stage" and over a month remained until discovery deadline).

### C.  Plaintiffs' Motion is Not Sought in Bad Faith

Plaintiffs also do not seek this amendment in bad faith. "Bad faith has been construed by the Ninth Circuit as an amendment sought with wrongful motive or a plaintiff merely … seeking to prolong the litigation by adding new but baseless legal theories." *Bowen v. Target Corp.*, Case No. CV 16-2587 JGB (MRWx), 2019 WL 9240985, at *3 (C.D. Cal. Nov. 12, 2019) (internal quotations omitted). Plaintiffs' new claim and allegations are based on evidence found during discovery. Specifically, evidence produced by Meta in this case, which showed the information collected by Meta's tracking pixel, supports the additional CIPA § 638.51 claim and further supports Plaintiffs' already pending claims. Plaintiffs were diligent in timely seeking this amendment based on the evidence produced in discovery. Furthermore, no case deadlines will need to be changed due to Plaintiffs' proposed amendment.

### D.  Plaintiffs' Proposed Amendments are Not Futile

"A proposed amended claim is futile if it would be immediately subject to dismissal." *Entangled Media*, 2025 WL 315305, at *4 (citing *Nordyke v. King*, 644 F. 3d 776, 788 n.12 (9th Cir. 2011)). "Courts rarely deny a motion for leave to amend for reason of futility." *Fujifilm Corp. v. Motorola Mobility LLC*, Case No. 12–cv–03587–WHO, 2014 WL 2730724, at *5 (N.D. Cal. June

---

is still far from completing its obligations with respect to already served discovery.

1  16, 2014) (internal quotations omitted).  Plaintiffs' CIPA claim under Cal. Penal Code § 638.51 is
2  viable and sufficiently alleged.  Meta cannot establish that Plaintiffs' proposed amendment would
3  be futile.  Thus, this factor also favors permitting Plaintiff leave to amend.

## CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs leave to file their proposed Second Amended Complaint.

Dated: April 1, 2025                           By:  /s/ Neal J. Deckant
                                                    Neal J. Deckant

**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jsmith@bursor.com

**SMITH KRIVOSHEY, P.C**.
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor
Boston, MA 02216
Telephone: 617-377-7404
Email: joel@skclassactions.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
E-mail: lfeldman@4-justice.com
mliskow@4-justice.com
eservice@4-justice.com

**GEORGE FELDMAN MCDONALD, PLLC**
Rebecca A. Peterson (241858)
1650 W 82nd Street, Suite 880
Bloomington, MN 55431

Telephone: (612) 778-9595
Fax: (888) 421-4173
Email: RPeterson@4-Justice.com
eService@4-Justice.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Kate M. Baxter-Kauf (pro hac vice)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (pro hac vice)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
Email: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**

Patrick Yarborough, Esq. (pro hac vice)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (pro hac vice)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiffs*

PLAINTIFFS' RULE 15(a) MOTION TO AMEND
CASE NO. 5:22-CV-07557-PCP

9