GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    212-351-4000
Facsimile:    212-351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    415-393-4622
Facsimile:    415-801-7389

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This Document Relates To:<br><br>All Actions | Case No. 5:22-cv-07557-PCP (VKD)<br><br>**DECLARATION OF DARCY C. HARRIS IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S STATEMENT OF NON-OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date Action Filed: December 1, 2022 |

I, Darcy C. Harris, declare as follows:

1. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in the above-captioned matter. I have personal knowledge of all the facts contained herein and, if called as a witness, I could and would testify competently thereto.

2. On April 2, 2025, plaintiffs filed a Notice of Motion and Motion for Leave to File Second Amended Complaint. *See* Dkt. 164. Plaintiffs did not inform Meta of their intention to file the Motion for Leave to File Second Amended Complaint (the "Motion") or their proposed Second Amended Complaint ("SAC") prior to this filing.

3. Plaintiffs did not serve Meta with an unredacted copy of the proposed SAC on the day the Motion was filed. Meta emailed plaintiffs' counsel the following day, April 3, 2025, requesting the unredacted copy, which plaintiffs' counsel then sent that day.

4. On April 11, 2025, my colleagues held a meet-and-confer with plaintiffs' counsel, during which my colleagues proposed to plaintiffs' counsel that the parties stipulate to a reasonable briefing schedule to efficiently brief the issues implicated by the proposed SAC. Under Meta's proposal, Meta would not oppose plaintiffs' Motion, subject to plaintiffs' agreement to an extension of time for Meta to move to dismiss the new claim included in the proposed SAC.

5. Plaintiffs' counsel declined to engage substantively with Meta's proposal or discuss it on the April 11 meet-and-confer, requesting instead that Meta put the proposal in writing. My colleagues promptly sent Meta's proposal in writing on April 11, 2025.

6. On April 12, 2025, plaintiffs' counsel rejected Meta's proposal without discussion or counterproposal.

7. On April 12 and April 14, 2025, Meta made offers by email to meet and confer regarding whether the parties could come to an agreement on a reasonable briefing schedule, but plaintiffs' counsel did not acknowledge or respond to these email requests.

1  I declare under the penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct. Executed on April 16, 2025, in New York, New York.

                                                                                         /s/ *Darcy C. Harris*
                                                                                         Darcy C. Harris

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

DATED: April 16, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
     Lauren R. Goldman