**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:    (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-07557-PCP (VKD) |
| This Document Relates To:<br>All Actions | **ADMINISTRATIVE MOTION TO FILE DECLARATION AND SEAL THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AFTER DEADLINE**<br><br>Hon. P. Casey Pitts |

Gibson, Dunn & Crutcher LLP

ADMINISTRATIVE MOTION TO FILE DECLARATION AND SEAL THE SECOND AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 5:22-CV-07557-PCP (VKD)

1  Pursuant to Local Rule 7-11 and Federal Rule of Civil Procedure 6(b)(1)(B), Defendant Meta
2  Platforms, Inc. ("Meta"), through counsel, respectfully moves this Court for leave to file a
3  Declaration in Support of Plaintiffs' Administrative Motion to File Under Seal the Second Amended
4  Consolidated Class Action Complaint and Proposed Order after the deadline required by Local Rule
5  79-5(f).

## BACKGROUND

On April 2, 2025, plaintiffs filed a Motion for Leave to File a Second Amended Class Action Complaint and Administrative Motion to File the Second Amended Complaint Under Seal.

On April 16, 2025, Meta filed a Statement of Non-Opposition to plaintiffs' Motion for Leave to File a Second Amended Class Action Complaint.

On April 18, 2025, the Court granted plaintiffs' Motion for Leave to File a Second Amended Consolidated Class Action Complaint and ordered plaintiffs to file the Second Amended Complaint by Monday, April 21, 2025 ("April 18 Order").

On April 18, 2025, plaintiffs filed their Second Amended Complaint and an Administrative Motion to File Documents Under Seal. Pursuant to Local Rule 79-5(f), Meta's deadline to file any statement or declaration in response was April 25, 2025.

On May 1, 2025, the Court ordered plaintiffs to file an unredacted version of the Second Amended Complaint no later than May 2, 2025.

## ARGUMENT

Meta respectfully requests that the Court grant it leave to file a Declaration in Support of Plaintiffs' Administrative Motion to File Under Seal the Second Amended Consolidated Class Action Complaint and Proposed Order after the deadline required by Local Rule 79-5(f). Meta is concurrently filing this declaration, and submits that any neglect from Meta not providing a timely declaration pursuant to Local Rule 79-5(f) is excusable.

To determine excusable neglect, courts weigh the following four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Sibley v. Air & Liquid*

*Sys. Corp.*, No. 20-CV-07697-MMC, 2021 WL 1736812, at *1 (N.D. Cal. May 3, 2021).  "The Ninth Circuit … has found parties requesting relief on the basis of excusable neglect and who had shown the first, second, and fourth factors supported a finding of excusable neglect, were entitled to such relief." *Id.* at *2.  Meta satisfies these factors.

Meta filed a Statement of Non-Opposition in response to plaintiffs' Motion to File the Second Amended Class Action Complaint, pursuant to which plaintiffs had included the proposed Second Amended Complaint and an Administrative Motion to File the Second Amended Complaint Under Seal.  Following the Court's April 18 Order to file the proposed Second Amended Complaint (which included redactions), plaintiffs filed the Second Amended Complaint, including the same sealing to which Meta had previously filed its Statement of Non-Opposition and the same Administrative Motion to File the Second Amended Complaint Under Seal. Due to Meta's previous non-opposition to plaintiffs' Motion to File a Second Amended Consolidated Class Action Complaint, Meta did not appreciate that Local Rule 79-5(f) required it to still file a subsequent declaration for the sealing related to the Second Amended Complaint.  Meta's actions and response to plaintiffs' motions and the Court's April 18 Order were in good faith.

Additionally, there is no prejudice to plaintiffs in this circumstance. The information subject to the sealing is Meta's, not plaintiffs', little time has passed, and this delay did not disrupt any judicial proceedings in this case.

Finally, the length of delay is minimal.  Under Local Rule 79-5(f), Meta's delay is less than one week, and Meta files this motion the same day of the Court's order to plaintiffs.

## CONCLUSION

Based on the foregoing, Meta respectfully requests that the Court accept its late-filed Declaration in Support of Plaintiffs' Administrative Motion to File Under Seal the Second Amended Consolidated Class Action Complaint.

Dated: May 1, 2025                                              */s/ Lauren R. Goldman*
                                                                                Lauren R. Goldman