**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES <br><br> This Document Relates To: <br><br> All Actions | Case No. 5:22-cv-07557-PCP (VKD) <br><br> **DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** <br><br> Hon. P. Casey Pitts |

Gibson, Dunn & Crutcher LLP

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 5:22-CV-07557-PCP (VKD)

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to File Under Seal the Second Amended Consolidated Class Action Complaint ("Second Amended Complaint"). Dkt. No. 172. The redactions in the Second Amended Complaint, *see* Dkt. No. 172 Exhibits A and B, are a narrowly tailored sealing of portions of the Second Amended Complaint and as noted below, Meta proposes additional narrowing. These redactions relate to specific, non-public information in the Second Amended Complaint that contain (i) confidential business information about Meta's proprietary data use and storage systems (including the names and contents of specific tables and fields, how the systems are organized, the types and amount of information Meta receives and stores, the types of information Meta can query from its systems); (ii) discussions of Meta's confidential data use and storage systems; and (iii) information revealing Meta's confidential internal business decision-making processes and analyses.

3. In determining whether to permit documents to be filed under seal, this Court should apply the "good cause" test as the "good cause" standard "will suffice to seal documents produced in discovery" and here plaintiffs include, and seal in the Second Amended Complaint, direct quotations and displays of information obtained during the course of discovery. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The good cause standard's general applicability

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1  to discovery-related motions carries through here because "discovery is largely 'conducted in private
2  as a matter of modern practice,'" and "the public is not presumed to have a right of access to it" and
3  plaintiffs' include these discovery materials in the Second Amended Complaint when the parties are
4  still actively in discovery. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir.
5  2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).  The good cause standard
6  applies here because the sealed information in the Second Amended Complaint comes directly from
7  discovery when the parties have yet to complete the discovery process.

8     4. Nevertheless, Meta would also meet the more stringent "compelling reasons standard"
9  for sealing material that is "more than tangentially related to the merits of the case." *Ctr. for Auto
10 Safety*, 809 F.3d at 1102; *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct.
11 19, 2016). Meta meets the "compelling reasons standard" for sealing material. *Ctr. for Auto Safety*,
12 809 F.3d at 1102. Under this standard, the public's right to inspect and access court records "can be
13 overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins.*
14 *Comp.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Meta is asking to seal only information which provides
15 insight into specific aspects of its proprietary and non-public data use and storage systems and internal
16 business decision-making processes and analyses.  Further, Meta's interest in sealing proprietary,
17 competitively sensitive information or information that bad actors could use to undermine the integrity
18 of Meta's systems and gain improper access to user data overrides any public interest in the specific
19 details Meta seeks to seal. Relevant factors in deciding whether a party's interest in sealing overcomes
20 the public's interest in disclosure include: (1) the amount of material sought to be sealed (*see Algarin*
21 *v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public
22 interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp.*, *LLC*, 747 F. App'x
23 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the material could result in improper use of
24 the material for scandalous or libelous purposes or infringement upon trade secrets" (*Id.*).  Each of
25 these factors supports sealing the material Meta is requesting to seal.  First, Meta seeks to seal only
26 limited portions of the Second Amended Complaint that are necessary to protect Meta's proprietary
27 confidential information. *See Algarin*, 2014 WL 690410, at *3 (permitting sealing because party "only
28 s[ought] to seal a limited amount of information").  Second, sealing of this limited information,

including about the technical aspects of how Meta's data use and storage systems work and Meta's internal business decision-making processes, will not impede the public's understanding of the judicial process as this information is not essential to the public's understanding of the merits of this dispute or this case.  Third, disclosure of this information is likely to place Meta at a competitive disadvantage, as Meta's competitors could use this sensitive information for their own gain, and bad actors could use this confidential information to better understand and infiltrate the data Meta stores, including user data.

5.  Sealing is appropriate here for several reasons.  *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023).  Meta asks the Court to seal only those parts of the Second Amended Complaint that reveal proprietary, commercially sensitive, and confidential information about Meta's data use and storage systems and internal decision-making. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Meta is likely to suffer harm if highly confidential information regarding the non-public systems integral to its use and storage of information and internal business decision-making processes. *Third*, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015).  The "compelling reasons" standard is clearly met here because the disclosure of specific information about how and where Meta stores data, what Meta stores and the systems it uses, and how and why Meta makes strategic business decisions is competitively sensitive and/or could empower bad actors to exploit Meta's systems and misuse data stored by Meta.

6.  Competitive harm is likely if Meta's highly confidential information is made public.  As the Supreme Court has recognized, the public's right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.  Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive,

proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into how Meta's systems are designed and operate and Meta's internal strategic business considerations, giving competitors the ability to "duplicate features of" Meta's systems and technical infrastructure "which could cause competitive harm." *In re Google Inc. Gmail Litig.,* 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates"); *see Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (compelling reasons to seal portions of information referencing Google's internal strategic decisions, policies, and processes related to detecting and responding to advertising fraud on its platforms). In addition, absent redactions, unsealing the Second Amended Complaint likely would cause Meta harm because it would reveal information bad actors could then use to access or gain insight into the data Meta receives and stores. Meta has an interest in maintaining confidentiality over information related to its data storage systems and takes care to protect the confidentiality of its proprietary information and data it receives and stores. Divulging details about Meta's systems would undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or better understand the data Meta stores (including data related to users), in violation of Meta's policies. Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access. *See Clark v. InComm Fin. Servs., Inc.*, 2024 WL 1600631, at *3 (C.D. Cal. Mar. 13, 2024) (sealing under compelling interest standard "descriptions of the information and processes required to conduct searches of transactions and users on Defendant's internal systems" because "public disclosure of this information could impede Defendant's ability to combat future fraud"); *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1-2 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal video game company's anti-cheating efforts and attendant data because disclosure risked hindering "ability to identify and combat future fraud").

7.  Courts routinely protect the type of information that Meta seeks to seal here. For example, in *Bottoms v. Block, Inc.*, the court found that the compelling interests warranted sealing of specific fields in Block's database. *See* No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block database

1  used to store information related to the Cash App Invite Friends program, and the confidential names
2  and descriptions of certain fields of data stored in the database"). *See also Phillips ex rel. Estates of*
3  *Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial
4  information" was entitled to protection from disclosure); *Calhoun v. Google LLC*, No. 20-CV-05146-
5  YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references
6  to "sensitive features of Google's internal systems and operations, including the various types of data
7  sources which include information related to Google's data logs, internal data structures, internal
8  identifiers and their proprietary functions"); *Ojmar US, LLC,* 2016 WL 6091543, at *2 (noting
9  protections afforded by courts within the Ninth Circuit are broad and extend to "confidential
10 information regarding [a defendant's] products, services, and business practices"). Meta agrees with
11 the narrowly tailored redactions proposed in Dkt. No. 172 Exhibits A and B, and proposes additional
12 narrowing, that would keep only its most sensitive, non-public material sealed and as detailed below:

| DOCUMENT | PORTION TO BE SEALED |
|---|---|
| Exhibit A ("Clean" Second Amended Consolidated Class Action Complaint). | Page 10, line 23 through page 11, line 14. Page 13, line 14 through page 14, line 28. Page 19, line 2 through page 20, line 2. Page 26, line 11 through page 26, line 18. |
| Exhibit B ("Redlined" Second Amended Consolidated Class Action Complaint). | Page 10, line 23 through page 11, line 14. Page 13, line 14 through page 14, line 28. Page 19, line 2 through page 20, line 2. Page 26, line 11 through page 26, line 18. |

8.   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of May 2025 in New York, New York.

*/s/ Lauren R. Goldman*
Lauren R. Goldman