| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>Neal Deckant (State Bar No. 322946)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>E-mail: ndeckant@bursor.com<br><br>*Attorneys for Plaintiffs* | **GIBSON, DUNN & CRUTCHER LLP**<br>Lauren R. Goldman (pro hac vice)<br>lgoldman@gibsondunn.com<br>Darcy C. Harris (pro hac vice)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br><br>*Attorneys for Defendant Meta Platforms, Inc.* |

*Additional Attorneys on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL TAX FILINGS CASES<br><br>This document relates to:<br><br>All actions | Master File No. 5:22-cv-07557-PCP (VKD)<br><br>**STIPULATED ADDENDUM TO ESI PROTOCOL AND [PROPOSED] ORDER**<br><br>Action Filed: December 1, 2022<br><br>Re: Dkt. No. 177 |

Pursuant to Civil Local Rule 7-12, Plaintiffs and Defendant Meta Platforms, Inc. (together, "the Parties") by and through their respective counsel of record, respectfully submit this stipulated addendum to the Stipulated Order re: Discovery of Electronically Stored Information ("ESI Protocol") (Dkt. 93) and [Proposed] Order.

WHEREAS, on May 25, 2023, the Court entered a Discovery Scheduling Order (Dkt. 83) directing the Parties to meet and confer about "the form and content of their privilege logs sufficiently in advance of the deadline for the exchange of first interim privilege logs so that any disputes about the form and content of the log can be resolved before the deadline;"

WHEREAS, the Discovery Scheduling Order set deadlines for the Parties' privilege logs as follows based on the fact discovery cutoff date:

- Parties exchange first interim privilege logs: 90 days before second exchange
- Parties exchange second interim privilege logs: 60 days before final exchange
- Parties substantially complete document production: 90 days before fact discovery cut off
- Parties exchange final privilege logs: 40 days before fact discovery cut off

WHEREAS, the Court has not yet set a deadline for fact discovery;

WHEREAS, on June 5, 2023, the Parties submitted the ESI Protocol for the Court's approval (Dkt. 92), which the Court entered on June 6, 2023 (Dkt. 93);

WHEREAS, the ESI Protocol requires the Parties to "discuss the format of privilege logs" (*Id.* at 6);

WHEREAS, the ESI Protocol further requires the Parties to:

> negotiate interim and final deadlines for the production of privilege logs that permit any disputes about claims of privilege or work product protection to be addressed in advance of the close of fact discovery. If the parties are unable to agree on specific dates for interim and final deadlines

for the production of privilege logs, the Parties may ask the Court to resolve the dispute.

(*Id.* at 6);

WHEREAS, the Parties have now agreed on the format and content of their privilege logs, as well as amended deadlines for the production of interim and final privilege logs. Therefore, the Parties now wish to submit a stipulated addendum to the ESI Protocol pursuant to Section 9 of the ESI Protocol (*see id.* at 6);

NOW THEREFORE, IT IS HEREBY STIPULATED, subject to the Court's approval, that the following provisions will be added to the ESI Protocol to govern the required form and content of the Parties' privilege logs as well as the deadlines for production of the privilege logs. The Parties incorporate by reference all terms as defined in the ESI Protocol.

**Section 8(d) Format and Contents of Privilege Log**

i. **General.** Subject to the limitations specified in Sections 8(a) and 8(b), documents that a Party withholds, entirely or in part by redaction, on the basis of the attorney-client privilege, the work product doctrine, or similar doctrines shall be logged on a privilege log on a document-by-document basis.

ii. **Initial and Subsequent Privilege Logs.** The Parties will serve privilege logs consistent with the schedule and provisions outlined in this Addendum. Each supplemental privilege log will log all documents withheld (entirely or in part) from the serving party's document productions completed more than 30 days before the privilege log deadline that have not been included on any prior privilege log (so that each privilege log supplements all previously served privilege logs but does not include entries from any previously served log(s)).

iii. **Contents of Privilege Log Entries.** Consistent with Federal Rule of Civil Procedure 26(b)(5), the following information should be provided (as applicable) in the privilege log for each document: (1) Bates-number range, or if no Bates-number range, a unique document identification number range, such that the Producing Party provides the number of pages in the withheld or redacted document; (2) document type; (3) family relationship; (4) document date; (5) all senders and recipients, including copyees and blind copyees, with attorneys and their staff denoted by an asterisk (*) on the log; (6) all custodians known to have been furnished the document; (7) privilege(s) or protection(s) claimed; and (8) description of the withheld Document or electronically stored information that is sufficiently detailed and informative to justify the privilege or protection claimed.

iv. **Email Strings.** The Producing Party must separately log every email in a thread, where such email is included within an email thread withheld in full based on a claim of privilege or other protection. If the Producing Party is withholding any part of an email thread based on a claim of privilege or other protection, that party must produce all parts of the thread that are not privileged. For the avoidance of doubt, the Producing Party must individually and separately log each email within an email thread only if it is fully withheld, and must individually and separately log each document produced with redactions.

**Section 8(e) Deadlines to Serve Privilege Logs**

The Parties will serve initial privilege logs within 30 days of the Court's entry of this Stipulated Addendum to ESI Protocol. The Parties will serve subsequent supplemental privilege logs every 90 days thereafter. The Parties will exchange final privilege logs at least 40 days before any fact discovery cutoff entered by the Court consistent with the Court's Discovery Scheduling Order (Dkt. 83).

The parties may serve privilege logs on a rolling basis in addition to those deadlines ordered by the Court.

If a Party makes a supplemental document production from which documents are withheld (entirely or in part) on the basis of the attorney-client privilege, the work product doctrine, or similar doctrines after that Party has served its final privilege log, that Party will serve a supplemental privilege log within 30 days of its supplemental production.

**Section 8(f) Challenges to Privilege Log Entries**

i. **Challenging a Privilege Log Entry.** If a Receiving Party believes that one or more items in a Producing Party's privilege log should be produced, then the Receiving Party shall raise the issue in writing as to each log entry or category of log entries with the Producing Party with reasonably sufficient detail so that the Producing Party may understand the Receiving Party's position.

ii. **Responding to a Challenge.** The Producing Party shall then respond to the challenge in writing within 10 business days unless otherwise agreed by the Parties or ordered by the Court, and must either state that the Producing Party will produce the document in full or explain the grounds for disagreement with the challenge. If the Producing Party disagrees with the challenge, it must explain the basis for its designation with reasonably sufficient detail so that the Receiving Party understands its position.

iii. **Resolving Disputes.** If the Producing Party's written response does not satisfy the Receiving Party, the Parties shall meet and confer within five business days after the Producing Party's response to try to reach a mutually agreeable solution. If the Parties are unable to resolve their disputes, the Parties must file a joint discovery dispute letter (using the joint letter format and procedures specified in Section 4 of Judge Virginia K. DeMarchi's Standing

Order for Civil Cases) within five court days of a meet and confer, unless the Parties mutually agree to a different schedule. If the challenge(s) involve multiple issues, the Parties will meet and confer to propose a reasonable briefing schedule.

**Section 8(g) 502(d) Clawback Order**

The Parties agree that this Addendum and the procedures set forth herein regarding challenging privilege assertions do not override the provisions of the 502(d) Clawback Order agreed to by the Parties and entered by the Court. *See* Dkt. 65.

Dated: May 6, 2025

By: */s/ Michael Liskow*
Michael Liskow

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
E-mail: lfeldman@4-justice.com
mliskow@4-justice.com
eservice@4-justice.com

**GEORGE FELDMAN MCDONALD, PLLC**
Rebecca A. Peterson (241858)
1650 W 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
Fax: (888) 421-4173
Email: RPeterson@4-Justice.com
eService@4-Justice.com

**SMITH KRIVOSHEY, P.C**.
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor
Boston, MA 02216
Telephone: 617-377-7404
Email: joel@skclassactions.com

**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jsmith@bursor.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Kate M. Baxter-Kauf (pro hac vice)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (pro hac vice)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
Email: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**

Patrick Yarborough, Esq. (pro hac vice)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (pro hac vice)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| 1 | Dated: May 6, 2025 | **GIBSON, DUNN & CRUTCHER LLP** |
| 2 | | By: <u>*Lauren R. Goodman*</u> |
| 3 | |     Lauren R. Goodman |

LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Meta Platforms, Inc.*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: May 6, 2025                    By: */s/ Michael Liskow*
                                           Michael Liskow

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May 7, 2025

~~Hon. P. Casey Pitts~~
~~U.S. District Judge~~

Virginia K. DeMarchi
United States Magistrate Judge

STIPULATED ADDENDUM TO ESI PROTOCOL
CASE NO. 5:22-CV-07557-PCP