UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 22-cv-07557-PCP <br><br> **ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTION** <br><br> Re: Dkt. No. 175 |

The federal courts have long "recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Defendant Meta nonetheless asks the Court to seal portions of plaintiffs' second amended consolidated class complaint under Civil Local Rule 79-5. Because the public has a right to access all of the material Meta seeks to seal, the Court grants Meta's administrative motion but denies the underlying motion to seal.

**Procedural History**

On April 2, 2025, plaintiffs moved for leave to file a second amended consolidated class complaint. Because their complaint included material that Meta produced in discovery and designated as confidential, plaintiffs filed their motion under provisional seal with a corresponding administrative motion to file under seal. Plaintiffs took no position on the appropriateness of sealing. Pursuant to Civil Local Rule 79-5(f), the burden then shifted to Meta, the designating party, to "file a statement and/or declaration" "[w]ithin 7 days of the [plaintiffs'] motion[,]" explaining why the material should remain under seal.

On April 16, 2025, Meta filed a statement of non-opposition to plaintiffs' underlying

1 motion to amend their class complaint. Meta did not file any response to plaintiffs' sealing motion.

2 On April 18, 2025, the Court granted plaintiffs' motion to amend and ordered filing of the second

3 amended class complaint.

4 On April 18, 2025, plaintiffs filed their second amended class complaint. Plaintiffs again

5 filed the complaint under provisional seal with the same corresponding administrative motion to

6 file under seal. Once again, the burden shifted to Meta to file a statement explaining the basis for

7 continued sealing within seven days. *See* Civ. L.R. 79-5(f). Once again, Meta did not do so.

8 On May 1, 2025, because Meta had "not responded to [plaintiffs' sealing] motion," the

9 Court ordered plaintiffs to file an unredacted complaint by May 2, 2025. Dkt. No. 174. Later that

10 evening, Meta filed an administrative motion for leave to file a declaration in support of sealing

11 certain portions of the second amended class complaint.

**Analysis**

13 The Civil Local Rules provide that "[a] failure to file a statement or declaration [within

14 seven days] may result in the unsealing of the provisionally sealed document without further

15 notice to the Designating party." Civ. L. R. 79-5(f)(3). Meta twice failed to timely respond

16 plaintiffs' sealing motion and this lapse is sufficient on its own to justify denying its sealing

17 request. Nevertheless, the Court finds it appropriate to address Meta's request on the merits. The

18 Court therefore grants Meta's administrative motion (Dkt. No. 175).

19 The Northern District of California's Civil Local Rules recognize that the "public has a

20 right of access to the Court's files." Civ. L. R. 79-5(a). There is a "strong presumption in favor of

21 access" to court records. *Kamakana*, 447 F.3d at 1178.

22 The Ninth Circuit has established two different standards for determining whether to seal

23 material depending on the nature of the material and the type of document in which it is included.

24 Most sealing requests must be supported by "compelling reasons," but an alternative "good cause"

25 standard applies to "materials attached to a discovery motion unrelated to the merits of a case." *see*

26 *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016).

27 Citing *Kamakana*, Meta suggests that the "good cause" standard applies here because it

28 requests sealing of "documents produced in discovery." 447 F.3d at 1180. But the quoted portion

2

1   of *Kamakana* addresses only the showing necessary for a district court to issue a Rule 26(c)
2   protective order. That "good cause" standard no longer applies if a party files documents
3   originally produced under a Rule 26(c) protective order in connection with a dispositive motion.
4   *Id.* At that time, the documents become "judicial records … [to which] the public is entitled to
5   access by default" and that can generally be sealed only for compelling reasons. *Id.* (citing *Nixon*,
6   435 U.S. at 597). The pertinent question is not whether the material was produced in discovery,
7   but whether the material sought to be sealed relates "to [a] dispositive [matter]" or is instead
8   "attached to [a] non-dispositive motion." *Id.*

9   Distinguishing between dispositive and non-dispositive matters does not involve a
10  "mechanical classification[.]" *Ctr. for Auto Safety*, 809 F.3d at 1099. Rather, "public access will
11  turn on whether the motion is more than tangentially related to the merits of a case." *Id.* at 1102. It
12  is hard to imagine a single document that could be more central to the merits of a party's claims
13  than the complaint itself. The compelling reasons standard therefore applies. *See, e.g.*, *Ojmar US,*
14  *LLC v. Security People, Inc.*, No. 16-cv-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19,
15  2016); *Apple Inc. v. Rivos, Inc.*, No. 22-cv-026378-PCP, 2024 WL 748394, at *2 (referring to a
16  complaint as a "pleading central to the merits"); *In re Yahoo! Inc. Customer Data Sec. Breach*
17  *Litig.*, 16-MD-02752-LHK, 2018 WL 9651897, at *2 (N.D. Cal. Jan. 3, 2018) (collecting cases).

18  Under that standard, a party that wishes to seal a court record "must articulate compelling
19  reasons supported by specific factual findings … that outweigh the general history of access and
20  the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (cleaned up). Sealing
21  may be justified when "court files … become a vehicle for improper purposes, such as … to
22  gratify private spite, promote public scandal, circulate libelous statements, or release trade
23  secrets." *Id.* at 1179. But without more, the "fact that the production of records may lead to a
24  litigant's embarrassment, incrimination, or exposure to further litigation" does not compel sealing.
25  *Id.* "Under this stringent standard," the Court must "conscientiously balance the competing
26  interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for*
27  *Auto Safety*, 809 F.3d at 1096–97.

28  Meta provides three reasons why it believes sealing is appropriate, but none have merit.

First, Meta notes that its request is narrowly tailored to seek the sealing of only a limited portion of the complaint. While this is an important requirement of any sealing request, *see* Civ. L. R. 79-5(c), it is not in and of itself a basis for sealing any court records.

Second, Meta argues that the Supreme Court has recognized the propriety of sealing records that could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.[1] Even if competitive standing could justify sealing in some circumstances, Meta's declaration includes only vague references to competitive harms that provide the Court with an inadequate explanation of how public dissemination of the specific material it seeks to seal would harm its competitive standing.

Some of the material Meta seeks to seal relates to Meta's acknowledgement that it received certain kinds of data about its users from the TaxAct and H&R Block websites, such as zip codes, phone numbers, and tax-related information like users' federal refund amounts. Meta neither explains how public access to this specific information would harm its competitive standing nor provides any "evidentiary support" to buttress its claims of harm. Civ. L.R. 79-5(c).

The provisionally sealed material also includes internal statements by Meta employees expressing concern that Meta lacks control of user data and struggles to comply with privacy laws. These practices offer no obvious competitive advantage, making it doubtful that Meta's competitors would seek to emulate them. Although Meta may not want these internal statements to become public, that desire does not suggest any competitive harm will result from their disclosure. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

Third, Meta expresses concern that "bad actors" may compromise its network infrastructure to exploit its systems and misuse its data. Again, Meta provides little specific detail

---

[1] The Court does not read *Nixon* as explicitly endorsing a "competitive standing" rationale for sealing in federal court. Rather, *Nixon* cited that rationale solely as one example of *state* courts' recognition that the common law "right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S, at 598 (citing *Schmedding v. May*, 85 Mich. 1, 5-6 (1891); *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J. Ch. 1945)).

regarding the manner in which public dissemination of plaintiffs' allegations could empower these bad actors. While Meta undoubtedly has an interest in keeping its "data storage systems" confidential in order to prevent "third parties [from] circumvent[ing] Meta's security measures," the materials Meta seeks to seal do not divulge any actual details about Meta's system infrastructure or security policies. Instead, the material relates to the categories of user data Meta allegedly collects from various tax websites, internal Meta communications, and the name of a team within Meta. Meta has not demonstrated how revealing this information rationally exposes it to security threats.

Applying the "compelling reasons" standard ultimately involves an interest balancing exercise in which courts weigh "the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1096–97. Meta has acknowledged none of the public interests weighing against its request. The public—and Meta users in particular, many of whom likely fall within the putative class in this case—have a strong interest in accessing records that purport to show how Meta collects, analyzes, and manages user data, including tax data, and learning that Meta employees have raised concerns about Meta's data management practices internally.

In short, Meta has not provided compelling reasons that justify sealing any portion the second amended consolidated class complaint. The Court therefore orders the document unsealed in its entirety. Plaintiffs shall file an unredacted version of their second amended consolidated class complaint on the public docket by no later than Monday, May 12, 2025.

**IT IS SO ORDERED.**

Dated: May 9, 2025

P. Casey Pitts
United States District Judge

5