**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE META PIXEL TAX FILING CASES<br><br>This Document Relates To:<br><br>Case No. 5:22-cv-07557-PCP, All Actions | Case No. 5:22-cv-07557-PCP (VKD)<br><br>**DEFENDANT META PLATFORMS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:  July 31, 2025<br>Time:  10:00 a.m.<br>Courtroom 8, 4th Floor<br><br>Date Action Filed: December 1, 2022<br>Honorable P. Casey Pitts |
|---|---|

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 31, 2025, at 10:00 a.m., before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California, Courtroom 8, San Jose Courthouse, Defendant Meta Platforms, Inc., will, and hereby does, move this Court under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing count III of the second amended consolidated class action complaint with prejudice.

The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

## STATEMENT OF ISSUES TO BE DECIDED

Should count III of the second amended consolidated class action complaint be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim?

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................1

BACKGROUND ..........................................................................................................................2

LEGAL STANDARD ..................................................................................................................3

ARGUMENT ................................................................................................................................3

    I.    Plaintiffs Fail To State A "Pen Register" Claim Under Section 638.51 Of CIPA. ...............................................................................................................................3

        A.    Plaintiffs Fail To Allege That Meta "Installed" Or "Used" A Pen Register. ................................................................................................................4

        B.    Meta's Pixel Is Not A "Pen Register" Because Plaintiffs Allege It Discloses The "Contents" Of Communications. ...........................................5

    II.    Plaintiffs' Pen-Register Claim Should Be Dismissed With Prejudice. ........................8

CONCLUSION .............................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................. 3

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) .................................................................................. 6

*Cervantes v. Countrywide Home Loans, Inc.*,
    656 F.3d 1034 (9th Cir. 2011) .............................................................................................. 8

*Cleveland v. Policy Mgmt. Sys. Corp.*,
    526 U.S. 795 (1999) ............................................................................................................. 8

*Greenley v. Kochava, Inc.*,
    684 F. Supp. 3d 1024 (S.D. Cal. 2023) ................................................................................ 5

*In re Meta Pixel Tax Filing Cases*,
    724 F. Supp. 3d 987 (N.D. Cal. 2024) ......................................................................... 2, 6, 7

*In re Meta Pixel Tax Filing Cases*,
    743 F. Supp. 3d 1118 (N.D. Cal. 2024) ................................................................................ 2

*Mirmalek v. Los Angeles Times Communications LLC*,
    2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) ..................................................................... 5

*Moody v. C2 Educational Systems, Inc.*,
    742 F. Supp. 3d 1072 (C.D. Cal. 2024) ................................................................................ 5

*Segen v Rickey*,
    2008 WL 590505 (N.D. Cal. Feb. 29, 2008) ....................................................................... 8

*Seismic Reservoir 2020, Inc. v. Paulsson*,
    785 F.3d 330 (9th Cir. 2015) ................................................................................................ 3

*Shah v. Fandom, Inc.*,
    754 F. Supp. 3d 924 (N.D. Cal. 2024) .................................................................................. 5

*Silva v. City of Los Gatos*,
    2023 WL 1989771 (9th Cir. Feb. 14, 2023) ......................................................................... 9

*Smith v. Maryland*,
    442 U.S. 735 (1979) ............................................................................................................. 6

*In re Zynga Priv. Litig.*,
    750 F.3d 1098 (9th Cir. 2014) .............................................................................................. 6

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**Statutes**

18 U.S.C. § 2510(8) .................................................................................................................... 6

Cal. Penal Code § 638.50(b) .......................................................................................... 1, 3, 6, 7

Cal. Penal Code § 638.51(a) ....................................................................................................... 3

**Other Authorities**

*Act of Aug. 13, 2015, Hearing on A.B. 929 Before the Comm. on Pub. Safety*, 2015–16
    Regular Sess. (Cal. Assemb. 2015) ..................................................................................... 5, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

For more than two years, plaintiffs have built this case around the theory that Meta Platforms, Inc.'s Pixel—a tool that Meta makes publicly available to website developers, including third-party tax-service providers, to install and use on their websites—collects and transmits to Meta the *contents* of their tax information. But in their most recent amendment to their complaint, plaintiffs now assert that Meta's Pixel is an unauthorized "pen register"—a device that records *only* the addressing or routing information and *not* the contents of communications—in violation of § 638.51 of the California Invasion of Privacy Act ("CIPA"). This Court should dismiss plaintiffs' pen-register CIPA claim for two independent reasons:

*First*, even if the Pixel could be described as a pen register—which it cannot, for the reasons that follow—the statute prohibits only "install[ing] or us[ing] a pen register," and plaintiffs have not alleged that Meta did either of those things. To the contrary: as plaintiffs acknowledge in their complaint, Meta makes its Pixel available to website developers who, in turn, decide whether to install or use it. Creating technology (which Meta did) is not the same as installing or using it (which the tax-preparation services did). That distinction is what separates this case from nearly every § 638.51 case that plaintiffs might cite; in those other cases, courts have allowed a "pen register" claim to proceed because the defendant was a website developer that *installed* and *used* a tracking technology, not the company that developed the technology in the first place.

*Second*, plaintiffs' own allegations make clear that Meta's Pixel is not a "pen register." In outlawing unauthorized pen registers, the California Legislature was careful to create an offense distinct from an unauthorized wiretap. Whereas wiretap laws prohibit snooping on the substance of a conversation, pen-register laws prohibit collecting information about the circumstances *surrounding* the conversation. CIPA defines a pen register as a "device or process" that collects address information, "but not the contents of a communication." Cal. Penal Code § 638.50(b). Plaintiffs' entire theory of this case, on which their other CIPA and federal Wiretap Act claims turn, rests on their allegation that the Pixel *does* collect the contents of their financial information and transmits them to Meta. And while Meta disputes those allegations, this Court has already held that they suffice for plaintiffs to state a

1

claim under CIPA and the Wiretap Act. In making those allegations, plaintiffs have pleaded themselves out of a pen-register claim, which would require alleging inconsistent and contradictory facts that Meta's Pixel now purportedly *does not* collect the contents of their communication.

Lastly, because any amendment to plaintiffs' § 638.51 claim would be futile, this Court should dismiss the claim with prejudice.

## BACKGROUND

The consolidated complaint in this case initially asserted 16 claims against Meta based on third-party tax-service providers' alleged use of the Meta Pixel tool to send information to Meta about plaintiffs' use of the providers' websites. In its order granting in part and denying in part Meta's motion to dismiss, this Court dismissed six claims in full. *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987 (N.D. Cal. 2024). In denying Meta's motion to dismiss plaintiffs' Wiretap Act claim, the Court explained that it "must accept" allegations that the Pixel is "use[d] for surreptitiously intercepting communications." *Id.* at 1010; *see also id.* at 1004.

Plaintiffs amended their complaint to reassert three of the dismissed claims and, in its order granting Meta's second motion to dismiss, this Court again dismissed those claims, this time with prejudice. *In re Meta Pixel Tax Filing Cases*, 743 F. Supp. 3d 1118 (N.D. Cal. 2024).

Now, in their second amended complaint, plaintiffs assert an entirely new claim. They argue that Meta's Pixel technology operates as an unauthorized pen register, in violation of § 638.51 of CIPA. In support of this claim, plaintiffs allege that Meta's Pixel is a "pen register" because "it is a device or process that records or decodes dialing, routing, addressing or signaling information from the electronic communications transmitted to or from subject tax filing websites." Dkt. 180 ¶ 129. Plaintiffs allege that the "pixel identifies website visitors and gathers data about the website visitors based on their website interactions." *Id.* ¶ 130. And they allege that the "pixel collected literally dozens of data points about Plaintiffs[] and class members every time they visited a subject website, including personal information, operating system information, browser information, device type usage, geolocation data, and identifying information." *Id.* ¶ 131. Finally, plaintiffs assert that "Meta was not authorized by any court order to use a pen register to track Plaintiffs' and class members' location data and personal information." *Id.* ¶ 134.

As the Court is aware, Meta's Pixel is a publicly available tool that "website owners can install on their websites to measure certain actions taken by users on their own websites, such as online purchases." *Id.* ¶ 26. Plaintiffs claim the Pixel collects data, including HTTP headers, button-click data, and form-field names. *Id.* ¶ 28. Plaintiffs further allege that, "[i]n May 2017, Meta added new functionality to 'enhance' its tracking abilities by transmitting additional information to Facebook, including 'actions on your page' and additional information about the website structure to better understand the context associated with any actions that are tracked." *Id.* ¶ 29. According to plaintiffs, "[a]s soon as a website user takes any action on a webpage which includes the tracking pixel . . . Meta's source code commands the user's device to re-direct the content of the communication to Meta." *Id.* ¶ 34. And, as plaintiffs further allege, "Meta receives the content of website communications as the website user enters the information but before the website owner receives it." *Id.* ¶ 35.

## LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, the Court must first separate the complaint's legal conclusions—which are disregarded—from its factual allegations. *Iqbal*, 556 U.S. at 678–79. The remaining factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Claims also may be dismissed based on a dispositive issue of law. *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015).

## ARGUMENT

### I. Plaintiffs Fail To State A "Pen Register" Claim Under Section 638.51 Of CIPA.

California Penal Code § 638.51(a) prohibits any person from "install[ing] or us[ing] a pen register or a trap and trace device without first obtaining a court order." The statute defines a "pen register" as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b). Plaintiffs fail to

state a pen-register claim under CIPA for two reasons. First, plaintiffs haven't alleged, as the statute requires, facts showing that Meta installed or used the Pixel. Their own complaint makes clear that the tax-preparation services did that. Second, allegations that Meta's Pixel discloses the "contents" of their communications with tax websites foreclose any argument that the Pixel is a "pen register" under the statute. For either or both of those reasons, this Court should dismiss plaintiffs' § 638.51 claim.

### A. Plaintiffs Fail To Allege That Meta "Installed" Or "Used" A Pen Register.

To violate § 638.51, a defendant must have "install[ed] or use[d]" a pen register. Plaintiffs contend that the Pixel qualifies as a pen register, but nowhere in their complaint do plaintiffs allege that *Meta* installed or used it.

Plaintiffs' allegations directly contradict that theory. The complaint recognizes that Meta makes its Pixel available to website developers, which, in turn, choose whether to install or use it. *See, e.g.*, Dkt. 180 ¶ 25 (alleging that Meta "*offers*" to third parties "a suite" of "Business Tools" including the Pixel); *id.* ¶ 26 (alleging that "*website owners* can install" Meta's Pixel "on their websites to measure certain actions taken by users on their own websites"). The complaint uses some version of the word "install" three times, each time making clear that it is a tax-preparation service, not Meta, that has the ability and choice to do the installing. *Id.* ¶¶ 26, 29, 67. The complaint also repeatedly states that the tax-preparation services configure the Pixel as they wish, choosing what information to send to Meta. The Pixel "can collect" various pieces of information, plaintiffs allege, but what specifically it collects depends on what "[d]evelopers and marketers . . . optionally choose," what they decided to "include," and what they have "chosen to measure on [their] website[s]." *Id.* ¶¶ 28, 32. Plaintiffs have not articulated a clear theory about how *Meta*, as opposed to the tax-preparation services, has "used" the Pixel. Without allegations establishing some "use," plaintiffs cannot state a claim under § 638.51.

That gap in plaintiffs' second amended complaint makes this case very different from the handful of recent cases in which courts have permitted pen-register claims to move forward. Those cases involved website developers that *hosted* tracking software, not entities like Meta that *created* the trackers in the first place. For example:

- In *Moody v. C2 Educational Systems, Inc.*, 742 F. Supp. 3d 1072 (C.D. Cal. 2024), an online tutoring program allegedly "install[ed] software" from TikTok "on [its] Website" "[a]s part of its overall marketing strategy." *Id.* at 1074.

- In *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924 (N.D. Cal. 2024), the plaintiffs "sufficiently allege[d] that [a video-gaming website] installed . . . Trackers on their browsers" by "incorporat[ing] the code of the Trackers into the code of its website." *Id.* at 931.

- And in *Mirmalek v. Los Angeles Times Communications LLC*, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024), the owner of the *L.A. Times* was allegedly responsible for the "installation and use of third-party Trackers" on its website. *Id.* at *5.

In other words, the defendants in those cases were in much the same position as the tax-preparation services here, *not* Meta.

Only one § 638.51 case has involved a defendant that, like Meta, *created* tracking software for use by website operators. But there the defendant did not raise the argument, as Meta does here, that plaintiffs failed to satisfy § 638.51's "install or use" element, and so the court there didn't have occasion to address that question. *See Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023). In short, then, not a single case supports the theory that *creating* something could be the same as *installing* or *using* it.

B. **Meta's Pixel Is Not A "Pen Register" Because Plaintiffs Allege It Discloses The "Contents" Of Communications.**

The federal and state governments have chosen to separately outlaw unauthorized wiretaps and unauthorized pen registers. To ensure that the statutes addressing wiretaps and pen registers create distinct offenses, the California Legislature made clear in § 638.51 that a device can qualify as a pen register if its function is limited to the capture of address information (*e.g.*, a phone number) and not the substance of communications (*e.g.*, what the parties said on the phone). The legislative history confirms that understanding. *See Act of Aug. 13, 2015, Hearing on A.B. 929 Before the Comm. on Pub. Safety*, 2015–16 Regular Sess. at 10 (Cal. Assemb. 2015) (Pen registers "do not record audio or text messages and cannot be used to obtain real-time location data on a cellular telephone."); *see also id.* at

10–11 ("Unlike a wiretap authorization, pen registers . . . do not provide law enforcement with the content of messages which are transmitted."). Because plaintiffs repeatedly allege that the Pixel captures the substance of communications—allegations the Court has held are sufficient to state a claim for wiretapping, *Pixel Tax*, 724 F. Supp. 3d at 1004—it can't also be a pen register.

CIPA defines a "pen register" as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, *but not* the contents of a communication." Cal. Penal Code § 638.50(b) (emphasis added). A "pen register" does *not* include any "device or process" that "records or decodes . . . the *contents of a communication*." *Id.* (emphasis added); *see also Smith v. Maryland*, 442 U.S. 735, 741–742 (1979) (stressing the "limited capabilities" of a pen register and explaining that it does "not acquire the contents of communications"). The term "contents" of a communication refers to the "information concerning the substance, purport, or meaning of that communication." *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020) (applying the federal Wiretap Act's definition of "contents," *see* 18 U.S.C. § 2510(8), to CIPA). In other words, a communication's "contents" means the "intended message conveyed by the communication," but does not include mere "record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). When a person uses a website, the "contents" of their communications with that website include, for instance, "information" that the person enters "into a form provided by the website," but not "identification and address information" that is "automatically generated by the web browser." *Id.* at 1107. Put simply, a pen register catches only how internet users get to particular webpages, not what they see or do there.

Nowhere in their complaint do plaintiffs allege that Meta's Pixel transmits *only* record information, "but not the contents of a communication," as § 638.50(b) requires. To the contrary: their complaint repeatedly asserts that Meta's Pixel *does* transmit the "content" or "contents" of their communications with tax-preparing websites.[1] *See, e.g.*, Dkt. 180 ¶¶ 34, 35, 113, 140, 155. Plaintiffs

---

[1] Plaintiffs make these allegations in support of claims under other sections of CIPA and other laws, but discovery will show that these claims fail, including because Meta does not read or learn the contents of any communications while in transit.

6

Gibson, Dunn & Crutcher LLP

define the class as those "whose tax filing information"—not mere address information—"was obtained by Meta." *Id.* ¶ 92. Plaintiffs everywhere focus on the "specific information they input into the website," *id.* ¶ 36, including "financial information" from the "tax filing websites" that "included form field information and/or information affirmatively provided by the website user to the website," *id.* ¶ 61. From the start of this litigation and now for *over two years*, plaintiffs have relied on and reasserted this theory in each of their complaints, *see* Dkt. 1 ¶¶ 63, 69, 85; Dkt. 71 ¶¶ 36, 62; Dkt. 142 ¶¶ 36, 61, and in opposition to Meta's motion to dismiss, *see* Dkt. 114 at 10–11. Plaintiffs' repeated allegations that Meta's Pixel records or decodes the "contents" of their communications bar them from asserting that the Pixel meets CIPA's definition of a "pen register." *See* Cal. Penal Code § 638.50(b).

The theory that Meta's Pixel collects the contents of plaintiffs' communications is the animating premise of many of plaintiffs' other claims as well. For example, plaintiffs separately bring a § 631(a) claim under CIPA (Count I) and plead that, by using the Pixel, "Meta willfully and without the consent of all the parties to the communications, or in any unauthorized manner, read or attempted to read or learn the *contents or meaning of electronic communications* of Plaintiff and class members." Dkt. 180 ¶ 113 (emphasis added). They also claim Meta violated the Illinois Eavesdropping Statute (Count IV) by allegedly designing the Pixel "to contemporaneously monitor, intercept, collect, record, transmit, and disclose the *contents of private electronic communications* on the tax filing website at issue here." *Id.* ¶ 140 (emphasis added). And plaintiffs plead that Meta violated the Federal Wiretap Act (Count VI) by intentionally intercepting "internet communications that Plaintiff and Class members were sending and receiving while navigating websites" and that these "communications intercepted by Meta included *'contents' of electronic communications* made from Plaintiffs." *Id.* ¶¶ 154–55 (emphasis added). To be clear, Meta did none of those things—but plaintiffs cannot pursue a pen-register claim while simultaneously standing on such allegations.

This Court, moreover, allowed plaintiffs' claims to withstand dismissal based on their allegations that Meta's Pixel intercepted the "contents" of their communications. *See Pixel Tax*, 724 F. Supp. 3d at 1004. This Court found those allegations sufficient to survive a motion to dismiss, and the parties have been litigating those theories for over two years. Plaintiffs cannot have it both ways: They cannot plead a content-centric set of facts to support their various privacy claims against Meta

7

only to plead contradictory facts (*denying* the transmission of contents) to support their § 638.51 claim. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 807 (1999) (rejecting plaintiff's theory that Federal Rule of Civil Procedure 8 permits plaintiffs to plead inconsistent *facts* and providing that courts "should require an explanation of any apparent inconsistency with the necessary elements of [the] claim"); *see also Segen v Rickey*, 2008 WL 590505, at *3–4 (N.D. Cal. Feb. 29, 2008) ("While pleading in the alternative is allowed, Plaintiff cannot plead contradictory facts.").

Meta's position remains that plaintiffs' content-based claims lack merit on multiple independent grounds, including because Meta never "intercepted" or read the contents of plaintiffs' communications while they were in transit. But that is the theory on which plaintiffs have staked their claims. Plaintiffs shouldn't be permitted to upend this litigation with a brand-new theory, particularly without admitting that their prior theory is false.

## II.  Plaintiffs' Pen-Register Claim Should Be Dismissed With Prejudice.

This Court may dismiss a claim with prejudice where "amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Further amendment here would be futile for two reasons.

First, plaintiffs cannot plead that Meta *installed* or *used* a pen register—an essential element of their § 638.51 claim. Meta merely makes available its Pixel to third-party web developers who ultimately decide whether to install and use the technology. *See supra* at 4–5.

Second, plaintiffs' entire theory of their case against Meta rests on the assumption that its Pixel collects and distributes the *contents* of their alleged private communications, which § 638.50—and the federal law on which it was modeled—explicitly recognizes a pen register cannot do. *See supra* at 5–8. In fact, when plaintiffs sought leave to amend their complaint to add the pen-register claim, they repeatedly asserted that "the core of the case remains the same," Dkt. 164 at 5; *see also id.* at 1, and argued, as a result, Meta would not be prejudiced by any amendment, *see id.* at 5. They described that core theory as "Meta's unlawful collection of *private and sensitive financial and tax information* of individuals who used online tax preparation providers," and asserted that "the putative class members had *their tax-filing information* transmitted to Meta via Meta's tracking pixel." *Id.* at 1 (emphasis added). To allege that Meta's Pixel is a pen register that does *not* collect the contents of plaintiffs'

communications would thus require them to reject the "core" allegation that they have relied on to litigate this case for over two years now.

Because no amendment to the complaint could save plaintiffs' claim, the Court should dismiss it without leave to amend. *See Silva v. City of Los Gatos*, 2023 WL 1989771, at *2 (9th Cir. Feb. 14, 2023) (dismissing claim with prejudice where plaintiffs' allegations negated element of the claim).

## CONCLUSION

The Court should dismiss count III of the second amended consolidated class action complaint with prejudice.

DATED: May 19, 2025                    **GIBSON, DUNN & CRUTCHER LLP**

                                       By: */s/ Lauren R. Goldman*
                                             Lauren R. Goldman