AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

Exhibit 1

for the

Northern District of California

| | | |
|---|---|---|
| In re Meta Pixel Tax Filing Cases | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:22-cv-07557-SI |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  DAC Group/NEW YORK, INC. c/o Its Registered Agent:
C T Corporation System, 28 LIBERTY ST., NEW YORK, NY, 10005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A.

| Place:                                                                                  | Date and Time:        |
|-----------------------------------------------------------------------------------------|-----------------------|
| George Feldman McDonald, PLLC, 745 Fifth Ave., Ste. 500, New York, NY 10151, mliskow@4-justice.com | 06/30/2025 10:02 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|--------|----------------|
|        |                |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/01/2025

|                    *CLERK OF COURT*                    | OR |                                            |
|--------------------------------------------------------|----|--------------------------------------------|
|                                                        |    | /s/ Michael Liskow                         |
| *Signature of Clerk or Deputy Clerk*                   |    | *Attorney's signature*                     |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kayla Housman and all other Plaintiffs in the Meta Pixel Tax Filing Cases , who issues or requests this subpoena, are:

Michael Liskow, 745 Fifth Ave., Suite 500, New York, NY 10151, mliskow@4-justice.com, (718) 878-6433

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:22-cv-07557-SI

**Exhibit 1**

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                      *Server's signature*

                                         _____
                                                      *Printed name and title*

                                         _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**Exhibit 1**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**                           Exhibit 1

<u>APPLICABLE TIME PERIOD</u>

Unless otherwise specified, the applicable time period on which this subpoena requests examination and production of documents is from the commencement of YOUR relationship with TAXSLAYER through the present.

<u>DEFINITIONS</u>

1.      The term "COMMUNICATION" whether stated in the singular or plural, means any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind.

2.      The terms "CONCERNING," and all derivatives thereof, means about, addressing, alluding to, analyzing, commenting upon, comprising, in connection with, considering, constituting, containing, defining, describing, determining, disclosing, discussing, embodying, evaluating, evidencing, examining, explaining, in respect of, memorializing, mentioning, noting, pertaining to, recording, referring to, relating to, reflecting, regarding, relevant to, respecting, responding to, setting forth, showing, stating, studying, summarizing, supporting, or touching upon, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

3.      The term "DAC" means the DAC Group with offices in New York State, among others, as well as its predecessors, successors, parents, subsidiaries, divisions, or affiliates (foreign or domestic), and respective current and former officers, directors, agents, attorneys, accountants,

1

Exhibit 1

employees, partners, or other PERSONS occupying similar positions or performing similar functions, and all other PERSONS acting or purporting to act on its behalf.

4.      The term "DOCUMENTS" is intended to have the broadest meaning permitted, and includes, without limitation all written, typed, electronically recorded or other graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies, preliminary versions or revisions of documents, whether or not completed and drafts and both sides thereof, in any medium whatsoever, including: letters, correspondence, electronic mail, papers, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, studies, bills, billings, invoices, financial statements, financial analyses, worksheets, jottings, projections, notes, abstracts, advertisements, drawings, audits, charges, balance sheets, income statements, checks, diagrams, blueprints, diaries, calendars, logs, recordings, instructions, lists, minutes of meetings, orders, resolutions, telegrams, wires, cables, telexes, faxes, messages, resumes, summaries, tabulations, tallies, statistical analyses, tape recordings, videotapes, and all other writing or tangible things on which any information is recorded or reproduced, and any and all amendments or supplements to all the foregoing, whether prepared by a party or any other PERSON.

5.      The term "META" means defendant Meta Platforms, Inc., formerly known as Facebook, Inc.

6.      The term "META PIXEL" shall be construed to include the "Facebook Pixel."

7.      The term "PERSON" or "PERSONS" includes any natural individual, firm, association, organization, partnership, limited partnership, sole partnership, trust, corporation, or legal or government entity, association, or body.

Exhibit 1

8.      The term "PERSONAL INFORMATION" means information that identifies, relates to, describes, is capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular PERSON.  It includes references that can create a profile about a PERSON reflecting the PERSON's preferences, characteristics, psychological trends, predispositions, behaviors, attitudes, intelligence, abilities, or aptitudes, as well as financial and/or tax information regarding the PERSON or the PERSON's family and/or other dependents.

9.      The term "POLICY" or "POLICIES" means any rule, procedure, practice, or course of conduct, whether formal or informal, written, or unwritten, recorded or unrecorded, that was recognized or followed, explicitly or implicitly.

10.     The term "TAXSLAYER" means TaxSlayer LLC, as well as its predecessors, successors, parents, subsidiaries, divisions, or affiliates (foreign or domestic), and respective current and former officers, directors, agents, attorneys, accountants, employees, partners, or other PERSONS occupying similar positions or performing similar functions, and all other PERSONS acting or purporting to act on its behalf.

11.     The terms "YOU" or "YOUR" refer to the PERSON to whom this request is directed, DAC, as well as its predecessors, successors, parents, subsidiaries, divisions, or affiliates (foreign or domestic), and its respective current and former officers, directors, agents, attorneys, accountants, employees, partners, or other PERSONS occupying similar positions or performing similar functions, and all other PERSONS acting or purporting to act on its behalf.

GENERAL INSTRUCTIONS

1.      All DOCUMENTS shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

3

Exhibit 1

2.      These requests relate to all DOCUMENTS which are in YOUR possession, custody, or control, or in the possession, custody, or control of YOUR predecessors, successors, parents, subsidiaries, divisions or affiliates, or YOUR respective officers, directors, agents, attorneys, accountants, employees, partners, or other PERSONS occupying similar positions or performing similar functions.  A DOCUMENT is deemed to be in YOUR possession, custody, or control if it is in YOUR physical custody, or if it is in the physical custody of any other PERSON and YOU (a) own such DOCUMENT in whole or in part, (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such DOCUMENT on any terms, (c) have an understanding, express or implied, that YOU may use, inspect, examine, or copy such DOCUMENT on any terms, or (d) have, as a practical matter, been able to use, inspect, examine, or copy such DOCUMENT when YOU sought to do so.

3.      YOU shall produce the original of each DOCUMENT described below or, if the original is not in YOUR custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

4.      The technical specifications governing the form in which documents should be produced by YOU is set forth in Appendix A to the Stipulated Order Re: Discovery of Electronically Stored Information entered in this action, *see* ECF No. 93, which has also been appended to this document as Appendix A.  If any document warrants a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents.

5.      If production of DOCUMENTS is withheld on the ground of privilege, as to each such withheld DOCUMENT, YOU shall state the following information:

        a.      Which privilege is claimed;

Exhibit 1

b.    A precise statement of the facts upon which said claim of privilege is based;

c.    The following information describing each purportedly privileged DOCUMENT:

    i.    Its nature, *e.g.*, agreement, letter, memorandum, tape, etc.;

    ii.    The date it was prepared;

    iii.    The date it bears;

    iv.    The date it was sent;

    v.    The date it was received;

    vi.    The number of pages in and the nature and title of the DOCUMENTS, and a description of the general subject matter of the DOCUMENT or COMMUNICATION;

    vii.    Any identifying index or reference number for the DOCUMENT or the file in which the DOCUMENT is found, as well as the name of any such file;

    viii.    The identity of each and every attachment or enclosure for the DOCUMENT;

    ix.    The name, employer, position, and address of each author, preparer (other than stenographic or clerical personnel), sender, addressee and recipient of the DOCUMENT and the name, employer, position, and address of each participant in or witness to the COMMUNICATION;

    x.    The full name, employer, position, and address of each PERSON now in possession of the original or a copy of the DOCUMENT;

5

Exhibit 1

  xi.  The DOCUMENT request to which the information in the DOCUMENT is responsive; and

  xii.  A statement as to whom each identified PERSON represented or purported to represent at all relevant times.

 d.  A precise description of the place where each copy of that DOCUMENT is kept, including the title or description of the file in which said DOCUMENT may be found and the location of such file.

6.  Whenever a DOCUMENT is not produced in full or is produced in redacted form, YOU shall so indicate on the DOCUMENT and state with particularity the reason or reasons it is not being produced in full and describe to the best of YOUR knowledge, information, and belief, and with as much particularity as possible, those portions of the DOCUMENT which are not being produced.

7.  If a DOCUMENT responsive to these requests was at any time in YOUR possession, custody, or control but is no longer available for production, as to each such DOCUMENT YOU shall state the following information:

 a.  The DOCUMENT'S file or code number;

 b.  The nature and type of the DOCUMENT;

 c.  A description of the DOCUMENT'S contents;

 d.  The form of the DOCUMENT and its mode of storage, *e.g.*, paper, cards, tapes, film, electronic, facsimile, computer storage devices, videotape, or other medium;

 e.  The number of pages of the DOCUMENT;

Exhibit 1

f.      The names and addresses of the DOCUMENT'S authors and the name and address of the company by which the authors were employed;

g.      The dates the DOCUMENT was in YOUR custody, possession, and control and the PERSONS who had such custody, possession, or control of the DOCUMENT, along with their position;

h.      Whether the DOCUMENT is missing, damaged, destroyed, transferred, or otherwise disposed of, the date that action occurred or was discovered, the PERSONS who took that action, and the PERSONS who ordered, directed, advised or approved that action;

i.      The DOCUMENT'S current location and the name and address of its current custodian, if any; and

j.      All PERSONS having knowledge of the information contained in the DOCUMENT.

8.      With respect to any category of DOCUMENTS, if the production of which YOU contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

9.      The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the following requests inclusive rather than exclusive; the singular includes the plural, and the plural includes the singular; and the use of the verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the following requests DOCUMENTS that may otherwise be construed to be outside their scope.

7

Exhibit 1

<u>REQUEST FOR PRODUCTION OF DOCUMENTS AND COMMUNICATIONS</u>

1.    All DOCUMENTS and COMMUNICATIONS between YOU and TAXSLAYER CONCERNING the deployment or use of the META PIXEL on TAXSLAYER's website(s) or application(s).

2.    All DOCUMENTS CONCERNING any COMMUNICATIONS between YOU and TAXSLAYER CONCERNING the deployment or use of the META PIXEL on TAXSLAYER's website(s) or application(s).

3.    All DOCUMENTS and COMMUNICATIONS between YOU and META CONCERNING the deployment or use of the META PIXEL on TAXSLAYER's website(s) or application(s).

4.    All DOCUMENTS CONCERNING any COMMUNICATIONS between YOU and META CONCERNING the deployment or use of the META PIXEL on TAXSLAYER's website(s) or application(s).

5.    ALL DOCUMENTS and COMMUNICATIONS CONCERNING the deployment or use of the META PIXEL on TAXSLAYER's website(s) or application(s), including but not limited to the types of PERSONAL INFORMATION that was collected by the META PIXEL and whether such PERSONAL INFORMATION was provided to other PERSONS including META.

6.    ALL DOCUMENTS and COMMUNICATIONS CONCERNING the configurations and/or settings of the META PIXEL on TAXSLAYER's website(s) or application(s), including but not limited to settings related to event data or other information transmitted to META, the frequency of transmissions, any changes to settings made over time, etc.

7.    ALL DOCUMENTS and COMMUNICATIONS CONCERNING the deployment or use of Meta Conversions API or SDK, META PIXEL's "Automatic Configuration" or

Exhibit 1

"AutoConfig" feature, and/or META PIXEL's "Automatic Advanced Matching" feature on TAXSLAYER's website(s) or application(s).

8.     ALL DOCUMENTS and COMMUNICATIONS CONCERNING or reflecting any agreements between YOU and TAXSLAYER with respect to the deployment or use of the META PIXEL on TAXSLAYER's website(s) or application(s).

9.     ALL DOCUMENTS and COMMUNICATIONS CONCERNING or reflecting any agreements between YOU and META with respect to the deployment or use of the META PIXEL on TAXSLAYER's website(s) or application(s).

10.     All COMMUNICATIONS between YOU and any federal, state or local regulators or law enforcement CONCERNING the deployment or use of the META PIXEL on TAXSLAYER's website(s) or application(s).