AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
для the
Northern District of California

**Exhibit 1**

| | |
|---|---|
| In re Meta Pixel Tax Filing Cases ) <br> *Plaintiff* ) <br> v. ) <br> ) <br> ) <br> *Defendant* ) | Civil Action No. 5:22-cv-07557 |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: DAC Group/NEW YORK, INC. c/o Its Registered Agent:
C T Corporation System, 28 LIBERTY ST., NEW YORK, NY, 10005

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Schedule A.

| Place: George Feldman McDonald, PLLC, 745 Fifth Ave., Ste. 500, New York, NY 10151, mliskow@4-justice.com | Date and Time: 07/02/2025 9:30 am |
|---|---|

The deposition will be recorded by this method: stenographic and video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/02/2025

CLERK OF COURT

OR

_____          /s/ Patrick Yarborough
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jane Doe et al.
_____, who issues or requests this subpoena, are:

Patrick Yarborough, 917 Franklin, Suite 220, Houston, TX 77002, patrick@fosteryarborough.com, 713-331-5254

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:22-cv-07557

Exhibit 1

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

Exhibit 1

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit 1**

**SCHEDULE A**

APPLICABLE TIME PERIOD

Unless otherwise specified, the applicable time period on which this subpoena requests examination and production of documents is from the commencement of YOUR relationship with TAXSLAYER through the present.

DEFINITIONS

1. The term "COMMUNICATION" whether stated in the singular or plural, means any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind.

2. The terms "CONCERNING," and all derivatives thereof, means about, addressing, alluding to, analyzing, commenting upon, comprising, in connection with, considering, constituting, containing, defining, describing, determining, disclosing, discussing, embodying, evaluating, evidencing, examining, explaining, in respect of, memorializing, mentioning, noting, pertaining to, recording, referring to, relating to, reflecting, regarding, relevant to, respecting, responding to, setting forth, showing, stating, studying, summarizing, supporting, or touching upon, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

3. The term "DAC" means the DAC Group with offices in New York State, among others, as well as its predecessors, successors, parents, subsidiaries, divisions, or affiliates (foreign or domestic), and respective current and former officers, directors, agents, attorneys, accountants,

Exhibit 1

employees, partners, or other PERSONS occupying similar positions or performing similar functions, and all other PERSONS acting or purporting to act on its behalf.

    4.    The term "DOCUMENTS" is intended to have the broadest meaning permitted, and includes, without limitation all written, typed, electronically recorded or other graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies, preliminary versions or revisions of documents, whether or not completed and drafts and both sides thereof, in any medium whatsoever, including: letters, correspondence, electronic mail, papers, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, studies, bills, billings, invoices, financial statements, financial analyses, worksheets, jottings, projections, notes, abstracts, advertisements, drawings, audits, charges, balance sheets, income statements, checks, diagrams, blueprints, diaries, calendars, logs, recordings, instructions, lists, minutes of meetings, orders, resolutions, telegrams, wires, cables, telexes, faxes, messages, resumes, summaries, tabulations, tallies, statistical analyses, tape recordings, videotapes, and all other writing or tangible things on which any information is recorded or reproduced, and any and all amendments or supplements to all the foregoing, whether prepared by a party or any other PERSON.

    5.    The term "META" means defendant Meta Platforms, Inc., formerly known as Facebook, Inc.

    6.    The term "META PIXEL" shall be construed to include the "Facebook Pixel."

    7.    The term "PERSON" or "PERSONS" includes any natural individual, firm, association, organization, partnership, limited partnership, sole partnership, trust, corporation, or legal or government entity, association, or body.

Exhibit 1

8. The term "PERSONAL INFORMATION" means information that identifies, relates to, describes, is capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular PERSON. It includes references that can create a profile about a PERSON reflecting the PERSON's preferences, characteristics, psychological trends, predispositions, behaviors, attitudes, intelligence, abilities, or aptitudes, as well as financial and/or tax information regarding the PERSON or the PERSON's family and/or other dependents.

9. The term "POLICY" or "POLICIES" means any rule, procedure, practice, or course of conduct, whether formal or informal, written, or unwritten, recorded or unrecorded, that was recognized or followed, explicitly or implicitly.

10. The term "TAXSLAYER" means TaxSlayer LLC, as well as its predecessors, successors, parents, subsidiaries, divisions, or affiliates (foreign or domestic), and respective current and former officers, directors, agents, attorneys, accountants, employees, partners, or other PERSONS occupying similar positions or performing similar functions, and all other PERSONS acting or purporting to act on its behalf.

11. The terms "YOU" or "YOUR" refer to the PERSON to whom this request is directed, DAC, as well as its predecessors, successors, parents, subsidiaries, divisions, or affiliates (foreign or domestic), and its respective current and former officers, directors, agents, attorneys, accountants, employees, partners, or other PERSONS occupying similar positions or performing similar functions, and all other PERSONS acting or purporting to act on its behalf.

DEPOSITION TOPICS

1. The authentication of DOCUMENTS produced in response to this subpoena.

2. YOUR work for TAXSLAYER CONCERNING the deployment or use of the META PIXEL on TAXSLAYER's website(s) or application(s).

3.       The configurations and/or settings of the META PIXEL on TAXSLAYER's website(s) or application(s), including but not limited to any changes to the configurations and/or settings over time.

4.       Any information YOU have received about whether the META PIXEL, Conversions API, or Meta SDK may have transmitted tax and/or other financial data to META when consumers used TAXSLAYER's website(s) and/or application(s) for tax preparation purposes, when and how YOU learned of that information, and the nature of the information purportedly transmitted.

5.       To the extent applicable for each technology, the time period(s) during which the META PIXEL, Conversions API and/or Meta SDK were operating on TAXSLAYER's website(s) and/or application(s).

6.       To the extent applicable for each technology, the pages on TAXSLAYER's website(s) that had the META PIXEL, Conversions API and/or Meta SDK installed on them.