**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ndeckant@bursor.com

*Attorneys for Plaintiffs*

*Additional Attorneys on Signature Page*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All Actions | CASE NO.: 5:22-cv-07557-PCP (VKD)<br><br>**MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S CLAIMS WITH PREJUDICE PURSUANT TO RULE 41(a)(2)**<br><br>The Honorable P. Casey Pitts<br>Date:    July 31, 2025<br>Time:    10:00 a.m.<br>Place:   Courtroom 8, 4th Floor |

**REDACTED VERSION**

**INTRODUCTION**

Plaintiff Crystal Craig ("Craig") seeks to dismiss her claims with prejudice following personal changes in her life that render her unable to continue to serve as a putative class representative in this litigation. Plaintiffs notified Meta of Craig's inability to proceed as a plaintiff and asked Meta if it would stipulate to Craig's dismissal without prejudice, but Meta refused to do so unless Craig agreed to sit for a deposition. Craig subsequently offered to dismiss her claims with prejudice, but Meta continues to insist that she be deposed even if she agrees to dismiss her claims with prejudice. Meta has made this demand despite being unable to identify any unique information Craig may have that differs from the other six named plaintiffs, or any material legal prejudice that would result to Meta from Craig's dismissal with prejudice. *See In re: Meta Pixel Healthcare Litigation*, Case No. 22-cv-03580-WHO, ECF No. 975, at 1 (N.D. Cal. Apr. 15, 2025) ("A dismissal with prejudice is usually in a defendant's interest."). Meta's unreasonable and unjustified position has left Plaintiffs with no choice but to burden the Court with this motion.

The Federal Rules allow Plaintiffs to dismiss their claims at any point—even after Meta has answered—unless Meta can make a showing of legal prejudice. *See* Fed. R. Civ. P. 41(a)(2). Here, Craig cannot continue participating in this litigation because of difficult and changed circumstances in her personal life, detailed herein. However, Craig's dismissal with prejudice will cause no legal prejudice to Meta or have any significant impact on the proceedings, which will continue with the remaining six putative class representatives.[1] Therefore, this motion should be granted, and Craig should be allowed to dismiss her claims with prejudice without having to participate further in discovery. It would serve no purpose to attempt to force Craig to sit for a deposition in this case when she is unwilling and unable to do so, and when she has agreed to forgo her legal claims as a condition of her dismissal.

---

[1] Meta has noticed, and Plaintiffs have confirmed, dates and locations for the depositions of the other six plaintiffs: Katrina Calderon, Tiffany Bryant, Sait Kurmangaliyev, Chris Papadimitriou, Jane Doe, and Kayla Housman.

MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

1

## BACKGROUND

Since joining this litigation, Craig has faced changed circumstances in her personal life that now prevent her from continuing to act as a named plaintiff in this case. *See* Declaration of Michael Liskow ("Liskow Decl."), ¶ 5. Specifically, ███████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████ *See id.*, ¶ 5. ███████ ███████████████████████████████████████████████████████████████ ███████████████████████████ *See id.* Prior to these changed circumstances, Craig met her obligations to the putative class by, *inter alia*, consulting with counsel, responding to discovery requests (including by serving responses to Meta's Interrogatories) and generally keeping apprised of the status of the case. *See id.*, ¶ 6.

In light of these issues, on April 30, 2025, Craig notified Plaintiffs' counsel that she no longer wanted to, or could, continue in the case as a named plaintiff. *See id.*, ¶ 4. Plaintiffs' counsel has tried to work with Craig to determine whether she could continue to participate in the litigation, but she made clear her view that she cannot and would not continue to participate further. *See id.*, ¶ 7.

Plaintiffs' counsel then prepared and sent Meta a draft stipulation of voluntary dismissal without prejudice for Craig on May 1, 2025. *See id.*, ¶ 8. Prior to this point, on December 17, 2024, Meta emailed each Plaintiff a deposition notice without a date noticed for the depositions. *See id.*, ¶ 12. And while Meta has since provided amended deposition notices for each of the other Plaintiffs that include the date of the depositions, as of the filing of this motion Meta has not provided Craig with an amended notice or a proposed date. *See id.*, ¶¶ 13-14.

Plaintiffs' counsel met and conferred with Meta's counsel on this issue on May 7, 2025. *See id.*, ¶ 9. During the meet and confer, Plaintiffs' counsel asked Meta's counsel what, if any, unique information it believed it could only obtain from Craig, and what legal prejudice it would suffer from Craig's dismissal from the case. *See id.* Meta's counsel said they would consider the issue in advance of the next meet and confer on Craig's dismissal. *See id.*

MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

2

      The parties' counsel again met and conferred on this issue on May 15, 2025. *See id.*, ¶ 10. Plaintiffs' counsel asked Meta's counsel what Meta's position would be if Craig agreed to dismiss her claims with prejudice. *See id.* In response, Meta's counsel suggested that Meta would likely still seek Craig's deposition, regardless of whether Craig's withdrawal occurred with or without prejudice, but asked Plaintiffs' counsel to first confirm that Craig, in fact, would agree to dismissal with prejudice. *See id.* Plaintiffs' counsel further asked Meta's counsel why it needed to depose Craig if she was willing to dismiss her claims, and Meta's counsel suggested that it was because they had spent time preparing for her deposition (despite the fact that, as of that date, no date for Craig's deposition had been noticed by Meta). *See id.* Meta's counsel offered no other reason why Meta would suffer legal prejudice from Craig's dismissal without her sitting for a deposition. *See id.*

      The parties' counsel again met and conferred on June 4, 2025. *See id.*, ¶ 11. During the meet and confer, Plaintiffs' counsel detailed Craig's changed circumstances and confirmed that she was willing to dismiss her claims with prejudice. *See id.* Despite this, Meta's counsel confirmed that Meta would not agree to Craig's dismissal, even with prejudice, unless Craig agreed to be deposed. *See id.*

      Plaintiff Craig is unwilling and unable to continue with the litigation, including by sitting for a deposition. *See id.*, ¶ 7. Despite this, Meta baselessly refuses to agree to stipulate to Craig's dismissal with prejudice without her continued participation in the case, necessitating this motion.

## **LEGAL STANDARD**

      If a plaintiff seeks to voluntarily dismiss her claims after the defendant has filed its answer, the parties may stipulate to dismissal or, if the defendant will not agree to stipulate, the plaintiff may request dismissal from the court. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii), 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" is "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (internal quotations omitted). The Ninth Circuit

MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

3

has explained that legal prejudice can result from the "loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Wetlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996) (reversing district court's denial of motion for voluntary dismissal without prejudice where district court relied in part on defendant having incurred substantial expense in litigating lawsuit). Expenses incurred in defending a lawsuit do not amount to legal prejudice. *See id.* (collecting cases).

"Generally, in determining whether to grant a motion for voluntary dismissal under Rule 41(a)(2), the court must decide (i) 'whether to allow dismissal;' (ii) 'whether dismissal should be with or without prejudice'; and (iii) 'whether any conditions should be imposed as part of the dismissal.'" *EON Corp. IP Holdings LLC v. Apple Inc.*, No. 14-cv-05511-WHO, 2015 WL 4914984, at *4 (N.D. Cal. Aug. 17, 2015) (quoting *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)). Plaintiffs generally "should not be compelled to litigate if [they do not] wish to." *In re Tezos Sec. Litig.*, No. 17-cv-06779-RS, 2019 WL 2183448, at *2 (N.D. Cal. Apr. 8, 2019) (internal citations omitted).

## ARGUMENT

### A. The Court Should Permit Craig to Dismiss Her Claims with Prejudice Because Meta Will Suffer No Legal Prejudice from Craig's Dismissal

Meta will not suffer any legal prejudice from Craig's dismissal because, among other reasons, Craig agrees to dismiss her claims with prejudice. *See, e.g.*, *Smith*, 263 F.3d at 976 ("That the district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in another federal suit only strengthens our conclusion that the dismissal caused no legal prejudice ...."). Put more starkly, Craig has offered to "submit to a judgment that serves to bar [her] claims forever." *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995). She may not elect to refile her claims, nor is she even asking to proceed as an absent class member in this case. Forcing Craig to remain in the case accomplishes nothing, and Meta itself has failed to identify any material legal prejudice it would face if Craig is dismissed with prejudice. *See* Liskow Decl., ¶¶ 9-10.

MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

4

Because there is no conceivable prejudice to any of Meta's legal interests here, Craig's motion should be granted.

### B. The Court Should Grant Craig's Dismissal With Prejudice Without Any Other Conditions

Craig has dutifully represented the putative class for years since the filling of her initial case in 2023,[2] including by consulting with counsel, responding to discovery requests and generally keeping apprised of the status of the case. *See* Liskow Decl., ¶ 6. But due to changes in her personal life circumstances, she is unable to proceed with this litigation or to continue to make herself available to the extent necessary to act as a putative class representative. *See id.*, ¶ 5. Furthermore, as a practical matter, Plaintiffs' counsel cannot force Craig to sit for a deposition if she is unwilling.

Courts take a practical approach to imposing conditions on plaintiffs seeking to withdraw, weighing whether there is any unique information for a defendant to discover that would justify forcing a plaintiff to remain in a case longer than they desire to. When considering whether to condition dismissal on complying with requests for discovery, including sitting for a deposition, the material question is whether the plaintiff seeking to be dismissed has unique information that cannot be obtained from other putative class representatives. *See Fraley v. Facebook, Inc.*, No. C 11-1726 LHK (PSG), 2012 WL 555071, at *2 (N.D. Cal. Feb. 21, 2012) (enumerating unique allegations and facts obtainable only by plaintiff seeking dismissal); *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 627 (C.D. Cal. 2011) (finding plaintiff's deposition necessary because claims were based on experiences "unlikely to be available from other representative parties"); *Floyd v. Amazon.com Inc.*, Case No. C22-1599-KKE2024, WL 3845869, at *3 (W.D. Wash. Aug. 16, 2024) (conditioning dismissal on satisfying defendant's discovery requests because plaintiff had "unique status as the original sole named plaintiff"). Meta has identified no unique information only Craig can provide. *See* Liskow Decl., ¶¶ 9-11.

At the same time, if the allegations, claims, and discovery requested of the plaintiff seeking dismissal are sufficiently similar to that of other plaintiffs, courts decline to condition

---

[2] *See Craig v. Meta Platforms, Inc.*, Case No. 3:23-cv-00315-TLT.

MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S  
CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)  
CASE NO. 5:22-CV-07557-PCP

5

dismissal on sitting for a deposition because substantially the same information is discoverable from other named plaintiffs. *See, e.g.*, *In re MGM Resorts Int'l Data Breach Litig.*, Case No. 2:20-cv-000376-GMN-NJK, 2024 WL 1440902, at *4 (D. Nev. Apr. 2, 2024) (distinguishing *Fraley* and permitting dismissal without prejudice after depositions had been noticed and discovery served because other plaintiffs possessed similar information); *Carr v. Int'l Game Tech.*, Nos. 3:09-cv-00584-ECR-WGC, 3:09-cv-00585-ECR-WGC, 2012 WL 600825, at *1 (D. Nev. Feb. 22, 2012) (defendant suffered no prejudice from plaintiff's dismissal without prejudice "as there remain four similarly situated named Plaintiffs who claims do not differ from" the withdrawing plaintiff); *Doe v. Ariz. Hosp. & Healthcare Ass'n,* No. CV 07-1292-PHX-SRB, 2009 WL 1423378, at *14 (D. Ariz. Mar. 19, 2009) (imposing conditions prior to plaintiff's dismissal were "particularly unnecessary in light of the fact that there are currently three identified class representatives who could be . . . deposed in her stead"); *see also id.* at 13 ("there is no reason to believe that [plaintiff] seeks to withdraw for anything other than good faith reasons, and there will be no serious prejudice to the Defendants, especially given that the litigation is in its relatively early stages.").[3]

This rule makes good sense here where Meta has served essentially identical discovery requests on each of the Plaintiffs, and the parties have negotiated the scope of that discovery collectively and without distinction as to any particular plaintiff. Craig also does not bring any unique claims or possess unique information about this case that Meta cannot obtain from one or more of the other six Plaintiffs proceeding in this case, nor has Meta identified any such unique information. As Meta can develop similar testimony from the other named plaintiffs, there is no reason to force Craig to be deposed knowing she will be dismissed with prejudice.

Therefore, imposing any condition on Craig's dismissal with prejudice would serve little purpose and would be unnecessarily punitive. Judge Orrick faced the same situation in the *Meta Pixel Healthcare Litigation* and permitted the plaintiff's dismissal with prejudice and without conditions. *See In re: Meta Pixel Healthcare Litigation*, Case No. 22-cv-03580-WHO,

---

[3] By contrast to these cases where the plaintiffs were permitted to dismiss their claims without prejudice, here Craig agrees to dismissal with prejudice.

MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S    6
CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

ECF No. 975 (N.D. Cal. Apr. 15, 2025) (granting putative class representative / plaintiff's motion for voluntary dismissal with prejudice and denying Meta's demand that plaintiff be deposed); *see also id.* at *2 ("Whatever benefit Meta would enjoy by forcing Jane Doe XI to sit for a deposition is outweighed by the personal reasons causing her to unequivocally express her desire to dismiss her claims with prejudice."). The Court should follow Judge Orrick's lead here.

## CONCLUSION

It is regrettable Craig cannot continue to participate in this litigation, and Plaintiffs had hoped for a different result. But during the course of this litigation, Craig has faced unforeseeable changes in ▬▬▬▬▬▬▬▬, and family and work obligations, that make continuing to act as a plaintiff impossible for her. The Court should therefore grant Craig's request to be voluntarily dismissed with prejudice without requiring her to sit for a deposition.

DATED: June 5, 2025                                    Respectfully submitted,

                                                       By: */s/ Neal J. Deckant*

                                                       **BURSOR & FISHER, P.A.**
                                                       Neal Deckant (State Bar No. 322946)
                                                       1990 North California Blvd., 9th Floor
                                                       Walnut Creek, CA 94596
                                                       Telephone: (925) 300-4455
                                                       Facsimile: (925) 407-2700
                                                       E-mail: ndeckant@bursor.com

                                                       **SMITH KRIVOSHEY, P.C.**
                                                       Joel D. Smith (State Bar No. 244902)
                                                       867 Boylston Street, 5th Floor
                                                       Boston, MA 02216
                                                       Telephone: 617-377-7404
                                                       Email: joel@skclassactions.com

                                                       **GEORGE FELDMAN MCDONALD, PLLC**
                                                       Lori G. Feldman (*pro hac vice*)
                                                       Michael Liskow (State Bar No. 243899)
                                                       745 Fifth Avenue, Suite 500
                                                       New York, NY 10151
                                                       Telephone: (917) 983-9321
                                                       E-mail: lfeldman@4-justice.com
                                                       mliskow@4-justice.com
                                                       eservice@4-justice.com

**GEORGE FELDMAN MCDONALD, PLLC**
Rebecca A. Peterson (State Bar No. 241858)
1650 W 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
Fax: (888) 421-4173
Email: RPeterson@4-Justice.com
eService@4-Justice.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Kate M. Baxter-Kauf (*pro hac vice*)
Arielle S. Wagner (*pro hac vice*)
Emma Ritter Gordon (*pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
kmbaxter-kauf@locklaw.com
aswagner@locklaw.com
erittergordon@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (*pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
Email: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (*pro hac vice*)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiffs*

MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

8

## SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

*/s/ Neal J. Deckant*
Neal J. Deckant

MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

9