**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
102 Half Moon Bay Drive,
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
E-mail: lfeldman@4-justice.com
mliskow@4-justice.com
eservice@4-justice.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All Actions | Master File No.: 5:22-cv-07557-PCP (VKD)<br><br>**DECLARATION OF MICHAEL LISKOW IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S CLAIMS WITH PREJUDICE PURSUANT TO RULE 41(a)(2)**<br><br>The Honorable P. Casey Pitts |

**REDACTED VERSION**

I, MICHAEL LISKOW, declare as follows:

1. I am an attorney admitted to practice in this Court.

2. I am a member of the law firm of George Feldman McDonald, PLLC, who along with the law firms Bursor & Fisher, P.A., Smith Krivoshey, P.C., The Hoda Law Firm, PLLC, Lockridge Grindal Nauen PLLP, Foster Yarborough PLLC, and Emerson Firm, PLLC, represent Plaintiffs in the above-captioned matter.

3. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

4. On April 30, 2025, Plaintiff Crystal Craig ("Craig") notified Plaintiffs' counsel that she no longer wanted to, or could, continue in the case as a named plaintiff.

5. This is because, since joining this litigation, Craig has faced changed circumstances in her personal life. ███████████████████████████████████████████████████████████████████████████ Her ██████████ have also made it much more difficult for Craig to meet her childcare and work obligations, leaving her with no time for anything else.

6. Prior to these changed circumstances, Craig met her obligations to the putative class by, *inter alia*, consulting with counsel, responding to discovery requests (including by serving responses to Meta's Interrogatories) and generally keeping apprised of the status of the case.

7. Plaintiffs' counsel tried to work with Craig to determine whether she could continue to participate in the litigation, but she made clear her view that she cannot and would not continue to participate further.

8. Plaintiffs' counsel therefore prepared and sent Meta a draft stipulation of voluntary dismissal without prejudice for Craig on May 1, 2025.

9. Plaintiffs' counsel met and conferred with Meta's counsel on this issue on May 7, 2025. During the meet and confer, Plaintiffs' counsel asked Meta's counsel what, if any,

DECLARATION OF MICHAEL LISKOW IN SUPPORT OF MOTION TO DISMISS CRYSTAL CRAIG WITH PREJUDICE
CASE NO. 5:22-CV-07557-PCP

1

1  unique information it believed it could only obtain from Craig, and what legal prejudice it would
2  suffer from Craig's dismissal from the case. Meta's counsel said they would consider the issue
3  in advance of the next meet and confer on Craig's dismissal.

4        10.     The parties' counsel again met and conferred on this issue on May 15, 2025.
5  Plaintiffs' counsel asked Meta's counsel what Meta's position would be if Craig agreed to
6  dismiss her claims with prejudice. In response, Meta's counsel suggested that Meta would likely
7  still seek Craig's deposition, regardless of whether Craig's withdrawal occurred with or without
8  prejudice, but asked Plaintiffs' counsel to first confirm that Craig, in fact, would agree to
9  dismissal with prejudice. Plaintiffs' counsel further asked Meta's counsel why it needed to
10 depose Craig if she was willing to dismiss her claims, and Meta's counsel suggested that it was
11 because they had spent time preparing for her deposition (despite the fact that, as of that date, no
12 date for Craig's deposition had been noticed by Meta). Meta's counsel offered no other reason
13 why Meta would suffer legal prejudice from Craig's dismissal without her sitting for a
14 deposition.

15       11.     The parties' counsel again met and conferred on June 4, 2025. During the meet
16 and confer, Plaintiffs' counsel detailed Craig's changed circumstances and confirmed that she
17 was willing to dismiss her claims with prejudice. Despite this, Meta's counsel confirmed that
18 Meta would not agree to Craig's dismissal, even with prejudice, unless Craig agreed to be
19 deposed.

20       12.     On December 17, 2024, Meta served deposition notices on each Plaintiff
21 without a date noticed for the depositions.

22       13.     On May 5, 2025, Meta provided amended deposition notices for each Plaintiff
23 except Craig that now included the noticed dates of the deposition. At the same time, in the
24 cover letter attaching the deposition notices, Meta's counsel stated that they had "refrained from
25 proposing a date/location for Crystal Craig at this time given our upcoming meet and confer
26 about her desire to withdraw from the case."

27
28

14. As of the filing of this declaration, Meta has not provided Craig with an amended deposition notice with a noticed date for her deposition.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 5, 2025.

_____
Michael Liskow