June 18, 2025

**VIA ECF**

Judge Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2 –5th Floor
280 South 1st Street
San Jose, CA 95113

>  Re: *In re Meta Pixel Tax Filing Cases*, Case No. 5:2022-cv-07557-PCP
> **Joint Discovery Dispute Letter Concerning Dismissal of Plaintiff Craig and Deposition Notice to Plaintiff Craig**

Dear Judge DeMarchi,

Pursuant to this Court's Standing Order, Plaintiffs and defendant Meta Platforms, Inc. ("Meta") submit this joint discovery dispute letter.

### I. STATEMENT OF THE DISPUTE REQUIRING RESOLUTION

Plaintiffs' Position

On June 5, 2025, Plaintiffs filed a Motion for Voluntary Dismissal of Plaintiff Crystal Craig's ("Craig") claims with prejudice. *See* ECF No. 188 ("Motion"). The Motion is scheduled to be heard July 31, 2025. As detailed in the Motion, Meta refuses to stipulate to Craig's dismissal without her sitting for a deposition, and on June 6, 2025, noticed Craig's deposition for June 26, 2025. Because Meta refuses to move the deposition date until after the Motion is resolved, Plaintiffs ask the Court to quash the deposition notice without prejudice or stay the deposition until on or after August 18, 2025.

Meta's Statement: Meta properly noticed Craig's deposition six months ago. Despite the parties actively working to schedule Craig's deposition, on May 1, Plaintiffs informed Meta that Craig no longer wished to participate in this case. Meta repeatedly offered to provide accommodations to Craig and reschedule her deposition, but Plaintiffs never responded and instead filed their motion to voluntarily dismiss Craig. Meta is entitled to depose Craig, as she has unique information relevant to Meta's defenses to class certification and on the merits. This Court should deny Plaintiffs' motion to quash and, instead, compel Craig's deposition, subject to any necessary accommodations.

### II. Parties' Positions on Dispute

Plaintiffs' Position

Plaintiffs notified Meta on May 1, 2025 that Craig could no longer participate in the litigation due to personal issues detailed in the Motion, *see id.* at 2,[1] and sought to negotiate a

---

[1] Plaintiffs refer the Court to the Motion which provided these details under seal.

stipulation of dismissal without prejudice with Meta. The parties conferred on three separate occasions regarding a stipulated dismissal, during which Plaintiffs explained the reasons why Craig sought to discontinue her participation in the litigation, and confirmed that Craig agreed to dismiss her claims with prejudice. *See id.* at 2-3. However, Meta's counsel repeatedly maintained that Meta would not agree to dismissal—even with prejudice—unless Craig submitted to a deposition, which Craig cannot, and does not agree to do. *See id.* at 3; *see also In re Tezos Sec. Litig.*, No. 17-cv-06779-RS, 2019 WL 2183448, at *2 (N.D. Cal. Apr. 8, 2019) (plaintiffs generally "should not be compelled to litigate if [they do not] wish to") (internal citations omitted). As a result, on June 5, 2025, Plaintiffs filed the Motion to dismiss Craig's claims with prejudice. The Motion is currently noticed to be heard by Judge Pitts on July 31, 2025.

  **1.  Dismissal of Craig's Claims With Prejudice Would Not Cause Meta Legal Prejudice**

  As explained in the Motion, during the parties' three meet and confers Plaintiffs asked Meta to identify what unique information only Craig's deposition testimony could provide, or why her dismissal would cause legal prejudice to Meta. *See* Motion at 2-3; *see also In re: Meta Pixel Healthcare Litigation*, Case No. 22-cv-03580-WHO, ECF No. 975, at 1 (N.D. Cal. Apr. 15, 2025) ("A dismissal with prejudice is usually in a defendant's interest."). Meta's counsel never explained during the meet and confers why Craig's testimony might be unique, and only claimed potential legal prejudice due to having spent time preparing for Craig's deposition (despite Meta not yet having provided a date for Craig's deposition). *See* Motion at 3; *see also In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Pracs. Litig.*, No. 13 CIV. 0150 (JPO), 2014 WL 12776747, at *2 (S.D.N.Y. Apr. 22, 2014) (granting motion to dismiss without prejudice and without requiring plaintiff to be deposed because "most extreme possible prejudice to" defendant was it "will have the benefit of three plaintiffs' depositions rather than four.").

  Only now, in this joint letter, does Meta offer purported reasons why Craig's "unique experiences" require her to be deposed despite seeking dismissal from the case with prejudice. But Meta bases this on no more than its *ipse dixit* that its newly-revealed investigation found Craig "*may have* taken certain actions to protect her privacy or limit the data shared with third parties that her co-plaintiffs did not," and Meta notably does not explain whether any of the other plaintiffs may also have taken such actions. Meta also claims Craig "posted on social media about her personal experience and issues with filing taxes specifically, including that she had issues with child support and sought legal assistance to prevent her child's father from claiming the child as a dependent" but then baselessly claims this shows Craig "was comfortable sharing that information with Meta," without detailing what Craig actually posted or the context of any such posts. None of Meta's vague assertions based on its "investigation" justify requiring Craig to be deposed as a condition of dismissal, but even if they might, the proper vehicle for this determination is through the parties' forthcoming briefing on Plaintiffs' pending Motion.

  Meta's cited cases are inapposite here. For example, *Perrine v. Sega of Am., Inc.*, 2015 WL 2227846 (N.D. Cal. May 12, 2015), did not involve, as here, a named plaintiff seeking dismissal from a class action, much less dismissal with prejudice. *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625 (C.D. Cal. 2011), concerned a putative named plaintiff's personal experiences using a weight-loss product that the plaintiff claimed did not work. Here, there is no

similar "personal experience" with a purportedly subpar consumer product that forms the basis of Plaintiffs' claims. And in *Gallegos v. Atria Mgmt. Co., LLC*, 2016 WL 11824850 (C.D. Cal. Nov. 14, 2016), the court compelled the deposition of a plaintiff seeking dismissal because of the plaintiff's "unique status" of having been "the sole named plaintiff for most of" the action, and after the plaintiff "failed to appear for her deposition before any discussion of withdrawal of representation occurred." *Id.* at *10. Here there is no basis to require Craig to be deposed in order to dismiss her claims with prejudice. *See In re: Meta Pixel Healthcare Litigation*, Case No. 22-cv-03580-WHO, ECF No. 975 (N.D. Cal. Apr. 15, 2025) (granting named plaintiff's motion for voluntary dismissal with prejudice and denying Meta's demand that plaintiff be deposed); *see also id.* at *2 ("Whatever benefit Meta would enjoy by forcing [plaintiff] to sit for a deposition is outweighed by the personal reasons causing her to unequivocally express her desire to dismiss her claims with prejudice."); *Solano v. Kroger Co.*, 2022 WL 3143352, at *5 (D. Or. May 3, 2022) (in case cited by Meta court dismissed seven named plaintiffs without prejudice because, *inter alia*, the information sought from the plaintiffs "may be obtained from other sources or is not relevant to the class certification issues.").

### 2. Plaintiffs Attempt to Reach a Reasonable Compromise with Meta to Reschedule Craig Deposition Until After the Motion Was Decided

On December 17, 2024, Meta first served Craig with a deposition notice that did not include a date for the deposition. Meta only provided a deposition date on June 6, 2025, the day after Plaintiffs filed the Motion, when Meta served Craig an amended deposition notice (the "Notice," attached as Exhibit A), setting Craig's deposition for June 26, 2025. As this date is well before the July 31, 2025 hearing on the Motion, on June 10, 2025, Plaintiffs' counsel notified Meta by email that Plaintiffs were forced to move to quash the subpoena, and asked to meet and confer that day due to the impending date of Craig's deposition noticed by Meta. Plaintiffs' email also proposed, in the alternative, that Meta move the deposition date until late August or September, thereby providing sufficient time for Judge Pitts to hear and rule on the Motion. Plaintiffs' email noted that this would not prejudice Meta because its opposition to Plaintiffs' forthcoming motion for class certification is not due until September 29, 2025. *See* ECF No. 156 at 1.

Later that day on Tuesday June 10, 2025, Meta's counsel responded by email that Meta would only consider rescheduling the deposition for later in June or early July, which would not provide sufficient time for Judge Pitts to rule on the Motion. Meta's counsel also refused Plaintiffs' request to promptly meet and confer, stating that there was no need to meet and confer that day or the following day, nor was there any reason for Plaintiffs to seek any immediate relief from the Court. Instead, Meta's counsel said that they would "provide some meet and confer times for later this week to you once we have had an opportunity to consider your request to consider moving the noticed deposition date."

Plaintiffs' counsel replied by email the same day (June 10, 2025) reiterating the need to promptly meet and confer, and offering to do so the following day, including during Meta's in-person deposition of another plaintiff in this action. Meta's counsel responded by email the same day (June 10, 2025) without agreeing to meet and confer on June 11, 2025, as requested by Plaintiffs' counsel, while explaining that Meta was willing to discuss rescheduling Craig's deposition in "June or early July," which again is long before July 31, 2025 hearing on the Motion.

In light of the above, Meta has left Plaintiffs with no choice but to ask the Court to quash the Notice without prejudice or, in the alternative, to stay the deposition until on or after August 18, 2025 in order to provide sufficient time for Judge Pitts to rule on the Motion.

Meta's Position:

Meta has actively worked with plaintiffs to schedule Craig's deposition over the past six months. After learning that Craig wished to withdraw from the case, the parties met and conferred three times. At no point did Meta agree to Craig's withdrawal without sitting for a deposition. Instead, after learning of Craig's personal reasons for wanting to withdraw during the *third* meet and confer, Meta offered to provide accommodations to Craig and reschedule her deposition. But Plaintiffs did not respond and, instead, filed their motion to voluntarily dismiss Craig. Meta is entitled to depose Craig, as she has unique information relevant to Meta's defenses to class certification and on the merits. Meta asks the Court to deny Plaintiffs' motion to quash and, instead, compel Craig's deposition, subject to any necessary accommodations.

1.     **Meta Properly Noticed Craig's Deposition.**

Meta properly served Craig with a deposition notice on December 17, 2024. The deposition notice did not include a date and instead indicated that the deposition would take place "on a date and time to be determined, with parties to confer about that date." After Meta requested dates for Craig's deposition several times, on March 27, Plaintiffs proposed May 2 for Craig's deposition. On May 1, while the parties were actively working to identify mutually agreeable depositions for all the named Plaintiffs in the case, Plaintiffs told Meta for the first time that "Craig is unable to proceed with the litigation and therefore seeks to be dismissed from the action."

The parties met and conferred about Craig's withdrawal three times. In the first meeting, on May 7, Plaintiffs would not provide information about Craig's reasons for withdrawing. In the second meeting, on May 15, Plaintiffs agreed to consult with Craig about why she refuses to appear for her deposition. In the third meeting, on June 4, Plaintiffs informed Meta that Craig wanted to withdraw because of health issues and work and childcare responsibilities, and offered to dismiss her claims with prejudice. Meta responded to Plaintiffs that it was willing to consent to her withdrawal with prejudice, if Craig agreed to sit for a limited deposition where Meta would make certain accommodations for her, including scheduling the deposition remotely, holding the deposition outside of business hours, or conducting the deposition in multiple sessions, if necessary. Meta also informed Plaintiffs that it would serve an amended deposition notice for Craig on June 6 but offered to notice her deposition for a date convenient for Craig. Plaintiffs responded that they would confer with Craig to see if she would agree to sit for a deposition, subject to Meta's proposed accommodations, and get back to Meta by June 6.

But Plaintiffs never responded to Meta's offer and, as a result, never gave Meta a full opportunity to explain in response to this new information that Craig may be uniquely situated, despite plaintiffs complaints to the contrary. Instead, on June 5, Plaintiffs filed a motion to dismiss Craig from this suit. Dkt. 922. On June 6, Meta noticed Craig's deposition for June 26 since it was clear Plaintiffs did not intend to propose a date. Meta made every effort to work with Plaintiffs to accommodate Craig and schedule a mutually convenient date for her deposition. Even after

Plaintiffs threatened to file this motion to quash, Meta responded that it remains willing to reschedule Craig's deposition for a time that would be convenient for her, as long as the deposition occurs sufficiently in advance of when Plaintiffs' motion for class certification is due.

### 2. Craig's Unique Experiences Are Relevant to Meta's Defenses and Meta Is Entitled to Her Deposition.

Meta is entitled to depose Craig. Under Federal Rule of Civil Procedure 30, Meta is entitled to depose a party and may depose the party without leave from the Court. Fed. R. Civ. P. 30(a)(1); *see also Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 628 (C.D. Cal. 2011). Craig initiated a lawsuit against Meta *over two years ago*, and Plaintiffs' claims rely in part on Craig's unique experience with the tax-filing service she alleges shared her information with Meta. Meta has provided extensive discovery related to Craig specifically and sought third-party discovery from the tax-filing service that Craig claims shared data with Meta. Deposing Craig is crucial to opposing class certification and defending against Plaintiffs' claims on the merits. *See Perrine v. Sega of Am., Inc.*, 2015 WL 2227846, at *4 (N.D. Cal. May 12, 2015) (noting testimony from a named plaintiff, who no longer sought to be a class representative, was "relevant nevertheless" to class certification).

For example, Meta's investigation determined that Craig may have taken certain actions to protect her privacy or limit the data shared with third parties that her co-plaintiffs did not, as she customized her settings to block third-party cookies and auto-delete each time she closed her browser. There is also evidence that she enabled and disabled Account Association Disabled (AAD)—a user privacy control that, when enabled, prevents Meta from associating a user's future offsite events with their Facebook account and clears that user's history. Separately, Craig posted on social media about her personal experience and issues with filing taxes specifically, including that she had issues with child support and sought legal assistance to prevent her child's father from claiming the child as a dependent—showing she was comfortable sharing that information with Meta. Craig's statements are highly relevant to Meta's defenses, and her deposition is necessary to explore her allegations, documents, and facts underlying her experience.

Indeed, the circumstances here are no different than in *Dysthe*, where the court granted a motion to compel the deposition of a named plaintiff who sought to dismiss his claims with prejudice in a putative class action. 273 F.R.D. at 627. There, the plaintiffs alleged "that various defendants made purportedly false claims concerning the efficacy of Relacore weight-loss products." 273 F.R.D. at 627. The court explained that the defendants were entitled to take the plaintiff's deposition because he "had personal experiences with" the "products" at issue that are "unlikely to be available from other representative parties," and his testimony could be "relevant to the commonality and typicality of the class representative's claims, whether or not [plaintiff] is himself a putative or absent class member." *Id.* at 629–30; *see also Gallegos v. Atria Mgmt. Co., LLC*, 2016 WL 11824850, at *9 (C.D. Cal. Nov. 14, 2016) (granting motion to compel deposition, even where named plaintiff sought to withdraw, because plaintiff has a "'unique status in this litigation' that justifies her deposition"). The same is true here.

### 3. Plaintiffs' Attempt to Dismiss Craig's Claims Does Not Justify Refusing Craig's Deposition.

Plaintiffs moved to dismiss Craig and believe that in doing so, Meta is no longer entitled to her deposition. Case law supports the contrary.

"[D]efendants are entitled to take the deposition of a named plaintiff notwithstanding the plaintiff's intention to withdraw from the case, especially where the plaintiff's claims formed the basis of the class action and the plaintiff has been a named plaintiff from the start of the action." *Gallegos*, 2016 WL 11824850, at *9. The fact that Craig seeks dismissal of her claims has no bearing on whether she may be deposed. "A named plaintiff simply cannot avoid the obligation to sit for a deposition merely by filing a request to withdraw." *Gallegos*, 2016 WL 11824850, at *9. Other courts have ordered the depositions of withdrawn named class plaintiffs. *See, e.g.*, *Roz v. Nestle Waters N.A. Inc.*, 2017 WL 6940512, at *1 (C.D. Cal. June 21, 2017); *Gallegos*, 2016 WL 11824850, at *9 (C.D. Cal. Nov. 14, 2016); *Dysthe*, 273 F.R.D. at 628. This sensible, even-handed approach balances the interests of a named plaintiff who wishes to withdraw from litigation against the interests of a defendant who must continue litigating the underlying claims against the remaining plaintiffs. The Court shouldn't permit Craig to avoid the obligation she took on when filing this case to sit for deposition through an eleventh hour dismissal.[2]

## III. Parties' Views on Whether Court Should Conduct Hearing on Dispute

<u>Plaintiffs' Position</u>:

Plaintiffs do not believe a hearing is necessary for this dispute.

<u>Meta's Position</u>:

Meta also does not believe a hearing is necessary for this dispute.

## IV. Cut-Off Dates for Fact and Expert Discovery

The Court has not yet set a cut-off deadline for fact or expert discovery.

---

[2] Plaintiffs also cite Judge Orrick's recent decision granting a named plaintiff dismissal with prejudice and without condition in another Meta Pixel matter (*see* Dkt. 188, at 6–7; *In re: Meta Pixel Healthcare Litig.*, No. 22-cv-03580 (N.D. Cal. Apr. 15, 2025)), but that decision did not concern a motion to quash or compel, at issue here, and was made based on the specific record before that court. As explained, courts grant motions to compel even when there is a motion for voluntary dismissal pending. *See, e.g.*, *Dysthe*, 273 F.R.D. at 628; *Gallegos*, 2016 WL 11824850, at *9. And courts have significant discretion to weigh the facts before them and determine whether to dismiss a plaintiff "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see Solano v. Kroger Co.*, 2022 WL 3143352, at *4 (D. Or. May 3, 2022) (imposing conditions "necessarily turns on careful consideration of the particular circumstances in each case" and dismissing plaintiffs without condition where defendant did not show plaintiffs had relevant information).

V.  **Statement re: Compliance with Standing Order**

<u>Plaintiffs' Position</u>

Michael Liskow of George Feldman McDonald, PLLC, one of the Steering Committee Co-Chair firms, and Natalie Hausknecht, counsel for Meta, among others, met and conferred regarding this dispute on May 7, 2025, May 15, 2025 and June 4, 2025.

<u>Meta's Position</u>:

Meta agrees that the parties met and conferred about this dispute on May 7, May 15, and June 4, 2025. But during none of these meetings did plaintiffs ever respond to Meta's offers to provide accommodations for or schedule a convenient time to depose Craig.

VI.  **Attachments**

    A.    Amended Notice of Deposition of Crystal Craig

Respectfully yours,

Dated: June 18, 2025

<u>/s/ Michael Liskow</u>
Michael Liskow
Lori Feldman (*pro hac vice* forthcoming)
LFeldman@4-justice.com
Michael Liskow (Cal. Bar No. 243899)
MLiskow@4-Justice.com
**GEORGE, FELDMAN, MCDONALD, PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel.: (718) 878-6433
Fax: (888) 421-4173

*Counsel for Plaintiffs*

Dated: June 18, 2025          By:     */s/ Lauren Goldman*
                                      Lauren Goldman

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (pro hac vice)
  lgoldman@gibsondunn.com
DARCY C. HARRIS (pro hac vice)
  dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Tel:    (212) 351-4000
Fax:    (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
  emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
  abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel:    (415) 393-8200
Fax:    (415) 393-8306

Attorneys for Defendant Meta Platforms, Inc.

cc: Counsel of Record (via ECF)