# Proposed Redacted Version of Defendant Meta Platforms, Inc.'s Opposition to Plaintiffs' Motion for Voluntary Dismissal of Plaintiff Crystal Craig

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:     (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:     (415) 393-8306

NATALIE J. HAUSKNECHT (pro hac vice)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:    (303) 298-5783
Facsimile:     (303) 298-5907

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES <br><br> This Document Relates To: <br><br> Case No. 5:22-cv-07557-PCP, All Actions | Case No. 5:22-cv-07557-PCP (VKD) <br><br> **DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG** <br><br> Date: July 31, 2025 <br> Time: 10:00 a.m. <br> Courtroom 8, 4th Floor <br><br> Date Action Filed: December 1, 2022 <br> Honorable P. Casey Pitts |

# REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

# INTRODUCTION

Meta Platforms, Inc. ("Meta") properly noticed plaintiff Crystal Craig's deposition *six months ago* and she should be required to sit for that deposition as a condition of withdrawal. Over two years ago, in January 2023, Craig individually filed suit against Meta, before this Court consolidated her case with this one. Meta has already provided discovery in response to the dozens of discovery requests Craig served on Meta, including data specific to Craig. Meta noticed Craig's deposition in December 2024, and the parties were actively negotiating a date for Craig's deposition until plaintiffs notified Meta that Craig no longer wanted to participate in this case on May 1. Meta repeatedly offered to accommodate Craig's needs through a virtual deposition or deposition across multiple days (which plaintiffs fail to mention). Instead of responding to Meta about these proposed accommodations, plaintiffs filed this motion.

Allowing Craig to dismiss her claims—even with prejudice—without requiring her to sit for her previously noticed deposition would unfairly prejudice Meta. Meta has the right to test whether members of the proposed class are similarly situated. The discovery taken to date shows that Craig may be uniquely situated given her familiarity with and use of privacy-and-security-related tools and pervasive sharing of tax-related information online. Her broadly distributed online posts, moreover, are relevant to plaintiffs' claims and Meta's defenses, including whether she had a reasonable expectation of privacy in the type of information at issue in this case and whether she consented to Meta's receipt of such information. Courts have recognized that discovery from withdrawing plaintiffs is relevant to class certification and have repeatedly required plaintiffs to appear for previously scheduled depositions where, like here, the plaintiff possesses information relevant to whether a class should be certified.

To be clear, Meta does not object to Craig's dismissal with prejudice if properly conditioned. To balance the equities and mitigate any prejudice, Meta respectfully asks the Court to grant dismissal contingent on Craig's appearance for a deposition.

# BACKGROUND

## A. Craig's Unique Situation and Her Broadly Distributed Data

Plaintiff Craig filed suit individually against Meta on January 23, 2023, *see* Case No. 23-cv-00315 (Dkt. 1), and this Court consolidated her case with this one on February 9, 2023, *see* Dkt. 30. Craig has been a named plaintiff in this action for more than two years. *See* Dkt. 30. In their Second Amended Complaint, Craig and her co-plaintiffs assert almost a dozen claims against Meta based on third-party tax-service providers' alleged use of Meta's Business Tools—including the Meta Pixel—to send information to Meta about plaintiffs' use of the providers' websites and mobile applications. *See generally* Dkt. 180. Specifically, plaintiffs allege that Meta wiretaps "electronic communications on major online tax filing websites offered by H&R Block, TaxAct, and TaxSlayer, among other sites," and, as a result, "U.S. consumers have been transmitting their sensitive financial information to Meta—inadvertently and without consent—when they file their taxes online." *Id.* ¶ 1. Craig and her co-plaintiffs assert various common law and statutory privacy-related causes of action. Dkt. 180 ¶¶ 108–212. In support of these claims, plaintiffs have propounded dozens of discovery requests on Meta, including requests for all data related to Craig. Declaration of Natalie Hausknecht (Hausknecht Decl.) ¶ 9. Meta, in turn, produced structured data for each of the named plaintiffs, including Craig, and the tax-service providers that allegedly shared plaintiffs' information with Meta, including H&R Block. Hausknecht Decl. ¶ 9.

Craig may be uniquely situated from the other named plaintiffs:

*First*, Meta's investigation revealed that Craig may have taken certain actions to protect her privacy or limit the data shared with third parties that her co-plaintiffs did not. Hausknecht Decl. ¶ 10. For example, there is evidence that Craig customized her settings to block third-party cookies and auto-delete each time she closed her browser. Hausknecht Decl. ¶ 10. There is also evidence that she enabled and disabled a Facebook user privacy control that, when enabled, prevents Meta from associating a user's future offsite events with their Facebook account and clears that user's history. Hausknecht Decl. ¶ 10.

*Second*, Craig posted on social media (and Meta services) about her personal experience and issues with filing taxes specifically, including that she had issues with child support and sought legal

assistance to prevent her child's father from claiming the child as a dependent. Hausknecht Decl. ¶ 11. Craig also asked for help on Facebook with certain tax-related questions, including which state would tax her, whether and how to claim college and student loans, when she would receive her child tax credit, and how to use certain online tax-filing services. Hausknecht Decl. ¶ 11.

### B.  Craig Moved to Withdraw Six Months After Meta Noticed Her Deposition

On December 17, 2024—six months ago and almost two years after Craig joined this case—Meta served Craig with a deposition notice. Hausknecht Decl. ¶ 3. The deposition notice did not include a date and instead indicated that the deposition would take place "on a date and time to be determined, with parties to confer about that date." Hausknecht Decl. ¶ 3. After Meta requested dates for Craig's deposition several times, on March 27, plaintiffs proposed May 2 for Craig's deposition. Hausknecht Decl. ¶ 3. On May 1, while the parties were actively working to identify mutually agreeable deposition dates for all the named plaintiffs in the case, plaintiffs told Meta for the first time that Craig is unable to proceed with the litigation and therefore seeks to be dismissed from the action. Hausknecht Decl. ¶ 3; Declaration of Michael Liskow (Liskow Decl.) ¶ 4.

The parties met and conferred about Craig's withdrawal three times. Hausknecht Decl. ¶ 4. In the first meeting, on May 7, plaintiffs would not provide any specific information about Craig's reasons for withdrawing. Hausknecht Decl. ¶ 4; Liskow Decl. ¶ 9. In the second, on May 15, plaintiffs agreed to consult with Craig about why she was refusing to appear for her deposition. Hausknecht Decl. ¶ 4; Liskow Decl. ¶ 10. In the third, on June 4, plaintiffs finally informed Meta that Craig did not want to continue as a named plaintiff in the case because of ████████████████████████ ████████████████████████████████████████████████████████ Hausknecht Decl. ¶ 4; Liskow Decl. ¶¶ 5, 11. They also explained that Craig ████████████████████████████ ████████████████████████████████ Hausknecht Decl. ¶ 4; Liskow Decl. ¶ 5. In response to this new information, Meta informed plaintiffs that it was willing to consent to her withdrawal with prejudice if Craig would agree to sit for a more limited deposition where Meta would make certain accommodations for her, including scheduling the deposition remotely, holding the deposition outside of business hours, and/or conducting the deposition in multiple sessions, if necessary. Hausknecht Decl. ¶ 4. Meta also informed plaintiffs that it would serve an amended

deposition notice for Craig on June 6, but offered to notice her deposition for a date convenient for Craig if such a date were provided. Hausknecht Decl. ¶ 4. Plaintiffs responded that they would confer with Craig to see if she would agree to sit for a deposition, subject to Meta's proposed accommodations, and get back to Meta by June 6. Hausknecht Decl. ¶ 4.

But plaintiffs never responded. Hausknecht Decl. ¶ 5. Instead, on June 5, plaintiffs filed this motion to dismiss Craig from the case. Dkt. 922. On June 6, Meta noticed Craig's deposition for June 26 since plaintiffs had stated they did not intend to propose any date. Hausknecht Decl. ¶ 7. In that email, Meta reiterated its willingness to provide accommodations to Craig to facilitate her ability to sit for a deposition. Hausknecht Decl. ¶ 7. Meta also sought to set the record straight with respect to Craig's motion, including that in the motion plaintiffs made no mention of (1) Meta's willingness to accommodate Craig; (2) plaintiffs' representation that they would confer with Craig to see if she would agree to a deposition with accommodations and get back to Meta on June 6; and (3) Meta's plan to send an amended deposition notice. Hausknecht Decl. ¶ 6–7. Instead, as to the latter, plaintiffs represented in their filing that "Meta has not provided Craig with an amended notice." Dkt. 188 at 2.

On June 10, plaintiffs responded to Meta's amended deposition notice and informed Meta that, unless it postponed the scheduled deposition to late August or September (after plaintiffs file their class certification brief), they would move for a protective order and to quash the deposition notice. Hausknecht Decl. ¶ 8. Meta responded that it remains willing to reschedule Craig's deposition for a time that would be convenient for her, as long as the deposition occurs sufficiently in advance of when plaintiffs' motion for class certification is due. Hausknecht Decl. ¶ 8. Plaintiffs nevertheless proceeded to file their motion to quash, which is currently pending before Judge DeMarchi. Dkt. 7.

## ARGUMENT

Meta would be unfairly prejudiced if the Court grants Craig's motion for voluntary dismissal without conditioning such dismissal on her sitting for a deposition. Given her more than two years of litigation against Meta, Craig is not entitled to dismiss her claims as a matter of right. Rather, Rule 41(a)(2) requires a court order, "on terms that the court considers proper," to dismiss her. Fed. R. Civ. P. 41(a)(2). Before granting such a motion, a court "must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and

(3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (citation omitted).

Courts applying that test in putative class actions frequently find that defendants will be prejudiced or unfairly affected when a named plaintiff seeks to withdraw without sitting for an already noticed deposition, and for that reason, courts often condition dismissal on completion of the withdrawing plaintiff's deposition. *See, e.g.*, *Benanav v. Healthy Paws Pet Ins. LLC*, 2023 WL 5227702, at *10 (W.D. Wash. Aug. 15, 2023); *Sherman v. Yahoo! Inc.*, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015); *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 628–30 (C.D. Cal. 2011). Consistent with that authority, Meta does not oppose Craig's request for dismissal with prejudice provided that, to mitigate the unfair prejudice Meta would otherwise face, dismissal is conditioned on her sitting for her deposition.

### A. Conditioning Craig's Dismissal on Sitting for a Deposition Is Necessary and Appropriate.

It is necessary and appropriate under the circumstances for Craig to sit for her properly noticed deposition to avoid unfair prejudice to Meta. Meta seeks discovery from Craig to gather evidence to oppose class certification and develop its defenses on the merits. Courts have recognized that discovery from withdrawing plaintiffs is relevant to class certification because it may reveal dissimilarities in the class, and "[t]he fact that other named plaintiffs remain in the case does not render [plaintiff's] testimony . . . any less relevant." *Fraley v. Facebook, Inc.*, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012); *see also Perrine v. Sega of Am., Inc.*, 2015 WL 2227846, at *4 (N.D. Cal. May 12, 2015) (noting testimony from a named plaintiff, who no longer sought to be a class representative, was "relevant nevertheless" to class certification); *Sherman*, 2015 WL 473270, at *7 (requiring withdrawing plaintiff to be deposed because his testimony "is likely to be relevant to class certification issues, even if he no longer wishes to be burdened with this litigation," and the defendant "would be legally prejudiced if it was prevented from deposing" him). That is especially true here for three reasons:

*First*, Craig is only one of two named plaintiffs who is a citizen of Illinois. Dkt. 335 ¶ 38. Because plaintiffs bring a claim under Illinois law specifically and thus seek a subclass for Illinois

residents, Craig's testimony is relevant to assessing whether that claim, in particular, can be certified. Dkt. 180 ¶¶ 136–143; *see Corbett v. Pharmacare U.S., Inc.*, 2022 WL 2835847, at *5–7 (S.D. Cal. July 20, 2022) (conditioning dismissal on providing outstanding discovery because of plaintiff's representation of a particular subclass).

*Second*, Craig may have taken certain actions to protect her privacy or limit the data shared with third parties that her co-plaintiffs did not. *Supra* at 2. For example, there is some evidence that Craig customized her settings to block third-party cookies and auto-delete each time she closed her browser. *Id.* Some evidence also shows she enabled and disabled a Facebook user privacy control that, when enabled, prevents Meta from associating a user's future offsite events with their Facebook account and clears that user's history. *Id.* This information is relevant because Craig may have been more knowledgeable about user controls on her data than her co-plaintiffs. Deposing Craig could thus reveal the ways in which putative class members and their claims may be dissimilarly situated—differences that excusing Craig's testimony could hide to Meta's detriment.

*Third*, Craig's testimony is particularly relevant because her use of social media may highlight individualized evidence relevant to plaintiffs' claims and Meta's defenses. Meta's investigation revealed that Craig posted about her personal experience and issues with filing taxes. *Supra* at 2–3. As detailed above, Craig also asked for assistance on Facebook with certain tax-related questions. *Id*. Meta is entitled to depose Craig about her broadly distributed social media posts, which displayed information that Craig and the other named plaintiffs claim is private to large audiences and that showed her willingness (by posting it directly on Facebook) to share that information with Meta specifically. These posts are relevant to plaintiffs' claims and Meta's defenses, including whether Craig had a reasonable expectation of privacy in the type of information at issue in this case and whether she consented to Meta's receipt of such information. Excusing Craig from a deposition would render Meta "unable to conduct sufficient discovery to . . . adequately defend" itself against class certification and on the merits. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

For that reason, courts often condition a named plaintiff's withdrawal from a case on providing limited discovery where, like here, a plaintiff may be uniquely situated and has information related to

specialized issues or facts. As courts have recognized, "[c]onditioning a plaintiff's dismissal on existing discovery requests potentially mitigates the risk of prejudice to a defendant while limiting the burden placed on a plaintiff who no longer wishes to participate in an action." *In re MGM Resorts Int'l Data Breach Litig.*, 2024 WL 1440902, at *3 (D. Nev. Apr. 2, 2024).

For example, in *Benanav*, the court required a named plaintiff seeking to withdraw with prejudice from a putative class action against an insurance company for fraud and breach of contract to sit for a deposition. *See* 2023 WL 5227702, at *1, 9–10. In doing so, the court rejected the argument that the plaintiff's "discovery will have no utility moving forward." *Id.* at *9–10. Instead, the court acknowledged the defendant's argument that the plaintiff seeking to withdraw was one of the only named plaintiffs who elected to cancel his insurance policy and obtain insurance from another company. *See id.* at *10. And it concluded that the information the defendant sought from the named plaintiff "has continuing relevance to the allegations in the . . . complaint and to class certification issues, including commonality and typicality of the class representatives' claims." *Id.*

Similarly, in *Fraley*, the court denied the plaintiffs' motion for a protective order to prevent the deposition of a named plaintiff who sought withdrawal without prejudice in a case alleging "unlawful appropriation of the names, photographs, likenesses, and identities of" the plaintiffs by Facebook. 2012 WL 555071, at *1. The court explained that the plaintiff's testimony was "critical" to test whether "certain issues . . . may be unique among the other named plaintiffs" and "whether common issues predominate in Fraley and [the] other potential class members' claims." *Id.* at *2.

And in *Dysthe*, the court granted a motion to compel discovery of a plaintiff who sought to dismiss his claims with prejudice in a putative class action "alleging that various defendants made purportedly false claims concerning the efficacy of Relacore weight-loss products." 273 F.R.D. at 627. The court explained that the defendants were entitled to take the plaintiff's deposition because he "had personal experiences with" the products at issue that are "unlikely to be available from other representative parties," and his testimony could be "relevant to the commonality and typicality of the class representative's claims, whether or not [plaintiff] is himself a putative or absent class member." *Id.* at 629–30. This sensible, even-handed approach balances the interests of a named plaintiff who

1  wishes to withdraw from litigation against the interests of a defendant who must continue litigating the
2  underlying claims against the remaining plaintiffs.  *See Sherman*, 2015 WL 473270, at *7.
3          That same approach is amply warranted here.  Craig may have taken certain actions to protect
4  her privacy or limit the data shared with third parties by, for example, customizing her cookies and
5  auto-deleting settings on Facebook.  Craig, moreover, posted on Facebook about her unique
6  experiences and personal tax circumstances.  The underlying facts of Craig's actions and experiences
7  are highly relevant to plaintiffs' remaining claims and Meta's defenses.  *See supra* at 2–3, 6.  Craig's
8  conduct also varies from that of her co-plaintiffs, and discovery from her is thus directly "relevant to
9  the commonality and typicality of the class representative's claims."  *Dysthe*, 273 F.R.D. at 629–30.
10  Without Craig's deposition, Meta will be hindered in demonstrating differences between her
11  experience and the other named plaintiffs' experiences that reveal potential dissimilarities among the
12  putative class that may defeat class certification.
13          Moreover, in addition to preparing for Craig's deposition, Meta expended significant time and
14  resources responding to plaintiffs' dozens of discovery requests, including producing large amounts of
15  structured data for and pursuing discovery from Craig.  *See supra* at 2.  Dismissing Craig without
16  requiring her to sit for her already noticed and scheduled deposition would prejudice Meta.  *See*
17  *Benanav*, 2023 WL 5227702, at *10; *Sherman*, 2015 WL 473270, at *7.  To avoid that imbalance, the
18  Court should condition the dismissal on Craig sitting for a deposition that will enable Meta to
19  adequately defend itself and develop evidence in connection with plaintiffs' forthcoming class
20  certification motion.
21          **B.**     **Plaintiffs' Arguments Are Unpersuasive.**
22          Plaintiffs raise only two arguments for why Craig should not have to sit for a deposition.  Both
23  of those arguments fail.  *See In re MGM Resorts*, 2024 WL 1440902 at *3 (internal quotation marks
24  omitted) (emphasizing that plaintiffs "generally should not be permitted to escape their discovery
25  obligations by moving to withdraw").
26          First, plaintiffs assert that Craig is not "elect[ing] to refile her claims, nor is she even asking to
27  proceed as an absent class member in this case."  Dkt. 188 at 4.  But that does not make her testimony
28  any less relevant.  As discussed, courts have repeatedly required a named plaintiff to sit for a deposition

even where that plaintiff sought to withdraw from the putative class action with prejudice. *See Benanav*, 2023 WL 5227702, at *9–10; *Dysthe*, 273 F.R.D. at 627–28; *Jones v. ConAgra Foods, Inc.*, 2013 WL 6623740, at *1 & n.4 (N.D. Cal. Dec. 16, 2013). As courts have noted, a named plaintiff, like Craig, who joins a case and volunteers to pursue it "in a representative capacity," "should have realized that [she] would be expected to respond to discovery requests at some point in the proceedings." *Burnett v. Ford Motor Co.*, 2015 WL 3540886, at *2 (S.D. W. Va. June 4, 2015). Indeed, "[a] named plaintiff simply cannot avoid the obligation to sit for a deposition merely by filing a request to withdraw." *Gallegos v. Atria Mgmt. Co., LLC*, 2016 WL 11824850, at *9 (C.D. Cal. Nov. 14, 2016); *Fraley*, 2012 WL 555071, at *2. The Court should not permit Craig to avoid her obligation to sit for a deposition, which she took on by filing this case, through an eleventh hour dismissal.

Second, plaintiffs contend that "Craig does not bring any unique claims or possess unique information about this case that Meta cannot obtain from one or more of the other" named plaintiffs. Dkt. 188, at 6. As explained, that is not correct. *See supra* at 5–8. Meta is entitled to elicit testimony from Craig about her unique experiences and actions, including her actions to protect her privacy or limit the data shared with third parties and her treatment of allegedly private information on social media, to explore whether a class action is viable in this case. *See id.*; *see also Benanav*, 2023 WL 5227702, at *10; *Fraley*, 2012 WL 555071, at *2–3; *Dysthe*, 273 F.R.D. at 628–30. Meta would be unable to obtain similar discovery from any of the other named plaintiffs. A deposition related to Craig's individual experience is thus relevant and necessary, *Corbett*, 2022 WL 2835847, at *5–7, and Meta would be unfairly prejudiced without that testimony, *see supra* at 5–8.

The cases plaintiffs cite do not show otherwise. Most of plaintiffs' cited cases simply do not involve evidence indicating that the withdrawing plaintiff was potentially unique among the other named plaintiffs, as there is for Criag. For example, in *In re MGM Resorts*, the court held that "dismissal of the Moving Plaintiffs would not deprive [the defendant] of discovery on uniquely situated class members," because there, the defendant primarily argued that it wanted discovery related to the type of information obtained in the data breach at-issue —information that could also be obtained "from the remaining seven class representatives." 2024 WL 1440902, at *3. The court thus concluded that the defendant "would not be unfairly prejudiced by the unconditional withdrawal of Moving Plaintiffs."

*Id.* Similarly, in *Carr v. International Game Technology*, the court held that the defendants would "not be prejudiced by [the named plaintiff's] withdrawal, as there remain four *similarly-situated* named Plaintiffs [whose] claims do not differ from [the named plaintiff's]." 2012 WL 600825, at *1 (D. Nev. Feb. 22, 2012) (emphasis added).

In another case plaintiffs cite, the court emphasized that there was no prejudice to the defendants because "the litigation is in its relatively early stages" and they "will not suffer the sort of prejudice that might stem from a later-stage withdrawal of a class representative." *Doe v. Ariz. Hosp. & Healthcare Ass'n*, 2009 WL 1423378, at *13–14 (D. Ariz. Mar. 19, 2009). That is not the case here where Craig, having been a named representative for more than two years, seeks to withdraw from this case on the eve of her noticed deposition and the deadline for plaintiffs to seek class certification. And *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001), has no bearing on the legal issues here as it involved the question of legal prejudice based on claims being brought in one legal forum over another: federal or state. While plaintiffs point out that Judge Orrick recently granted a named plaintiff's dismissal with prejudice and without condition in another Meta Pixel matter (*see* Dkt. 188, at 6–7; *In re: Meta Pixel Healthcare Litig.*, No. 22-cv-03580 (N.D. Cal. Apr. 15, 2025)), that decision was made based on the specific record before that court. Courts have significant discretion to weigh the facts before them and determine whether to dismiss a plaintiff "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see In re MGM Resorts*, 2024 WL 1440902 at *2 ("What conditions, if any, should be imposed necessarily turns on careful consideration of the particular circumstances in each case."). As explained, there is ample caselaw supporting imposing conditions on withdrawal where a named plaintiff, like Craig, may be uniquely situated, even when that plaintiff is seeking withdrawal with prejudice. *See supra* 5–8.

Plaintiffs' efforts to minimize the prejudice to Meta of allowing Craig to withdraw without being deposed are unpersuasive. The Court should grant Craig's motion to dismiss with prejudice only on the condition that she complete her deposition.

# CONCLUSION

Meta respectfully requests that this Court condition Craig's dismissal on sitting for a deposition.

DATED: June 20, 2025

**GIBSON, DUNN & CRUTCHER LLP**
By: */s/ Lauren R. Goldman*
     Lauren R. Goldman

*Attorney for Defendant Meta Platforms, Inc.*