# Redacted Version of the Declaration of Natalie Hausknecht

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:    (303) 298-5783
Facsimile:    (303) 298-5907

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-07557-PCP (VKD) |
| This Document Relates To: | **DECLARATION OF NATALIE HAUSKNECHT IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF CRYSTAL CRAIG** |
| Case No. 5:22-cv-07557-PCP, All Actions | Date:  July 31, 2025<br>Time:  10:00 a.m.<br>Courtroom 8, 4th Floor |
| | Date Action Filed: December 1, 2022<br>Honorable P. Casey Pitts |

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

I, Natalie Hausknecht, declare as follows:

1.     I am an attorney admitted to practice law in the state of Colorado. I am admitted pro hac vice in the United States District Court for the Northern District of California.  I am a partner at the law firm Gibson, Dunn & Crutcher LLP and counsel for Meta Platforms, Inc. ("Meta") in the above-captioned action.

2.     I make this declaration in support of Meta's Opposition to Plaintiffs' Motion for Voluntary Dismissal of Plaintiff Crystal Craig, filed in this District on June 20, 2025.  Unless otherwise stated, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently to them.

3.     On December 17, 2024—six months ago and almost two years after Craig joined this case—Meta served Craig with a deposition notice.  The deposition notice did not include a date and instead indicated that the deposition would take place "on a date and time to be determined, with parties to confer about that date."  After Meta requested dates for Craig's deposition several times, on March 27, plaintiffs proposed May 2 for Craig's deposition.  On May 1, while the parties were actively working to identify mutually agreeable deposition dates for all the named plaintiffs in the case, plaintiffs told Meta for the first time that "Craig is unable to proceed with the litigation and therefore seeks to be dismissed from the action."

4.     The parties met and conferred about Craig's withdrawal three times.  In the first meeting, on May 7, plaintiffs would not provide any specific information about Craig's reasons for withdrawing.  In the second, on May 15, plaintiffs agreed to consult with Craig about why she was refusing to appear for her deposition.  In the third, on June 4, plaintiffs finally informed Meta that Craig did not want to continue as a named plaintiff in the case because of ███████████████████████ ████████████████████████████████████████████████████████████████████████████. They also explained that Craig has ██████████████████████████████████████████████ ██████████████████████████     In response to this new information, Meta informed plaintiffs that it was willing to consent to her withdrawal with prejudice if Craig would agree to sit for a more limited deposition where Meta would make certain accommodations for her, including scheduling the deposition remotely, holding the deposition outside of business hours, and/or conducting

the deposition in multiple sessions, if necessary.  Meta also informed plaintiffs that it would serve an amended deposition notice for Craig on June 6, but offered to notice her deposition for a date convenient for Craig if such a date was provided.  Plaintiffs responded that they would confer with Craig to see if she would agree to sit for a deposition, subject to Meta's proposed accommodations, and get back to Meta by June 6.

5.    Plaintiffs never responded to Meta about its offer.

6.    On June 6, Meta met with plaintiffs during the break in a deposition in this matter.  Meta raised the fact that plaintiffs had filed their motion to dismiss without responding to Meta's offer, despite plaintiffs' commitment to respond to that offer on the last meet and confer and meet and confer again on whether the parties could come to an agreement on reasonable conditions for Craig's dismissal.  Plaintiffs informed Meta that the motion was its "response" to Meta's offer, despite the fact that plaintiffs' motion did not even mention Meta's offer to provide accommodations to Craig, and plaintiffs never stated that counsel had even presented Meta's compromise offer to Craig prior to filing the motion to dismiss her.  Plaintiffs instead stated only that some of the other plaintiffs' counsel did not want to honor plaintiffs' position to Meta on the final meet and confer to consider Meta's offer of accommodations and instead decided to file the motion without responding to the offer.

7.    On June 6, Meta also noticed Craig's deposition for June 26 since plaintiffs had stated they did not intend to propose any date.  In that email, Meta reiterated its willingness to provide accommodations to Craig to facilitate her ability to sit for a deposition.  Meta also sought to set the record straight with respect to Craig's motion, including that in the motion plaintiffs made no mention of (1) Meta's willingness to accommodate Craig; (2) plaintiffs' representation that they would confer with Craig to see if she would agree to a deposition with accommodations and get back to Meta on June 6; and (3) Meta's plan to send an amended deposition notice.

8.    On June 10, plaintiffs responded to Meta's amended deposition notice and informed Meta that, unless it postponed the scheduled deposition to late August or September (after plaintiffs file their class certification brief), they would move for a protective order and to quash the deposition notice.  Meta responded that it remains willing to reschedule Craig's deposition for a time that would

be convenient for her, as long as the deposition occurs sufficiently in advance of when plaintiffs' motion for class certification is due.

9.    In support of their claims, plaintiffs have propounded dozens of discovery requests on Meta, including requests for all data related to Craig.  Meta, in turn, produced structured data for each of the named plaintiffs, including Craig, and the tax-service providers that allegedly shared their information with Meta, including H&R Block.

10.    Meta's investigation into Craig revealed that she may have taken certain actions to protect her privacy or limit the data shared with third parties that her co-plaintiffs did not.  For example, there is evidence that Craig customized her settings to block third-party cookies and auto-delete each time she closed her browser.  There is also evidence that she enabled and disabled a Facebook user privacy control that, when enabled, prevents Meta from associating a user's future offsite events with their Facebook account and clears that user's history.

11.    Meta's investigation also revealed that Craig posted on social media (and Meta services) about her personal experience and issues with filing taxes specifically, including that she had issues with child support and sought legal assistance to prevent her child's father from claiming the child as a dependent.  Craig also asked for help on Facebook with certain tax-related questions, including which state would tax her, whether and how to claim college and student loans, when she would receive her child tax credit, and how to use certain online tax-filing services.

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this Declaration on June 20, 2025, in Des Moines, Iowa.

*/s/ Natalie J. Hausknecht*
Natalie J. Hausknecht

DECLARATION OF NATALIE HAUSKNECHT IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
CASE NO. 5:22-CV-07557-PCP (VKD)