**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
lfeldman@4-justice.com
mliskow@4-justice.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., Ninth Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
ndeckant@bursor.com

*Attorneys for Plaintiffs*
*Additional Attorneys on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All Actions | Master File No. 5:22-cv-07557-PCP (VKD)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER PLAINTIFFS' MATERIALS SHOULD BE SEALED**<br><br>Date Action Filed: December 1, 2022<br>Honorable P. Casey Pitts |

Pursuant to Civil Local Rule 79-5(f), Plaintiffs file this response to Defendant Meta Platforms, Inc.'s ("Meta") Administrative Motion to Consider Whether Plaintiffs' Materials Should Be Sealed ("Motion"). *See* ECF No. 193. Plaintiffs respectfully request that the Court seal the portions of Meta's Opposition to Plaintiffs' Motion for Voluntary Dismissal of Plaintiff Crystal Craig ("Opposition"), and Declaration of Natalie Hausknecht ("Declaration"), identified in Meta's Motion.

The Ninth Circuit applies one of two standards when determining whether to seal materials: (1) the "good cause" standard; and (2) the more stringent "compelling reasons" standard. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097-99 (9th Cir. 2016). For the "compelling reasons" standard to apply, the materials at issue must be "*more* than tangentially related to the merits of the case." *Id.* at 1099 (emphasis added). By contrast, the good cause standard acts as an exception to the strong preference for public access and applies to materials that do not go to the merits of the case. *See id.* at 1097. Regardless of which standard is applied, a request "must be narrowly tailored to a limited amount of information." *TML Recovery LLC v. Cigna Corp.*, No. 8:20-cv-0269-DOC-JDE, 2023 WL 12011238, at *3 (C.D. Cal. Aug. 7, 2023).

Meta's proposed redactions in both the Opposition and Declaration concern Plaintiff Craig's sensitive personal circumstances surrounding her inability to remain a named plaintiff in this litigation.[1] The materials sought to be redacted are, at best, only tangentially related to the merits of the case, and thus fall under the good cause exception. Good cause exists because the redactions are related to Plaintiff Craig's health and personal family circumstances. *See Clark v. InComm Financial Services, Inc.*, No. EDCV 22-1839 JGB (SHKx), 2024 WL 4744041, at *5 (C.D. Cal. Sept. 13, 2024) (finding good cause to seal reference to plaintiffs' medical condition); *Vangieson v. Austin*, No. 20cv1033-LAB-LL, 2021 WL 3848425, at *2 (S.D. Cal. Aug. 16, 2021) (finding good cause to seal

---

[1] Plaintiffs seek to seal the same sensitive information in its motion to dismiss filings. *See* ECF No. 187.

materials containing "sensitive and private health information"); *Jurgens v. Dubendorf*, No. 2:14–cv–2780–KJM–DAD, 2015 WL 6163464, at *2 (E.D. Cal. Oct. 19, 2015) (declining to decide whether compelling reasons or good cause standard applied because under either standard, public disclosure of medical information "would unnecessarily broadcast detailed, private, and sensitive information about [plaintiff's] mental and physical health"); *cf. Bois v. Levi Strauss & Co.,* No. 23-CV-02772-TLT, 2024 WL 4004045, at *2 (N.D. Cal. Feb. 22, 2024) (redacting information regarding minor children). The proposed redactions are also narrowly tailored and limited to specific pieces of information.

For the foregoing reasons, Plaintiffs respectfully request that this Court seal the materials identified by Meta in its Motion.

Dated: June 26, 2025

By:   */s/ Michael Liskow*
      Michael Liskow

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
lfeldman@4-justice.com
mliskow@4-justice.com

**BURSOR & FISHER, P.A**.
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ndeckant@bursor.com

**SMITH KRIVOSHEY, P.C.**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, #1520
Boston, MA 02116
Telephone: (617) 377-7404
Email: joel@skclassactions.com

**GEORGE FELDMAN MCDONALD, PLLC**
Rebecca A. Peterson (241858)
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
Facsimile: (888) 421-4173
E-mail: rpeterson@4-Justice.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Kate M. Baxter-Kauf (*pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rapeterson@locklaw.com
kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (*pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (*pro hac vice*)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
jemerson@emersonfirm.com

*Attorneys for Plaintiffs*