**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: Ndeckant@bursor.com

*Attorneys for Plaintiffs*

*Additional Attorneys on Signature Page*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All Actions | CASE NO.: 5:22-cv-07557-PCP (VKD)<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S CLAIMS WITH PREJUDICE PURSUANT TO RULE 41(a)(2)**<br><br>The Honorable P. Casey Pitts<br>Date: July 31, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 4th Floor |

# INTRODUCTION

In its Opposition to Plaintiffs' Motion for Voluntary Dismissal of Plaintiff Crystal Craig ("Opposition" or "Opp." to "Motion" or "Mot."), defendant Meta fails to demonstrate it will be "unfairly prejudiced" if not permitted to depose Craig prior to her voluntary dismissal with prejudice as a named plaintiff in this litigation.

First, Meta's argument that Craig "*may be* uniquely situated from the other named plaintiffs," Opp. at 2 (emphasis added), and therefore must therefore be deposed, is wholly unsupported. Meta first argues that Craig is unique because she is *one of two* Illinois plaintiffs. *See* Mot. at 5-6. But as Meta concedes, there is another named Plaintiff from Illinois, meaning Craig is *not* unique based on her Illinois residency and claims.

Second, Meta argues that Craig "may" have taken steps to protect her privacy or limit the data that she shared with third parties that her co-plaintiffs did not. But in doing so, Meta has only provided the representations of counsel describing such "evidence," and declines to provide or even identify the purported records supporting its claims. *See* Declaration of Natalie Hausknecht ("Hausknecht Decl.," ECF No. 192-1), ¶¶ 10-11. And even if Meta proffered the records it purports to rely upon (and they in fact supported the contentions made by Meta), this would only serve to weaken Meta's need for Craig's deposition because the records would already support Meta's contentions. Meta also does not need Craig's deposition testimony to make the commonsense argument that some people may take more steps to protect their privacy, including by using data limiting tools, than others.

Meta finally argues that Craig's testimony is relevant "because her use of social media *may* highlight individualized evidence relevant to plaintiffs' claims and Meta's defenses." Opp. at 6 (emphasis added). But Meta again declines to provide, or even identify, specific evidence of this in its opposition papers. And even if Craig had publicly posted about "her personal experiences and issues with filing taxes," Opp. at 6, this does not mean Craig disclosed sensitive tax information. In fact, Meta concedes that it seeks this information solely to contest the merits of Craig's claims, "including whether Craig had a reasonable expectation of privacy in the type

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

1

of information at issue in this case and whether she consented to Meta's receipt of such information." Opp. at 6. But as Craig has already agreed to dismiss her claims with prejudice, which Meta has recently acknowledged, is the "harshest sanction." *In re Meta Pixel Healthcare Litigation*, No. 22-cv-03580-WHO (N.D. Cal.) ("*Meta Healthcare*"), ECF No. 1052 at 3 (granting dismissal of named plaintiff without prejudice and without condition of sitting for deposition). Accordingly, there is no basis for Meta to obtain testimony into the merits of Craig's claims.

Finally, Meta claims it would be prejudiced if Craig is not deposed because it "expended significant time and resources responding to plaintiffs' dozens of discovery requests, including producing large amounts of structured data for and pursuing discovery from Craig." Opp. at 8. But Meta again makes no effort to quantify or evidence any work done specifically with respect to Plaintiff Craig, or in preparing for her deposition.

Craig, on the other hand, is the party facing prejudice. She will no longer be serving as a named plaintiff in this litigation, something that she been doing diligently for years. *See* Declaration of Michael Liskow ("Liskow Decl.," ECF No. 188-1), ¶ 6. Craig will not be proffered as a proposed class representative and is agreeing to forego her claims against Meta. *See id.*, ¶ 11. Accordingly, as there is no basis to force Craig to sit for a deposition as a condition for her to submit to the "harshest penalty," dismissal with prejudice, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and deny Meta's demand to depose Craig.

## ADDITIONAL PERTINENT BACKGROUND

Meta's Opposition misstates or lacks important context with respect to the following pertinent issues:

- Plaintiffs' counsel conducted three meet and confers with Meta's counsel concerning Craig's dismissal. See Mot. at 2-3. During the initial meet and confer, Plaintiff's counsel asked Meta's counsel to explain why Craig was unique to the action, and Meta's counsel said it would consider the issue in advance of the next meet and confer. *See* Mot. at 2. Meta's counsel did not provide this information in any of the following meet and confers. *See* concurrently-filed Supplemental Declaration of Michael Liskow ("Supp. Liskow Decl."), ¶ 4.

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

2

- During the parties' May 15, 2025 meet and confer, Plaintiffs' counsel agreed to speak with Craig about whether she was willing to provide Meta, despite potential attorney-client privilege concerns, detailed information about the reasons Craig could no longer proceed with the litigation, and not just why she could not sit for a deposition.  *See* Supp. Liskow Decl., ¶ 5.  Plaintiffs' counsel did *not* state, as suggested by Meta, that they would contact Craig to determine *for the first time* why she was "refusing to appear for her deposition."  Opp. at 3.

- On March 27, 2025, Plaintiffs suggested a date of May 2, 2025 for Craig's deposition.  *See* Supp. Liskow Decl., ¶ 6.  Meta failed to confirm this date and did not suggest an alternative date by May 1, 2025, when Plaintiffs informed Meta that Craig could not proceed with the litigation.  *See id.*

- Plaintiffs filed the Motion on June 5, 2025, and noticed the hearing date for July 31, 2025, the earliest date available under the rules and when considering the Court's availability.  *See* Supp. Liskow Decl., ¶ 7.

- On June 6, 2025, Meta amended Craig's notice of deposition to finally provide a date for the deposition, June 26, 2025.  *See* Supp. Liskow Decl., ¶ 8.  As this date was before the July 31, 2025 hearing on the Motion, Plaintiffs' counsel informed Meta by email on June 10, 2025 that Plaintiffs would be forced to move to quash the deposition notice.  *See* Supp. Liskow Decl., ¶ 8.  Plaintiffs also proposed, in the alternative, that Meta move the notice date of Craig's deposition until late August or September, thereby providing the Court sufficient time to hear and rule on the Motion and mooting the need for Plaintiffs to move to quash.  *See* Supp. Liskow Decl., ¶ 8.

- On June 11, 2025, Meta's counsel responded that Meta was only willing to reschedule the Craig deposition in "June or early July."  *See* Supp. Liskow Decl., ¶ 9.  As this was still long before the Court would hear this Motion, Plaintiffs commenced preparing a Joint Discovery Dispute Letter which was filed with Judge DeMarchi on June 18, 2025.  *See* ECF No. 190 (the "Dispute Letter" concerning the "Motion to Quash").  Judge DeMarchi has yet to respond to the Dispute Letter.

- In the Dispute Letter Meta detailed, for the first time, Craig's purportedly "unique experiences" requiring Craig's deposition.  *See id.* at 5.  Meta also stated it was "willing to reschedule Craig's deposition for a time that would be convenient for her, as long as the deposition occurs *sufficiently in advance of when Plaintiffs' motion for class certification is due.*"  *Id.* at 5 (emphasis added); *see also* Opp. at 4 (same).

- On June 23, 2025, the Court granted the parties' stipulation and proposed order moving the deadline for Plaintiffs' motion for class certification from July 21, 2025 until August 18, 2025.  *See* ECF No. 195 at 2.  In light of this, and Meta's prior statements that it would agree to reschedule Craig's deposition to a date sufficiently in advance of Plaintiffs' class certification motion deadline, on June 23, 2025, Plaintiffs' counsel emailed Meta's counsel to request that the noticed date for

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

3

Craig's deposition be moved to the weeks of August 4-8 or August 11-15, 2025. *See* Supp. Liskow Decl., ¶ 10.  In exchange, Plaintiffs agreed to withdraw their Motion to Quash, as moving the deposition date would moot the purpose of the motion. *See* Supp. Liskow Decl., ¶ 10.

- On June 26, 2024, Meta's counsel responded by email that "Meta 'remains willing to reschedule Craig's deposition for a time . . . sufficiently in advance of when plaintiffs' motion for class certification is due' IF plaintiffs agreed to present Ms. Craig for deposition.  Meta does not agree to move Ms. Craig's deposition to a different date on which she will also refuse to appear, which is all plaintiffs are offering.  Accordingly, at this point, it seems to make the most sense for the Court to decide whether Ms. Craig must appear for her noticed deposition by ruling on plaintiffs' motion." Supp. Liskow Decl., ¶ 11.

## ARGUMENT

### A. Craig's Dismissal With Prejudice Should be Unconditional

Meta has not demonstrated any legal prejudice it would suffer if Craig is permitted to dismiss her claim with prejudice and without sitting for a deposition.  Meta grounds its argument for why it is entitled to depose Craig on the ground that she possesses unique information relevant to this action, but Meta's claims are baseless.

First, Meta paradoxically argues that Craig is unique because she is one of two "named plaintiffs who is a citizen of Illinois."  Opp. at 5-6.  But as Meta's own argument concedes, another named plaintiff who is not seeking dismissal, Tiffany Bryant, is also an Illinois Citizen and brings the same claims as Craig.  *See* ECF No. 180, ¶ 7.  Meta's citation to *Corbett v. Pharmacare U.S., Inc.*, No. 21CV137-GPC(AGS), 2022 WL 2835847 (S.D. Cal. July 20, 2022), is inapposite because there the plaintiff seeking dismissal was the only plaintiff from Massachusetts, without whom "there will be no claims for relief for the Massachusetts statute and subclass." *Id.* at *6.

Meta next obliquely argues Craig "*may have* taken certain actions to protect her privacy or limit the data shared with third parties that her co-plaintiffs did not" based on "*some* evidence" Craig customized her privacy settings, and therefore Craig "*may*" have been "more knowledgeable about user controls than her co-plaintiffs."  Opp. at 6 (emphasis added).  But Meta's claims are supported only by its counsel's *ipse dixit* statements based on records Meta claims it produced to Plaintiff but declines to provide to the Court or even identify.  *See*

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

4

Hausknecht Decl., ¶¶ 9-11. If Meta had actual documentary support for this point, it would have presented it to the Court or at least identified the specific records, but Meta has tellingly declined to do so. And assuming Meta's purported records actually support Meta's claims, this undermines Meta's need for *additional* evidence from Craig on the same points. Moreover, Meta does not need Craig's deposition testimony to show that some people take certain steps to protect their privacy or use data limiting tools, as Meta must study these issues frequently as they go to the heart of its business model. Meta knows full well that some class members can and do take such steps and use such tools, and that these actions are not at all unique (and certainly not unique to Craig, if she in fact took these steps at all).

Meta also claims that Craig's purported use of social media "may" highlight individualized evidence relevant to plaintiffs' claims and Meta's defenses. Opp at 6. But once again, Meta fails to provide or even identify the "evidence" supporting its claim, or the context in which certain statements were purportedly "broadly distributed" by Craig. Additionally, even if Craig posted tax related questions online, it does not mean that she disclosed sensitive tax information. And crucially, Meta concedes it seeks this information solely to assail the *merits* of Craig's claims, "including whether Craig had a reasonable expectation of privacy in the type of information at issue in this case and whether she consented to Meta's receipt of such information." Opp. at 6. But as Craig has already agreed to the "harshest sanction" of dismissal with prejudice, there is no basis for Meta to obtain testimony into the merits of Craig's claims.

This also is not Meta's first attempt at imposing conditions on a plaintiff's dismissal of their claims with prejudice. Recently in *Meta Healthcare*, Judge Orrick has twice rejected Meta's tactic of seeking to impose conditions on the voluntary dismissal of a named plaintiff's claims. In the most recent decision, Meta asked Judge Orrick to defer ruling on plaintiff Jane Doe VI's motion for voluntary dismissal with prejudice until Judge DeMarchi had the opportunity to consider a pending motion for sanctions (seeking adverse inferences in favor of Meta) due to Jane Doe VI's failure to attend a noticed deposition. *See id.*, ECF No, 1083 at 1-2. Jane Doe VI, like Craig here, was previously active in the case but now suffers health care issues.

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

5

*See id.* at 2. Judge Orrick rejected Meta's argument and held it failed to show it would suffer any legal prejudice from Jane Doe VI's dismissal with prejudice, and granted dismissal with prejudice without any conditions, including sitting for a deposition. *See id.*

Judge Orrick similarly permitted another *Meta Healthcare* plaintiff ("Jane Doe XI") to voluntarily dismiss her claims with prejudice without sitting for a deposition. *See id.*, ECF No. 975. Jane Doe XI had recently gone through a divorce and, like Plaintiff Craig, was facing stringent childcare and work obligations. *See id.*, ECF No. 922 at 3; Liskow Decl., ¶ 5. Judge Orrick found that Meta would suffer no prejudice from Jane Doe XI's dismissal without conditions even though she was the only named plaintiff who was a patient of a healthcare provider at issue. *See id.*, ECF No. 975 at 1. Judge Orrick reasoned that any benefit to be obtained from Jane Doe XI's deposition was "outweighed by the personal reasons" causing her to dismiss her claims with prejudice. *Id.* at 2.

Judge Orrick's rulings are on point. As in *Meta Healthcare*, Meta would suffer no legal prejudice from Craig's dismissal with prejudice. Both now-dismissed named plaintiffs in *Meta Healthcare* were, like Craig, active in the litigation up until the need to withdraw due to health and/or family-related concerns. *See id.*, ECF No. 922 at 2-3; ECF No. 1083 at 2; Liskow Decl., ¶ 6. Jane Doe VI then became non-responsive and had to be reached by an investigator, *see id.*, ECF No. 1083 at 2, while Jane Doe XI could no longer continue in the litigation "given her recently finalized contentious divorce, childcare issues, and the related stresses in her personal life." *Id.*, ECF No. 975 at 1. Despite this, Judge Orrick found Meta would suffer no legal prejudice and dismissed the plaintiffs' claims with prejudice without imposing any conditions. Plaintiff Craig, who is unable to continue in this case due to both health and family-related concerns, respectfully requests that the Court do the same here.

Moreover, courts in the Ninth Circuit often do not require plaintiffs seeking dismissal to provide further discovery responses or sit for depositions as a condition of their dismissal. *See, e.g., Solano v. Kroger Co.*, No. 3:18-cv-01488, 2022 WL 3143352, at *4 (D. Or. May 3, 2022) (granting voluntary dismissal and issuing protective order quashing deposition notices of

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

6

plaintiffs who sought dismissal due to health and economic issues); *Roberts v. Electrolux Home Products, Inc.*, No. SACV 12-1644 CAS, 2013 WL 4239050 (C.D. Cal. Aug. 14, 2013) ("health and family concerns" part of "compelling reasons" in declining to order conditions on withdrawal as named plaintiff); *In re Univ. of S. California Tuition & Fees COVID-19 Refund Litig.*, No. CV204066DMGPVCX, 2022 WL 3012818 (C.D. Cal. May 4, 2022) ("*USC*") (permitting withdrawal of named plaintiffs even though defendants noticed depositions day before plaintiffs sought dismissal because defendants had not yet expended substantial efforts in deposition preparation).

In *Solano*, the plaintiffs sought voluntary dismissal without prejudice and without conditions for seven individuals who had developed "health, economic, and other personal issues, and no longer wish to proceed as class representatives." *Id.*, 2022 WL 3143352, at *3. Although the defendant did not oppose the dismissals, it sought to condition them on the plaintiffs sitting for their noticed depositions. The court rejected this request, stating that requiring depositions was "contrary to the interests of the class, which must be represented by plaintiffs who can vigorously prosecute the case." *Id.* at *6 (citing *Roberts*, 2013 WL 4239050).

Similarly, in *Roberts*, the court granted the withdrawal of two class representatives—Roberts, who was caring for sick parents and suffering from debilitating migraines, and Horton, his fiancée who was assisting him, after they asserted they no longer had "the time, energy and focus to act as class representatives." *Id.*, 2013 WL 4239050, at *1. The court declined the defendants' request to depose them before withdrawal, noting that, like here, (1) withdrawal was sought before summary judgment or class certification; (2) minimal resources were expended preparing for the plaintiffs' depositions; and (3) another plaintiff would continue to represent the state subclass. *See id.* at *3.

Because Plaintiff Craig (1) seeks withdrawal based on health and family concerns; (2) her continued participation is unnecessary to the prosecution of the case; and (3) another named plaintiff remains to represent the Illinois subclass, her dismissal should be granted without conditions—consistent with the approach taken in *Solano*, *Roberts*, and *USC*.

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

7

B.     **Meta's Remaining Arguments Are Unpersuasive**

Meta fails to demonstrate it has "expended significant time and resources" preparing for Craig's deposition. *See* Opp. at 8. Meta declines to quantify the amount of work done, or even to support this assertion in the Hausknecht Declaration. Moreover, Meta's delay in agreeing to a deposition date for Craig, and the inability of Meta's counsel to identify any of Craig's purportedly unique characteristics until recently, *see* Liskow Supp. Decl., ¶¶ 4, 6, suggests little time was spent by Meta preparing for Craig's deposition prior to being notified on May 1, 2025 that Craig could no longer continue litigating this action. *See* Liskow Decl., ¶ 8.

Plaintiffs' Motion has also been made relatively early in the proceedings.[1] Courts in this District have allowed plaintiffs to be dismissed without being deposed, even in cases where defendants have undertaken substantial discovery efforts. For example, in *Huynh v. Quora, Inc.*, No. 18-CV-07597-BLF, 2020 WL 4584198 (N.D. Cal. Aug. 10, 2020), the defendant argued it had invested at least 2,160 hours litigating the case which included multiple rounds of motions to dismiss, written discovery, document production, depositions, and discovery conferences and motions.[2] Despite this, the court granted the plaintiff's motion to dismiss while reiterating the Ninth Circuit's view that "'the expense incurred in defending against a lawsuit does not amount to legal prejudice.'" *Id.*, 2020 WL 4584198, at *2 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).

Meta's other cited cases are inapposite. For example, in *Fraley v. Facebook*, Inc., No. C 11-1726, 2012 WL 555071 (N.D. Cal. Feb. 21, 2012), the court denied the plaintiffs' motion for a protective order and compelled the plaintiff to sit for a deposition because, in part, the plaintiff had made specific (and potentially contradictory) statements that were included in the complaint and were then directly referenced by the court in its prior orders. *See id.* at *2. Here, Meta neither produced or identifies any specific statements or evidence in the record. Instead, it

---

[1] Plaintiffs' Motion for Class Certification is not due until August 18, 2025, and Meta's Opposition to Class Certification is not due until October 27, 2025. *See* ECF No. 195. *Compare with Dysthe*, 273 F.R.D. at 629 (plaintiff moved to dismiss *after* filing motion for class certification).

[2] *See id.*, No. 18-CV-07597-BLF, ECF No. 133 at 8.

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

8

points to its "investigation" and speculative conjecture about what Craig may or may not have done without presenting documentary evidence in support.

The plaintiff in *Fraley* also did not cite to health concerns as the reason why she needed to withdraw from the litigation, but instead mere fears of personal embarrassment due to the topics Meta might raise at her deposition. *See id*. at *1. The plaintiffs in Meta's other cited cases also did not raise health concerns as a basis for their dismissal. *See Dysthe*, 273 F.R.D. 625 (C.D. Cal. 2011) (plaintiff did not want to be subjected to "rigors of litigation"); *Benanav v. Healthy Paws Pet Insurance LLC*, No. 2:20-cv-00421-LK, 2023 WL 5227702, at *11 (W.D. Wash. Aug. 15, 2023) (plaintiff wanted to avoid burdens of litigation); *Sherman v. Yahoo! Inc.*, No. 13cv0041-GPC-WVG, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015) (deposition granted, in part, because plaintiff was sole named plaintiff until request to withdraw).[3]

## CONCLUSION

Meta has failed to demonstrate that it will suffer legal prejudice if it is not permitted to depose Craig as a condition of her dismissing her claims with prejudice. The Court should therefore grant Craig's request to dismiss her claims with prejudice without requiring her to sit for a deposition.

---

[3] *Perrine v. Sega of Am. Inc.*, Case No. 13-cv-01962-JD, 2015 WL 2227846 (N.D. Cal. May 12, 2015) is distinguishable because it did not even involve a motion to dismiss the named plaintiff.

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

9

DATED: June 27, 2025                              Respectfully submitted,


By: */s/ Neal J. Deckant*


**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com


**SMITH KRIVOSHEY, P.C.**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor
Boston, MA 02216
Telephone: 617-377-7404
Email: joel@skclassactions.com


**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (917) 983-9321
E-mail: lfeldman@4-justice.com
mliskow@4-justice.com
eservice@4-justice.com


**GEORGE FELDMAN MCDONALD, PLLC**
Rebecca A. Peterson (State Bar No. 241858)
1650 W 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
Fax: (888) 421-4173
Email: RPeterson@4-Justice.com
eService@4-Justice.com


**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Kate M. Baxter-Kauf (*pro hac vice*)
Arielle S. Wagner (*pro hac vice*)
Emma Ritter Gordon (*pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
kmbaxter-kauf@locklaw.com
aswagner@locklaw.com
erittergordon@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (*pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
Email: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (*pro hac vice*)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiffs*

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

11

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

/s/ Neal J. Deckant
Neal J. Deckant

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF CRAIG'S CLAIMS WITH PREJUDICE PURUSANT TO RULE 41(a)(2)
CASE NO. 5:22-CV-07557-PCP

12