**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
102 Half Moon Bay Drive,
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
E-mail: lfeldman@4-justice.com
mliskow@4-justice.com
eservice@4-justice.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All Actions | Master File No.: 5:22-cv-07557-PCP (VKD)<br><br>**SUPPLEMENTAL DECLARATION OF MICHAEL LISKOW IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF CRYSTAL CRAIG'S CLAIMS WITH PREJUDICE PURSUANT TO RULE 41(a)(2)**<br><br>The Honorable P. Casey Pitts |

I, MICHAEL LISKOW, declare as follows:

1. I am an attorney admitted to practice in this Court.

2. I am a member of the law firm of George Feldman McDonald, PLLC, who along with the law firms Bursor & Fisher, P.A., Smith Krivoshey, P.C., The Hoda Law Firm, PLLC, Lockridge Grindal Nauen PLLP, Foster Yarborough PLLC, and Emerson Firm, PLLC, represent Plaintiffs in the above-captioned matter.

3. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

4. Plaintiffs' counsel conducted three meet and confers with Meta's counsel concerning Craig's dismissal. During the initial meet and confer, Plaintiff's counsel asked Meta's counsel to explain why Craig was unique to the action, and Meta's counsel said it would consider the issue in advance of the next meet and confer. Meta's counsel did not provide this information in any of the following meet and confers.

5. During the parties' May 15, 2025 meet and confer, Plaintiffs' counsel agreed to speak with Craig about whether she was willing to provide Meta, despite potential attorney-client privilege concerns, detailed information about the reasons Craig could no longer proceed with the litigation, and not just why she could not sit for a deposition. Plaintiffs' counsel did not state that they would contact Craig to determine for the first time why she was "refusing to appear for her deposition."

6. On March 27, 2025, Plaintiffs suggested a date of May 2, 2025 for Craig's deposition. Meta failed to confirm this date and did not suggest an alternative date by May 1, 2025, when Plaintiffs informed Meta that Craig could not proceed with the litigation.

7. Plaintiffs filed the Motion to Dismiss Plaintiff Craig ("Motion") on June 5, 2025, and noticed the hearing date for July 31, 2025, the earliest date available under the rules when considering the Court's availability.

8. On June 6, 2025, Meta amended Craig's notice of deposition to finally provide a date for the deposition, June 26, 2025. As this date was before the July 31, 2025 hearing on the Motion, Plaintiffs' counsel informed Meta by email on June 10, 2025 that Plaintiffs would

be forced to move to quash the deposition notice. Plaintiffs also proposed, in the alternative, that Meta move the notice date of Craig's deposition until late August or September, thereby providing the Court sufficient time to hear and rule on the Motion and mooting the need for Plaintiffs to move to quash.

9. On June 11, 2025, Meta's counsel responded that Meta was only willing to reschedule the Craig deposition in "June or early July." As this was still long before the Court would hear the Motion, Plaintiffs commenced preparing a Joint Discovery Dispute Letter which was filed with Judge DeMarchi on June 18, 2025 (the "Dispute Letter" concerning the "Motion to Quash"). Judge DeMarchi has yet to respond to the Dispute Letter.

10. On June 23, 2025, the Court granted the parties' stipulation and proposed order moving the deadline for Plaintiffs' motion for class certification from July 21, 2025 until August 18, 2025. *See* ECF No. 195 at 2. In light of this, and Meta's prior statements that it would agree to reschedule Craig's deposition to a date sufficiently in advance of Plaintiffs' class certification motion deadline, on June 23, 2025, Plaintiffs' counsel emailed Meta's counsel to request that the noticed date for Craig's deposition be moved to the weeks of August 4-8 or August 11-15, 2025. In exchange, Plaintiffs agreed to withdraw their Motion to Quash, as moving the deposition date would moot the purpose of the motion.

11. On June 26, 2024, Meta's counsel responded by email that "Meta 'remains willing to reschedule Craig's deposition for a time . . . sufficiently in advance of when plaintiffs' motion for class certification is due' IF plaintiffs agreed to present Ms. Craig for deposition. Meta does not agree to move Ms. Craig's deposition to a different date on which she will also refuse to appear, which is all plaintiffs are offering. Accordingly, at this point, it seems to make the most sense for the Court to decide whether Ms. Craig must appear for her noticed deposition by ruling on plaintiffs' motion."

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SUPP. DECLARATION OF MICHAEL LISKOW IN SUPPORT OF MOTION TO DISMISS
CRYSTAL CRAIG WITH PREJUDICE
CASE NO. 5:22-CV-07557-PCP

2

1 | Executed on June 27, 2025.

2 |    */s/ Michael Liskow*
3 |    Michael Liskow

SUPP. DECLARATION OF MICHAEL LISKOW IN SUPPORT OF MOTION TO DISMISS CRYSTAL CRAIG WITH PREJUDICE
CASE NO. 5:22-CV-07557-PCP

3