UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE META PIXEL TAX FILING CASES

Case No. 22-cv-07557-PCP

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS**

Re: Dkt. No. 188

Plaintiff Crystal Craig moves to voluntarily dismiss with prejudice her claims against defendant Meta Platiforns, Inc. Craig states that circumstances have arisen in her personal life that render her incapable of continuing as a putative class representative in this case. Although dismissal with prejudice is typically to the benefit of a defendant, Meta asks the Court to condition Craig's dismissal on her agreement to sit for a deposition.

Meta argues that dismissal of Craig's claims absent a deposition will unfairly prejudice its case by preventing Meta from testing whether members of the proposed class are similarly situated to her. But Meta does not clearly demonstrate why that is so. Instead, Meta relies on generalized arguments as to why Craig *might* be differently situated from members of the putative class. Beyond the declaration of its counsel, Meta provides no evidence to substantiate or specify its position. Nor does Meta clearly articulate why differences between Craig's circumstances and those of the putative class members should matter. Craig has agreed to dismiss her claims with prejudice, so the merits of her claims are now largely irrelevant. As to class certification, plaintiffs' motion for class certification is not due until August 18, 2025. Had Craig sought to dismiss her claims after she had filed for class certification, the prejudice to Meta of her refusing to sit for a deposition might be clearer. But what will matter at class certification is that the claims of the *other* putative class representatives be typical of the class claims. By contrast, the relevance

of Craig's claims and any prejudice stemming from their unconditioned dismissal are attenuated at this relatively early stage in the class certification process.

The Court therefore grants the motion to voluntarily dismiss Craig's claims with prejudice. If the dismissal of Craig's claims presents any issues as to the admissibility of evidence related to her, the parties shall meet and confer in order to identify a solution that avoids any prejudice to Meta.

According, plaintiff Crystal Craig's claims are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: July 1, 2025

P. Casey Pitts
United States District Judge