August 8, 2025

**VIA ECF**

Judge Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2 –5th Floor
280 South 1st Street
San Jose, CA 95113

      Re: *In re Meta Pixel Tax Filing Cases*, Case No. 5:2022-cv-07557-PCP
      Joint Discovery Dispute Letter Concerning Plaintiffs' RFP Nos 58

Dear Judge DeMarchi,

Pursuant to this Court's Standing Order, plaintiffs and defendant Meta Platforms, Inc. ("Meta") submit this joint discovery dispute letter.

## I. STATEMENT OF THE DISPUTE REQUIRING RESOLUTION

Plaintiffs' Position

This Court instructed that if a Meta employee with relevant information is deposed in one of the pending pixel cases, Meta should coordinate with plaintiffs in the other cases. ECF 83. Meta did not do that, so Plaintiffs' RFP 58 seeks transcripts and exhibits of all 30(b)(1) depositions of software engineers conducted in the Meta *Healthcare* matter. There is no dispute about relevance or burden, but Meta will not produce these materials unless Plaintiffs agree to unspecified limitations on depositions of these witnesses. There is no legal basis to withhold relevant materials as a bargaining chip for discovery concessions.

Meta's Position

Meta is ready and willing to produce the 30(b)(1) depositions taken in the *Healthcare* case, subject to appropriate and reasonable limitations on further discovery to prevent duplicative testimony. Despite plaintiffs' arguments to the contrary, courts that have allowed a party to use witness testimony from a prior proceeding regularly limit that party's ability to depose the witness on those same topics. In fact, Judge Orrick recently limited discovery in a similar case against Meta to ensure any further discovery would be targeted to necessary topics different from prior testimony already obtained. The same approach is warranted here.

## II. Parties' Positions on Dispute

<u>Plaintiffs' Position</u>

RFP No. 58 seeks "[u]nredacted versions of transcripts of all depositions conducted in the META PIXEL HEALTHCARE ACTION, including any exhibits marked during the depositions. *See* Ex. A. There is no question this case and the *Healthcare* action have significant overlap because the Court ordered the parties to use their best efforts to coordinate the scheduling of depositions due to that overlap, but Meta ignored that order. ECF 83. Regardless of that order, the "technological nexus" between the two cases would support producing the transcripts here. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 1232267, at *5 (N.D. Cal. Apr. 12, 2012), order clarified, 2012 WL 2862613 (N.D. Cal. July 11, 2012) (ordering production of all deposition transcripts from cases having "technological nexus" to action without limitation to whether individual deponents testified with respect to issues with technological nexus); *In re Intuitive Surgical Sec. Litig.*, 2016 WL 10459420, at *1 (N.D. Cal. Sept. 27, 2016) (ordering production of transcripts of defendant's employees' depositions taken in similar action and noting that "[c]ourts have ordered production of deposition transcripts in litigation involving substantially similar claims and issues") (collecting cases).

Meta initially refused to promptly produce any of these transcripts in unredacted form. After Plaintiffs commenced the discovery dispute process, Meta agreed to produce unredacted transcripts of the 30(b)(6) depositions of most of its software engineers, and the corresponding exhibits.[1] However, many of those same engineers testified as 30(b)(1) witnesses, and Meta will not produce transcripts or exhibits for software engineers unless Plaintiffs first agree to unspecified "limits" to avoid duplicative testimony. Plaintiffs have committed to being reasonable and practical with Meta about this issue, but for the reasons listed below, they cannot commit to strict limitations on their questioning.

<u>First</u>, Meta has never denied that the 30(b)(1) transcripts and exhibits at issue are relevant and non-burdensome to produce. Several of the engineer witnesses appeared prominently in exhibits used in the 30(b)(6) deposition in this case. Meta has represented that Jayakumar, Wooldridge, Tripathi and Patel have "expertise stretching from the top of the data pipeline to the bottom," *id.*, ECF 1112 at 7, underscoring the relevance of their testimony here.

Given that there is no real dispute about relevance or burden, Meta has no legal basis to withhold them as bargaining chips for unspecified concessions on Plaintiffs' discovery rights under Fed. R. Civ. P. 30. From a purely practical perspective, limitations are unnecessary, prejudicial, and will almost certainly spark discovery disputes. What if a deposition question in the *Healthcare* matter was phrased in a way to be objectionable, such as compound or vague? Would Plaintiffs here be precluded from asking the same question in a non-objectional form? Or what if the answer to a question in the *Healthcare* matter was evasive, non-responsive, or

---

[1] There is one other 30(b)(6) engineer who purportedly addressed only damages issues unique to the *Healthcare* case, and three non-engineer 30(b)(1) depositions. Those transcripts are not at issue in this discovery dispute.

TOLL FREE: (888) FIND JUSTICE | 9897 LAKE WORTH ROAD | 745 FIFTH AVENUE | 102 HALF MOON BAY DRIVE | 5516 FALMOUTH STREET
OFFICE: (561) 232-6003 | SUITE 302 | SUITE 500 | CROTON-ON-HUDSON, NY 10520 | SUITE 108
WWW.4-JUSTICE.COM | LAKE WORTH, FL 33467 | NEW YORK, NY 10151 | | RICHMOND, VA 23230

inconsistent with a document that has been produced? If Meta has its way, Plaintiffs could do nothing about that. Or what if a question asked in this case is *close* to a question asked before in the *Healthcare* matter, but not quite the same? These predictable scenarios will result in a transcript cluttered with unnecessary objections about scope and duplicative testimony, or worse, result in improper motions for protective orders or instructions not to answer.

Second, the best way to avoid duplicative testimony is to produce the requested transcripts. Continuing to withhold them will virtually guarantee duplicative testimony. The truth is, Meta's real concern is not so much avoiding duplicative questioning, but instead, avoiding the possibility that its witnesses may provide inconsistent testimony. However, the desire to avoid impeachment is not a valid basis to withhold relevant, non-burdensome discovery. Moreover, Meta's concern *should be* more theoretical than real because, to paraphrase Mark Twain, if Meta's witnesses told the truth the first time, they won't have to remember what they testified before.

Third, Meta's position builds in unnecessary delay and effort, because negotiating limits on questioning will be a waste of time if Plaintiffs find that the *Healthcare* transcripts are sufficient for their purposes and no further depositions are necessary. During the meet and confer over this dispute, Plaintiffs proposed that the parties forego negotiating any requested limitations—while reserving their respective positions—until Plaintiffs serve a deposition notice for one of the subject witnesses, which may or may not ever occur. This approach avoids unnecessary delay in producing the transcripts, and allows the parties to discuss any requested limits in the context of an actual witness rather than in the abstract. Meta declined this proposal.

Meta relies on *E.H., et al. v. Meta Platforms, Inc.*, Dkt. 113 at 1–2, Case No. 3:23-cv-04784-WHO (VKD) (April 7, 2025), but they are asking for something slightly different than what was ordered there. Judge Orrick ordered that the plaintiffs "shall be given full access to the discovery produced in [the Meta *Healthcare*] case," and that any discussions about discovery limitations should happen after production. Plaintiffs have stated that is exactly what they are seeking here with respect to the 30(b)(1) depositions and exhibits. Meta's accusations that Plaintiffs "went back on a commitment" to agree to limitations on deposition questions are false, and not particularly productive to resolution of this issue.

Given that the requested documents are readily available and likely relevant to the upcoming class certification motion, Plaintiffs asks the Court to order Meta to promptly produce the requested documents without further delay.

Meta's Position:

Plaintiffs propounded RFP No. 58 on February 27, 2025. On April 11, 2025, the parties met-and-conferred and, with respect to RFP 58, discussed finding a reasonable approach to producing potentially relevant deposition testimony from *Healthcare*.[2] During that meeting, and

---

[2] Meta did not coordinate with plaintiffs on the *Healthcare* depositions because the cases were proceeding at very different paces–*Healthcare* being far ahead of this case. This case, moreover, was not yet at the deposition stage when the *Healthcare* depositions took place.

thereafter, Meta has consistently expressed willingness to turn over potentially relevant portions of the *Healthcare* deposition transcripts. Indeed, as agreed on the parties' April 29, 2025 meet-and-confer, on May 8, 2025, Meta proposed in correspondence a timeline and approach for doing just that, which plaintiffs agreed to consider. In that letter, Meta promised to produce potentially relevant portions of the transcripts so long as plaintiffs agreed that "they will not seek duplicative testimony in this case as a result." May 8, 2025 Ltr. at 3. Meta also explained that, because the depositions in *Healthcare* were ongoing, it would wait until the conclusion of those depositions before proposing which depositions it believed were potentially relevant to this case. May 8, 2025 Ltr. at 3.[3] Plaintiffs never provided their position or a formal response to Meta's proposal.

Only last week, on July 29, 2025, did plaintiffs email Meta to inform it that plaintiffs are moving to compel the production of the deposition transcripts in the *Healthcare* matter, even though plaintiffs had not formally responded to Meta's May 8 proposal. On Friday, August 1, the parties met-and-conferred, agreeing that Meta will produce the potentially relevant 30(b)(6) *Healthcare* deposition transcripts and exhibits by August 8, 2025. Meta has since produced those transcripts (six depositions of almost 18 hours of testimony) and exhibits and did not pursue the same limitations we seek now for the 30(b)(1) depositions because plaintiffs had already completed their 30(b)(6) deposition. The parties also agreed to continue negotiating production of the 30(b)(1) *Healthcare* deposition transcripts and exhibits in line with Meta's proposal in the May 8 letter. Plaintiffs then followed up that same day in an email informing Meta that they "are unlikely to agree to strict limitations on questions for the reasons given on the call but *can* certainly commit to being reasonable and practical with Meta about this subject." (emphasis added). And then they decided to email Meta on Monday, August 5, stating that the parties are not in agreement on this issue and attaching an updated discovery dispute letter.

*First*, Meta's request that it turn over the *Healthcare* 30(b)(1) deposition testimony contingent upon limiting future discovery to avoid duplicative testimony is completely reasonable. In fact, Judge Orrick recently imposed a similar limitation after turning over *Healthcare* discovery in another Meta Pixel case. *See E.H., et al. v. Meta Platforms, Inc.*, Dkt. 113 at 1–2, Case No. 3:23-cv-04780-WHO (VKD) (April 7, 2025). In *E.H.*, Judge Orrick allowed plaintiffs access to *Healthcare* discovery only upon the condition that future discovery would be "targeted" to any "remaining, necessary discovery" that is "different" from the discovery received. *Id.* He also clarified the parties "shall meet and confer . . . on the scope of the remaining, necessary discovery," and "[i]f the parties cannot agree, plaintiffs may then seek additional targeted discovery relevant to the non-Facebook user putative class upon a showing of good cause to Judge DeMarchi." *Id.* Meta emailed plaintiffs on August 6, 2025, reemphasizing the appropriateness of seeking reasonable limits on discovery and proposing that the parties agree to the same restrictions in this case that Judge Orrick directed in *E.H.* The next day, on August 7, plaintiffs reiterated that they refuse to agree to any limitations and that the parties could discuss at a later time if issues related to further discovery comes up. But every time Meta has asked plaintiffs to commit to that, plaintiffs have refused.

---

[3] The most recent *Healthcare* deposition took place on June 16, 2025, and the *Healthcare* plaintiffs have scheduled one more fact deposition for August 2025.

Judge Orrick's order limiting duplicative testimony is the norm. When allowing a party to access witness testimony from a prior proceeding, courts regularly limit that party's ability to depose the witness on those same topics. For example, in *LeBlanc v. Broyhill*, the court permitted the use of a witness's deposition from a prior litigation but recognized that the witness "should not be forced to endure another marathon deposition covering substantially the same material" and "admonished . . . counsel to limit their questions to matters that were not adequately explored during [the prior] deposition." 123 F.R.D. 527, 529 (W.D.N.C. 1988); *see also Lobb v. United Air Lines, Inc.*, 2 F.3d 1157, at *1 (9th Cir. 1993) (citing *LeBlanc* and noting that "when second depositions have been permitted, the district court often imposes the restriction that the second deposition not cover the same ground"); *Hynix Semiconduct Inc. v. Rambus Inc.*, 250 F.R.D. 452, 455–56 (N.D. Cal. 2008) (noting previously entered case management order "permit[ting] the parties to make joint use of prior testimony at trial" on the condition that "no witness be reexamined on prior lines of questioning").

Limiting subsequent deposition testimony flows naturally from the general prohibition on deposing one witness twice in the same action. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii); *see also Jones v. Cunningham*, 2009 WL 3398801, at *2 (N.D. Cal. Oct. 20, 2009) (denying motion for leave to take a second deposition after finding the deposition would be duplicative). And when courts have permitted second depositions, they have likewise limited those depositions to new topics. For instance, in *In re Cathode Ray Tube Antitrust Litigation*, Judge Tigar permitted a newly added defendant to re-depose the plaintiffs' 30(b)(6) witnesses, but prohibited those second depositions from addressing any "topic that was already covered" in the witnesses' prior depositions. 2016 WL 11783030 (N.D. Cal. Mar. 25, 2016). This Court should similarly impose conditions on further discovery consistent with Judge Orrick's order in *E.H.* and other courts' decisions limiting duplicative discovery.

*Second*, despite plaintiffs' assertions to the contrary, they—not Meta—are responsible for any delay in acquiring the *Healthcare* 30(b)(1) deposition testimony. Meta informed plaintiffs *three months ago*, on May 8, that it was willing to turn over that testimony after the *Healthcare* depositions had been concluded. Not once during that three-month span, until last week on July 29, 2025, did plaintiffs even formally respond to or disagree with Meta's proposal or otherwise request the *Healthcare* 30(b)(1) transcripts. Any frustration that they have not yet obtained the testimony is a result of plaintiffs' own lack of diligence.

Meta respectfully requests the Court order that if Meta produces potentially relevant Healthcare 30(b)(1) deposition transcripts and exhibits, then any further depositions conducted by plaintiffs in this case be "targeted" to any "remaining, necessary discovery" that is "different" from the discovery already received and that the parties "shall meet and confer . . . on the scope of the remaining, necessary discovery," and "[i]f the parties cannot agree, plaintiffs may then seek additional targeted discovery relevant to [this case] upon a showing of good cause to Judge DeMarchi." *E.H.*, Dkt. 113 at 1–2.

| | | | | |
|---|---|---|---|---|
| TOLL FREE: (888) FIND JUSTICE<br>OFFICE: (561) 232-6003<br>WWW.4-JUSTICE.COM | 9897 LAKE WORTH ROAD<br>SUITE 302<br>LAKE WORTH, FL 33467 | 745 FIFTH AVENUE<br>SUITE 500<br>NEW YORK, NY 10151 | 102 HALF MOON BAY DRIVE<br>CROTON-ON-HUDSON, NY 10520 | 5516 FALMOUTH STREET<br>SUITE 108<br>RICHMOND, VA 23230 |

### III. Parties' Views on Whether Court Should Conduct Hearing on Dispute

The parties agree that a hearing on this dispute is not necessary, but can be available for a hearing at the Court's convenience.

### IV. Cut-Off Dates for Fact and Expert Discovery

The Court has not yet set any cut-off dates for fact or expert discovery. *See* ECF Nos. 102, 148, 156, 195.

### V. Statement re: Compliance with Standing Order

The parties have complied with the Court's discovery dispute resolution procedures. Michael Liskow of George Feldman McDonald, PLLC, one of the Steering Committee Co-Chair firms, and Natalie Hausknecht, lead counsel for Meta, among others, met and conferred regarding this dispute via conference calls on April 29 and August 1, 2025.

### VI. Attachments

A. Plaintiffs' Sixth Set of Requests for Production

B. Defendant Meta Platforms, Inc.'s Responses and Objections to Plaintiffs' Sixth Set of Requests for Production

Respectfully yours,

Dated: August 8, 2025

*/s/ Michael Liskow*
Lori Feldman (*pro hac vice* forthcoming)
LFeldman@4-justice.com
Michael Liskow (Cal. Bar No. 243899)
MLiskow@4-Justice.com
**GEORGE, FELDMAN, MCDONALD, PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel.: (718) 878-6433
Fax: (888) 421-4173

*Counsel for Plaintiffs*

| | |
|---|---|
| Dated: August 8, 2025 | By: */s/ Lauren Goldman* <br> Lauren Goldman |

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (pro hac vice)
  lgoldman@gibsondunn.com
DARCY C. HARRIS (pro hac vice)
  dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Tel:    (212) 351-4000
Fax:    (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
  emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
  abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel:    (415) 393-8200
Fax:    (415) 393-8306

Attorneys for Defendant Meta Platforms, Inc.

cc: Counsel of Record (via ECF)

TOLL FREE: (888) FIND JUSTICE
OFFICE: (561) 232-6003
WWW.4-JUSTICE.COM

9897 LAKE WORTH ROAD
SUITE 302
LAKE WORTH, FL 33467

745 FIFTH AVENUE
SUITE 500
NEW YORK, NY 10151

102 HALF MOON BAY DRIVE
CROTON-ON-HUDSON, NY 10520

5516 FALMOUTH STREET
SUITE 108
RICHMOND, VA 23230