# EXHIBIT B

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*admitted pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*admitted pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-07557-PCP<br><br>**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION** |

**PROPOUNDING PARTY:**    Plaintiffs

**RESPONDING PARTY:**     Meta Platforms, Inc.

**SET NO.:**                        Six (Requests No. 56-58)

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 3:22-CV-07557-PCP

Defendant Meta Platforms, Inc. ("Meta"), by and through the undersigned attorneys, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California ("Local Rules"), hereby objects and responds as follows to plaintiffs' Sixth Set of Requests for Production (the "Requests"). Subject to and without waiving any of the objections set forth below, Meta is willing to meet and confer with plaintiffs regarding these Responses and Objections.

**PRELIMINARY STATEMENT**

1.  Meta's responses to the Requests are made to the best of its current knowledge, information, belief, and understanding of the Requests. Meta's factual and legal investigation of this matter is ongoing. Further, the parties have not engaged in any meet and confer discussions regarding the Requests, many of which are vague, overbroad, or otherwise objectionable. Meta reserves the right to supplement or amend any responses in accordance with any agreement between the parties or should future investigation indicate that such supplementation or amendment is necessary.

2.  Meta's responses to the Requests are made solely for the purpose of and in relation to the above-captioned action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevance, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

3.  Meta's responses include only information that is within Meta's possession, custody, or control.

4.  Meta incorporates by reference each and every general objection set forth below into each and every specific response. From time to time, a specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

5.  Nothing contained in these Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request.

1

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 3:22-CV-07557-PCP

Gibson, Dunn & Crutcher LLP

## GENERAL OBJECTIONS

The following General Objections apply to each and every Request and are incorporated by reference into each and every specific response as if fully set forth in each such response.

1. Meta generally objects to each Request on the grounds and to the extent that it purports to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, the Court's standing orders, any other applicable federal or state law, and any agreements between the parties. Meta will construe and respond to the Requests in accordance with the requirements of the Federal Rules of Civil Procedure and other applicable rules or laws.

2. Meta generally objects to each Request, including the Definitions, to the extent it seeks documents and information that are irrelevant to the claims in, or defenses to, this action, is disproportionate to the needs of the case, and/or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including any Request that seeks information for any time period outside that which is relevant to the claims or defenses asserted in this action.

3. Meta generally objects to each Request, including the Definitions, to the extent the Request is vague, ambiguous, unreasonably cumulative, or duplicative, including to the extent it seeks documents or communications that are otherwise responsive to other specific Requests.

4. Meta generally objects to the Requests, including the Definitions, on the basis that they specify an overbroad and unduly burdensome time period, or an unlimited time period, and seek documents and things outside of the time period relevant to the claims and defenses asserted in this action.

5. Meta generally objects to the Requests, including the Definitions, to the extent that they are vague, ambiguous, overbroad, and/or unduly burdensome, including to the extent that they call for the production of "any" or "all" documents or communications concerning the subject matters referenced therein.

2
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 3:22-CV-07557-PCP

Gibson, Dunn & Crutcher LLP

6. Meta generally objects to the Requests, including the Definitions, to the extent that they do not identify the documents sought with reasonable particularity as required by Fed. R. Civ. P. § 34(b)(1)(A).

7. Meta generally objects to the Requests, including the Definitions, to the extent they conflict with or ask for metadata or information beyond that required by the Stipulated Order re: Discovery of Electronically Stored Information entered in this action. Dkt. 93.

8. Meta generally objects to each Request, including the Definitions, on the grounds and to the extent it purports to request the disclosure of any information, communication(s), or document(s) that were prepared in anticipation of litigation or in connection with any internal investigation conducted at the direction of counsel, constitute attorney work product, reveal privileged attorney-client communications, are covered under the common-interest privilege and/or joint-defense privilege, or are otherwise protected or immune from disclosure under any applicable privilege(s), law(s), or rule(s). Meta hereby asserts all such applicable privileges and protections and excludes privileged and protected information from its responses to each Request. See generally Fed. R. Evid. 502. The production of any information or documents that are privileged or otherwise immune from discovery and any subsequent use and/or clawback of such information or documents is governed by the Rule 502(d) Clawback Order entered in this case. Dkt. 65.

9. Meta generally objects to each Request, including the Definitions, to the extent that it requests information that is confidential, proprietary, or competitively sensitive. To the extent any proprietary or confidential information, trade secret, or other sensitive or protected business information is not privileged, is responsive to a Request, and is not otherwise objectionable, Meta will produce such documents in accordance with the Protective Order entered in this litigation, Dkt. 73, and any other procedures the Court may establish to protect sensitive or confidential information. Meta's disclosure of such information is subject to Meta's compliance with any applicable notice and/or contractual obligations to third parties in advance of disclosure.

10. Meta generally objects to each Request, including the Definitions, to the extent that any regulatory body, governmental agency, or governmental entity objects to the production of the requested documents.

11.     Meta generally objects to each Request, including the Definitions, to the extent that the information sought is more appropriately pursued through another discovery tool.

12.     Meta generally objects to each Request, including the Definitions, to the extent it is argumentative, lacks foundation, or incorporates allegations or assertions that are disputed or erroneous. In furnishing the responses herein, Meta does not concede the truth of any factual assertion or implication contained in any Request or Definition.

13.     Meta generally objects to each Request, including the Definitions, to the extent that it seeks information outside of Meta's possession, custody, or control.

14.     Meta generally objects to each Request, including the Definitions, on the grounds and to the extent that production of the information demanded therein would violate the right of privacy of third parties under California law or other applicable laws of any relevant jurisdiction, or that such production is otherwise prohibited by law, or is subject to legal requirements for notification of third parties. Such laws include, but are not limited to, the Stored Communications Act, 18 U.S.C. § 2701 et seq. ("SCA").

15.     To the extent plaintiffs have requested or will seek the same documents from third parties, Meta objects to the Requests as duplicative, cumulative, and seeking documents that are obtainable from other sources that are more convenient, less burdensome, or less expensive.

16.     Meta generally objects to each Request, including the Definitions, to the extent that it purports to impose an obligation to conduct anything beyond a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive documents reasonably would be expected to be found. Any Requests that seek to require Meta to go beyond such a search are overbroad and unduly burdensome.

17.     Meta's willingness to provide any document or information in response to a Request shall not be interpreted as an admission that such document or information exists, that it is relevant to a claim or defense in this action, or that it is admissible for any purpose. Meta does not waive its right to object to the admissibility of any document or information produced by any party on any ground.

4

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 3:22-CV-07557-PCP

**OBJECTIONS TO DEFINITIONS**

1. Meta objects to plaintiffs' definition of "LITIGATION DOCUMENTS" as vague, ambiguous, and overbroad on the grounds that it includes the vague and undefined term "META PRIVACY ACTION" and purports to include "any DOCUMENTS filed by any party or non-party."

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 56**

Unredacted versions of all DOCUMENTS filed in the META PIXEL HEALTHCARE ACTION by any party or non-party relating to the SANCTIONS MOTIONS, including but not limited to the following docket entries: ECF Nos. 323-27;1 336-40; 349-50; 353; 361; 379-80; 739-40; 747; 754-60; 764; 778; 799-80; 813-14; 822-36; 840-43; 854; 865-77.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

Meta restates and incorporates its Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth in this Response. Meta further objects to this Request on the following additional grounds:

(A) Meta objects to this Request as being overbroad and unduly burdensome, including because it seeks information that is irrelevant to the claims in, or defenses to, this action. The SANCTIONS MOTIONS concern issues that pre-date the filing of this litigation, are unrelated to plaintiffs' sensitive tax filing information, and involve procedural disputes between the parties, such as alleged noncompliance with a document production deadline. *See* ECF No. 323. Such issues are wholly irrelevant to this action.

(B) Meta further objects to this Request as being vague and ambiguous as to its request for "all DOCUMENTS filed in the META PIXEL HEALTHCARE ACTION by any party or non-party *relating to* the SANCTIONS MOTIONS." (emphasis added). Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows: Meta agrees to meet and confer with plaintiffs about this overbroad Request.

Meta reserves the right to supplement its objections and response to this Request.

5
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 3:22-CV-07557-PCP

Gibson, Dunn & Crutcher LLP

**REQUEST FOR PRODUCTION NO. 57**

Unredacted versions of any court hearings conducted in the META PIXEL HEALTHCARE ACTION relating to the SANCTIONS MOTION, including but not limited to the court hearings reflected in the following docket entries: ECF Nos. 374; 774; 878.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

Meta restates and incorporates its Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth in this Response. Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as being overbroad and unduly burdensome, including because it seeks information that is irrelevant to the claims in, or defenses to, this action. The SANCTIONS MOTIONS concern issues that pre-date the filing of this litigation, are unrelated to plaintiffs' alleged sensitive tax filing information, and involve procedural disputes between the parties, such as alleged noncompliance with a document production deadline. *See* ECF No. 323. Such issues are wholly irrelevant to this action.

(B)     Meta further objects to this Request as being vague and ambiguous as to its request for "[u]nredacted versions of any court hearings . . . *relating to* the SANCTIONS MOTIONS." (emphasis added). Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity. Meta also assumes for the sake of responding to this Request that plaintiffs intended to request "[u]nredacted versions" of any *transcripts* of "court hearings . . . relating to the SANCTIONS MOTIONS."

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows: Meta agrees to meet and confer with plaintiffs about this overbroad Request.

Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 58**

Unredacted versions of transcripts of all depositions conducted in the META PIXEL HEALTHCARE ACTION, including any exhibits marked during the depositions.

Gibson, Dunn & Crutcher LLP

6

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 3:22-CV-07557-PCP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Meta restates and incorporates its Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth in this Response. Meta further objects to this Request on the following additional grounds:

(A)  Meta objects to this Request as being overbroad and unduly burdensome, including because it seeks information that is irrelevant to the claims in, or defenses to, this action. The Request seeks information about depositions in separate litigation that focus nearly entirely on health-related data, which is irrelevant to plaintiffs' alleged sensitive tax filing information which is the subject matter of this action. To the extent there may be some information in the deposition transcripts or exhibits marked during the depositions relevant to the claims in, or defenses to, this action, it would be unduly burdensome for Meta to identify and produce that information.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows: Meta agrees to meet and confer with plaintiffs about this overbroad Request.

Meta reserves the right to supplement its objections and response to this Request.

Dated: March 31, 2025                     GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Lauren Goldman*
       Lauren Goldman

*Attorneys for Defendant Meta Platforms, Inc.*

7
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 3:22-CV-07557-PCP

Gibson, Dunn & Crutcher LLP