GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 351-4000
Facsimile:     (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:     (415) 393-8200
Facsimile:     (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:     (303) 298-5783
Facsimile:     (303) 313-2800

*Attorneys for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-7557-PCP |
| This Document Relates To: | **DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| All Actions | |
| | CLASS ACTION |
| | SAC Filed:     May 9, 2025 |
| | **HON. P. CASEY PITTS** |

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Defendant Meta Platforms, Inc. ("Meta") hereby answers the Second Amended Consolidated Class Action Complaint filed by plaintiffs on May 9, 2025 ("SAC") according to its numbered paragraphs as follows below. Meta denies all allegations in the SAC not expressly admitted herein. By filing this Answer, Meta does not waive—and hereby expressly preserves—its defenses under Federal Rule of Civil Procedure 12(b) or any other defenses asserted in future motions or submissions to the Court.

## NATURE OF THE ACTION[1]

1.      The allegations in paragraph 1 contain conclusions of law, for which no responsive pleading is required. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 1.

2.      The allegations in paragraph 2 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it makes available certain Business Tools, such as the Meta Pixel, Conversions API, and the Facebook SDK for App Events, which are optional technologies that website owners and publishers, app developers, and business partners (including advertisers and others, which could include tax preparation providers) who agree to the Meta Business Tools Terms, can choose to use and configure to understand and measure their products and services and better reach and serve people who use or might be interested in their products and services. Meta further admits that the Meta Pixel consists of JavaScript code. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 2.

3.      The allegations in paragraph 3 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that the allegations in paragraph 3 purport to cite 26 U.S. § 7216 and § 7213A(a)(2), which speak for themselves, and no further responsive pleading is required. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 3.

4.      Meta admits that plaintiffs purport to bring this lawsuit on behalf of themselves and certain users of online tax preparation providers but denies that Meta was engaged in unauthorized

---

[1] Meta denies each and every allegation contained in any and all headings in the SAC, to the extent any allegations are contained therein.

"wiretap[ping]." Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 4.

## THE PARTIES

5. Meta admits that plaintiff Katrina Calderon has had a Facebook account. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 5 regarding the actions or knowledge of persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 5.

6. Meta admits that plaintiff Crystal Craig has had a Facebook account. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 6 regarding the actions or knowledge of persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 6.

7. Meta admits that plaintiff Tiffany Bryant has had a Facebook account. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 7 regarding the actions or knowledge of persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 7.

8. Meta admits that plaintiff Sait Kumargaliyev has had a Facebook account. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 8 regarding the actions or knowledge of persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 8.

9. Meta admits that plaintiff Chris Papadimitriou has had a Facebook account. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 9 regarding the actions or knowledge of persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 9, and specifically denies that the Meta Pixel was installed on any site as of 2001.

10. Meta admits that plaintiff Jane Doe has had a Facebook account. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 10 regarding the actions or knowledge of persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 10.

Gibson, Dunn & Crutcher LLP

2

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

11.    Meta admits that plaintiff Kayla Housman has had a Facebook account.  Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 11 regarding the actions or knowledge of persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 11.

12.    Meta admits that it is a corporation incorporated in Delaware with headquarters in Menlo Park, California.  Meta admits it does business in California and offers its services to people in other states.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 12.

## JURISDICTION AND VENUE

13.    The allegations in paragraph 13 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits it is headquartered in California. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 13.

14.    The allegations in paragraph 14 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that its principal place of business is in Menlo Park, San Mateo County, California and that it conducts business in California. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 14.

## STATEMENT OF FACTS

### *The Evolution Of Meta's Business Model: From Social Media to Surveillance*

15.    Meta admits that it operates Facebook, which includes the internet site Facebook.com. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 15.

16.    Meta admits that on October 24, 2007, Meta and Microsoft Corporation announced that Microsoft would take a $240 million equity stake in Meta's next round of financing at a $15 billion valuation.  Meta admits that the allegations in paragraph 16 appears to reference a document, which speaks for itself, and no responsive pleading is required.  Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 16.

17.    Meta admits that the allegations in paragraph 17 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 17.

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

18.     Meta admits that in 2007 it introduced Facebook Ads, an ad system for businesses to connect with users and target advertising to the exact audiences they want.  Meta admits that the allegations in paragraph 18 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 18.

19.     Meta admits that the allegations in paragraph 19 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 19.

20.     Meta respectfully refers the Court to Meta's Form 10-Ks, which speak for themselves, for information regarding Meta's revenue.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 20.

21.     Meta admits that it informs prospective advertisers that they can use ad targeting. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 21.

22.     Meta admits that the allegations in paragraph 22 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  To the extent a response is required, Meta admits that it asks users to use the same name on Facebook that they use in everyday life.  Meta admits that it asks users to enter their date of birth and gender when creating a Facebook account. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 22.

23.     Meta admits that users can create Facebook accounts and add certain information to their Facebook account profiles.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 23.

24.     Meta admits that it provides a Core Audiences feature that allows advertisers to set the parameters for their target audience based on criteria like demographics, location, interests, online behaviors and connections.  Except as expressly stated, Meta denies each and every allegation in paragraph 24.

### The Wiretapping Devices: Meta's Tracking Pixel and Similar Business Tools

25.     Meta admits that the allegations in paragraph 25 quote from a document, which speaks for itself, and no responsive pleading is required.  Meta also admits that it makes available certain

Gibson, Dunn & Crutcher LLP

Business Tools which are optional technologies that can help website owners and publishers, app developers, and business partners (including advertisers and others) who agree to the Meta Business Tools Terms, understand and measure their products and services and better reach and serve people who use or might be interested in their products and services.  Except as expressly stated, Meta denies each and every allegation in paragraph 25.

26.     Meta admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can choose to integrate into their website's code to enable transmission of event data that developers choose to send to Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms.  Meta admits that the Meta Pixel code does nothing on its own, unless and until a developer chooses to use it and configure it to send data selected by the developer to Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 26.

27.     Meta admits that the allegations in paragraph 27 appear to quote from Meta's developer documentation regarding the Meta Pixel, which speaks for itself, and no responsive pleading is required.  To the extent plaintiffs characterize those documents, Meta denies the allegations in paragraph 27.  Except as expressly stated, Meta denies each and every allegation in paragraph 27.

28.     Meta admits that the allegations in paragraph 28 reference Meta's developer documentation regarding the Meta Pixel, which speaks for itself, and no responsive pleading is required.  To the extent plaintiffs characterize those documents, Meta denies the allegations in paragraph 28.  Except as expressly stated, Meta denies each and every allegation in paragraph 28.

29.     Meta admits that the allegations in paragraph 29 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  To the extent a response is required, Meta admits that it is continually working to improve its Business Tools, including the Pixel.  Except as expressly stated, Meta denies each and every allegation in paragraph 29.

30.     Meta denies each and every allegation in paragraph 30.

Gibson, Dunn &
Crutcher LLP

5

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

31.     Meta admits that the allegations in paragraph 31 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  Except as expressly stated, Meta denies each and every allegation in paragraph 31.

32.     Meta admits that the allegations in paragraph 32 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 32.

33.     Meta admits that the allegations in paragraph 33 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 33.

34.     Meta admits that when a developer chooses to configure the Meta Pixel to measure an action that an individual takes on the developer's website, and subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, the website may choose to send Meta certain data.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 34.

35.     The allegations in paragraph 35 contain conclusions of law, for which no responsive pleading is required.  In addition, Meta lacks information sufficient to admit or deny the allegations in paragraph 35 regarding persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 35.

36.     The allegations in paragraph 36 contain conclusions of law, for which no responsive pleading is required.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 36.

37.     Meta lacks information sufficient to admit or deny the allegations in paragraph 37.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 37.

38.     Meta admits that it may be able to match certain data to Meta accounts in certain instances, including by using cookies.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 38.

Gibson, Dunn & Crutcher LLP

39.     Meta admits that it may be able to match certain data to Meta accounts in certain instances, including by using cookies.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 39.

40.     The allegations in paragraph 40 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that the allegations in paragraph 40 purport to quote from a document, which speaks for itself, and no responsive pleading is required. Meta further admits that it offers "automatic advanced matching," which allows third-party web developers, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, Commercial Terms and the configurations set by the third-party developer, to send Meta data relating to actions taken on the developers' websites.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 40.

41.     The allegations in paragraph 41 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that with advanced matching, developers can choose to send Meta hashed customer data along with the developer's Meta Pixel events, which can help the developer attribute more conversions and reach more people.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 41.

42.     The allegations in paragraph 42 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that third parties may choose to send certain data to Meta via the Business Tools (whether or not a user is logged into an account on Meta technologies).  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 42.

43.     Meta denies each and every allegation in paragraph 43.

44.     Meta admits that third parties may choose to send certain data to Meta via the Business Tools (whether or not a user is logged into an account on Meta technologies), and that such data may be used for analytics and advertising purposes.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 44.

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Gibson, Dunn &
Crutcher LLP

45.     The allegations in paragraph 45 contain conclusions of law, for which no responsive pleading is required.  Except as expressly stated, Meta denies each and every allegation in paragraph 45.

46.     Meta admits that, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, it may use certain data transmitted to it by third-party developers to improve Meta's features and technologies in a variety of ways, including to promote safety and security.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 46.

47.     Meta admits that the allegations in paragraph 47 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  Meta further admits that it provides features that help advertisers to reach audiences based on interests.  Except as expressly stated, Meta denies each and every allegation in paragraph 47.

48.     Meta admits that it derives revenue, in part, from the use of its targeted advertising feature, and that this feature uses certain data, including data provided to Meta in accordance with Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, to help advertisers deliver ads.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 48.

49.     Meta admits that the Meta Pixel is a free, publicly available piece of code that can be used by third-party developers if they choose to integrate it into their website's code.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 49.

50.     Meta admits that it announced the Facebook Pixel (now known as the Meta Pixel) on October 14, 2015.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 50.

51.     Meta admits that the allegations in paragraph 51 purport to cite to and quote from a document, which speaks for itself, and no responsive pleading is required.  Meta admits that third parties can choose to send it certain data from their websites using the Meta Pixel (whether or not the data relates to an account on Meta technologies) and Meta uses certain of that data in accordance with Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy,

Gibson, Dunn & Crutcher LLP

and Commercial Terms.  Meta further admits that it may use certain data that third parties can choose to send it from their websites using the Meta Pixel, including to personalize Meta technologies; to provide, test, and improve Meta technologies; to promote safety, security, and integrity on Meta's technologies; to tailor ads that are shown on Meta technologies; and for business intelligence and analytics.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 51.

52.    Meta admits that the allegations in paragraph 52 purport to quote from multiple documents, which speak for themselves, and no responsive pleading is required.  Meta also admits that it offers a Business Tool called the Facebook SDK for App Events, which includes code that developers can choose to integrate into their app's code to enable transmission of event data that app developers choose to send to Meta.  Meta admits that the Meta Pixel code does nothing on its own, unless and until a developer chooses to use it and configure it to send data selected by the developer to Meta.  Except as expressly stated, Meta denies each and every allegation in paragraph 52.

53.    The allegations in paragraph 53 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that the allegations in paragraph 53 purport to quote from multiple documents, which speak for themselves, and no responsive pleading is required.  Meta also admits that it offers a Business Tool called Conversions API, which is designed to create a connection between an advertiser's marketing data and Meta systems that optimize ad targeting, decrease cost per result, and measure outcomes.  To the extent plaintiffs characterize those documents, Meta denies the allegations in paragraph 53.  Except as expressly stated, Meta denies each and every allegation in paragraph 53.

### Meta Secretly Hoovers Up Vast Amounts Of Private Tax Return Information

54.    Meta admits that when a developer chooses to configure the Meta Pixel to measure an action that an individual takes on the developer's website, and subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, the website may choose to send Meta certain data.  Meta further admits that the Conversions API Business Tool is designed to create a connection between an advertiser's marketing data and Meta systems and

Gibson, Dunn &
Crutcher LLP

9

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

that it offers a Business Tool called the Facebook SDK for App Events.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 54.

55.     Meta admits that third parties can choose to send it certain data from their websites using the Meta Pixel (whether or not it relates to an account on Meta technologies) and Meta uses certain of that data in accordance with Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 55.

56.     Meta lacks information sufficient to admit or deny the allegations in paragraph 56.

57.     Meta lacks information sufficient to admit or deny the allegations in paragraph 57.

58.     Meta admits that the first sentence of paragraph 58 purports to cite a document, which speaks for itself, and no responsive pleading is required.  Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 58.

59.     Meta lacks information sufficient to admit or deny the allegations in paragraph 59.

60.     Meta lacks information sufficient to admit or deny the allegations in paragraph 60.

61.     Meta lacks information sufficient to admit or deny the allegations in paragraph 61.

62.     Meta admits that third parties can choose to send it certain data from their websites using the Meta Pixel (whether or not the data relates to an account on Meta technologies) and Meta uses certain of that data in accordance with Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. To the extent a response is required, Meta denies the allegations in paragraph 62.

63.     Meta admits that the allegations in paragraph 63 purport to cite to and quote from a document, which speaks for itself, and no responsive pleading is required.  To the extent plaintiffs characterize the document, Meta denies the allegations in paragraph 63.  To the extent a response is required, Meta denies the allegations in paragraph 63.

64.     Meta admits that the allegations in paragraph 64 purport to cite to and quote from documents, which speak for themselves, and no responsive pleading is required.  Meta denies that paragraph 64 reflects an accurate representation of documents produced.  To the extent a response is required, Meta denies the allegations in paragraph 64.

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

65.     Meta admits that the allegations in paragraph 65 purport to cite to and quote from documents, which speak for themselves, and no responsive pleading is required.  Meta denies that paragraph 65 reflects an accurate representation of documents produced.  To the extent a response is required, Meta denies the allegations in paragraph 65.

66.     The allegations in paragraph 66 contain conclusions of law, for which no responsive pleading is required.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 66.

67.     The allegations in paragraph 67 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that when a developer chooses to configure the Meta Pixel to measure an action that an individual takes on the developer's website, and subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms, the website may choose to send Meta certain data.  Meta further admits that it may use certain data that third parties can choose to send from their websites using the Meta Pixel, including to personalize Meta technologies; to provide, test, and improve Meta technologies; to promote safety, security, and integrity on Meta's technologies; to tailor ads that are shown on Meta technologies; for business intelligence and analytics; to research and innovate for social good; and to share with law enforcement and respond to legal requests.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 67.

### *Meta Did Not Receive Consent To Receive Confidential Tax Information*

68.     The allegations in paragraph 68 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that Facebook users must agree to the operative Terms of Service, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use Facebook and that, as part of agreeing to these terms, Facebook users permit Meta to receive and use certain data.  Except as expressly stated, Meta denies each and every allegation in paragraph 68.

69.     The allegations in paragraph 69 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that Facebook users must agree to the operative Terms of Service, Data Policy (now known as Meta's Privacy Policy), and Cookies

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Gibson, Dunn & Crutcher LLP

Policy to use Facebook and that, as part of agreeing to these terms, Facebook users permit Meta to receive and use certain data. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 69.

70. Meta denies each and every allegation in paragraph 70.

71. Meta denies each and every allegation in paragraph 71.

72. Meta denies each and every allegation in paragraph 72.

73. Meta lacks information sufficient to admit or deny the allegations in paragraph 73 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 73.

74. Paragraph 74 contains conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that paragraph 74 purports to cite to and quote from multiple documents, which speak for themselves, and no responsive pleading is required. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 74.

75. Paragraph 75 contains conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that the allegations in the second sentence of paragraph 75 purport to quote from a document, which speaks for itself, and no responsive pleading is required. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 75.

### *Meta Intentionally Obtained Confidential Tax and Financial Information*

76. Meta denies each and every allegation in paragraph 76.

77. Meta lacks information sufficient to admit or deny the allegations in the first sentence of paragraph 77. Meta admits that users can create Facebook accounts and add certain information to their Facebook account profiles. Meta denies that certain data that third parties can choose to send from their websites using the Meta Pixel is used for detailed targeting options. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 77.

78. Meta lacks information sufficient to admit or deny the allegations in paragraph 78. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 78.

79. The allegations in paragraph 79 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it has implemented technical

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

means designed to detect and filter out potentially sensitive data before it can be stored and used in Meta's systems. Meta further admits that developers are ultimately responsible for the data that they choose to send to Meta, are in the best position to ensure their integration of the Meta Pixel, Conversions API, and Facebook SDK for App Events does not operate in a manner that results in sending sensitive or prohibited data to Meta, and that Meta's systems are not a substitute for developers' own compliance mechanisms. Except as expressly stated, Meta denies each and every allegation in paragraph 79.

80.     Meta admits that it employs account managers who assist with supporting Meta clients, including through education and support. Except as expressly stated, Meta denies each and every allegation in paragraph 80.

81.     Meta denies each and every allegation in paragraph 81.

82.     Meta admits that it requires third-party businesses to accept terms governing Meta's provision of the Meta Business Tools that require third-party businesses to have all necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines)—including any necessary consents from consumers—for data they choose to send to Meta. Meta contractually prohibits third-party businesses from sending Meta sensitive data via the Meta Business Tools and takes steps to further educate third parties about these contractual obligations. Meta further admits that it has implemented integrity systems designed to filter out potentially prohibited data that Meta is able to detect before it is stored and used in Meta's ad systems. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 82.

83.     The allegations in paragraph 83 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 83.

84.     The allegations in paragraph 84 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 84.

Gibson, Dunn & Crutcher LLP

13

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

85.    The allegations in paragraph 85 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 85.

86.    Meta admits that the allegations in paragraph 86 purport to cite to and quote from a document, which speaks for itself, and no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 86.

87.    Meta admits that the allegations in paragraph 87 purport to cite to and quote from a document, which speaks for itself, and no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 87.

88.    Meta admits that the allegations in paragraph 88 purport to cite to and quote from a document, which speaks for itself, and no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 88.

89.    Meta admits that the allegations in paragraph 89 purport to cite to and quote from a document, which speaks for itself, and no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 89.

90.    Meta admits that the allegations in paragraph 90 purport to cite to and quote from a document, which speaks for itself, and no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 90.

91.    The allegations in paragraph 91 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 91.

## CLASS ACTION ALLEGATIONS

92.    Meta admits that plaintiffs purport to bring this action on behalf of the members of the purported class referenced in paragraph 92.  Meta denies that class certification is appropriate for this case.

93.    Meta admits that plaintiffs purport in paragraph 93 to reserve their right to revise their class definition.  Meta denies that class certification is appropriate for this case.

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

94.     The allegations in paragraph 94 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 94.  Meta denies that class certification is appropriate for this case.

95.     The allegations in paragraph 95 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 95.  Meta denies that class certification is appropriate for this case.

96.     The allegations in paragraph 96 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 96 regarding persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 96.  Meta denies that class certification is appropriate for this case.

97.     The allegations in paragraph 97 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 97 regarding persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 97.  Meta denies that class certification is appropriate for this case.

98.     The allegations in paragraph 98 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 98.  Meta denies that class certification is appropriate for this case.

99.     Meta admits that plaintiffs purport to bring this action on behalf of the members of the purported class referenced in paragraph 99.  Meta denies that class certification is appropriate for this case.

## TOLLING, CONCEALMENT, AND ESTOPPEL

100.    The allegations in paragraph 100 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 100.

101.    Meta denies each and every allegation in paragraph 101.

Gibson, Dunn & Crutcher LLP

15
DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

102.    The allegations in paragraph 102 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 102.

103.    The allegations in paragraph 103 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 103.

104.    The allegations in paragraph 104 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 104.

105.    Meta denies each and every allegation in paragraph 105.

106.    Meta admits that Activity Off-Meta Technologies (formerly known as the Off-Facebook Activity Tool) allows users to see and control the data that other apps and websites choose to send to Facebook.  Meta further admits that the allegations in the first sentence of paragraph 106 purport to quote from a document, which speaks for itself, and no responsive pleading is required.  To the extent plaintiffs characterize those documents, Meta denies the allegations in paragraph 106.  Except as expressly stated, Meta denies each and every allegation in paragraph 106.

107.    The allegations in paragraph 107 contain conclusions of law, for which no responsive pleading is required.  Except as expressly stated, Meta denies each and every allegation in paragraph 107.

## COUNT I

### Violation of the California Invasion of Privacy Act

### Cal. Penal Code § 631

108.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

109.    Meta admits that plaintiffs purport to bring this action individually and on behalf of the members of the purported class referenced in paragraph 109.  Meta denies that class certification is appropriate for this case.

Gibson, Dunn & Crutcher LLP

16

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

110.    The allegations in paragraph 110 contain conclusions of law and purport to quote from Cal. Penal Code § 631, for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part Cal. Penal Code § 631.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 110.

111.    The allegations in paragraph 111 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 111.

112.    The allegations in paragraph 112 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 112.

113.    The allegations in paragraph 113 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 113.

114.    The allegations in paragraph 114 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 114.

115.    The allegations in paragraph 115 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 115.

116.    The allegations in paragraph 116 refer to the relief sought by plaintiffs and Class members in the SAC, which speaks for itself.  The allegations in paragraph 116 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 116.  Meta further denies that plaintiffs and Class members have suffered damages of any kind and that they are entitled to any form of relief from Meta.

Gibson, Dunn &
Crutcher LLP

17

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

1

2

3

**COUNT II**

**Violation of the California Invasion of Privacy Act**

**Cal. Penal Code § 632**

4        117.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if

5  fully set forth herein.

6        118.    Meta admits that plaintiffs purport to bring this action individually and on behalf of the

7  members of the purported class referenced in paragraph 118.  Meta denies that class certification is

8  appropriate for this case.

9        119.    The allegations in paragraph 119 contain conclusions of law and purport to quote from

10 Cal. Penal Code § 630, for which no responsive pleading is required.  To the extent a response is

11 required, Meta admits that plaintiffs correctly quote in part Cal. Penal Code § 630.  Except as expressly

12 stated, Meta otherwise denies each and every allegation in paragraph 119.

13       120.    The allegations in paragraph 120 contain conclusions of law and purport to quote from

14 Cal. Penal Code § 632, for which no responsive pleading is required.  To the extent a response is

15 required, Meta admits that plaintiffs correctly quote in part Cal. Penal Code § 632.  Except as expressly

16 stated, Meta otherwise denies each and every allegation in paragraph 120.

17       121.    The allegations in paragraph 121 contain conclusions of law, for which no responsive

18 pleading is required.  To the extent a response is required, Meta denies each and every allegation in

19 paragraph 121.

20       122.    The allegations in paragraph 122 contain conclusions of law, for which no responsive

21 pleading is required.  To the extent a response is required, Meta denies each and every allegation in

22 paragraph 122.

23       123.    The allegations in paragraph 123 contain conclusions of law, for which no responsive

24 pleading is required.  To the extent a response is required, Meta denies each and every allegation in

25 paragraph 123.

26       124.    The allegations in paragraph 124 refer to the relief sought by plaintiffs and Class

27 members in the SAC, which speaks for itself.  The allegations in paragraph 124 also contain

28 conclusions of law, for which no responsive pleading is required.  To the extent a response is required,

Gibson, Dunn &
Crutcher LLP

18

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Meta denies each and every allegation in paragraph 124. Meta further denies that plaintiffs and Class members have suffered damages of any kind and that they are entitled to any form of relief from Meta.

### COUNT III

### Violation of the California Invasion of Privacy Act

### Cal. Penal Code § 638.51

125.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

126.    Meta admits that plaintiffs purport to bring this action individually and on behalf of the members of the purported class referenced in paragraph 126. Meta denies that class certification is appropriate for this case.

127.    The allegations in paragraph 127 contain conclusions of law and purport to quote from Cal. Penal Code § 638.50(b), , for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part Cal. Penal Code § 638.50(b). Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 127.

128.    The allegations in paragraph 128 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 128.

129.    The allegations in paragraph 129 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 129.

130.    Meta admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can choose to integrate into their website's code to enable transmission of event data that developers choose to send to Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 130.

131.    Meta admits that third parties can choose to send it certain data from their websites using the Meta Pixel and Meta uses certain of that data in accordance with Meta's Business Tools Terms,

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 131.

132. Meta admits that there is a "Signals" team within Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 132.

133. Meta admits that it may be able to match certain data to Meta accounts in certain instances. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 133.

134. The allegations in paragraph 134 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 134.

135. The allegations in paragraph 135 refer to the relief sought by plaintiffs and Class members in the SAC, which speaks for itself. The allegations in paragraph 135 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 135. Meta further denies that plaintiffs and Class members have suffered damages of any kind and that they are entitled to any form of relief from Meta.

## COUNT IV

### Violation of Illinois Eavesdropping Statute

### 720 ILCS 5/14

136. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

137. Meta admits that plaintiffs Craig and Bryant purport to bring this action individually and on behalf of the members of the purported class referenced in paragraph 137. Meta denies that class certification is appropriate for this case.

138. The allegations in paragraph 138 contain conclusions of law and purport to quote from 720 ILCS 5/14, for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part 720 ILCS 5/14. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 138.

Gibson, Dunn & Crutcher LLP

20

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

139.    The allegations in paragraph 139 contain conclusions of law and purport to quote from 720 ILCS 5/14-1(e), for which no responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly quote 720 ILCS 5/14-1(e), as plaintiffs have not included the full definition.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 139.

140.    The allegations in paragraph 140 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 140.

141.    The allegations in paragraph 141 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 141 regarding persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 141.

142.    The allegations in paragraph 142 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 142.

143.    The allegations in paragraph 143 refer to the relief sought by the Illinois Plaintiffs and the Illinois Subclass members in the SAC, which speaks for itself.  The allegations in paragraph 143 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 143.  Meta further denies that the Illinois Plaintiffs and the Illinois Subclass members have suffered damages of any kind and that they are entitled to any form of relief from Meta.

### COUNT V

### Violation Of The Missouri Wiretap Act

### Mo. Ann. Stat. § 542.418, *et seq.*

144.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

Gibson, Dunn & Crutcher LLP

21

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

145.    Meta admits that plaintiff Housman purports to bring this action individually and on behalf of the members of the purported class referenced in paragraph 145.  Meta denies that class certification is appropriate for this case.

146.    The allegations in paragraph 146 contain conclusions of law and purport to quote from Mo. Ann. Stat. § 542.418, for which no responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly quote Mo. Ann. Stat. § 542.418.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 146.

147.    The allegations in paragraph 147 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 147.

148.    The allegations in paragraph 148 refer to the relief sought by the Missouri Plaintiff and the Missouri Subclass members in the SAC, which speaks for itself.  The allegations in paragraph 148 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 148.  Meta further denies that the Missouri Plaintiff and the Missouri Subclass members have suffered damages of any kind and that they are entitled to any form of relief from Meta.

## COUNT VI

### Violation Of The Federal Wiretap Act

### 18 U.S.C. § 2510, *et seq.*

149.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

150.    Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 150.  Meta admits that each plaintiff purports to bring this claim on behalf of their respective state subclass.  Meta denies that class certification is appropriate for this case.

151.    The allegations in paragraph 151 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 151.

Gibson, Dunn & Crutcher LLP

22

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

152.     The allegations in paragraph 152 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 152.

153.     The allegations in paragraph 153 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 153.

154.     The allegations in paragraph 154 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 154 regarding persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 154.

155.     The allegations in paragraph 155 contain conclusions of law and purport to quote from 18 U.S.C. § 2511, for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2511.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 155.

156.     The allegations in paragraph 156 contain conclusions of law and purport to quote from 18 U.S.C. § 2510(12), for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2510(12).  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 156.

157.     The allegations in paragraph 157 contain conclusions of law and purport to quote from 18 U.S.C. § 2510(5), for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2510(5).  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 157.

158.     The allegations in paragraph 158 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 158 regarding persons or entities other than Meta.  Except as expressly stated, Meta denies each and every allegation in paragraph 158.

Gibson, Dunn & Crutcher LLP

23
DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

159.    The allegations in paragraph 159 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 159.

160.    The allegations in paragraph 160 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 160.

161.    The allegations in paragraph 161 refer to the relief sought by plaintiffs in the SAC, which speaks for itself.  The allegations in paragraph 161 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 161.  Meta further denies that plaintiffs have suffered damages of any kind and that they are entitled to any form of relief from Meta.

## COUNT VII

### Unjust Enrichment

162.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

163.    Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 163.  Meta admits that each plaintiff purports to bring this claim on behalf of their respective state subclass.  Meta denies that class certification is appropriate for this case.

164.    The allegations in paragraph 164 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 164.

165.    The allegations in paragraph 165 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 165.

166.    The allegations in paragraph 166 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 166.

Gibson, Dunn &
Crutcher LLP

24

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

167.    The allegations in paragraph 167 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 167.

168.    The allegations in paragraph 168 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 168.

169.    The allegations in paragraph 169 refer to the relief sought by plaintiffs and class members in the SAC, which speaks for itself.  The allegations in paragraph 169 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 169.  Meta further denies that plaintiffs and class members have suffered damages of any kind and that they are entitled to any form of relief from Meta.

## COUNT VIII

### Violation Of The California Invasion Of Privacy Act

### Cal. Penal Code § 635

170.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

171.    Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 171.  Meta admits that each plaintiff purports to bring this claim on behalf of their respective state subclass.  Meta denies that class certification is appropriate for this case.

172.    The allegations in paragraph 172 contain conclusions of law and purport to quote from California Penal Code § 635, for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part California Penal Code § 635.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 172.

173.    The allegations in paragraph 173 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 173.

Gibson, Dunn &
Crutcher LLP

25

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

174.    The allegations in paragraph 174 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can choose to integrate into their website's code to enable transmission of event data that developers choose to send to Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 174.

175.    The allegations in paragraph 175 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 175.

176.    The allegations in paragraph 176 refer to the relief sought by plaintiffs and class members in the SAC, which speaks for itself.  The allegations in paragraph 176 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 176.  Meta further denies that plaintiffs and class members have been injured or suffered damages of any kind and that they are entitled to any form of relief from Meta.

**COUNT IX**

**Violation Of The Federal Wiretap Act**

**18 U.S.C. § 2512**

177.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

178.    Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 178.  Meta admits that each plaintiff purports to bring this claim on behalf of their respective state subclass.  Meta denies that class certification is appropriate for this case.

179.    The allegations in paragraph 179 contain conclusions of law and purport to quote from 18 U.S.C. § 2512, for which no responsive pleading is required.  To the extent a response is required,

Gibson, Dunn &
Crutcher LLP

26

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2512. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 179.

180.    The allegations in paragraph 180 contain conclusions of law and purport to quote from 18 U.S.C. § 2510(5), for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2510(5). Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 180.

181.    The allegations in paragraph 181 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 181.

182.    The allegations in paragraph 182 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 182.

183.    The allegations in paragraph 183 refer to the relief sought by plaintiffs and class members in the SAC, which speaks for itself. The allegations in paragraph 183 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 183. Meta further denies that plaintiffs and class members suffered damages of any kind and that they are entitled to any form of relief from Meta.

## COUNT X

### Negligence/ Negligence Per Se

184.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

185.    Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 185. Meta admits that each plaintiff purports to bring this claim on behalf of their respective state subclass. Meta denies that class certification is appropriate for this case.

186.    The allegations in paragraph 186 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 186.

187.    The allegations in paragraph 187 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 187.

188.    The allegations in paragraph 188 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 188.

189.    The allegations in paragraph 189 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 189 regarding persons or entities other than Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 189.

190.    The allegations in paragraph 190 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 190.

191.    The allegations in paragraph 191 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 191.

192.    The allegations in paragraph 192 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 192.

193.    The allegations in paragraph 193 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 193.

194.    The allegations in paragraph 194 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 194.  Meta further denies that plaintiffs and Class members suffered damages of any kind and that they are entitled to any form of relief from Meta.

Gibson, Dunn & Crutcher LLP

28

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

1
2
3

195.    The allegations in paragraph 195 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 195.

4
5
6

196.    The allegations in paragraph 196 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 196.

7
8
9
10
11

197.    The allegations in paragraph 197 refer to the relief sought by plaintiffs and class members in the SAC, which speaks for itself.  The allegations in paragraph 197 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 197.  Meta further denies that plaintiffs and class members suffered damages of any kind and that they are entitled to any form of relief from Meta.

12
13
14

**COUNT XI**

**Violation Of California's Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200, *et seq.***

15
16

198.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

17
18
19
20

199.    Meta admits that plaintiffs purport to bring this claim individually and on behalf of the members of the nationwide class referenced in paragraph 199.  Meta admits that each plaintiff purports to bring this claim on behalf of their respective state subclass.  Meta denies that class certification is appropriate for this case.

21
22
23
24
25

200.    The allegations in paragraph 200 contain conclusions of law and purport to quote from California Business and Professions Code section 17200, for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part California Business and Professions Code section 17200.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 200.

26
27
28

201.    The allegations in paragraph 201 contain conclusions of law and purport to quote from California Business and Professions Code section 17200, for which no responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote in part California

Gibson, Dunn & Crutcher LLP

29

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Business and Professions Code section 17200.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 201.

202.    The allegations in paragraph 202 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 202.

203.    The allegations in paragraph 203 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 203.

204.    The allegations in paragraph 204 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 204.

205.    The allegations in paragraph 205 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 205.

206.    The allegations in paragraph 206 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 206.  Meta further denies that plaintiffs and class members suffered any injuries or damages of any kind and that they are entitled to any form of relief from Meta.

207.    The allegations in paragraph 207 contain conclusions of law, for which no responsive pleading is required.  Meta further denies that plaintiffs and class members suffered any injuries or damages of any kind and that they are entitled to any form of relief from Meta.

208.    The allegations in paragraph 208 contain conclusions of law, for which no responsive pleading is required.  Meta further denies that plaintiffs and class members suffered any injuries or damages of any kind and that they are entitled to any form of relief from Meta.

209.    The allegations in paragraph 209 contain conclusions of law, for which no responsive pleading is required.  Meta further denies that plaintiffs, class members, or any other taxpayers suffered any injuries or damages of any kind and that they are entitled to any form of relief from Meta.

Gibson, Dunn & Crutcher LLP

30
DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

210.     The allegations in paragraph 210 refer to the relief sought by plaintiffs and class members in the SAC, which speaks for itself.  The allegations in paragraph 210 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 210.  Meta further denies that plaintiffs and class members suffered damages of any kind and that they are entitled to any form of relief from Meta.

211.     The allegations in paragraph 211 contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 211.

212.     The allegations in paragraph 212 refer to the relief sought by plaintiffs and class members in the SAC, which speaks for itself.  The allegations in paragraph 212 also contain conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 212.  Meta further denies that plaintiffs and class members suffered damages of any kind and that they are entitled to any form of relief from Meta.

## AFFIRMATIVE DEFENSES

Meta has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on Meta's knowledge, information, and belief at this time.  By asserting the defenses herein, Meta has not knowingly and intentionally waived any applicable defenses and hereby expressly reserves the right to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time.  Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of plaintiffs' claims, Meta asserts the following separate and additional defenses:

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Laches / Waiver / Release / Estoppel / Unclean Hands / Inequitable Conduct)

The SAC and the claims alleged therein are barred, in whole or in part, by the doctrines of laches, waiver, release, estoppel, unclean hands *in pari delicto*, and/or inequitable conduct.  Plaintiffs allege that they have Facebook accounts. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy,

Gibson, Dunn & Crutcher LLP

31

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

and Cookies Policy. These policies, as well as other publicly available materials (including the subject websites' policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes.  Further, since August 2019, plaintiffs and Class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity.  Plaintiffs' complaint is barred, in whole or in part, to the extent plaintiffs and Class members had notice regarding the information Meta allegedly received about them from the subject websites, including (but not limited to) through the aforementioned disclosures, and they continued to use Meta's and/or the subject websites' services, and/or failed to diligently pursue their claims.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate)

Plaintiffs' and Class members' claims for damages are barred, in whole or in part, to the extent discovery reveals they failed to mitigate their damages.  For example, to the extent plaintiffs and Class members had notice regarding the information Meta allegedly received about them, including but not limited to through Meta's Terms of Service, Privacy Policy, Cookies Policy, and Off-Facebook Activity tool and/or the subject websites' policies and disclosures, yet continued to use Meta's and/or the subject websites' services, they are bared, in whole or in part, from recovering damages based on their continued use of Meta's and/or the subject websites' services.  Plaintiffs and Class members are also barred, in whole or in part, from recovering damages based on the alleged disclosure of information that plaintiffs have publicized through other channels, such as social media.  Plaintiffs and Class members are also barred, in whole or in part, from recovering damages to the extent plaintiffs and Class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Statutes of Limitations)

The SAC and the claims alleged therein are barred, in whole or in part, by one or more of the statutes of limitations under applicable law.  The statute of limitations for plaintiffs' California Invasion of Privacy Act claims is one year.  Cal. C.C.P. § 340(a).  Plaintiffs allege they have Facebook accounts

and when signing up for those accounts, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy which, along with other publicly available materials (including subject websites' policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Plaintiffs' complaint is barred, in whole or in part, to the extent plaintiffs and Class members had notice regarding the information Meta allegedly received about them from the subject websites, including (but not limited to) through the aforementioned disclosures, and they failed to bring their claims within one year from when they had, or should have had, such notice.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Barred by Contract)

The SAC and the claims alleged therein are barred, in whole or in part, by contracts and/or agreements entered into with Meta and with the subject websites which govern the subject matter of plaintiffs' and Class members' claims. Plaintiffs allege that they had Facebook accounts. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Plaintiffs' complaint is barred, in whole or in part, because plaintiffs and Class members agreed to Meta's receipt of the data the subject websites allegedly sent about them through their contracts with Meta. Plaintiffs' and Class members' claims are also barred, in whole or in part, by the limitation-of-liability provision in Meta's Terms of Service. To the extent discovery reveals that plaintiffs entered into contracts with the subject websites, those contracts may also bar plaintiffs' claims, in whole or in part, for the same or similar reasons as Meta's contracts—i.e., because they disclose that the subject websites share data with third parties such as Meta and/or because they limit plaintiffs' and Class members' ability to recover for the alleged disclosure of their information.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Mistake)

The SAC and the claims alleged therein are barred, in whole or in part, on the grounds that Meta reasonably relied on facts that may later prove to be false and/or made a bona fide error despite using reasonable procedures to avoid any such error. Meta's Business Tools Terms require third parties

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use) have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tool Data."  Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representation in the Business Tools Terms.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Unjust Enrichment)

The right to relief on behalf of plaintiffs and Class members is barred by the doctrine of unjust enrichment.  Plaintiffs and Class members would be unjustly enriched if allowed to recover the relief claimed to be due, including because plaintiffs and Class members consented to the alleged conduct complained of, including by agreeing to Meta's Terms of Service, its Privacy Policy, and/or Cookies Policy.  These policies, as well as other publicly available materials (including the subject websites' policies), disclose Meta's receipt of data through the Business Tools and its use of data for advertising purposes.  Further, since August 2019, plaintiffs and the Class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity.  The doctrine of unjust enrichment bars plaintiffs' and Class members' right to relief to the extent they continued to use Meta's and/or the subject websites' services (and obtained the benefits of those services) despite having notice regarding the information Meta allegedly received about them from their interactions with third parties, including the subject websites.  The doctrine of unjust enrichment also bars plaintiffs' and Class members' right to relief to the extent plaintiffs and Class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Wrong Party)

The SAC and the claims alleged therein are barred, in whole or in part, because plaintiffs have filed suit against the wrong party.  Plaintiffs have filed suit against Meta rather than the subject websites that use Meta's services.  Meta's Business Tools Terms require third parties who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use)

Gibson, Dunn &
Crutcher LLP

34

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tools Data." Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representations in the Business Tools Terms. Third parties who use the Meta Business Tools, including the subject websites, are responsible for how they choose to use the Meta Business Tools.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Privacy Interest)

The SAC and the claims alleged therein are barred, in whole or in part, because plaintiffs do not maintain a legally protected privacy interest over any data plaintiffs allege to have been impermissibly collected. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including the subject websites' policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Further, since August 2019, plaintiffs and Class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. Plaintiffs' complaint is barred, in whole or in part, due to their inability to show a privacy interest in data they were on notice Meta allegedly received about them from the subject websites, including (but not limited to) through the aforementioned disclosures. Plaintiffs' complaint is also barred, in whole or in part, due to their inability to show a privacy interest in their web-browsing data, which is not sensitive or confidential.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Intervening or Superseding Cause)

Plaintiffs' and the Class members' claims are barred, in whole or in part, because the damages alleged in the SAC, if any, were caused by persons and entities other than Meta. Such intervening and superseding conduct of others bars and/or diminishes recovery, if any, against Meta. Any alleged harm to the plaintiffs and Class members was proximately caused by subsequent and intervening or superseding acts of plaintiffs or the Class members and/or of third parties, including without limitation, by the subject websites' decision to use the Meta Business Tools and/or to configure the Meta Business

Gibson, Dunn & Crutcher LLP

35

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Tools to transmit certain information to Meta.  Meta's Business Tools Terms require third parties who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use) have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tool Data."  Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representations in the Business Tools Terms.  Therefore, any alleged harm to the plaintiffs was caused by the subject websites' failure to abide by Meta's Business Tools Terms rather than any action Meta is alleged to have taken.

Additionally, plaintiffs allege that they have Facebook accounts.  When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy.  These policies, as well as other publicly available materials (including the subject websites' policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes.  Further, since August 2019, plaintiffs and Class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity.  To the extent plaintiffs and Class members failed to read these disclosures, any alleged harm to the plaintiffs was caused by their failure to read these disclosures rather than any action Meta is alleged to have taken.  To the extent plaintiffs and Class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes, any alleged harm to the plaintiffs was also caused by their failure to use these settings rather than any action Meta is alleged to have taken.

### TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Party to Communications)

The SAC and the claims alleged therein are barred, in whole or in part, because Meta was a party to any and all communications Meta allegedly received, and therefore no actionable interception occurred.  The Meta Pixel is a free, publicly available piece of code that third-party developers can embed in their websites to measure visitor activity and share that data with Meta.  To the extent the subject websites or users shared data with Meta, Meta was a party to the relevant communications, and

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

a party cannot be held liable for "wiretapping" or "eavesdropping" on its own communications. *Doe I v. Google LLC*, 2024 WL 3490744, at *5 (N.D. Cal. July 22, 2024); *Cody v. Boscov's, Inc.*, 658 F. Supp. 3d 779, 782 (C.D. Cal. 2023); *Thomasson v. GC Servs. Ltd. P'ship*, 321 F. App'x 557, 559 (9th Cir. 2008). As a result, Meta is exempt from any wiretapping or eavesdropping liability under the California Invasion of Privacy Act as a party to the communications at issue.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unconstitutional Request for Statutory and Punitive Damages)

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited. That is because (1) any recovery of statutory or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (2) imposition of any statutory, punitive, or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution. *See, e.g.*, *Bankers Life & Cas. Co. v. Crenshaw*, 486 U.S. 71, 77 (1988).

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Unconstitutional Aggregation of Statutory Damages)

Any aggregation of statutory damages should be barred or should otherwise be limited. This is because imposition of massively aggregated statutory damages on the scale of what plaintiffs and Class members seek would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution. *See, e.g.*, *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1123 (9th Cir. 2022).

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Consent/Ratification)

The SAC and the claims alleged therein are barred, in whole or in part, by the doctrines of consent and/or ratification because plaintiffs and Class members manifested agreement through words and/or conduct to the sharing and/or use of their personal information as alleged in the complaint. Plaintiffs allege that they have Facebook accounts. When Facebook users, including plaintiffs and

Gibson, Dunn &
Crutcher LLP

37

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy.  These policies, as well as other publicly available materials (including the subject websites' policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes.  Further, since August 2019, plaintiffs and Class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity.  Plaintiffs' complaint is barred, in whole or in part, because plaintiffs and Class members consented to Meta's receipt of the information Meta allegedly received about them from the subject websites, including (but not limited to) to the extent they viewed the aforementioned disclosures and they continued to use Meta's and/or the subject websites' services.

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Dated: August 20, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By:   */s/ Lauren R. Goldman*
      Lauren R. Goldman


*Attorneys for Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

DEFENDANT META PLATFORMS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT — CASE NO. 5:22-CV-7557-PCP

Gibson, Dunn &
Crutcher LLP