**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:    (303) 298-5783
Facsimile:    (303) 313-2800

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-07557-PCP (VKD) |
| | **DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF PLAINTIFFS' MOTION TO CERTIFY A CLASS** |
| This Document Relates To: | |
| All Actions | Hon. P. Casey Pitts |

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF PLAINTIFFS'
MOTION TO CERTIFY A CLASS
CASE NO. 5:22-CV-07557-PCP (VKD)

## I.    INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") hereby applies for leave of this Court pursuant to Local Civil Rules 7-11 and 79-5 to seal parts of plaintiffs' Motion to Certify a Class and its supporting exhibits (the "Motion and Exhibits").  This Court and other courts in this District have previously granted administrative motions to seal under Civil Local Rule 79-5 where a party has shown that a document (or portions thereof) is "privileged, protectable as a trade secret or otherwise entitled to protection under the law" and the request is "narrowly tailored to seal only the sealable material." *Singh v. Costco Wholesale Corp.*, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023); *see also, e.g., Jones v. PGA Tour, Inc.*, 2023 WL 2167400, at *2 (N.D. Cal. Feb. 21, 2023); *Arebalo v. Apple, Inc.*, 2022 WL 580865, at *2 (N.D. Cal. Feb. 25, 2022).

Meta asks the Court to seal select parts of the Motion and Exhibits that reveal specific, non-public information about (1) Meta's proprietary data storage systems, including the names of specific Hive tables, descriptions of fields in those tables and the contents of those fields, specific information about how those systems are organized, the types of information Meta can query from those systems, how data flows through those systems, and how Meta uses the data stored in those systems; (2) Meta's proprietary finance-related and health-related integrity systems, including how those systems work and when they were developed; (3) the confidential methods that Meta uses to try to match data it receives from third-party advertisers to a Facebook account; (4) Meta's proprietary Core Setup system, including how the system works and how it was developed; (5)  confidential business analyses by Meta employees and actions taken in connection with or as a result of those analyses; (6) confidential communications with advertisers and steps taken by Meta in response to those communications; (7) links to internal confidential webpages, which could be used to improperly gain access to Meta's proprietary documents and intranet; and (8) employee contact information, including employee email addresses.

Meta's request is "narrowly tailored" because it seeks to seal only material that reflects Meta's internal, proprietary, commercially sensitive, and confidential information.  The Motion and Exhibits

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF PLAINTIFFS'
MOTION TO CERTIFY A CLASS
CASE NO. 5:22-CV-07557-PCP (VKD)

describes specific confidential information about Meta's internal systems and technologies.  Decl. of Lauren R. Goldman in Supp. of Def. Meta Platforms, Inc.'s Administrative Mot. to Seal ("Goldman Decl.") ¶ 2.  Public disclosure of this confidential information would place Meta at a competitive disadvantage in the marketplace and could allow bad actors to undermine the integrity of Meta's systems and gain improper access to user data.  *Id.* ¶¶ 3, 6, 8-9.  Furthermore, the disclosure of the information Meta seeks to seal—details related to Meta's proprietary internal systems, technologies, and processes—could allow bad actors to compromise Meta's systems and gain access to the data Meta receives and stores, including data related to users.  Meta's interest in sealing proprietary, competitively sensitive information or information that bad actors could use to undermine the integrity of Meta's systems and gain improper access to user data overrides any public interest in the specific details Meta seeks to seal.   Accordingly, there is "compelling reason" to seal narrow parts of the Motion and Exhibits.

## II.    LEGAL STANDARD

The Court has "broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *1 (N.D. Cal. Sept. 5, 2018) (citing Fed. R. Civ. P. 26(c)(1)(G)).  What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," and sufficient grounds include "sources of business information that might harm a litigant's competitive standing."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

For a motion to seal documents in connection with a dispositive motion, a movant must meet the "compelling reason" standard.  *Ctr. for Auto Safety* , 809 F.3d, at 1102 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).  Under this standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so."  *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  Relevant factors in deciding whether a party's interest in sealing overcomes the public's interest in disclosure include: (1) the amount of material sought to be sealed (*see Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety*

1    *v. Chrysler Grp.*, LLC, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the

2    material could result in improper use of the material for scandalous or libelous purposes or infringement

3    upon trade secrets" (*Id.*)."

### III.    ARGUMENT

5    The Court should seal select confidential information in the Motion and Exhibits.    The

6    "compelling reason" test applies here, because the Motion and Exhibits relate to a dispositive issue that

7    is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety,* 809 F.3d, at 1097.

8    And compelling reason to seal narrow portions of the Motion and Exhibits exists for several reasons.

9    *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material."

10   *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11,

11   2023).   Meta asks the Court to seal only those parts of the Motion and Exhibits that reveal proprietary,

12   commercially sensitive, and confidential information about Meta's non-public data storage systems,

13   finance-related and health-related integrity systems, methods Facebook uses to try to match it receives

14   from third-party advertisers to Facebook accounts, Core Setup functionality, business analyses and

15   steps Meta took in connection with or as a result of those analyses, confidential communications with

16   advertisers, links to internal confidential webpages, and employee contact information.

17   *Second*, as the Supreme Court has recognized, the public right of access to court records may

18   be limited when those records could be used "as sources of business information that might harm a

19   litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Meta is

20   likely to suffer harm if highly confidential information regarding the subject matter listed above is

21   made public.  Goldman Decl. ¶ 8.

22   *Third*, there is "a compelling reason to seal" information that could compromise a party's

23   "network infrastructure and security systems."  *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No.

24   14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015).  The "compelling reasons"

25   standard is clearly met here because the disclosure of specific information about Meta's systems,

26   technologies, and employee contact information is competitively sensitive and/or could empower bad

27   actors to exploit Meta's systems and misuse data stored by Meta, including data related to users.

28   Goldman Decl. ¶¶  8-9.

-3-

DECLARATION OF LAUREN R. GOLDMAN IN FURTHER SUPPORT OF PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

1    Courts routinely protect the type of information that Meta seeks to seal here.  For example, in

2    *Bottoms v. Block, Inc*., the court found that the compelling interests warranted sealing of specific fields

3    in Block's database.  *See* No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11,

4    2025) (compelling interests warrant sealing "the confidential name of a Block database used to store

5    information related to the Cash App Invite Friends program, and the confidential names and

6    descriptions of certain fields of data stored in the database").  *See also Phillips ex rel. Estates of Byrd*

7    *v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial

8    information" was entitled to protection from disclosure); *Calhoun v. Google LLC*, No. 20-CV-05146-

9    YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references

10   to "sensitive features of Google's internal systems and operations, including the various types of data

11   sources which include information related to Google's data logs, internal data structures, internal

12   identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.,* 2016 WL 6091543,

13   at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad

14   and extend to "confidential information regarding [a defendant's] products, services, and business

15   practices").  Plaintiffs filed the Motion and Exhibits partially under seal.  Meta proposes narrowly

16   tailored redactions that would keep only its most sensitive, non-public material sealed

17   In conclusion, Meta's request is narrowly tailored to seal only the most sensitive, non-public

18   information contained within the Motion and Exhibits that reveal proprietary details about Meta's

19   storage systems, finance-related and health-related integrity systems, data matching technologies,  Core

20   Setup functionality, business analyses and steps taken in connection with those analyses,

21   communications with advertisers,  links to internal confidential webpages, and employee contact

22   information.  Disclosure of this information would place Meta at a competitive disadvantage and is

23   unnecessary to the public's understanding of this case.  Given these circumstances, Meta respectfully

24   requests that the Court grant Meta's motion to seal parts of the Motion and Exhibits.  Meta's positions

25   regarding the confidential portions of the Exhibit are set forth in the table attached as Appendix A.

26

27

28

1    Dated: September 8, 2025                    **GIBSON, DUNN & CRUTCHER LLP**

2                                               By:  */s/ Lauren R. Goldman*
                                                     Lauren R. Goldman
3
                                               LAUREN R. GOLDMAN (admitted *pro hac vice*)
4                                              DARCY C. HARRIS (admitted *pro hac vice*)
                                               lgoldman@gibsondunn.com
5                                              dharris@gibsondunn.com
                                               200 Park Avenue
6                                              New York, NY 10166
                                               Telephone: (212) 351-4000
7                                              Facsimile: (212) 351-4035

8                                              ELIZABETH K. MCCLOSKEY, SBN 268184
                                               emccloskey@gibsondunn.com
9                                              ABIGAIL A. BARRERA, SBN 301746
                                               abarrera@gibsondunn.com
10                                             One Embarcadero Center, Suite 2600
                                               San Francisco, CA 94111
11                                             Telephone: (415) 393-8200
                                               Facsimile: (415) 393-8306
12
                                               NATALIE J. HAUSKNECHT (*pro hac vice*)
13                                             nhausknecht@gibsondunn.com
                                               1900 Lawrence Street Suite 3000
14                                             Denver, CO 80202
                                               Telephone:      (303) 298-5783
15                                             Facsimile:      (303) 313-2800
                                               *Attorneys for Meta Platforms, Inc.*
16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LAUREN R. GOLDMAN IN FURTHER SUPPORT OF PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Notice of Motion and Motion for Class Certification Supporting Memorandum of Points and Authorities (Dkt. No. 218) | Parts of page 1, lines 7, 9-12. (highlighted in Dkt. No. 223) | Meta | This text should be redacted because it reveals specific, non-public information about strategic issues analyzed by Meta employees and actions that Meta took in connection with those analyses. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Notice of Motion and Motion for Class Certification Supporting Memorandum of Points and Authorities (Dkt. No. 218) | Parts of page 2, line 21; page 13, lines 21-22, 24, 26-28; page 14, lines 1-3, 10-11 (highlighted in Dkt. No. 223) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields and their contents, as well as how these systems are organized and how the data is used. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Notice of Motion and Motion for Class Certification Supporting Memorandum of Points and Authorities (Dkt. No. 218) | Parts of page 5, lines 6, 9-10, 13; page 17, line 25; page 18, lines 1-2. (highlighted in Dkt. No. 223) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary finance-related integrity systems that Meta uses to filter potentially sensitive data. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of those systems. |
| Declaration of Neal Deckant In Support of Motion for Class Certification (Dkt. No. 218-1) | Parts of page 3, line 10. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the name of a specific Hive tables the amount of data in Meta's systems. If this information were disclosed, it would competitively harm Meta and allow bad actors to |

| | | | undermine the integrity of Meta's systems. |
|---|---|---|---|
| Exhibit 13 (Dkt. No. 218-1) | Parts of page 28, lines 2-4;  page 49, lines 15-19, 25; page 50, lines 1-2, 9-10, 13-15, 21-25; page 51, lines 1-8, 10-11, 14-15, 19-21; page 56, line 24; page 66, lines 8-13, 16; page 70, lines 5-10; page 91, lines 7, 13, 21-23; page 100, lines 13-19, 24; page 101, lines 8, 12-16, 19; page 102, lines 6-10, 24-25; page 103, lines 1, 6-8, 21; page 104, lines 4-7, 9-10, 15-17; page 106, lines 5, 20-21, 23-24; page 107, line 2; page 108, lines 8-11; page 109, lines 1-11, 20-24; page 110, lines 6-11, 21-25; page 111, lines 1-3, 7-8, 17, 19-22; page 112, lines 1-2, 4-6, 11-12, 16-24; page 113, lines 3-6, 16-23; page 114, lines 1-4, 6-7, 10-12, 14-17, 22-25; page 115, lines 2-9, 12-13, 15-16, 19-24; page 116, lines 6-8; page 117, lines 10, 13-17, 19-25; page 118, lines 1-2, 4-8, 10-14, 17-23; page 119, lines 5, 9, 11-12, 16-20; page 127, lines 1-5, 9-13, 25; page 128, lines 1-2; page 129, lines 5, 14, 24; page 130, lines 1-4, 6-11, 13-14, 16-19, 21-22; page 131, lines 3, 5-6, 10, 14, 17-21, 23; page 132, lines 3, 7-9, 12, 14-17, 19, 22, 24-25; page 149, lines 23, 25; page 150, lines 1-6, 18-19, 24; page 151, lines 1-2, 7, 9, 14-15, 19-22, 24-25;  page 157, lines 4-7, 10-13; page 172, lines 21-22; page 206, lines 7-12, 19-21. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and fields, what information those fields contain, how the systems can be queried, and how the systems are organized); and the proprietary methods that Meta uses to try to match data sent by third-party advertisers to a Facebook account.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

| | | | |
|---|---|---|---|
| | (highlighted in Dkt. No. 223-1) | | |
| Exhibit 13 (Dkt. No. 218-1) | Parts of page 46, lines 4, 7-12, 15-16, 18, 25; page 47, line 5; page 73, lines 8-10; page 149, line 20; page 158, lines 8-17, 21-24; page 159, lines 3-6, 10, 13-23; page 209, lines 23-25.<br><br>(highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's finance-related integrity systems used to filter potentially sensitive data. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 13 (Dkt. No. 218-1) | Parts of page 174, lines 23-25; page 175, lines 10-11.<br><br>(highlighted in Dkt. No. 223-1) | | This text should be redacted because it reveals specific, non-public information about Meta's confidential communications between Meta and Taxslayer, as well as steps taken by Meta in connection with those communications. If this information were disclosed, it would competitively harm Meta because it would reflect competitively sensitive information about Meta's treatment of data resulting from communications with third parties like Taxslayer. |
| Exhibit 14 (Dkt. No. 218-1 | Parts of page 1, "From" lines, "To" line, "BCC" line, paragraph 1; page 2, paragraph 10.<br><br>(highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about an advertiser's Pixel and account with Meta, as well as employee contact information. If this information were disclosed, it would competitively harm Meta. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm |

| Exhibit 15 (Dkt. No. 218-1 | Parts of page 1, "To" line, "Subject" line, messages 1, 3, 5-6, 9-11, 13, 15; page 2, messages 1-5, 7, 9-12, 15-18, 20-21; page 3, messages 1-3. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's finance-related integrity systems, confidential business analyses by Meta employees and steps taken in connection with those analyses (including internal, non-public communications discussing responses to the receipt of potentially sensitive information), and employee contact information. If this information were disclosed, it would competitively harm Meta, permit a glimpse into Meta's internal brainstorming and response plans (which competitors could use), and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. |
| Exhibit 16 (Dkt. No. 218-1 | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems |
| Exhibit 17 | Sealed in full. | Meta | This exhibit should be sealed in full because it contains |

| | | | |
|---|---|---|---|
| (Dkt. No. 218-1) | | | discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems |
| Exhibit 18 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems |
| Exhibit 19 (Dkt. No. 218-1) | Parts of page 10, lines 7-9, 11-12, 14-15, 24-25; page 17, line 12; page 19, lines 19-21. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific non-public information about how Meta's proprietary Core Setup setting works. Meta would suffer competitive harm if confidential information about this setting was publicly disclosed. Further, disclosure of this information would give bad actors information that could be used to try to circumvent Meta's Core Setup setting. |
| Exhibit 20 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it reveals specific non-public information about how Meta's proprietary Core Setup setting works. Meta |

| | | | would suffer competitive harm if confidential information about this setting was publicly disclosed. Further, disclosure of this information would give bad actors information that could be used to try to circumvent Meta's Core Setup setting. |
|---|---|---|---|
| Exhibit 22 (Dkt. No. 218-1) | Sealed in full. | Meta | This text should be redacted because it contains discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems |
| Exhibit 23 (Dkt. No. 218-1) | Parts of page 1, "From" line, "To" line, messages 16-18. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's employee contact information, and links to internal confidential webpages, which could be used to improperly gain access to Meta's proprietary documents and intranet. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. |

DECLARATION OF LAUREN R. GOLDMAN IN FURTHER SUPPORT OF PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

| Exhibit 24 (Dkt. No. 218-1) | Parts of page 1, "To" line, "Subject" line, "Attachments" line, messages 1-13, 15; page 2, messages 1-4, 6-13, 15-22; page 3, messages 1-2, 5-20; page 4, messages 1-6, 8-9, 11, 13-20; page 5, messages 1-11. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and fields, how the systems are organized, and how Meta uses the data it receives and stores), business analyses and steps taken in connection with those analyses, and employee contact information. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. |
| --- | --- | --- | --- |
| Exhibit 25 (Dkt. No. 218-1) | Parts of page 1, "From" line, "To" line, "Subject" line, messages 2-6, 8-12, 14-15; page 2, messages 3-4, 7, 9-11. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary finance-related integrity systems, business analyses and steps taken in connection with those analyses, and employee contact information. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. |

DECLARATION OF LAUREN R. GOLDMAN IN FURTHER SUPPORT OF PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

| Exhibit 26 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields and how they are used. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
|---|---|---|---|
| Exhibit 27 (Dkt. No. 218-1) | Parts of page 3, paragraphs 1-5, 7-15; page 4, paragraphs 3-7, 9-13; page 5, paragraphs 3, 5; page 6, paragraph 1. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields and how the systems can be queried. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 27, exhibit 2 (Dkt. No. 218-1) | Parts of page 1, paragraphs 5-27; page 2, paragraphs 1-27; page 3, paragraphs 1-22. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28 (Dkt. No. 218-1) | Parts of page 8, paragraphs 1-2, 4, 6; page 9, paragraphs 1-2; page 12, paragraph 4; page 13, paragraphs 5, 8; page 14, heading D, paragraph 4; page 15, paragraphs 1-3, chart, paragraphs 4-6; page 16, paragraphs 1, 4; page 18, paragraphs 8, 16-17. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields, how the systems can be queried, and how the systems are organized. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

DECLARATION OF LAUREN R. GOLDMAN IN FURTHER SUPPORT OF PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

| | | | |
|---|---|---|---|
| Exhibit 28, exhibit E (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it is an internal technical document, which reveals specific non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and how data flows through the storage systems) and Pixel capabilities.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit F (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data— including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential.  Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 26 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields and how they are used.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit I (Dkt. No. 218-1) | Parts of page 3, line 22; page 4, lines 17, 20-21; page 171, lines 2-3, 7-15. | Meta | This text should be redacted because it reveals specific non-public information about Meta's data storage systems (including the names of specific Hive tables and how the systems are |

| | (highlighted in Dkt. No. 223-1) | | organized), finance-related integrity systems, and Core Setup setting.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
|---|---|---|---|
| Exhibit 28, exhibit O (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit P (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields and how Meta uses the data it receives and stores.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit Q to Exhibit 28 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it is an internal technical document, which reveals confidential business analyses and steps taken in connection with those analyses concerning Meta's proprietary data storage systems (including the names of specific tables and fields).   If this information were disclosed, it would competitively harm Meta and allow bad actors |

-15-

| | | | to undermine the integrity of Meta's systems. |
|---|---|---|---|