**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:    (303) 298-5783
Facsimile:    (303) 313-2800

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-07557-PCP (VKD) |
| This Document Relates To: | **DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| All Actions | Hon. P. Casey Pitts |

Gibson, Dunn & Crutcher LLP

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 5:22-CV-07557-PCP (VKD)

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to File Under Seal. Dkt. No. 213. Meta seeks to seal narrowly tailored portions of the Motion to Certify Class and its exhibits, which were filed at Dkt. No. 218 (the "Motion and Exhibits"). These redactions relate to specific, non-public information in the Motion and Exhibits that contain confidential business information about (1) Meta's proprietary data storage systems, including the names of specific Hive tables, descriptions of fields in those tables and the contents of those fields, specific information about how those systems are organized, the types of information Meta can query from those systems, how data flows through those systems, and how Meta uses the data stored in those systems; (2) Meta's proprietary finance-related and health-related integrity systems, including how those systems work and when they were developed; (3) the confidential methods that Meta uses to try to match data it receives from third-party advertisers to a Facebook account; (4) Meta's proprietary Core Setup system, including how the system works and how it was developed; (5) confidential business analyses by Meta employees and actions taken in connection with or as a result of those analyses; (6) confidential communications with advertisers and steps taken by Meta in response to those communications; (7) links to internal confidential webpages, which could be used to improperly

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

gain access to Meta's proprietary documents and intranet; and (8) employee contact information, including employee email addresses.

3. Meta is asking to seal only information which provides insight into specific non-public aspects of its proprietary storage systems, finance-related and health-related integrity systems, data matching technologies, Core Setup functionalities, business analyses and steps taken in connection with those analyses, communications with advertisers, links to internal confidential webpages, internal company organizational structure, and employee contact information. If persons or entities obtain this proprietary information, it may enable them to understand in detail how Meta stores and uses data, how it filters potentially sensitive data, how it attempts to match data received from third parties to Facebook accounts, and other commercially sensitive information that Meta does not share with the public. Further, Meta's interest in sealing proprietary, competitively sensitive information or information that bad actors could use to undermine the integrity of Meta's systems and gain improper access to user data overrides any public interest in the specific details Meta seeks to seal. Relevant factors in deciding whether a party's interest in sealing overcomes the public's interest in disclosure include: (1) the amount of material sought to be sealed (see *Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets" (*Id.*). Each of these factors supports sealing the material Meta is requesting to seal.

4. ***First***, Meta seeks to seal limited portions of the Motion and Exhibits that are necessary to protect its proprietary confidential information as described above. See *Algarin*, 2014 WL 690410, at *3 (permitting sealing because a party "only s[ought] to seal a limited amount of information").

5. ***Second***, sealing this limited information will not impede the public's understanding of the judicial process as this detailed, proprietary information is not essential to the public's understanding of the merits of this dispute or this case. Meta is leaving unsealed general descriptions of its data storage systems, integrity systems, matching technologies, and business decisions—it only

seeks to protect from disclosure the highly technical and confidential details of those categories of information that do not impede the public's understanding of the merits of the case.

6. Disclosure of this information is likely to place Meta at a competitive disadvantage, as Meta's competitors could use this sensitive information for their own gain, and bad actors could use this confidential information to better understand and infiltrate the data that Meta stores, including user data. For example, Meta's competitors should not benefit from the ways Meta receives, stores, uses, and filters data.

7. Meta asks the Court to seal only those parts of the Motion and Exhibits that reveal proprietary, commercially sensitive, and confidential information about Meta's proprietary storage systems, finance-related and health-related integrity systems, methods Facebook uses to try to match it receives from third-party advertisers to Facebook accounts, Core Setup functionality, business analyses and steps Meta took in connection with or as a result of those analyses, confidential communications with advertisers, links to internal confidential webpages, and employee contact information.

8. Competitive harm is likely if Meta's highly confidential information is made public. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide competitors with unfair insight into how Meta's systems are designed, organized, and operate, as well as Meta's internal strategic business considerations, which would give competitors the ability to replicate aspects Meta's systems and technical infrastructure, which would cause Meta competitive harm. Absent redactions, Meta's competitors would gain access to detailed information about the technologies, analyses, and structures that give Meta a competitive advantage. Further, without redactions to the non-public email addresses of Meta's employees, the employees could be inundated with harmful or irrelevant emails.

9. In addition, absent redactions, unsealing the Motion and Exhibits likely would cause Meta harm because it would reveal information that bad actors could then use to access or gain insight into the data Meta receives and stores, as well as its finance-related and health-related integrity systems that Meta uses to filter data. Meta has an interest in maintaining confidentiality over information related to its data storage systems and proprietary integrity systems, and Meta takes care to protect the

confidentiality of its proprietary systems and technologies. Divulging details about these systems and technologies would undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or better understand Meta's systems and the data they store (including data related to users), or bypass Meta's integrity systems (in violation of Meta's policies). Bad actors could use the information about where data is stored in Meta's systems, how the systems are organized, and how the systems can be queried to infiltrate and misappropriate the data in those systems. Further, absent redactions, third parties could use the details about Meta's health-related and finance-related integrity systems to undermine or bypass those systems (in violation of Meta's policies). Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access. Plaintiffs filed the Motion and Exhibits partially under seal. Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed. Meta's position regarding material that should be sealed is set forth in the following table:

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Notice of Motion and Motion for Class Certification Supporting Memorandum of Points and Authorities (Dkt. No. 218) | Parts of page 1, lines 7, 9-12. (highlighted in Dkt. No. 223) | Meta | This text should be redacted because it reveals specific, non-public information about strategic issues analyzed by Meta employees and actions that Meta took in connection with those analyses. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Notice of Motion and Motion for Class Certification Supporting Memorandum of Points and Authorities (Dkt. No. 218) | Parts of page 2, line 21; page 13, lines 21-22, 24, 26-28; page 14, lines 1-3, 10-11 (highlighted in Dkt. No. 223) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields and their contents, as well as how these systems are organized and how the data is used. If this information were disclosed, it would competitively harm Meta and allow bad actors |

-4-
DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
5:22-CV-07557-PCP (VKD)

| | | | |
|---|---|---|---|
| | | | to undermine the integrity of Meta's systems. |
| Notice of Motion and Motion for Class Certification Supporting Memorandum of Points and Authorities (Dkt. No. 218) | Parts of page 5, lines 6, 9-10, 13; page 17, line 25; page 18, lines 1-2. (highlighted in Dkt. No. 223) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary finance-related integrity systems that Meta uses to filter potentially sensitive data. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of those systems. |
| Declaration of Neal Deckant In Support of Motion for Class Certification (Dkt. No. 218-1) | Parts of page 3, line 10. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the name of a specific Hive tables the amount of data in Meta's systems. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 13 (Dkt. No. 218-1) | Parts of page 28, lines 2-4; page 49, lines 15-19, 25; page 50, lines 1-2, 9-10, 13-15, 21-25; page 51, lines 1-8, 10-11, 14-15, 19-21; page 56, line 24; page 66, lines 8-13, 16; page 70, lines 5-10; page 91, lines 7, 13, 21-23; page 100, lines 13-19, 24; page 101, lines 8, 12-16, 19; page 102, lines 6-10, 24-25; page 103, lines 1, 6-8, 21; page 104, lines 4-7, 9-10, 15-17; page 106, lines 5, 20-21, 23-24; page 107, line 2; page 108, lines 8-11; page 109, lines 1-11, 20-24; page 110, lines 6-11, 21-25; page 111, lines 1-3, 7-8, 17, 19-22; page 112, lines 1-2, 4-6, 11-12, 16-24; page 113, lines 3-6, | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and fields, what information those fields contain, how the systems can be queried, and how the systems are organized); and the proprietary methods that Meta uses to try to match data sent by third-party advertisers to a Facebook account. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

| | | | | |
|---|---|---|---|---|
| | | 16-23; page 114, lines 1-4, 6-7, 10-12, 14-17, 22-25; page 115, lines 2-9, 12-13, 15-16, 19-24; page 116, lines 6-8; page 117, lines 10, 13-17, 19-25; page 118, lines 1-2, 4-8, 10-14, 17-23; page 119, lines 5, 9, 11-12, 16-20; page 127, lines 1-5, 9-13, 25; page 128, lines 1-2; page 129, lines 5, 14, 24; page 130, lines 1-4, 6-11, 13-14, 16-19, 21-22; page 131, lines 3, 5-6, 10, 14, 17-21, 23; page 132, lines 3, 7-9, 12, 14-17, 19, 22, 24-25; page 149, lines 23, 25; page 150, lines 1-6, 18-19, 24; page 151, lines 1-2, 7, 9, 14-15, 19-22, 24-25; page 157, lines 4-7, 10-13; page 172, lines 21-22; page 206, lines 7-12, 19-21.<br><br>(highlighted in Dkt. No. 223-1) | | |
| | Exhibit 13 (Dkt. No. 218-1) | Parts of page 46, lines 4, 7-12, 15-16, 18, 25; page 47, line 5; page 73, lines 8-10; page 149, line 20; page 158, lines 8-17, 21-24; page 159, lines 3-6, 10, 13-23; page 209, lines 23-25.<br><br>(highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's finance-related integrity systems used to filter potentially sensitive data. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| | Exhibit 13 (Dkt. No. 218-1) | Parts of page 174, lines 23-25; page 175, lines 10-11.<br><br>(highlighted in Dkt. No. 223-1) | | This text should be redacted because it reveals specific, non-public information about Meta's confidential communications between Meta and Taxslayer, as well as steps taken by Meta in connection with those communications. If this information were disclosed, it would competitively harm Meta because it would reflect competitively sensitive |

| | | | |
|---|---|---|---|
| | | | information about Meta's treatment of data resulting from communications with third parties like Taxslayer. |
| Exhibit 14 (Dkt. No. 218-1 | Parts of page 1, "From" lines, "To" line, "BCC" line, paragraph 1; page 2, paragraph 10. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about an advertiser's Pixel and account with Meta, as well as employee contact information. If this information were disclosed, it would competitively harm Meta. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm |
| Exhibit 15 (Dkt. No. 218-1 | Parts of page 1, "To" line, "Subject" line, messages 1, 3, 5-6, 9-11, 13, 15; page 2, messages 1-5, 7, 9-12, 15-18, 20-21; page 3, messages 1-3. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's finance-related integrity systems, confidential business analyses by Meta employees and steps taken in connection with those analyses (including internal, non-public communications discussing responses to the receipt of potentially sensitive information), and employee contact information. If this information were disclosed, it would competitively harm Meta, permit a glimpse into Meta's internal brainstorming and response plans (which competitors could use), and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would |

| | | | |
|---|---|---|---|
| | | | disrupt Meta's operations, and Meta would face competitive harm. |
| Exhibit 16 (Dkt. No. 218-1 | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems |
| Exhibit 17 (Dkt. No. 218-1 | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data— including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems |
| Exhibit 18 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data— including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and |

| | | | |
|---|---|---|---|
| | | | could allow bad actors to undermine the integrity of Meta's systems |
| Exhibit 19 (Dkt. No. 218-1) | Parts of page 10, lines 7-9, 11-12, 14-15, 24-25; page 17, line 12; page 19, lines 19-21. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific non-public information about how Meta's proprietary Core Setup setting works. Meta would suffer competitive harm if confidential information about this setting was publicly disclosed. Further, disclosure of this information would give bad actors information that could be used to try to circumvent Meta's Core Setup setting. |
| Exhibit 20 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it reveals specific non-public information about how Meta's proprietary Core Setup setting works. Meta would suffer competitive harm if confidential information about this setting was publicly disclosed. Further, disclosure of this information would give bad actors information that could be used to try to circumvent Meta's Core Setup setting. |
| Exhibit 22 (Dkt. No. 218-1) | Sealed in full. | Meta | This text should be redacted because it contains discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems |

| | | | |
|---|---|---|---|
| Exhibit 23 (Dkt. No. 218-1) | Parts of page 1, "From" line, "To" line, messages 16-18. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's employee contact information, and links to internal confidential webpages, which could be used to improperly gain access to Meta's proprietary documents and intranet. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. |
| Exhibit 24 (Dkt. No. 218-1) | Parts of page 1, "To" line, "Subject" line, "Attachments" line, messages 1-13, 15; page 2, messages 1-4, 6-13, 15-22; page 3, messages 1-2, 5-20; page 4, messages 1-6, 8-9, 11, 13-20; page 5, messages 1-11. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and fields, how the systems are organized, and how Meta uses the data it receives and stores), business analyses and steps taken in connection with those analyses, and employee contact information. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. |

| Exhibit 25 (Dkt. No. 218-1) | Parts of page 1, "From" line, "To" line, "Subject" line, messages 2-6, 8-12, 14-15; page 2, messages 3-4, 7, 9-11. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary finance-related integrity systems, business analyses and steps taken in connection with those analyses, and employee contact information. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. |
|---|---|---|---|
| Exhibit 26 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields and how they are used. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 27 (Dkt. No. 218-1) | Parts of page 3, paragraphs 1-5, 7-15; page 4, paragraphs 3-7, 9-13; page 5, paragraphs 3, 5; page 6, paragraph 1. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields and how the systems can be queried. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 27, exhibit 2 | Parts of page 1, paragraphs 5-27; page 2, paragraphs 1- | Meta | This text should be redacted because it reveals specific, non-public information about Meta's |

| | | | |
|---|---|---|---|
| (Dkt. No. 218-1) | 27; page 3, paragraphs 1-22.<br><br>(highlighted in Dkt. No. 223-1) | | proprietary data storage systems, including the names of specific Hive tables.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28<br><br>(Dkt. No. 218-1) | Parts of page 8, paragraphs 1-2, 4, 6; page 9, paragraphs 1-2; page 12, paragraph 4; page 13, paragraphs 5, 8; page 14, heading D, paragraph 4; page 15, paragraphs 1-3, chart, paragraphs 4-6; page 16, paragraphs 1, 4; page 18, paragraphs 8, 16-17.<br><br>(highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields, how the systems can be queried, and how the systems are organized.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit E<br><br>(Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it is an internal technical document, which reveals specific non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and how data flows through the storage systems) and Pixel capabilities.   If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit F<br><br>(Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential.  Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at |

| Exhibit | Portion to Seal | Party | Reason |
|---|---|---|---|
| | | | a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 26 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields and how they are used. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit I (Dkt. No. 218-1) | Parts of page 3, line 22; page 4, lines 17, 20-21; page 171, lines 2-3, 7-15. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific non-public information about Meta's data storage systems (including the names of specific Hive tables and how the systems are organized), finance-related integrity systems, and Core Setup setting. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit O (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit P | Sealed in full. | Meta | This exhibit should be sealed in full because it reveals specific, non-public information about Meta's proprietary data storage |

-13-
DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
5:22-CV-07557-PCP (VKD)

| | | | |
|---|---|---|---|
| (Dkt. No. 218-1) | | | systems, including the names of specific Hive tables and fields and how Meta uses the data it receives and stores. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit Q to Exhibit 28 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it is an internal technical document, which reveals confidential business analyses and steps taken in connection with those analyses concerning Meta's proprietary data storage systems (including the names of specific tables and fields). If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of September 2025 in New York, New York.

                                             */s/ Lauren R. Goldman*
                                             Lauren R. Goldman