**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:    (303) 298-5783
Facsimile:     (303) 313-2800

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-07557-PCP (VKD) |
| This Document Relates To:<br><br>All Actions | **[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Hon. P. Casey Pitts |

Having considered the Administrative Motion to File under Seal and the Declaration of Lauren R. Goldman, filed by Meta Platforms, Inc. on September 8, 2025, pursuant to Civil Local Rule 79-5(f), all materials submitted in support thereof, and other records on file, and having found that good cause exists for the sealing of the documents listed below:

**IT IS HEREBY ORDERED** that parts of the Motion to Certify a Class and its exhibits, which plaintiffs filed on August 4, 2025 at Dkt. No. 218 be **SEALED** as outlined below. Accordingly, the public shall only have access to the version of the documents filed at Dkt No. 218 that contains the following redactions:

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Notice of Motion and Motion for Class Certification Supporting Memorandum of Points and Authorities (Dkt. No. 218) | Parts of page 1, lines 7, 9-12. (highlighted in Dkt. No. 223) | Meta | This text should be redacted because it reveals specific, non-public information about strategic issues analyzed by Meta employees and actions that Meta took in connection with those analyses. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Notice of Motion and Motion for Class Certification Supporting Memorandum of Points and Authorities (Dkt. No. 218) | Parts of page 2, line 21; page 13, lines 21-22, 24, 26-28; page 14, lines 1-3, 10-11 (highlighted in Dkt. No. 223) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields and their contents, as well as how these systems are organized and how the data is used. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Notice of Motion and Motion for Class Certification Supporting | Parts of page 5, lines 6, 9-10, 13; page 17, line 25; page 18, lines 1-2. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary finance-related integrity systems that Meta uses to filter potentially sensitive |

| | | | |
|---|---|---|---|
| Memorandum of Points and Authorities (Dkt. No. 218) | (highlighted in Dkt. No. 223) | | data. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of those systems. |
| Declaration of Neal Deckant In Support of Motion for Class Certification (Dkt. No. 218-1) | Parts of page 3, line 10. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the name of a specific Hive tables the amount of data in Meta's systems. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 13 (Dkt. No. 218-1) | Parts of page 28, lines 2-4; page 49, lines 15-19, 25; page 50, lines 1-2, 9-10, 13-15, 21-25; page 51, lines 1-8, 10-11, 14-15, 19-21; page 56, line 24; page 66, lines 8-13, 16; page 70, lines 5-10; page 91, lines 7, 13, 21-23; page 100, lines 13-19, 24; page 101, lines 8, 12-16, 19; page 102, lines 6-10, 24-25; page 103, lines 1, 6-8, 21; page 104, lines 4-7, 9-10, 15-17; page 106, lines 5, 20-21, 23-24; page 107, line 2; page 108, lines 8-11; page 109, lines 1-11, 20-24; page 110, lines 6-11, 21-25; page 111, lines 1-3, 7-8, 17, 19-22; page 112, lines 1-2, 4-6, 11-12, 16-24; page 113, lines 3-6, 16-23; page 114, lines 1-4, 6-7, 10-12, 14-17, 22-25; page 115, lines 2-9, 12-13, 15-16, 19-24; page 116, lines 6-8; page 117, lines 10, 13-17, 19-25; page 118, lines 1-2, 4-8, 10-14, 17-23; page 119, lines 5, 9, 11-12, | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and fields, what information those fields contain, how the systems can be queried, and how the systems are organized); and the proprietary methods that Meta uses to try to match data sent by third-party advertisers to a Facebook account. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

| | | | |
|---|---|---|---|
| | 16-20; page 127, lines 1-5, 9-13, 25; page 128, lines 1-2; page 129, lines 5, 14, 24; page 130, lines 1-4, 6-11, 13-14, 16-19, 21-22; page 131, lines 3, 5-6, 10, 14, 17-21, 23; page 132, lines 3, 7-9, 12, 14-17, 19, 22, 24-25; page 149, lines 23, 25; page 150, lines 1-6, 18-19, 24; page 151, lines 1-2, 7, 9, 14-15, 19-22, 24-25;  page 157, lines 4-7, 10-13; page 172, lines 21-22; page 206, lines 7-12, 19-21.<br><br>(highlighted in Dkt. No. 223-1) | | |
| Exhibit 13 (Dkt. No. 218-1) | Parts of page 46, lines 4, 7-12, 15-16, 18, 25; page 47, line 5; page 73, lines 8-10; page 149, line 20; page 158, lines 8-17, 21-24; page 159, lines 3-6, 10, 13-23; page 209, lines 23-25.<br><br>(highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's finance-related integrity systems used to filter potentially sensitive data.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 13 (Dkt. No. 218-1) | Parts of page 174, lines 23-25; page 175, lines 10-11.<br><br>(highlighted in Dkt. No. 223-1) | | This text should be redacted because it reveals specific, non-public information about Meta's confidential communications between Meta and Taxslayer, as well as steps taken by Meta in connection with those communications.  If this information were disclosed, it would competitively harm Meta because it would reflect competitively sensitive information about Meta's treatment of data resulting from communications with third parties like Taxslayer. |
| Exhibit 14 (Dkt. No. 218-1 | Parts of page 1, "From" lines, "To" line, "BCC" | Meta | This text should be redacted because it reveals specific, non-public information about an |

| | | | |
|---|---|---|---|
| | line, paragraph 1; page 2, paragraph 10.<br><br>(highlighted in Dkt. No. 223-1) | | advertiser's Pixel and account with Meta, as well as employee contact information. If this information were disclosed, it would competitively harm Meta. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm |
| Exhibit 15<br>(Dkt. No. 218-1 | Parts of page 1, "To" line, "Subject" line, messages 1, 3, 5-6, 9-11, 13, 15; page 2, messages 1-5, 7, 9-12, 15-18, 20-21; page 3, messages 1-3.<br><br>(highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's finance-related integrity systems, confidential business analyses by Meta employees and steps taken in connection with those analyses (including internal, non-public communications discussing responses to the receipt of potentially sensitive information), and employee contact information. If this information were disclosed, it would competitively harm Meta, permit a glimpse into Meta's internal brainstorming and response plans (which competitors could use), and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. |
| Exhibit 16<br>(Dkt. No. 218-1 | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data including specific field names |

| | | | | |
|---|---|---|---|---|
| | | | | and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems |
| | Exhibit 17 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems |
| | Exhibit 18 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems |
| | Exhibit 19 (Dkt. No. 218-1) | Parts of page 10, lines 7-9, 11-12, 14-15, 24-25; page | Meta | This text should be redacted because it reveals specific non-public information about how Meta's proprietary Core Setup |

| | | | |
|---|---|---|---|
| | 17, line 12; page 19, lines 19-21.<br><br>(highlighted in Dkt. No. 223-1) | | setting works. Meta would suffer competitive harm if confidential information about this setting was publicly disclosed. Further, disclosure of this information would give bad actors information that could be used to try to circumvent Meta's Core Setup setting. |
| Exhibit 20<br>(Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it reveals specific non-public information about how Meta's proprietary Core Setup setting works. Meta would suffer competitive harm if confidential information about this setting was publicly disclosed. Further, disclosure of this information would give bad actors information that could be used to try to circumvent Meta's Core Setup setting. |
| Exhibit 22<br>(Dkt. No. 218-1) | Sealed in full. | Meta | This text should be redacted because it contains discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems |
| Exhibit 23<br>(Dkt. No. 218-1) | Parts of page 1, "From" line, "To" line, messages 16-18.<br><br>(highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's employee contact information, and links to internal confidential webpages, which could be used to improperly gain access to Meta's proprietary documents and intranet. If this information were disclosed, it would |

| | | | | |
|---|---|---|---|---|
| | | | | competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. |
| | Exhibit 24 (Dkt. No. 218-1) | Parts of page 1, "To" line, "Subject" line, "Attachments" line, messages 1-13, 15; page 2, messages 1-4, 6-13, 15-22; page 3, messages 1-2, 5-20; page 4, messages 1-6, 8-9, 11, 13-20; page 5, messages 1-11. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and fields, how the systems are organized, and how Meta uses the data it receives and stores), business analyses and steps taken in connection with those analyses, and employee contact information. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. |
| | Exhibit 25 (Dkt. No. 218-1) | Parts of page 1, "From" line, "To" line, "Subject" line, messages 2-6, 8-12, 14-15; page 2, messages 3-4, 7, 9-11. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary finance-related integrity systems, business analyses and steps taken in connection with those analyses, and employee contact information. If this information were disclosed, it would |

| | | | |
|---|---|---|---|
| | | | competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. |
| Exhibit 26 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields and how they are used. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 27 (Dkt. No. 218-1) | Parts of page 3, paragraphs 1-5, 7-15; page 4, paragraphs 3-7, 9-13; page 5, paragraphs 3, 5; page 6, paragraph 1. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields and how the systems can be queried. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 27, exhibit 2 (Dkt. No. 218-1) | Parts of page 1, paragraphs 5-27; page 2, paragraphs 1-27; page 3, paragraphs 1-22. (highlighted in Dkt. No. 223-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28 | Parts of page 8, paragraphs 1-2, 4, 6; page 9, | Meta | This text should be redacted because it reveals specific, non-public information about Meta's |

| | | | |
|---|---|---|---|
| (Dkt. No. 218-1) | paragraphs 1-2; page 12, paragraph 4; page 13, paragraphs 5, 8; page 14, heading D, paragraph 4; page 15, paragraphs 1-3, chart, paragraphs 4-6; page 16, paragraphs 1, 4; page 18, paragraphs 8, 16-17.<br><br>(highlighted in Dkt. No. 223-1) | | proprietary data storage systems, including the names of specific Hive tables and fields, how the systems can be queried, and how the systems are organized. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit E<br><br>(Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it is an internal technical document, which reveals specific non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and how data flows through the storage systems) and Pixel capabilities. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit F<br><br>(Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 26<br><br>(Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields and how they are |

| | | | | |
|---|---|---|---|---|
| | | | | used. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit I (Dkt. No. 218-1) | Parts of page 3, line 22; page 4, lines 17, 20-21; page 171, lines 2-3, 7-15. (highlighted in Dkt. No. 223-1) | | Meta | This text should be redacted because it reveals specific non-public information about Meta's data storage systems (including the names of specific Hive tables and how the systems are organized), finance-related integrity systems, and Core Setup setting. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit O (Dkt. No. 218-1) | Sealed in full. | | Meta | This exhibit should be sealed in full because it contains discussion of event data—including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 28, exhibit P (Dkt. No. 218-1) | Sealed in full. | | Meta | This exhibit should be sealed in full because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields and how Meta uses the data it receives and stores. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

| | | | |
|---|---|---|---|
| Exhibit Q to Exhibit 28 (Dkt. No. 218-1) | Sealed in full. | Meta | This exhibit should be sealed in full because it is an internal technical document, which reveals confidential business analyses and steps taken in connection with those analyses concerning Meta's proprietary data storage systems (including the names of specific tables and fields). If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

Dated: _____

_____
P. Casey Pitts
United States District Court Judge