# Proposed Redacted Version of the Notice of Motion and Motion to Exclude the Testimony of Colin Weir

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

JONATHAN C. BOND (*pro hac vice*)
jbond@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone:    (202) 955-8500
Facsimile:    (202) 467-0539

**LATHAM & WATKINS LLP**
MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD,
SBN 304635
kristin.whitehead@lw.com
DIANNE KIM, SBN 348367
dianne.kim@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:    (415) 395-8129
Facsimile:    (415) 395-8095

MARISSA ALTER-NELSON (*pro hac vice*)
marissa.alter-nelson@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 906-1200

JESSICA STEBBINS BINA, SBN 248485
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:    (424) 653-5500
Facsimile:    (424) 653-5501

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This Document Relates To:<br><br>Case No. 5:22-cv-07557-PCP, All Actions | Case No. 5:22-cv-07557-PCP (VKD)<br><br>**DEFENDANT META PLATFORMS, INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF COLIN WEIR**<br><br>Date:  January 15, 2026<br>Time:  10:00 a.m.<br>Courtroom 8, 4th Floor<br><br>Date Action Filed: December 1, 2022<br>Honorable P. Casey Pitts |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on January 15, 2026, at 10:00 a.m., before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California, Courtroom 8, San Jose Courthouse, Defendant Meta Platforms, Inc., will, and hereby does, move this Court for an order excluding the expert report and testimony of Colin Weir. Mr. Weir does not offer any specialized knowledge that will be helpful to the Court to resolve the issues presented in plaintiffs' motion for class certification.

The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

**STATEMENT OF ISSUES TO BE DECIDED**

Should the Court exclude the report and testimony of Colin Weir?

# INTRODUCTION

Mr. Colin Weir's six-page report says nothing more than that it is possible to run simple data queries based on search criteria requested by counsel. That counting exercise does not require any "specialized knowledge," Fed. R. Evid. 702(a), or speak to any class-certification requirements. For both reasons, Mr. Weir's opinions would not help the Court in rendering a decision on plaintiffs' motion for class certification, and they should be excluded.

*First*, Mr. Weir does not offer any specialized knowledge. He acknowledges ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. A (Weir Dep. Tr.) at 32:17–23. And he admits that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. at 118:12–119:6. There is nothing expert about that.

*Second*, Mr. Weir's counting exercise does not help to answer any question relevant to class certification. Tellingly, plaintiffs' motion cites Mr. Weir's report only once—a "see also generally" reference in connection with plaintiffs' statutory-damages argument, characterizing the report as "addressing method of calculating visits" to H&R Block's and TaxAct's websites. Dkt. 214 at 15. That plaintiffs cite the report only a single time is a giveaway that it contributes little to the class certification issues before the Court. And even that lone citation underscores Mr. Weir's irrelevance, because he never actually provides any "method of calculating visits" to the websites. Instead, he admits ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A at 93:5–8, 100:18–22. For a host of reasons, they do not—and, as explained in Meta's concurrently filed opposition to plaintiffs' motion, the number of website visits is not determinative of plaintiffs' entitlement to statutory damages in any event.

Mr. Weir's "analysis" is not based on specialized knowledge and is not helpful to the class-certification inquiry. This Court should exclude his opinions.

# BACKGROUND

Colin Weir ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  *See* Ex. A at 74:20–75:5 (testifying that ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 213-4, Ex. 27 (Weir report), Statement of Qualifications at 1. Plaintiffs offer Mr. Weir to provide an opinion on whether it is possible to tabulate records, ostensibly in connection with their argument that statutory damages can be determined on a classwide basis. *See* Dkt. 214 at 15. Specifically, plaintiffs' counsel asked Mr. Weir whether he could count the number of entries in a table that they provided him—the ▓▓▓▓▓▓▓▓▓ table—for which the ▓▓▓▓▓▓▓▓▓▓▓ field indicated a ▓▓▓▓▓▓ or ▓▓▓▓▓ connection, and which contained a unique value in the ▓▓▓▓▓▓▓ field. Dkt. 213-4, Ex. 27 at 3–4. They then asked him whether he could provide the number of these entries for both H&R Block and TaxAct by date. *Id.* at 4.

## LEGAL STANDARD

The district court must act as a "gatekeep[er]" to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). Federal Rule of Evidence 702(a) requires a court to exclude expert testimony that is not based on "specialized knowledge" or which does not "help the trier of fact." At the class-certification stage, the court considers "whether the expert evidence is 'useful in evaluating whether class certification requirements have been met.'" *Young v. Cree Inc.*, 2021 WL 292549, at *4 (N.D. Cal. Jan. 28, 2021) (quoting *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 495–96 (C.D. Cal. 2012)). Thus, at this stage, a court must scrutinize "the reliability of the expert testimony in light of the criteria for class certification and the current state of the evidence." *Young*, 2021 WL 292549, at *4 (quoting *Tait*, 289 F.R.D. at 495); *see also DZ Reserve v. Meta Platforms, Inc.*, 2022 WL 912890, at *8 (N.D. Cal. Mar. 29, 2022) (the court "determines whether the expert evidence helps to establish whether class certification is appropriate"), *vacated in part on other grounds*, 96 F.4th 1223 (9th Cir. 2024).

## ARGUMENT

This Court should not consider Mr. Weir's opinions in connection with plaintiffs' class-certification motion for two reasons: those opinions are not based on any specialized knowledge, and they do not help answer any question relevant to class certification.

*First*, it is well settled that expert testimony "must relate to some form of specialized

knowledge." *Greenawalt v. Sun City West Fire Dist.*, 23 F. App'x 650, 652 (9th Cir. 2001). An expert may not merely "restate or summarize record evidence and then state a conclusion without applying a methodology that is reliable and which evinces his/her expertise." *Siquieros v. Gen. Motors LLC*, 2022 WL 74182, at *9 (N.D. Cal. Jan. 7, 2022) (citing *Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 992 (N.D. Cal. 2018)). But Mr. Weir's testimony does not require any such specialized knowledge. Instead, his method for determining plaintiffs' requested "counts of records," Dkt. 213-4, Ex. 27 at 4—that is, the number of entries in a table with a unique value in one of the fields—involved just that: mere counting. Although Mr. Weir ███████████████████████████████████ ███████████████ *see* Ex. A at 123:23–124:14, he conceded that ████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ *id*. at 118:12–119:6. Counting entries in a table is something anyone can do. *Cf. United States v. Keller*, 2021 WL 5150642, at *1 (N.D. Cal. Nov. 5, 2021) (noting that a witness who "merely created charts summarizing data" did not employ "specialized knowledge"). It is thus not proper expert testimony. *See DZ Reserve*, 2022 WL 912890, at *9 (excluding expert opinions at class-certification stage where expert "used a price premium figure that he did not calculate, and merely applied it in an obvious fashion").

*Second*, Mr. Weir's testimony would not help the Court decide whether to certify a class. At this stage, plaintiffs must show that "damages can be determined using a common methodology." *Circle Click Media LLC v. Regus Mgmt. Grp.*, 2016 WL 1048046, at *15 (N.D. Cal. Mar. 11, 2016) (citing *Comcast v. Behrend*, 569 U.S. 27 (2013)). But plaintiffs' own treatment of Mr. Weir's report in their class-certification motion underscores its irrelevance to this question. Plaintiffs make only a single reference to the report in their short, conclusory discussion of statutory damages, and even then, they rely primarily on a different expert, while asking the Court to "see also generally" Mr. Weir's report. *See* Dkt. 214 at 15. In that lone reference, plaintiffs inaccurately describe Mr. Weir's report as "addressing method of calculating visits" to H&R Block's and TaxAct's websites, which they posit could be multiplied by $5,000 to arrive at the amount of statutory damages. *Id*. Yet Mr. Weir ████████ ████████████████████████████████████████████████████████ Ex. A at 32:17–23; *see also* Dkt. 213-4, Ex. 27 at 2. In fact, he ████████████████████████████. *See* Ex. A at 99:2–100:22, 127:10–20. Instead,

1  Mr. Weir was asked only whether he could count the number of entries on a given date with "unique"
2  values in the ███████ field.  Dkt. 213-4, Ex. 27 at 4.  He ███████
3  ████████████████████████████████████████████████████████████████
4  ███████████████████████████████████████████  Ex. A at 99:7–13.  Nor
5  ████████████████████████████████████████████████████████████████
6  ████  *Id.* at 99:22–100:4.

Additionally, as Meta explains in its opposition to plaintiffs' class-certification motion, even if Mr. Weir's counting could be used to calculate the number of unique visits, determining the number of visitors to H&R Block's and TaxAct's websites would be of little use in calculating statutory damages. Among other things, not all website visitors had *any* data sent to Meta, let alone financial information; as a result, not all website visitors suffered any harm that could confer Article III standing to sue. *See* Opp. at 12–18.  Other website visitors consented to data sharing and therefore could not have been injured by conduct they agreed was appropriate. *See id.* at 18–20.  And not all website visitors accessed the website from California, which is a prerequisite for all of plaintiffs' California-law claims. *See id.* at 20–22.  Nor did Meta receive the "contents" of a communication every time a person visited the websites. *See id.* at 23–24.  Thus, even if Mr. Weir were able to determine the number of visits to H&R Block's and TaxAct's websites on a given date, that would not show that "damages can be determined using a common methodology." *Circle Click Media*, 2016 WL 1048046, at *15.  Indeed, Mr. Weir ███
████████████████████████████████████████████████████████████████
████  Ex. A at 126:24–127:9.  His testimony accordingly would not help the Court resolve plaintiffs' class-certification motion, and should be excluded.

## CONCLUSION

For the foregoing reasons, the Court should exclude Mr. Weir's opinions.

DATED: October 27, 2025                               **GIBSON, DUNN & CRUTCHER LLP**

                                                      By: */s/ Lauren R. Goldman*
                                                          Lauren R. Goldman