**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:   (303) 298-5783
Facsimile:    (303) 313-2800

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-07557-PCP (VKD) |
| This Document Relates To:<br><br>All Actions | **DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF META'S MOTION TO FILE UNDER SEAL**<br><br>Hon. P. Casey Pitts |

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of Meta's Administrative Motion to File Under Seal. Meta seeks to seal narrowly tailored portions of Meta's Notice of Motion and Motion to Exclude the Testimony of Colin Weir and its supporting exhibit ("Motion and Exhibit"). These redactions relate to specific, non-public information in the Motion and Exhibit that contain confidential business information about Meta's proprietary data storage systems (including the names of specific Hive tables and fields and how the systems are organized).

3. Meta is asking to seal only information which provides insight into specific non-public aspects of its proprietary data storage systems. If persons or entities obtain this proprietary information, it may enable them to understand in detail how Meta stores data. Further, Meta's interest in sealing proprietary, competitively sensitive information or information that bad actors could use to undermine the integrity of Meta's systems and gain improper access to user data overrides any public interest in the specific details Meta seeks to seal. Relevant factors in deciding whether a party's interest in sealing overcomes the public's interest in disclosure include: (1) the amount of material sought to be sealed (see *Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the material could result in

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1  improper use of the material for scandalous or libelous purposes or infringement upon trade secrets"
2  (*Id*.). Each of these factors supports sealing the material Meta is requesting to seal.

3     4.   **First**, Meta seeks to seal limited portions of the Motion and Exhibit that are necessary
4  to protect its proprietary confidential information as described above. See *Algarin*, 2014 WL 690410,
5  at *3 (permitting sealing because a party "only s[ought] to seal a limited amount of information").

6     5.   **Second**, sealing this limited information will not impede the public's understanding of
7  the judicial process as this detailed, proprietary information is not essential to the public's
8  understanding of the merits of this dispute or this case. Meta is leaving unsealed general descriptions
9  of its proprietary data storage systems—it only seeks to protect from disclosure the highly technical
10 and confidential details of those data storage systems that do not impede the public's understanding of
11 the merits of the case.

12    6.   Disclosure of this information is likely to place Meta at a competitive disadvantage, as
13 Meta's competitors could use this sensitive information for their own gain, and bad actors could use
14 this confidential information to better understand and infiltrate the data that Meta stores, including user
15 data. For example, Meta's competitors should not benefit from the ways Meta receives, stores, and
16 uses data.

17    7.   Meta asks the Court to seal only those parts of the Motion and Exhibit that reveal
18 proprietary, commercially sensitive, and confidential information about Meta's proprietary data storage
19 systems.

20    8.   Competitive harm is likely if Meta's highly confidential information is made public.
21 Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that
22 competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive
23 advantage. Disclosure of the information Meta seeks to seal would provide competitors with unfair
24 insight into how Meta's systems are designed, organized, and operate, which would cause Meta
25 competitive harm. Absent redactions, Meta's competitors would gain access to detailed information
26 about the technologies, analyses, and structures that give Meta a competitive advantage.

27    9.   In addition, absent redactions, unsealing the Motion and Exhibit likely would cause
28 Meta harm because it would reveal information that bad actors could then use to access or gain insight

1  into the data Meta receives, processes, and stores.  Meta has an interest in maintaining confidentiality
2  over information related to its systems, and Meta takes care to protect the confidentiality of its
3  proprietary systems and technologies.  Divulging details about these systems and technologies would
4  undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or
5  better understand Meta's systems and the data they store (including data related to users).  Bad actors
6  could use the information about where data is stored in Meta's to infiltrate and misappropriate the data
7  in those systems.  Therefore, disclosure would harm both Meta and the individuals whose data may be
8  left more vulnerable to improper access.  Meta proposes narrowly tailored redactions that would keep
9  only its most sensitive, non-public material sealed.  Meta's position regarding material that should be
10 sealed is set forth in the following table:

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Notice of Motion and Motion to Exclude the Testimony of Colin Weir | Parts of page 2, lines 6-8; page 4, line 2. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields in those tables.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  For example, it could allow bad actors to locate and access data that Meta stores in its proprietary systems, including data related to users. |
| Exhibit A | Parts of page 99, lines 2, 5-6, 10; page 100, lines 1, 9, 12; page 118, line 2; page 119, lines 7, 15, 23; page 123, lines 12-13; page 126, lines 20-21. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields and how the systems are organized.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  For example, it could allow bad actors to locate and access data that Meta stores in its proprietary systems, including data related to users. |

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 27th day of October 2025 in New York, New York.

*/s/ Lauren R. Goldman*
Lauren R. Goldman