**LATHAM & WATKINS LLP**
MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD, SBN 304635
kristin.whitehead@lw.com
DIANNE KIM, SBN 348367
dianne.kim@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:   (415) 395-8129

MARISSA ALTER-NELSON (*pro hac vice*)
marissa.alter-nelson@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone:   (212) 906-1200

JESSICA STEBBINS BINA, SBN 248485
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:   (424) 653-5500

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-07557-PCP (VKD) |
| This Document Relates To:<br><br>All Actions | **DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF ROBERT ZEIDMAN**<br><br>Hon. P. Casey Pitts |

## I. INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") hereby applies for leave of this Court pursuant to Local Civil Rules 7-11 and 79-5 to seal parts of Meta's Notice of Motion and Motion to Exclude the Testimony of Robert Zeidman and its supporting exhibit ("Motion and Exhibit"). This Court and other courts in this District have previously granted administrative motions to seal under Civil Local Rule 79-5 where a party has shown that a document (or portions thereof) is "privileged, protectable as a trade secret or otherwise entitled to protection under the law" and the request is "narrowly tailored to seal only the sealable material." *Singh v. Costco Wholesale Corp.*, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023); *see also, e.g., Jones v. PGA Tour, Inc.*, 2023 WL 2167400, at *2 (N.D. Cal. Feb. 21, 2023); *Arebalo v. Apple, Inc.*, 2022 WL 580865, at *2 (N.D. Cal. Feb. 25, 2022).

Meta asks the Court to seal select parts of the Motion and Exhibit that reveal specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and fields and how the systems are organized).

Meta's request is "narrowly tailored" because it seeks to seal only material that reflects Meta's internal, proprietary, commercially sensitive, and confidential information. The Motion and Exhibit describe specific confidential information about Meta's internal systems and technologies. Decl. of Jessica Stebbins Bina in Supp. of Def. Meta Platforms, Inc.'s Administrative Mot. to Seal ("Bina Decl.") ¶ 2. Public disclosure of this confidential information would place Meta at a competitive disadvantage in the marketplace and could allow bad actors to undermine the integrity of Meta's systems and gain improper access to user data. *Id*. ¶¶ 3, 6, 8–9. Furthermore, the disclosure of the information Meta seeks to seal—details related to Meta's proprietary data storage systems—could allow bad actors to compromise Meta's systems and gain access to the data Meta receives and stores, including data related to users. Meta's interest in sealing proprietary, competitively sensitive information or information that bad actors could use to undermine the integrity of Meta's systems and gain improper access to user data overrides any public interest in the specific details Meta seeks to seal. Accordingly, there is "compelling reason" to seal narrow parts of the Motion and Exhibit.

## II. LEGAL STANDARD

The Court has "broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *1 (N.D. Cal. Sept. 5, 2018) (citing Fed. R. Civ. P. 26(c)(1)(G)). What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," and sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

For a motion to seal documents in connection with a dispositive motion, a movant must meet the "compelling reason" standard. *Ctr. for Auto Safety*, 809 F.3d, at 1102 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Under this standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Relevant factors in deciding whether a party's interest in sealing overcomes the public's interest in disclosure include: (1) the amount of material sought to be sealed (*see Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets" (*Id.*)."

## III. ARGUMENT

The Court should seal select confidential information in the Motion and Exhibit. The "compelling reason" test applies here, because the Motion and Exhibit relate to a motion for class certification that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d, at 1097; *see also*, *Eng. v. Apple Inc.*, No. 14-CV-01619-WHO, 2015 WL 13427750 (N.D. Cal. Aug. 6, 2015). And compelling reason to seal narrow portions of the Motion and Exhibit exists for several reasons.

*First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable

1  material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1
2  (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Motion and Exhibit
3  that reveal proprietary, commercially sensitive, and confidential information about Meta's
4  proprietary data storage systems.

5  *Second*, as the Supreme Court has recognized, the public right of access to court records
6  may be limited when those records could be used "as sources of business information that might
7  harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598
8  (1978). Meta is likely to suffer harm if highly confidential information regarding the subject matter
9  listed above is made public. Bina Decl. ¶ 8.

10  *Third*, there is "a compelling reason to seal" information that could compromise a party's
11  "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*,
12  No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015). The "compelling
13  reasons" standard is clearly met here because the disclosure of specific information about Meta's
14  proprietary data storage systems is competitively sensitive and/or could empower bad actors to
15  exploit Meta's systems and misuse data stored by Meta, including data related to users. Bina Decl.
16  ¶¶ 8-9.

17  Courts routinely protect the type of information that Meta seeks to seal here. For example,
18  in *Bottoms v. Block, Inc.*, the court found that the compelling interests warranted sealing of specific
19  fields in Block's database. *See* No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash.
20  Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block database
21  used to store information related to the Cash App Invite Friends program, and the confidential
22  names and descriptions of certain fields of data stored in the database"). *See also Phillips ex rel.*
23  *Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential
24  . . . commercial information" was entitled to protection from disclosure); *Calhoun v. Google LLC*,
25  No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing
26  redactions for references to "sensitive features of Google's internal systems and operations,
27  including the various types of data sources which include information related to Google's data
28  logs, internal data structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC*

*v. Sec. People, Inc.,* 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"). Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed.

In conclusion, Meta's request is narrowly tailored to seal only the most sensitive, non-public information contained within the Motion and Exhibits that reveal proprietary details about Meta's proprietary data storage systems. Disclosure of this information would place Meta at a competitive disadvantage and is unnecessary to the public's understanding of this case. Given these circumstances, Meta respectfully requests that the Court grant Meta's motion to seal parts of the Motion and Exhibits 1, 3 and 4. Meta's positions regarding the confidential portions of the Motion and Exhibit are set forth in the table attached as Appendix A.

DATED: October 27, 2025

LATHAM & WATKINS LLP

By: /s/ *Jessica Stebbins Bina*
Jessica Stebbins Bina

JESSICA STEBBINS BINA, SBN 248485
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Facsimile: (424) 653-5501

MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD, SBN 304635
kristin.whitehead@lw.com
DIANNE KIM, SBN 348367
dianne.kim@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8129
Facsimile: (415) 395-8095

MARISSA ALTER-NELSON (*pro hac vice*)
marissa.alter-nelson@lw.com

1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

*Attorneys for Defendant Meta Platforms, Inc.*

# APPENDIX A

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Notice of Motion and Motion to Exclude the Testimony of Robert Zeidman | 1:28; 2:1-3; 2:21; 11:2; 12:5; 14:20; 14:24-25; 14:27-28; 15:2-4; 15:7-8; 15:9-11; 15:19-24; 15:26-28; 16:1-3; 16:8-9; 17:13-15; 18:16-18; 18:23; 20:6-17 (in red text) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields in those tables. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. For example, it could allow bad actors to locate and access data that Meta stores in its proprietary systems, including data related to users. |
| Exhibit 1 | Parts of pages 72:7, 77:8-9; 87:10-12; 92:24-25; 93:5; 95:8; 95:14-15; 95:17-19; 96:25; 97:1-2, 140:19-20; 146:1-3; 146:5-6; 146:8-9; 146:11-13; 146:15-19; 154:15; 159:6-12; 159:15; 159:18-20; 159:23-24; 160:8; 160:10-12; 160:18; 160:20-21; 160:23-24; 161:7-11; 161:13-18; 161:20-21; 172:11-12; 174:4-9; 174:16; 178:19-20; 179:6-8; 180:4-5; 180:10-14; 180:16-17; 180:21; 180:25; 181:5; 181:8-13, 182:12-13, 182:15 (highlighted in yellow) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields and how the systems are organized. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. For example, it could allow bad actors to locate and access data that Meta stores in its proprietary systems, including data related to users. |
| Exhibit 3 | Entire Document | Meta. | This text should be sealed because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields and how the systems are organized. If this information were disclosed, it |

| | | | |
|---|---|---|---|
| | | | would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  For example, it could allow bad actors to locate and access data that Meta stores in its proprietary systems, including data related to users. Specifically, this document reflects sample data from Jane Doe. |
| Exhibit 4 | Entire Document | Meta | This text should be sealed because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields and how the systems are organized.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  For example, it could allow bad actors to locate and access data that Meta stores in its proprietary systems, including data related to users. |