**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:    (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:   (303) 298-5783
Facsimile:    (303) 313-2800

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-07557-PCP (VKD) |
| This Document Relates To:<br><br>All Actions | **DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF META'S MOTION TO FILE UNDER SEAL**<br><br>Hon. P. Casey Pitts |

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of Meta's Administrative Motion to File Under Seal. Meta seeks to seal narrowly tailored portions of Meta's Opposition to Plaintiffs' Motion for Class Certification and its supporting exhibits (the "Opposition and Exhibits"). These redactions relate to specific, non-public information in the Opposition and Exhibits that contain confidential business information about Meta's proprietary data storage systems (including the names of specific Hive tables and fields, descriptions of the contents of those Hive table fields, the amount of data in Meta's systems, and how the systems can be queried), Meta's integrity systems (including detailed, non-public information about Meta's finance-related filter), and highly confidential Source Code.

3. Meta is asking to seal only information which provides insight into specific non-public aspects of its proprietary data storage systems, integrity systems, and highly confidential Source Code. If persons or entities obtain this proprietary information, it may enable them to understand in detail how Meta processes, filters, stores and/or uses data. Further, Meta's interest in sealing proprietary, competitively sensitive information or information that bad actors could use to undermine the integrity of Meta's systems and gain improper access to user data overrides any public interest in the specific details Meta seeks to seal. Relevant factors in deciding whether a party's interest in sealing overcomes

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

the public's interest in disclosure include: (1) the amount of material sought to be sealed (see *Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets" (*Id*.). Each of these factors supports sealing the material Meta is requesting to seal.

4.  **First**, Meta seeks to seal limited portions of the Opposition and Exhibits that are necessary to protect its proprietary confidential information as described above. See *Algarin*, 2014 WL 690410, at *3 (permitting sealing because a party "only s[ought] to seal a limited amount of information").

5.  **Second**, sealing this limited information will not impede the public's understanding of the judicial process as this detailed, proprietary information is not essential to the public's understanding of the merits of this dispute or this case. Meta is leaving unsealed general descriptions of its proprietary data storage systems, integrity systems, and highly confidential Source Code—it only seeks to protect from disclosure the highly technical and confidential details of those data storage systems, integrity systems, and highly confidential Source Code that do not impede the public's understanding of the merits of the case.

6.  Disclosure of this information is likely to place Meta at a competitive disadvantage, as Meta's competitors could use this sensitive information for their own gain, and bad actors could use this confidential information to better understand and infiltrate the data that Meta stores, including user data. For example, Meta's competitors should not benefit from the ways Meta receives, stores, uses, and filters data.

7.  Meta asks the Court to seal only those parts of the Opposition and Exhibits that reveal proprietary, commercially sensitive, and confidential information about Meta's proprietary data storage systems, integrity systems, and highly confidential Source Code.

8.  Competitive harm is likely if Meta's highly confidential information is made public. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive

advantage. Disclosure of the information Meta seeks to seal would provide competitors with unfair insight into how Meta's systems are designed, organized, and operate, which would cause Meta competitive harm. Absent redactions, Meta's competitors would gain access to detailed information about the technologies, analyses, and structures that give Meta a competitive advantage.

9. In addition, absent redactions, unsealing the Opposition and Exhibits likely would cause Meta harm because it would reveal information that bad actors could then use to access or gain insight into the data Meta receives, processes, filters, and stores; integrity systems; and highly confidential Source Code. Meta has an interest in maintaining confidentiality over information related to its systems and Source Code, and Meta takes care to protect the confidentiality of its proprietary systems and technologies. Divulging details about these systems and technologies would undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or better understand Meta's systems and the data they store (including data related to users). Bad actors could use the information about where data is stored in Meta's to infiltrate and misappropriate the data in those systems. Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access. Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed. Meta's position regarding material that should be sealed is set forth in the following table:

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Defendant Meta Platforms, Inc.'s Opposition to Plaintiffs' Motion for Class Certification | Parts of page 4, lines 18-19, 21-23; page 6, lines 6, 8-10; page 14, line 5; page 15, line 1; page 22, lines 12-15; page 24, line 2. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the descriptions of the contents of a specific Hive table and how the systems can be queried. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

| | | | |
|---|---|---|---|
| Exhibit 12 to the Declaration of Abigail A. Barrera | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential.  Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit 13 to the Declaration of Abigail A. Barrera | Sealed in full. | Meta | This exhibit should be sealed in full because it contains discussion of event data including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential.  Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems. |
| Declaration of Tobias Wooldridge | Parts of page 4, lines 1-6, 8-11, 13-17, 23 | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Rebuttal Expert Report of Georgios Zervas, PhD | Parts of page I, heading IV(A)(1); page 4, footnote 6; page 7, paragraph 12(a)(i); page 27, footnotes 90-93; page 28, figure 4, paragraph 36, | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names |

| | | | |
|---|---|---|---|
| | footnotes 93-95; page 29, paragraphs 36-37, footnotes 96-98; page 30, paragraphs 37-39, footnotes 99-101; page 31, paragraph 39, footnotes 102-104; page 32 footnotes 105-107; page 33, footnotes 107-108; page 34 ,paragraph 42, figures 5-6, footnote 110; page 38, footnote 118; page 39, paragraphs 46-47, footnotes 122, 126-127, 129; page 40, paragraphs 47, heading A(1), paragraph 48; page 41, paragraphs 51-51, footnote 135; page 42, paragraphs 53-54; page 43, paragraph 57, footnote 140; page 44, paragraphs 57, 141; page 48, paragraph 63, footnote 158; page 50, paragraph 67; page 51, paragraphs 67-68, footnotes 167-169; page 53, footnote 176; page 55, paragraph 78, footnotes 186-187; page 56, paragraphs 78-79; page 57, paragraph 80, footnote 197; page 72, footnote 237; page 84, paragraph 266; page 85, figure 28; page 87, paragraph 112, footnote 273; page 95, footnote 297; page 97, paragraph 123, footnotes 300-302; page 98, paragraph 123. | | of specific Hive tables), integrity systems (including how the systems work and how they were developed and detailed information about Meta's finance-related filter), and highly confidential Source Code. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Appendix to the Rebuttal Expert Report of Georgios Zervas, PhD | Parts of page D-14, paragraphs 21-23, footnotes 27-29 | Meta | This text should be redacted because it reveals specific, non-public information about highly confidential Source Code, including how the Source Code can be queried. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

| Document | Portions to Seal | Designating Party | Reason for Sealing |
|---|---|---|---|
| Rebuttal Report of Steven Tadelis | Parts of page I, headings IV, IV(B); page 4, paragraph 11, footnote 13; page 5, paragraph 13; page 6, paragraph 16; page 7, paragraph 16, heading IV, paragraph 17, footnotes 23-24; page 11, heading IV(B), paragraphs 23-24, footnote 34; page 12, paragraphs 25, 27; page 13, figure 2, note, source; page 14, figure 3, note, source, paragraph 28; page 15, paragraphs 28-29, footnotes 40-41. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and fields, descriptions of the contents of those Hive table fields, the amount of data in Meta's systems, and how the systems can be queried. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 27th day of October 2025 in New York, New York.

*/s/ Lauren R. Goldman*
Lauren R. Goldman