**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
lfeldman@4-justice.com
mliskow@4-justice.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., Ninth Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
ndeckant@bursor.com

*Attorneys for Plaintiffs*
*Additional Attorneys on Signature Page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All Actions | Master File No. 5:22-cv-07557-PCP (VKD)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER PLAINTIFFS' MATERIALS SHOULD BE SEALED**<br><br>Date Action Filed: December 1, 2022<br>Honorable P. Casey Pitts |

Pursuant to Civil Local Rule 79-5(f), Plaintiffs file this response to Defendant Meta Platforms, Inc.'s ("Meta") Administrative Motions to Consider Whether Another Party's Materials Should be Sealed (the "Motions"). *See* ECF Nos. 232, 235, 238. Plaintiffs respectfully request that the Court seal the documents, or portions thereof, in Meta's Motion to Exclude the Testimony of Colin Weir (ECF No. 230) (*see* Meta's Administrative Motion to Consider Whether Plaintiffs' Materials Should Be Sealed, ECF No. 232 "Motion One"), Meta's Motion to Exclude the Testimony of Robert Zeidman (ECF No. 233) (*see* Meta's Administrative Motion to Consider Whether Plaintiffs' Materials Should Be Sealed, ECF No. 235 "Motion Two"), and Meta's Opposition to Plaintiffs' Motion for Class Certification ("Motion Three," ECF No. 238), identified in Plaintiffs' response below.

The Ninth Circuit applies one of two standards when determining whether to seal materials: (1) the "good cause" standard; and (2) the more stringent "compelling reasons" standard. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097-99 (9th Cir. 2016). For the "compelling reasons" standard to apply, the materials at issue must be "more than tangentially related to the merits of the case." *Id*. at 1099. By contrast, the good cause standard acts as an exception to the strong preference for public access and applies to materials that do not go to the merits of the case. *See id*. at 1097. Regardless of which standard is applied, a request "must be narrowly tailored to a limited amount of information." *TML Recovery LLC v. Cigna Corp.*, No. 8:20-cv-0269-DOC-JDE, 2023 WL 12011238, at *3 (C.D. Cal. Aug. 7, 2023).

Meta has proposed broad redactions across numerous documents in the Motions. Plaintiffs respectfully request that the Court seal the materials described in the Motions as follows:

**Motion One**

Plaintiffs reviewed the materials cited by Meta in connection with Motion One and designated by Plaintiffs as Confidential. *See* ECF No. 232. Upon review, Plaintiffs' position is that none of the documents, or portions of documents identified in Motion One need to be redacted or filed under seal by the Court.

**Motion Two**

Plaintiffs reviewed the materials cited by Meta in connection with Motion Two and designated by Plaintiffs as Confidential. *See* ECF No. 235. Plaintiffs request that the Court only seal Exhibit 2 of Motion Two (ECF No. 235-4) in its entirety. This exhibit contains personal information that could expose the identity of this case's Jane Doe plaintiff. The information in the exhibit is, at best, only tangentially related to the merits of the case, and thus falls under the good cause standard exception. Additionally, the personal information of a Jane Doe plaintiff is of little value to the public and is outweighed by the substantial interest in protecting privacy. *See Blockchain Innovation, LLC v. Franklin Resources, Inc.*, No. 21-CV-08787-TSH, 2024 WL 4394758, at *3 (N.D. Cal. Oct. 3, 2024) ("Mr. Green's deposition also include personal and confidential information, including their personal residence addresses, email addresses, and phone numbers. Good cause supports sealing such information because the "legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings.") (*quoting Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *1 (N.D. Cal. Aug. 30, 2023)). The proposed redactions are narrowly tailored and limited to specific pieces of information that could reveal personal information about a Jane Doe plaintiff.

| Document | Designating Party | Portion(s) to be Sealed |
|---|---|---|
| Meta's Exhibit 2 [ECF No. 235-4] | Plaintiffs | Agree with Meta's proposed redactions:<br><br>Entire Document |

For all other materials identified by Meta in Motion Two, Plaintiffs' position is that _none_ of these documents, or portions of documents, need to be redacted or filed under seal by the Court.

**Motion Three**

Plaintiffs reviewed the materials cited by Meta in connection with Motion Three and designated by Plaintiffs as Confidential. *See* ECF No. 238. Plaintiffs first request that the Court seal the following Exhibits to the Berra Declaration in their entirety: 12-13, 34 and 37. Plaintiffs also request that the Court redact portions of the following Exhibits to the Berra Declaration: 20-31, 33, and 35-36.

Exhibits 12 and 13 both concern "event data," which contains personal data including Facebook ID numbers that can be linked to users of Facebook profiles. The value to the public of a Facebook ID number and subsequent identification of user's Facebook profile is little and outweighed by the substantial interest in protecting individuals' privacy. *See Blockchain Innovation*, LLC, 2024 WL 4394758, at *3. Should Facebook IDs become public and subsequently linked to users' profiles, the users are at risk of substantial harm in the form of having prejudicial, harmful, and/or embarrassing information made available to the public when it was intended for private audiences. *See Russell v. Samec*, No. 2:20-CV-00263-RSM-JRC, 2020 WL 3574270, at *1 (W.D. Wash. July 1, 2020) ("[T]he Court finds that *Kamakana v. City and County of Honolulu* resolves this issue. In that case, the Ninth Circuit held that although mere "embarrassment" from production of records was not a compelling reason to seal records, that the records "might" become a vehicle to "circulate libelous statements" would be a compelling reason.") (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

In Exhibits 20-29, personal information about Plaintiffs—including their usernames, email addresses, home addresses, phone numbers, and the devices they used are displayed. The redactions proposed by Plaintiffs are, at best, only tangentially related to the merits of the case, and thus fall under the good cause exception. Highly personal information such as addresses bear little, if at all, on the merits of this case, and dramatically increase the risk that Plaintiffs will suffer harm through disclosure of personal information. The proposed redactions are narrowly tailored and limited to redact specific pieces of private information about Plaintiffs.

Exhibits 30, 33, 35, and 36 contain deposition testimony regarding private information, including financial information, job titles and addresses, salary, birthdays, ages, and names of family members. Similarly, Exhibits 31, 34, and 37 concern Plaintiffs' Facebook posts containing personal information, including financial information, job titles, salary, and names of family members. In addition, Exhibits 36 and 37 contain personal information that could expose the identity of this case's Jane Doe plaintiff. The information in these exhibits are only tangentially related to the merits of the case, and the public has little, if any, interest in knowing the financial information of private parties. *See Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *2 (N.D. Cal. Aug.

30, 2023) ("The protection of personal financial information will protect the declarants'' privacy interests and protect them from harm.").

Finally, Exhibit 5 and the Rebuttal Expert Report of Georgios Zervas, PhD contains information designated confidential by third parties. Plaintiffs request the materials designated as confidential by third partes be sealed.

| Document | Designating Party | Portion(s) to be Sealed |
|---|---|---|
| Meta's Exhibit 5 [ECF No. 238-6] | Tax Act | Agree with Meta's proposed redactions:<br>Pages 5-78 |
| Meta's Exhibit 12 [ECF No. 238-4] | Plaintiffs | Agree with Meta's proposed redactions:<br>Entire Document |
| Meta's Exhibit 13 [ECF No. 238-5] | Plaintiffs | Agree with Meta's proposed redactions:<br>Entire Document |
| Meta's Exhibit 20 [ECF No. 238-7] | Plaintiffs | Page 10, lines 13-15<br>Page 34, lines 3-6 |
| Meta's Exhibit 21 [ECF No. 238-8] | Plaintiffs | Page 10, lines 13-15<br>Page 34, lines 3-4 |
| Meta's Exhibit 22 [ECF No. 238-9] | Plaintiffs | Page 10, lines 16-28<br>Page 11, lines 1-2<br>Page 35, lines 2-8 |
| Meta's Exhibit 23 [ECF No. 238-10] | Plaintiffs | Page 3, lines 12-23<br>Page 7, lines 18-20 |
| Meta's Exhibit 24 [ECF No. 238-11] | Plaintiffs | Page 3, lines 12-28<br>Page 6, lines 25-26<br>Page 7, lines 17-19 |
| Meta's Exhibit 25 [ECF No. 238-12] | Plaintiffs | Page 3, lines 12-28<br>Page 7, lines 18-20 |
| Meta's Exhibit 26 [ECF No. 238-13] | Plaintiffs | Page 3, lines 12-28<br>Page 7, lines 17-19 |
| Meta's Exhibit 27 [ECF No. 238-14] | Plaintiffs | Page 3, lines 12-25<br>Page 7, lines 19-28<br>Page 8, lines 1-2<br>Page 16, lines 24-28<br>Page 17, lines 1-2 |

| | | |
|---|---|---|
| Meta's Exhibit 28 [ECF No. 238-15] | Plaintiffs | Page 2, lines 19-21<br>Page 3, lines 4-6 |
| Meta's Exhibit 29 [ECF No. 238-16] | Plaintiffs | Page 2, lines 17-19<br>Page 3, lines 1-2 |
| Meta's Exhibit 30 [ECF No. 238-17] | Plaintiffs | Agree with Meta's proposed redactions:<br>Page 74, lines 9-25<br>Page 75, lines 1-25<br>Page 76, lines 1-25<br>Page 77, lines 1-25<br>Page 78, lines 1-12 |
| Meta's Exhibit 31 [ECF No. 238-18] | Plaintiffs | Agree with Meta's proposed redactions:<br>Entire Document |
| Meta's Exhibit 33 [ECF No. 238-20] | Plaintiffs | Agree with Meta's proposed redactions:<br>Page 83, lines 22-25<br>Page 84, lines 1-7, 11-15<br>Page 85, lines 10-25<br>Page 133, lines 4-2<br>Page 134, lines 1-25<br>Page 135, lines 1-25<br>Page 136, lines 2-25<br>Page 142, lines 11-18, 22-25<br>Page 143, lines 1-7<br>Page 197, line 3 |
| Meta's Exhibit 34 [ECF No. 238-21] | Plaintiffs | Agree with Meta's proposed redactions:<br>Entire Document |
| Meta's Exhibit 35 [ECF No. 238-22] | Plaintiffs | Agree with Meta's proposed redactions:<br>Page 39, lines 1-7, 15-25<br>Page 207, lines 20-25<br>Page 208, lines 1-25 |
| Meta's Exhibit 36 [ECF No. 238-23] | Plaintiffs | Agree with Meta's proposed redactions:<br>Page 1, line 9<br>Page 2, line 11<br>Page 34, lines 6-22, 25<br>Page 77, lines 3-6, 12-24<br>Page 85, lines 11-25<br>Page 101, lines 1- 25<br>Page 124, lines 1-9, 11-25<br>Page 125, lines 1-13, 19-20, 23-25 |

| | | | Page 126, lines 1-22<br>Page 127, lines 1-25<br>Page 128, lines 1-25<br>Page 132, lines 3-25<br>Page 200, lines 13-25<br>Page 201, lines 3-25<br>Page 202, lines 1-25<br>Page 204, lines 1- 25<br>Page 206, lines 1-20, 23-25<br>Page 213, lines 1-25<br>Page 235, lines 2-25<br>Page 236, lines 1-12 |
|---|---|---|---|
| Meta's Exhibit 37 [ECF No. 238-24] | | Plaintiffs | Agree with Meta's proposed redactions:<br>Entire Document |
| Rebuttal Expert Report of Georgios Zervas, PhD [ECF No. 238-26] | | TaxAct | Agree with Meta's proposed redactions:<br>Page 13, footnote 39<br>Page 79, paragraph 103<br>Page 80, paragraph 104, footnote 255<br>Page 81, figure 24<br>Page 82, figure 25, footnotes 259-260<br>Page 85, paragraph 108<br>Page 86, figure 29, paragraph 109<br>Page 87, paragraphs 109-110 |
| Rebuttal Expert Report of Georgios Zervas, PhD [ECF No. 238-26] | | H&R Block | Agree with Meta's proposed redactions:<br>Page 79, paragraph 103<br>Page 83, paragraph 106, figure 26. |

For all other materials identified by Meta in Motion Three, Plaintiffs' position is that the none of these documents, or portions of documents, need to be redacted or filed under seal by the Court.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court seal and redact the materials identified herein.

| | | |
|---|---|---|
| 1 | Dated: November 3, 2025 | By: /s/ Kate Baxter-Kauf |
| 2 | | Kate Baxter-Kauf |

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Kate M. Baxter-Kauf (*pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
kmbaxter-kauf@locklaw.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
lfeldman@4-justice.com
mliskow@4-justice.com

**BURSOR & FISHER, P.A**.
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ndeckant@bursor.com

**SMITH KRIVOSHEY, P.C.**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, #1520
Boston, MA 02116
Telephone: (617) 377-7404
Email: joel@skclassactions.com

**GEORGE FELDMAN MCDONALD, PLLC**
Rebecca A. Peterson (241858)
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
Facsimile: (888) 421-4173
E-mail: rpeterson@4-Justice.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (*pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (*pro hac vice*)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
jemerson@emersonfirm.com

*Attorneys for Plaintiffs*