**ZIMMERMAN REED LLP**
Ryan J. Ellersick (SBN 357560)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780
Fax (877) 500-8781
ryan.ellersick@zimmreed.com

*Attorneys for Movants*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All actions | Master Case No. 5:22-cv-07557-PCP<br><br>*Assigned to the Honorable P. Casey Pitts*<br><br>**NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:         December 18, 2025<br>Time:        10:00 a.m.<br>Courtroom:  8<br><br>Date Action Filed: December 1, 2022<br>Trial Date:    TBD |

# NOTICE OF MOTION AND MOTION

**TO THE COURT, PLAINTIFFS, DEFENDANT AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 18, 2025, at 10:00 a.m., before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California, Courtroom 8, San Jose Courthouse, Movants Julio Armstrong, Chesley Bonnes, Samantha Brewster, Patricia Carlson, Cessley Cole, Leslie Dent, Lonnie Dunaway, Joanna Gasperson, Flor Gomez, Beth Howard, Jason Karras, Justin Leo, Joseph Lipuma, Alysha Ottrix, Krystal Smith, Denise Sturgeon, Angela Wardell, Rosa Wardlow, Rachel Wegleitner and Kristen Wilder (collectively "Movants") will, and hereby do, move this Court for an order permitting Movants to intervene in this action pursuant to Fed. R. Civ. P. 24(b) and/or any other applicable law or rule of procedure for the purpose of modifying the protective order and seeking access to certain discovery materials and expert witness reports exchanged in this case.

The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the pleadings, records, and papers on file in this action; oral argument of counsel; declaration of Ryan J. Ellersick; all matters of which judicial notice may or must be taken; any further argument and evidence that may be presented at or before any hearing; and any other matters properly before the Court.

The Motion is made following written attempts to meet and confer with counsel for Plaintiffs and Defendant, which took place on October 29, 2025, and November 4, 2025, after which counsel for Movants were advised that the matter in dispute could not be resolved voluntarily and that this motion was necessary to obtain the relief sought.

Dated: November 10, 2025               Respectfully submitted,

                                              **ZIMMERMAN REED LLP**
                                              */s/ Ryan Ellersick*
                                              Ryan J. Ellersick (SBN 357560)
                                              6420 Wilshire Blvd., Suite 1080
                                              Los Angeles, CA 90048
                                              Tel (877) 500-8780
                                              Fax (877) 500-8781
                                              ryan.ellersick@zimmreed.com

                                              *Attorneys for Movants*

# MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE

## I.  INTRODUCTION

Movants Julio Armstrong, Chesley Bonnes, Samantha Brewster, Patricia Carlson, Cessley Cole, Leslie Dent, Lonnie Dunaway, Joanna Gasperson, Flor Gomez, Beth Howard, Jason Karras, Justin Leo, Joseph Lipuma, Alysha Ottrix, Krystal Smith, Denise Sturgeon, Angela Wardell, Rosa Wardlow, Rachel Wegleitner, and Kristen Wilder (collectively "Movants") bring this motion to intervene pursuant to Fed. R. Civ. P. 24(b) and/or any other applicable law or rule of procedure for the limited purpose of seeking access to certain discovery materials and expert witness reports exchanged in this case. As set forth below, Movants are entitled to access to the discovery materials outlined below because they are absent class members in this action. Movants also need the materials to adequately prosecute their individual claims in collateral litigation against H&R Block—which are based on the same practices, dealings, and transactions—and Movants lack an efficient way to otherwise obtain the same materials. Movants do not seek any materials that disclose individual taxpayer information and are willing to sign onto a reasonable protective order. As a result, Movants respectfully request: (1) that their motion to intervene be granted; (2) that they be provided access to the discovery materials and reports sought; (3) to the extent necessary, any protective order in this case be modified to permit such access, and (4) for any other relief just and equitable in the circumstances.

Prior to filing this motion, counsel for Movants attempted to meet and confer with counsel for Plaintiffs and Defendant to secure access to the requested materials without having to engage in motion practice. The parties did not agree to Movants' request, citing only the existence of the protective order as grounds for any objection.

## II.  ISSUES TO BE DECIDED

Pursuant to Civil L.R. 7-4(a)(3), the issues to be decided are:

1. Whether Movants are permitted to intervene in this case under Fed. R. Civ. P. 24(b) for the limited purpose of seeking modification of the protective order and accessing certain discovery materials relevant to their related arbitration hearings; and

2. Whether the Court should modify the protective order in this case to allow Movants to access certain discovery materials for use in their related arbitration hearings.

### III. GENERAL BACKGROUND

Movants are consumers who used H&R Block's do it yourself (DIY) online tax preparation service in 2021, 2022 and/or other years. Decl. of Ryan Ellersick ("Ellersick Decl.") ¶ 3. Movants have presented individual claims against H&R Block and its affiliate entities for violation of certain privacy laws due to its use of third-party pixels (including the Meta Pixel) as described, in part, in pleadings filed in this case. *See, e.g.*, Second Am. Compl. at ¶ 1, Dkt. No. 173; *In re Meta Pixel Tax Filing Cases,* No. 22-cv-7557-PCP, 724 F. Supp. 3d 987, 1026 (N.D. Cal. 2024) (order denying motion to dismiss, in part); *see also* Ellersick Decl. ¶ 2.[1] Movants' individual claims against H&R Block are currently proceeding in private arbitration before the American Arbitration Association (AAA) because the court in *Hunt v. Meta Platforms, Inc.*, granted H&R Block's motion to compel arbitration of such claims.[2] *See* No. 23-cv-04953-PCP, 729 F. Supp. 3d 964, 971 (N.D. Cal. 2024) (granting Motion to Compel Arbitration).

Apart from their claims against H&R Block, Movants remain putative class members and interested parties to the claims currently proceeding against Meta in *In re Meta Pixel Tax Filing Cases,* No. 22-cv-7557-PCP (N.D. Cal.). The claims at issue in *In re Meta Pixel Tax Filing Cases* relate to the same transactions, pixel tracking practices, and dealings that Movants engaged in with H&R Block and which form the basis of their separate claims against H&R Block. *Compare* Second Am. Compl. at ¶¶ 1, 4, 7, 54, 56, 59, 92, Dkt. No. 173 ("This is a class action against Defendant Meta Platforms, Inc., . . . arising from Meta's wiretapping of electronic communications on major online tax filing websites offered by H&R Block."), *and In re Meta Pixel Tax Filing Cases,* 724 F.Supp.3d at 1000, *with* Ellersick Decl. ¶¶ 2, 4, Ex. A. ("Movants' Demands for Arbitration challenge H&R Block's conduct using tracking technologies, including the Meta Pixel, to intercept Movants' information and interactions with the website, www.hrblock.com, without prior consent, and to disclose that information to third parties,

---

[1] Movants are also class members in Smith v. Google, which addresses companion claims related to H&R Block's use of third-party Google's embedded pixel. Smith v. Google, LLC, 23-cv-03527, 735 F.Supp.3d 1188, 1194 (N.D. Cal. 2024) (denying motion to dismiss) ("The complaint alleges that H&R Block 'transmitted information about tax filers' fillings to Google.'").

[2] An exemplar copy of Movants' Demands for Arbitration describing their claims, which share common issues of law and fact to those presented in this case, is attached as **Exhibit A**. This satisfies Fed. R. Civ. P. 24(c).

including but not limited to Meta Platforms, Inc. ("Meta") and Google, LLC ("Google").).[3]

Movants' individual claims are currently subject to batched proceedings in AAA pursuant to the arbitration clause in ¶11.6 of H&R Block's Online Service Agreement because they are considered "similar claims." *See Hunt*, 729 F.Supp.3d at 967 (referencing H&R Block Online Services Agreement which includes an arbitration clause); *see also* Ex. 4 to Decl. of Valerie Schuessler, *Hunt*, No. 23-cv-4953-PCP, Dkt. No. 88-4 (attaching H&R Block's Online Services Agreement); Ellersick Decl. ¶¶ 4-5 (describing batching process).

### IV.     MATERIALS SOUGHT

Movants seek to obtain copies of the following materials that have been exchanged *In re Meta Pixel Tax Filing Cases*:

1. sealed/redacted materials filed in relation to the motion for class certification (Dkt. No. 218), including expert witness reports, which describe or relate to Movants' dealings with H&R Block as persons who used H&R Block's online tax preparation service at relevant times;

2. documents, discovery responses and testimony (deposition transcripts, declarations, affidavits) filed or exchanged in discovery, which relate to H&R Block's use of Meta's or other third-party's tracking pixels in relation to Movants' dealings with H&R Block;

3. documents that relate to H&R Block's use of any third-parties, such as advertising agencies, in relation to its' use of pixel technology, including but not limited to Gale Agency / Gale Partners and Razorfish. *See, e.g.*, Ex. 3 to Second Notice of Subpoenas to TaxSlayer, LLC, TaxAct, Inc., and H&R Block, Inc. and HRB Digital LLC, Dkt. No. 154-3;

4. any reports provided to H&R Block by Meta in relation to H&R Block's use of Meta's tracking pixels.

The above requests bear directly on overlapping issues in Movants' individual arbitrations against H&R Block and the claims presented on behalf of the putative class in *In re Meta Pixel Tax Filing Cases*. Both matters involve the Meta pixel's capture and transmission of user interactions from

---

[3] The putative class in the Second Amended Complaint in *In re Meta Tax Filing Cases* includes "All people in the United States whose tax filing information was obtained by Meta from an online tax preparation provider such as H&R Block, TaxAct, or TaxSlayer" and therefore, includes Movants. Second Am. Compl. at ¶ 92, Dkt. No. 173..

the H&R Block website and the technical and policy controls Meta designed, documented, or enforced for business customers like H&R Block.

## V.   ARGUMENT

### A. Permissive Intervention is Appropriate.

Intervention under Fed. R. Civ. P. 24 (b) and/or other applicable law is appropriate for Movants to seek the requested materials. Courts recognize Rule 24(b) as a proper vehicle for third-party modification of protective orders and access to sealed judicial records where the party seeking permission to intervene is bringing a claim that has common questions of law or fact and will not prejudice the parties. *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (concluding state court litigants were entitled to intervene in federal court action to permit them access to deposition transcripts taken in federal action and highlighting that the importance of access to documents prepared for similar litigation involving same parties satisfied commonality requirements of permissive intervention rule); *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1132 (9th Cir. 2003) ("[W]here reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted."); *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353-54 (9th Cir. 2013) (affirming the intervention of a non-party CPA and related modification of a protective order so to allow use of transcript in state action); *Olympic Refin. Co. v. Carter,* 332 F.2d 260, 265 (9th Cir. 1964) (determining that the district court must modify an existing protective order to allow intervenor to access discovery materials "nearly three years after termination of the Government suit").

When a party to related or collateral litigation requests modification of a protective order to use the relevant material in that litigation subject to "reasonable restrictions," the modification request "should generally be granted." *Foltz*, 331 F.3d at 1132 (citations omitted). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Id.* at 1131.

Notably, courts have allowed absent class members to intervene in class actions for purposes of

obtaining documents relative to separate litigation they are pursuing. *See, e.g.*, *Hernandez v. County of Monterey*, No. 13-cv-02354-BLF, 2021 WL 2166211, at *2, (N.D. Cal. May 27, 2021). Intervention has also been permitted to allow access to discovery materials in other class proceedings with overlapping issues. *See Optronics Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 16-cv-06370-EJD, 2021 WL 2645804, at *3 (N.D. Cal. June 28, 2021) (permitting documents produced in a class action to be reproduced in two related class actions); S*heet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, No. 20-cv-04737-RS, 2025 WL 2380970, at *6-10 (N.D. Cal. Aug. 25, 2025) (granting motion to intervene brought by Plaintiffs from a separate multi-district litigation to seek a modification of the protective order and obtain access to documents and depositions); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 325 (D. Conn 2009) (granting motion to intervene and modify protective order brought by nonparty lead plaintiff in pending collateral class action suit for purposes of obtaining discovery materials).

**B.  The Standard for Permissive Intervention is Satisfied.**

Fed. R. Civ. P. 24(b)(1)(B) allows intervention in an action when an applicant "has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Generally, permissive intervention under Rule 24(b) requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman,* 966 F.2d at 473; *see also Blum*, 712 F.3d at 1353.

Each of these criteria are satisfied here. First, the court has jurisdiction since all Movants are class members in *In re Meta Pixel Tax Filing Cases.* In any event, "an independent jurisdictional basis is not required because intervenors do not seek to litigate a claim on the merits," but instead seek access to discovery to litigate their claims in a different forum designated by the Court. *Beckman,* 966 F.2d at 473 ("Intervenors do not ask the district to rule on additional claims or seek to become parties to the action. They ask the court only to exercise that power which it already has, *i.e.,* the power to modify the protective order. For that reason, no independent jurisdictional basis is needed.").

Second, the motion is timely. Movants' individual arbitration cases before AAA are in early

stages, remain pending, and in no manner have Movants engaged in any unreasonable delays in seeking the materials at issue. The first arbitration hearing is scheduled for January 20, 2026, based on a September 25, 2025, scheduling order. Ellersick Decl. ¶ 5. Shortly after issuance of the scheduling order, Movants' counsel contacted counsel for Plaintiffs and Defendant seeking access to the requested materials. Ellersick Decl. ¶ 6. Because Movants' individual arbitrations are on relatively short schedules with hearings starting in January 2026, prompt access to the requested materials is respectfully requested.

Finally, common question of law and fact between each Movant's claims and the claims in *In re Meta Pixel Tax Filing Cases* exist. This is demonstrated by comparing Movants' Demands for Arbitration filed in AAA, *see* Ellersick Decl. ¶ 4, Ex. A, with the operative complaint in this case. Movants' each present claims for violations of statutory privacy laws and common law based on the same transactions and dealings between H&R Block and Meta where the Meta Pixel was embedded on the H&R Block website and intercepted Movants' communications. As the Ninth Circuit has explained: "Further specificity, *e.g.,* that the claim involve the same clause of the policy, or the same legal theory, is not required when intervenors are not becoming parties to the litigation. There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." *Beckman*, 966 F.2d at 474 (citing *United Nuclear Corp. v. Cranford Ins.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987)).

### C. The Protective Order Should be Modified to Permit Movant's Access to the Requested Materials.

As the Ninth Circuit has noted "[t]here is wide approval of Rule 24(b) intervention as a method for seeking to modify a protective order. We join these circuits in recognizing that Rule 24(b) permits limited intervention for the purpose of challenging a protective order." *Beckman*, 966 F.3d at 473. For the reasons stated, the Protective Order in this matter should be modified by the Court to allow Movants access to the requested materials.

### D. The Materials Sought Are Relevant, and No Prejudice or Burden Results From Requiring Defendants to Produce the Requested Materials.

"As an initial matter, the collateral litigant must demonstrate the relevance of the protected

discovery to the collateral proceedings and its general discoverability therein." *Blum*, 712 F.3d at 1354-55 (citing *Foltz*, 331 F.3d at 1132). "If any properly protected [ ] discovery is relevant to the collateral suits, the district court should [modify] the protective order in the interest of avoiding duplicative discovery[.]" *Foltz*, 331 F.3d at 1134.

The relevance inquiry requires "only a rough estimate of relevance" and "the court that entered the protective order [in the underlying litigation] should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Id.* at 1132. "Such relevance hinges on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Id.* (internal quotations omitted).

However, "before deciding to modify the protective order, the court that issued it must consider other factors in addition to the relevance of the protected discovery to the collateral litigation. In particular, it must weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.* at 1133. "Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation." *Beckman*, 966 F.2d at 475.

Consideration of these factors shows that intervention in order to permit production of the materials sought is warranted because, among other things:

1) Movants are interested parties affected by the practices being litigated in *In re Meta Pixel Tax Filing Cases*;

2) Movants are putative class members within the proposed class definition(s) in *In re Meta Pixel Tax Filing Cases*;

3) Movants' separate claims against H&R Block in the AAA arbitration forum are based on the same transactions and dealings at issue in *In re Meta Pixel Tax Filing Cases*, and the requested materials are therefore relevant in the arbitration proceedings to the same extent they are relevant to the parties and class in *In re Meta Pixel Tax Filing Cases*;[4]

---

[4] In the alternative, intervention under Fed. R. Civ. P. 24(a) may also be appropriate for this reason. Rule 24(a) allows intervention when Movants have an interest relating to transactions that are the subject of the action, and are so situated that disposing of the action may as a practical matter impair or impede Movants' ability to protect their interests.

4) fairness dictates that Movants' claims against H&R Block in AAA should be decided based on access to the same evidentiary record as those claims brought against Meta, and Movants will suffer prejudice if they are denied access to the materials;

5) Movants seek to avoid inconsistencies in the records on which any trier of fact adjudicates their claims, and;

6) proposed class representatives and counsel in *In re Meta Pixel Tax Filing Cases* are duty bound to protect and promote other class member's interests. This would include providing Movants access to relevant information related to their claims against both Meta and H&R Block.

In addition:

1) the materials are not sought for harassment or inappropriate purpose;

2) there is no prejudice to the parties by providing Movants with access to the materials;

3) the materials are otherwise unavailable due to potentially more restrictive discovery and third-party subpoena rules in AAA;

4) production of the materials sought avoids duplicative and unnecessary discovery proceedings and promotes litigation efficiencies; and

5) responding to the requests would not create any undue burdens to any party or counsel. Movants simply seek access to materials already possessed or exchanged.

Consideration of these factors supports Movants' request for intervention. *See Blum* at 1353 ("To the extent that we must also consider whether allowing intervention would be prejudicial to the ongoing rights of the original parties due to their reliance on the protective order in settling, we also find little prejudice."); *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 786 (1st Cir. 1988) ("Because [intervening party] sought to litigate only the issue of the protective order, and not to reopen the merits, we find that its delayed intervention caused little prejudice to the existing parties in this case."); *Foltz*, 331 F.3d at 1134 ("Any trade secrets, financial information, and third-party medical or personnel information can be protected by placing the [party seeking modification] under the same use and disclosure restrictions contained in the original protective order.").

In short, "the discovery here is sought to meet the reasonable needs of other parties in other

litigation." *Beckman*, 966 F.3d at 476 (internal quotation omitted).

### E. No Private Information is Sought and Movants Agree to Maintain Confidentiality.

The only reason provided by the parties for objecting to Movants' requests prior to the filing of this motion was the existence of a protective order. Ellersick Decl. ¶ 8. However, Movants are willing to sign onto the protective order in *In re Meta Pixel Tax Filing Cases* or enter into a different protective order that is reasonably tailored to the circumstances. Further, Movants do not seek any putative class members' or other individual taxpayers' private, tax, or financial information and have indicated to the parties that they will accept a redaction protocol tailored to that end. Ellersick Decl. ¶ 6, Ex. B. In turn, if the motion is granted, any use of confidential materials obtained will be marked confidential in Movants' individual arbitration proceedings. This supports Movant's request. *See*, *Beckman*, 966 F.3d at 1475 ("Legitimate interests in privacy can be protected by putting the intervenors under the same restrictions as those contained in the original protective order. Here, intervenors already have agreed to use the information in accordance with protective orders in the state actions." (citation modified)); *Foltz,* 331 F.3d at 1134 (same).

### VI.  CONCLUSION

For all the above stated reasons, Movants respectfully request that their motion to intervene for the limited purpose of modifying the protective order and obtaining access to certain discovery materials and expert reports should be granted.

Dated: November 10, 2025    Respectfully submitted,

**ZIMMERMAN REED LLP**

*/s/ Ryan Ellersick*
Ryan J. Ellersick (SBN 357560)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780
Fax (877) 500-8781
ryan.ellersick@zimmreed.com

*Attorney for Movants*