**ZIMMERMAN REED LLP**
Ryan J. Ellersick (SBN 357560)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780
Fax (877) 500-8781
ryan.ellersick@zimmreed.com

*Attorney for Movants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All actions | Master Case No. 5:22-cv-07557-PCP<br><br>*Assigned to the Honorable P. Casey Pitts*<br><br>**DECLARATION OF RYAN J. ELLERSICK IN SUPPORT OF MOTION TO INTERVENE**<br><br>Date:         December 18, 2025<br>Time:        10 a.m.<br>Courtroom:   8<br><br>Date Action Filed: December 1, 2022<br>Trial Date:        TBD |

**DECLARATION OF RYAN ELLERSICK**

I, Ryan Ellersick, declare as follows:

1. I am a partner at Zimmerman Reed LLP and am licensed to practice before this Court. I am one of the counsel of record for Movants Julio Armstrong, Chesley Bonnes, Samantha Brewster, Patricia Carlson, Cessley Cole, Leslie Dent, Lonnie Dunaway, Joanna Gasperson, Flor Gomez, Beth Howard, Jason Karras, Justin Leo, Joseph Lipuma, Alysha Ottrix, Krystal Smith, Denise Sturgeon, Angela Wardell, Rosa Wardlow, Rachel Wegleitner and Kristen Wilder. (collectively "Movants"). I submit this Declaration in support of Movants' Motion to Intervene. If called upon as a witness, I could and would testify competently to the facts stated in this Declaration.

2. Movants have each filed Demands for Arbitration against H&B Block, Inc. ("H&R Block") in the American Arbitration Association ("AAA"). Movants' Demands for Arbitration challenge H&R Block's conduct using tracking technologies, including the Meta Pixel, to intercept Movants' information and interactions with the website, www.hrblock.com, without prior consent, and to disclose that information to third parties, including but not limited to Meta Platforms, Inc. ("Meta") and Google, LLC ("Google").

3. As explained in their Demands for Arbitration, each Movant is an H&R Block customer who used its do it yourself (DIY) online tax preparation program to prepare their taxes for tax years 2021, 2022 and/or other relevant years. As a result, Movants appear to fall within the putative class definitions set forth in the Second Amended Complaint and Plaintiffs' Motion for Class Certification filed in this case. *See e.g.*, Second Amended Class Action Complaint at ¶ 92. (ECF 173); Motion for Class Certification (ECF 218).

4. A true and correct copy of the Demand of Arbitration filed on behalf of Movant Cessley Cole is attached hereto as Exhibit A. The Demand for Arbitration filed on behalf of Ms. Cole is similar in form and content to the separate Demands for Arbitration filed on behalf of the other Movants and presented as a representative example. Movants' arbitrations are subject to batched filing proceedings in AAA pursuant to H&R Block's Online Service Agreement because similar claims are presented. Movants comprise the initial batch of 20 claimants that is

allowed to be filed in AAA under the Online Services Agreement. To the extent the Court wishes to review the other Movants' Demands for Arbitration in addition to the exemplar attached as Exhibit A, copies of those documents can be provided.

5. Each Movant's arbitration proceeding remains pending in AAA. Ms. Cole's arbitration hearing is scheduled for January 20, 2026, and will be the first case among the batch of 20 to proceed to an evidentiary hearing. The scheduling order in Ms. Cole's case was issued on September 25, 2025, which set the January 20, 2026, hearing date. The parties in Ms. Cole's case must disclose witness lists on December 19, 2025, and exhibit lists on January 13, 2026.

6. On October 29, 2025, on behalf of Movants, I sent a letter to counsel for both Plaintiffs and Defendant in this matter seeking certain discovery materials and expert reports exchanged in this case and filed with the Court without the need to file a motion to intervene. A true and correct copy of my letter to Plaintiffs' and Defendant's counsel dated October 29, 2025, is attached as Exhibit B.

7. The October 29, 2025, letter that I sent explained that Movants were putative class members in this matter and sought the discovery materials for use in their separate arbitration proceedings against H&R Block, which were based on the same or similar transactions and dealings as those presented in this matter. The October 29, 2025, letter indicated, among other things: (a) that Movants were not seeking to intervene for purposes of litigating the merits of the *In re Meta Tax Pixel Filing Cases* matter; (b) as Movants' counsel we would agree to comply with any protective order entered by the court in *In re Meta Tax Pixel Tax Filing Cases*; (c) we were also willing to enter into a separate protective order, as necessary, that would allow our clients reasonable use of the discovery and expert report materials for the purposes of presenting their claims in AAA; and (d) any use of confidential materials obtained would be marked confidential in Movants' arbitration proceedings and be subject to protective orders entered by AAA. To the extent counsel for the parties had any questions or concerns, we offered to discuss the matter further.

8. On November 4, 2025, I sent email correspondence to counsel for both Plaintiffs and Defendant in this matter to follow up on the request. Plaintiffs' counsel responded, copying

1  Defendant's counsel, that due to the protective order in this case, motion practice would be
2  necessary. A true and correct copy of that email exchange is attached as Exhibit C.
3      I declare under penalty of perjury under the laws of the State of California that the
4  foregoing is true and correct.

6  Dated: November 10, 2025            By:    */s/ Ryan Ellersick*
7                                             Ryan Ellersick