# EXHIBIT B

# ZIMMERMAN | REED

October 29, 2025

**Via E-mail Only**

Neal Deckant
Bursor & Fisher PA
1990 N. California Street
9th Floor
Walnut Creek, CA 94596
ndeckant@bursor.com

Lori Feldman
George Feldman McDonald
200 Park Avenue, Suite 1700
New York, New York 10166
lfeldman@4-justice.com

Lauren Goldman
Darcy Harris
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
 lgoldman@gibsondunn.com

**RE:    Request for Access to Sealed Materials In** *In re Meta Pixel Tax Filing Cases*, **No. 22-cv-7557-PCP (N.D. Cal.).**

Counsel,

Our firm currently represents numerous consumers who used H&R Block's online tax preparation service in 2021, 2022 and/or other years and have presented claims against H&R Block for violation of certain privacy laws due to its use of third-party pixels as described, in part, in pleadings filed in *In re Meta Pixel Tax Filing Cases,* No. 22-cv-7557-PCP (N.D. Cal.). *See, e.g.*, Second Amended Complaint at ¶1; *In re Meta Pixel Tax Filing Cases,* 724 F.Supp.3d 987 (N.D. Cal., March 25, 2024)(order denying motion to dismiss, in part). Many of our clients' claims against H&R Block and its affiliated entities are currently proceeding in private arbitration before the American Arbitration Association (AAA) because the court in *Hunt v. Meta Platforms*, No. 23-cv-4953-PCP (N.D. Cal.) previously granted H&R Block's motion to compel. *See* Order Granting Motion to Compel Arbitration in *Hunt*, May 24, 2024 (ECF 135). Nevertheless, our clients remain putative class members and interested parties to the claims currently proceeding against Meta Platforms, Inc. ("Meta") in *In re Meta Pixel Tax Filing Cases*. Our clients include: Julio Armstrong, Chesley Bonnes, Samantha Brewster, Patricia Carlson, Cessley Cole, Leslie Dent, Lonnie Dunaway, Joanna Gasperson, Flor Gomez, Beth Howard, Jason Karras, Justin Leo, Joseph Lipuma, Alysha Ottrix, Krystal Smith, Denise Sturgeon, Angela Wardell, Rosa Wardlow, Rachel Wegleitner and Kristen Wilder (collectively "Clients").

October 29, 2025
Page 2

The claims at issue in *In re Meta Pixel Tax Filing Cases* relate to the same transactions, tracking practices, and dealings that our Clients experienced with H&R Block. *See* Second Am. Complaint in *In re Meta Pixel Tax Filing Cases* at ¶ 1, 4, 7, 54, 56, 59 ("1. This is a class action against Defendant Meta Platforms, Inc., … arising from Meta's wiretapping of electronic communications on major online tax filing websites offered by H&R Block…."); *In re Meta Pixel Tax Filing Cases*, 724 F.Supp.3d at 1000. Our Clients' claims are subject to batched proceedings in AAA pursuant to the arbitration clause in H&R Block's Online Service Agreement (OSA) because they are considered "similar claims."

We are writing at this time because we would like to work out an arrangement with the parties in *In re Meta Tax Filing Cases* to obtain copies of the following:

1. sealed/redacted materials filed in relation to the motion for class certification (ECF 218), including expert witness reports, which describe or relate to our Clients' dealings with H&R Block as persons who used H&R Block's online tax preparation service at relevant times;

2. documents, discovery responses, and testimony (depositions, declarations) exchanged in discovery that relate to H&R Block's use of Meta's or other third-party's tracking pixels in relation to our Clients' dealings with H&R Block;

3. documents that relate to H&R Block's use of any third-parties, such as advertising agencies, in relation to its use of pixel technology, including but not limited to Gale Agency / Gale Partners. *See* Subpoena to H&R Block in *In re Meta Tax Filing Cases* (ECF 154-3);

4. reports provided to H&R Block by Meta in relation to H&R Block's use of Meta's tracking pixels.

The above requests bear directly on overlapping issues in our Clients' individual arbitrations against H&R Block. Both matters involve the Meta Pixel's capture and transmission of user interactions from consumer-facing websites and the technical and policy controls Meta designed, documented, or enforced for business customers like H&R Block. We do not seek any taxpayers' private, tax, or financial information and will accept a redaction protocol tailored to that end.

As our Clients are putative class members in *In re Meta Tax Filing Cases*, they are entitled to review the above-referenced materials because, among other things: (1) they are interested parties affected by the practices being litigated in *In re Meta Pixel Tax Filing Cases*; (2) they are putative class members within the proposed class definitions in *In re Meta Pixel Tax Filing Cases*; (3) their separate claims against H&R Block are based on the same transactions and dealings that are at issue in *In re Meta Pixel Tax Filing Cases* and therefore, the materials sought are relevant in those proceedings to the same extent that they are relevant in *In re Meta Pixel Tax Filing Cases*; (4) fairness dictates that our Clients' claims should be decided on the same evidentiary record as those brought against Meta, and they will suffer prejudice if they are unable to do so; and (5) proposed class representatives and counsel in in *In re Meta Pixel Tax Filing Cases* are duty bound to protect and promote other class members' interests. Further, the materials: (1) are not sought for

October 29, 2025
Page 3

harassment or inappropriate purpose; (2) are otherwise unavailable due to potentially more restrictive discovery and subpoena rules in AAA; (3) production of the materials avoids duplicative and unnecessary discovery proceedings and promotes litigation efficiencies; and (4) responding to the requests would not create undue burdens to any party or require the assistance of counsel - we simply seek copies of materials already possessed and/or exchanged.

If an agreement cannot be reached, we intend to seek limited access to the above-referenced materials in *In re Meta Pixel Tax Filing Cases,* via intervention under Fed. R. Civ. P. 24(a) and (b) and/or other applicable law. Courts recognize Rule 24(b) as the proper vehicle for third-party modification of protective orders and access to sealed judicial records where the party seeking permission to intervene is bringing a claim that has common questions of law or fact and will not prejudice the parties. *See, e.g., Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992)( State court litigants were entitled to intervene in federal court action to permit them access to deposition transcripts taken in federal action; importance of access to documents prepared for similar litigation involving same parties satisfied commonality requirements of permissive intervention rule); *Foltz v. State Farm*, 331 F.3d 1122 (9th Cir., 2003)(where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify a protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted); *Blum v. Merryl Lynch*, 712 F.3d 1349 (9th Cir., 2013)(same); *Public Citizen v. Liggett Grp.*, 858 F.2d 775 (1st Cir. 1988)(same). We are not seeking to litigate the merits of the *In re Meta Tax Pixel* case; our purpose is limited to obtaining access to materials produced and/or filed by the parties in your case.

Any use of confidential materials obtained will be marked confidential in our Clients' arbitration proceedings and subject to protective orders entered by AAA. We will agree to comply with any protective order entered by the court in *In re Meta Tax Pixel Tax Filing Cases.* We are also willing to enter into a separate protective order, as necessary, that allows our Clients reasonable use of the materials for the purposes of presenting their claims.

Please let us know within 7 days whether you will consent to disclosure for use in our Clients' claims under an appropriate protective order. Absent agreement, we will move the Court under Rule 24(a) and (b), and/or other applicable law. We are also open to discuss at a mutually agreeable time if you think further discussions would be helpful.

Sincerely,

Ryan J. Ellersick
Partner | 480.285.2166 | ryan.ellersick@zimmreed.com

cc:     Hart L. Robinovitch