**ZIMMERMAN REED LLP**
Ryan J. Ellersick (SBN 357560)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780
Fax (877) 500-8781
ryan.ellersick@zimmreed.com

*Attorney for Movants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All actions | Master Case No. 5:22-cv-07557-PCP<br><br>*Assigned to the Honorable P. Casey Pitts*<br><br>**NOTICE OF MOTION AND MOTION TO SHORTEN TIME; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:         December 4, 2025<br>Time:        10 a.m.<br>Courtroom:  8<br><br>Date Action Filed: December 1, 2022<br>Trial Date:    TBD |

## NOTICE OF MOTION AND MOTION

TO THE COURT, PLAINTIFFS, DEFENDANT AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 4, 2025, at 10:00 a.m., or at an earlier date set by the Court, before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California, Courtroom 8, San Jose Courthouse, Movants Julio Armstrong, Chesley Barnes, Samantha Brewster, Patricia Carlson, Cessley Cole, Leslie Dent, Lonnie Dunaway, Joanna Gasperson, Flor Gomez, Beth Howard, Jason Karras, Justin Leo, Joseph Lipuma, Alysha Ottrix, Krystal Smith, Denise Sturgeon, Angela Wardell, Rosa Wardlow, Rachel Wegleitner and Kristen Wilder. (collectively "Movants") will, and hereby do, move this Court for an order shortening the time for the Court to hear Movants' Motion to Intervene pursuant to Civil Local Rule 6-3.

The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the pleadings, records, and papers on file in this action; declaration of Ryan J. Ellersick; all matters of which judicial notice may or must be taken; and any other matters properly before the Court.

Prior to filing this motion, I attempted in good faith to seek agreement of counsel for both Plaintiffs and Defendant to resolve this matter without having to engage in further motions practice, but was unsuccessful. Specifically, I pointed out Movants' need for access to the requested evidentiary materials sought through Movants' Motion to Intervene on a time sensitive basis because Movants' first arbitration hearings in AAA start in January 2026, but counsel for Plaintiffs stated they were unavailable for a hearing date on December 11 or 18, 2025, and could only be available on January 8, 2026, at the earliest.

Dated: November 10, 2025

Respectfully submitted,

**ZIMMERMAN REED LLP**
*/s/ Ryan Ellersick*
Ryan J. Ellersick (SBN 357560)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780
Fax (877) 500-8781
ryan.ellersick@zimmreed.com

*Attorneys for Movants*

# MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SHORTEN TIME

## I.  BACKGROUND

Pursuant to Civil Local Rule 6-3, Movants Julio Armstrong, Chesley Barnes, Samantha Brewster, Patricia Carlson, Cessley Cole, Leslie Dent, Lonnie Dunaway, Joanna Gasperson, Flor Gomez, Beth Howard, Jason Karras, Justin Leo, Joseph Lipuma, Alysha Ottrix, Krystal Smith, Denise Sturgeon, Angela Wardell, Rosa Wardlow, Rachel Wegleitner and Kristen Wilder. (collectively "Movants") move the Court for an order shortening the time for the Court to hear Movants' Motion to Intervene, which is currently noticed for hearing on December 18, 2025. Movants' respectfully request that the Court hear the Motion to Intervene on December 4, 2025, or as soon as possible prior to commencement of Movant Cessley Cole's evidentiary hearing before the American Arbitration Association ("AAA") on January 20, 2026. Filed concurrently herewith and pursuant to Civil Local Rule 6-3(a)(1)-(6) is the Declaration of Ryan J. Ellersick in Support of Movants' Motion to Shorten Time Pursuant to Civil Local Rule 6-3(a) ("Ellersick Declaration") and a proposed order.

This motion is necessary because Movants' will suffer substantial harm or prejudice if the Court is unable to hear Movants' Motion to Intervene until December 18, 2026. Movants need access to the evidentiary materials sought in the Motion to Intervene to adequately prepare for arbitration hearings in AAA beginning on January 20, 2026. Decl. of Ryan Ellersick ("Ellersick Decl.") ¶ 3. Delaying hearing on the Motion to Intervene until December 18, 2026, would prejudice Movants because, even if the Court rules in Movants' favor on the Motion to Intervene, there would be insufficient time to review and make use of the evidentiary materials sought. The witness list for the first arbitration hearing must be filed by December 19, 2025, and the exhibit list must be filed by January 13, 2026. Ellersick Decl. ¶ 3.

Before filing the instant Motion to Shorten Time, Movants' counsel contacted counsel for Plaintiffs and Defendant on October 29, 2025, and November 4, 2025, to seek a voluntary agreement that would not require a formal Motion to Intervene. Ellersick Decl. ¶¶ 4-6. Plaintiffs' counsel advised that, due to the Protective Order in this case, Movants would have to seek relief from the Court. Ellersick Decl. ¶ 6. Defendant's counsel did not respond with Defendant's position on the Motion to Intervene. *Id.*

Consistent with the Court's calendar scheduling notes, Movants' counsel then "confer[ed] with opposing counsel about a mutually convenient hearing date before noticing" the Motion to Intervene, initially requesting December 11, 2025. Ellersick Decl. ¶ 7. Plaintiffs' counsel stated he was unavailable on December 11 and December 18, but was available on January 8, 2026. *Id.* Counsel for Movants then inquired if: (1) any of the other counsel from the seven law firms representing Plaintiffs and the putative class could appear on December 11, and/or; (2) if counsel for the parties would agree to a request for the hearing to occur via teleconference/Zoom to make scheduling easier and avoid any travel burdens. *Id.* Plaintiffs' counsel stated he wanted to appear at the hearing himself but was unavailable on December 11 or 18. *Id.* Defendant's counsel did not respond. *Id.*

Because Plaintiffs' counsel was not available until January 8, 2026, Movants sought a stipulation to shorten time and advance the hearing to the earliest next available date, December 4, 2025. Ellersick Decl. ¶ 8. Plaintiffs' counsel stated he was unavailable on December 4, 2025, due to another hearing, and would oppose the Motion to Shorten Time. *Id.* Defendant's counsel did not respond. *Id.*

Because the parties were unable to reach a stipulation to shorten time, this motion is necessary to advance the hearing date on Movants' Motion to Intervene. The Court is unavailable on November 20, 2025, and November 27, 2025, is Thanksgiving. Ellersick Decl. ¶ 9. Accordingly, Movants respectfully request that the Court advance the hearing on the Motion to Intervene to the next available date, December 4, 2025. Further, to accommodate counsel for Plaintiffs and Defendant, Movants request that the hearing be conducted via Zoom.

## II.     ARGUMENT

### A.     Legal Standard

Civil Local Rule 6-3 sets forth the following requirements for the moving party seeking to change time: (1) a motion of no more than five pages; (2) a proposed order; and (3) a declaration. Civ. L.R. 6-3(a). The declaration must set forth "with particularity" the reasons for the requested shortening of time, the efforts to obtain a stipulated time change, "the substantial harm or prejudice that would occur if the Court did not change the time," any prior time modifications in the case, and the effect of the modification on the case schedule. Civ. L.R. 6-3(a)(1)-(6). Further, if the motion is to "shorten time for the Court to hear a motion," the declaration must also "[d]escribe[] the nature of the underlying

dispute that would be addressed in the motion and briefly summarize[] the position each party had taken." Civ. L.R. 6-3(a)(4)(ii).

### B. Good Cause Exists for Expediting the Time for the Court to Hear Movants' Motion to Intervene.

Movants are consumers who used H&R Block's online tax preparation service to prepare their taxes in 2021, 2022 and/or other years. Ellersick Decl. ¶ 10. Movants are absent class members in this case challenging Meta's interception of H&R Block customers' online communications as violating certain privacy laws. *Id.* At the same time, Movants have presented separate privacy law claims against H&R Block in AAA, based on the same facts, transactions, and dealings between H&R Block and Defendant Meta that are at issue in this case. Ellersick Decl. ¶ 2. Because the discovery materials, testimony, and expert reports affect both Movants' class claims in this case and their separate claims in AAA, they are seeking to intervene in this matter to modify the protective order and obtain access to certain evidentiary materials marked confidential or otherwise filed under seal. Ellersick Decl. ¶ 11. Because the first arbitration hearing in AAA begins in January 2026, Movants respectfully submit that good cause exists for the Court to expedite the time for the Court to consider Movants' Motion to Intervene.

As set forth in the Ellersick Declaration, counsel for Movants diligently sought to work with the parties to this action to come to an agreement to address Movants' request to secure access to certain discovery materials and expert witness reports exchanged in this case. Ellersick Decl. ¶¶ 5-6. Having access to the materials in this case is both necessary and appropriate to ensure that Movants arbitration claims, based on the same transactions, could be decided on a consistent evidentiary record. Movants' counsel contacted counsel for Plaintiffs and Defendants to seek a voluntary agreement that would not require motion practice on October 29, 2025, and again on November 4, 2025. *Id.* Plaintiffs' counsel took the position that, due to the protective order in this case, Movants would have to seek relief from the Court. Ellersick Decl. ¶ 6. Defendant's counsel did not respond with Defendant's position on the Motion to Intervene. *Id.*

Movants' Motion to Intervene presents issues that will impact Movants' presentation of their cases during evidentiary hearings before the AAA. Movants are entitled to access these discovery

materials as absent class members in this action who also need the materials to adequately prosecute their individual claims in the collateral litigation before the AAA. In their Motion to Intervene, Movants respectfully submit that good cause exists for their intervention because the discovery materials sought are relevant to their presentation of evidence and such intervention does not prejudice the parties in this case. Further, it is necessary for Movants to have access to the evidentiary materials so their claims in the two forums can be decided on consistent evidentiary records. Movants' Motion to Intervene should be heard in shorter time than that provided under Civil Local Rule 7-2(a) to allow Movants with evidentiary hearings as soon as January 20, 2026, time to obtain and review the discovery materials and disclose relevant materials therein to the Respondents in the arbitration. Ellersick Decl. ¶ 3. Otherwise, Movants and Respondents in the impending collateral litigation will be hindered in their preparation for the evidentiary hearings. *See* Ellersick Decl. ¶ 12.

Delaying the hearing on Movants' Motion to Intervene until January 8, 2025, would cause substantial harm or prejudice to Movants. Accordingly, there is good cause to shorten time and advance the hearing on the Motion to Intervene to the next available motion date, December 4, 2025. While Plaintiffs' counsel has stated he is unavailable on that date due to a separate hearing, Movants submit that a counsel from one of the other seven law firms representing Plaintiffs may appear given that the only opposition to the Motion to Intervene is the existence of the protective order. *See* Ellersick Decl. ¶ 6. Further, to accommodate counsel for Plaintiffs and Defendant, Movants request that the December 4, 2025, hearing occur via Zoom.

Pursuant to Civil Local Rule 6-3(a)(5), there have been no other time modifications with respect to Movants' Motion to Intervene. Ellersick Decl. ¶ 13. Pursuant to Civil Local Rule 6-3(a)(6), the shortening of time requested by this motion will not alter the date of any other event or any deadline already set by the Court in this case. *Id.*

### III. CONCLUSION

Delaying the hearing on Movants' Motion to Intervene until December 18, 2026, would cause substantial harm or prejudice to Movants. Movants therefore respectfully request that the Court shorten the time for hearing Movants' Motion to Intervene and advance the hearing to December 4, 2025.

| | |
|---|---|
| Dated: November 10, 2025 | Respectfully submitted, |
| | **ZIMMERMAN REED LLP** |
| | */s/ Ryan Ellersick* |
| | Ryan J. Ellersick (SBN 357560) |
| | 6420 Wilshire Blvd., Suite 1080 |
| | Los Angeles, CA 90048 |
| | Tel (877) 500-8780 |
| | Fax (877) 500-8781 |
| | ryan.ellersick@zimmreed.com |
| | *Attorneys for Movants* |