**ZIMMERMAN REED LLP**
Ryan J. Ellersick (SBN 357560)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780
Fax (877) 500-8781
ryan.ellersick@zimmreed.com

*Attorney for Movants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All actions | Master Case No. 5:22-cv-07557-PCP<br><br>*Assigned to the Honorable P. Casey Pitts*<br><br>**DECLARATION OF RYAN J. ELLERSICK IN SUPPORT OF MOTION TO SHORTEN TIME**<br><br>Date:  December 4, 2025<br>Time:  10 a.m.<br>Courtroom:  8<br><br>Date Action Filed: December 1, 2022<br>Trial Date:  TBD |
|---|---|

1
DECL. OF RYAN J. ELLERSICK IN SUPPORT OF MOTION TO SHORTEN TIME – 5:22-cv-07557-PCP

# DECLARATION OF RYAN ELLERSICK

I, Ryan Ellersick, declare as follows:

1. I am a partner at Zimmerman Reed LLP and am licensed to practice before this Court. I am one of the counsel of record for Movants Julio Armstrong, Chesley Bonnes, Samantha Brewster, Patricia Carlson, Cessley Cole, Leslie Dent, Lonnie Dunaway, Joanna Gasperson, Flor Gomez, Beth Howard, Jason Karras, Justin Leo, Joseph Lipuma, Alysha Ottrix, Krystal Smith, Denise Sturgeon, Angela Wardell, Rosa Wardlow, Rachel Wegleitner and Kristen Wilder. (collectively "Movants"). I submit this Declaration in support of Movants' Motion to Shorten Time. If called upon as a witness, I could and would testify competently to the facts stated in this Declaration.

2. Movants have each filed Demands for Arbitration against H&B Block, Inc. ("H&R Block") in the American Arbitration Association ("AAA"). Movants' Demands for Arbitration challenge H&R Block's conduct using tracking technologies, including the Meta Pixel, to intercept Movants' information and interactions with the website, www.hrblock.com, without prior consent, and to disclose that information to third parties, including but not limited to Meta Platforms, Inc. ("Meta") and Google, LLC ("Google").

3. Each Movant's arbitration proceeding remains pending in AAA. Ms. Cole's arbitration hearing is scheduled for January 20, 2026, and will be the first case among the batch of 20 to proceed to an evidentiary hearing. The scheduling order in Ms. Cole's case was issued on September 25, 2025, which set the January 20, 2026, hearing date. The parties in Ms. Cole's case must disclose witness lists on December 19, 2025, and exhibit lists on January 13, 2026.

4. On October 29, 2025, on behalf of Movants, I sent a letter to counsel for both Plaintiffs and Defendant in this matter seeking certain discovery materials and expert reports exchanged in this case and filed with the Court without the need to file a motion to intervene.

5. The October 29, 2025, letter that I sent explained that Movants were putative class members in this matter and sought the discovery materials for use in their separate arbitration proceedings against H&R Block, which were based on the same or similar transactions and dealings as those presented in this matter. The October 29, 2025, letter indicated, among other things: (a) that

Movants were not seeking to intervene for purposes of litigating the merits of the *In re Meta Tax Pixel Filing Cases* matter; (b) as Movants' counsel we would agree to comply with any protective order entered by the court in *In re Meta Tax Pixel Tax Filing Cases*; (c) we were also willing to enter into a separate protective order, as necessary, that would allow our clients reasonable use of the discovery and expert report materials for the purposes of presenting their claims in AAA; and (d) any use of confidential materials obtained would be marked confidential in Movants' arbitration proceedings and be subject to protective orders entered by AAA. To the extent counsel for the parties had any questions or concerns, we offered to discuss the matter further.

6. On November 4, 2025, I sent email correspondence to counsel for both Plaintiffs and Defendant in this matter to follow up on the request. Plaintiffs' counsel advised that, due to the Protective Order in this case, Movants would have to seek relief from the Court. Defendant's counsel did not respond with Defendant's position on the Motion to Intervene.

7. Consistent with the Court's calendar scheduling notes, Movants' counsel then "confer[ed] with opposing counsel about a mutually convenient hearing date before noticing" the Motion to Intervene, initially requesting December 11, 2025. Plaintiffs' counsel stated he was unavailable on December 11 and December 18, but was available on January 8, 2026. Counsel for Movants then inquired if: (1) any of the other counsel from the seven law firms representing Plaintiffs and the putative class could appear on December 11, and/or; (2) if counsel for the parties would agree to a request for the hearing to occur via teleconference/Zoom to make scheduling easier and avoid any travel burdens. Plaintiffs' counsel stated he wanted to appear at the hearing himself but was unavailable on December 11 or 18. Defendant's counsel did not respond.

8. Because Plaintiffs' counsel was not available until January 8, 2026, Movants sought a stipulation to shorten time and advance the hearing to the earliest next available date, December 4, 2025. Plaintiffs' counsel stated he was unavailable on December 4, 2025, due to another hearing, and would oppose the Motion to Shorten Time. Defendant's counsel did not respond.

9. According to the Court's calendar, the Court is unavailable on November 20, 2025, and November 27, 2025, is Thanksgiving.

10. Because Movants are consumers who used H&R Block's online tax preparation service to prepare their taxes in 2021, 2022 and/or other years, they are absent class members in this case challenging Meta's interception of H&R Block customers' online communications as violating certain privacy laws.

11. Because the discovery materials, testimony, and expert reports filed in this case affect both Movants' class claims and their separate claims in AAA, they are seeking to intervene in this matter to modify the protective order and obtain access to certain evidentiary materials marked confidential or otherwise filed under seal.

12. Given the compressed schedules in the related arbitration hearings, with the first arbitration scheduled for January 20, 2026, delaying a hearing on Movants' Motion to Intervene to December 18, 2025, will hinder Movants' ability to adequately prepare for the evidentiary hearings.

13. Pursuant to Civil Local Rule 6-3(a)(5), there have been no other time modifications with respect to Movants' Motion to Intervene. Pursuant to Civil Local Rule 6-3(a)(6), the shortening of time requested by this motion will not alter the date of any other event or any deadline already set by the Court in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 10, 2025                    By:     /s/ Ryan Ellersick
                                                    Ryan Ellersick