**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman *(pro hac vice)*
Michael Liskow (State Bar No. 243899)
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
E-mail: lfeldman@4-justice.com
       mliskow@4-justice.com
       e-service@4-justice.com

*Attorneys for Plaintiffs*

*Additional Attorneys on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All actions | Master File No. 5:22-cv-07557-PCP<br><br>**PLAINTIFFS' OPPOSITION TO MOVANTS' MOTION TO INTERVENE**<br><br>Date: December 4, 2025<br>Time: 2:00 p.m.<br>Judge: Hon. P. Casey Pitts<br>Date Action Filed: Dec. 1, 2022 |

Plaintiffs in the above captioned action ("Plaintiffs") oppose the motion to intervene ("Motion," ECF No. 245) filed by movants Julio Armstrong, Chesley Bonnes, Samantha Brewster, Patricia Carlson, Cessley Cole, Leslie Dent, Lonnie Dunaway, Joanna Gasperson, Flor Gomez, Beth Howard, Jason Karras, Justin Leo, Joseph Lipuma, Alysha Ottrix, Krystal Smith, Denise Sturgeon, Angela Wardell, Rosa Wardlow, Rachel Wegleitner, and Kristen Wilder ("Movants").

The Motion should be denied for a number of reasons. First, Movants have declined to provide evidence showing that most of the Movants are members of the classes currently proposed by Plaintiffs in their motion for class certification (the "Proposed Classes" in the "Class Motion"). And even if Movants were each absent class members in the Proposed Classes, this does not entitle them to unrestricted access to all case materials, including materials not filed with the court. Movants provide no authority to the contrary, or any examples where individuals electing to bring their claims in arbitration, like Movants, were permitted to intervene in a pending class action in order to obtain case materials—many of which here are designated Confidential or Highly Confidential under the Court's Protective Order, and/or are expert materials that were created at significant expense to Plaintiffs. Indeed, some of Movants' own cited cases provide that, in such instances, the court should refuse to modify the protective order.

## I. PERTINENT FACTS

The initial complaint in this action was filed on December 1, 2022. *See* ECF No. 1. On March 31, 2023, the Court appointed Plaintiffs' counsel interim class counsel. *See* ECF No. 45. On August 20, 2025, Plaintiffs filed their Class Motion. *See* ECF No. 218. Plaintiffs' deadline for their reply in support of the Class Motion is December 15, 2025. *See* ECF No. 195.

## II. ARGUMENT

Movants' Motion should be denied for the following reasons. First, Movants base their demand for unredacted case materials, including expert reports prepared at Plaintiffs' expense, on the ground that they are each absent class members in this action. *See* Motion at 1. But Movants only provide evidence that one Movant, Cessley Cole, is likely to be a member of the Proposed Classes.

*See* ECF No. 218 at 6-7. Movants otherwise offer only their *ipse dixit* that the remaining 19 Movants are also part of the Proposed Classes.[1]

And even if each Movants was an absent class member in the Proposed Classes (or were otherwise "interested parties," Motion at 2), this would not entitle them to unrestricted access to all case materials, including materials not filed with the court, and Movants provide no authority to the contrary. Instead, Movants largely cite to inapposite cases where litigants in related *judicial cases* seek to intervene for the purpose of obtaining specific materials from cases that were resolved or were in the process of being resolved. *See* Motion at 4-5.[2]

What Movants do not provide is any authority where participants in *arbitration*, like Movants, were permitted to intervene in a pending class action in order to obtain case materials. Arbitration, the vehicle Movants chose[3] to bring their claims against H&R Block (which is not a

---

[1] While Movants' counsel offers to provide the Court with the other 19 Movants' Demands for Arbitration, *see* ECF No. 245-1, ¶ 4, it is unclear why these documents were not initially filed by Movants' in support of the Motion, as they are necessary to confirm Movants' potential membership in the current Proposed Classes. This lack of evidence is underscored by the fact that the other 19 Movants base their claim of class membership on their use of "H&R Block's do it yourself (DIY) online tax preparation service in 2021, 2022 *and/or other years*." Motion at 2 (emphasis added). But the current Proposed Classes of H&R Block users are limited to visitors to the H&R Block website between January 15, 2019 and June 30, 2023," ECF No. 218 at 6-7, raising the question of whether the "other years" Movants visited the website fall within the putative class periods.

[2] *See, e.g., Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992) (movant in state court case permitted to intervene in federal case settled and dismissed two years prior to obtain six deposition transcripts); *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122 (9th Cir. 2003) (collateral litigants in state court and others permitted to intervene in settled and dismissed federal court case to obtain certain case materials); *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353-54 (9th Cir. 2013) (state court litigant permitted to intervene in prior, settled state court action in order to obtain deposition transcript); *Olympic Refin. Co. v. Carter*, 332 F.2d260 (9th Cir. 1964) (litigants in federal court case permitted to obtain certain materials from federal case closed several years before); *Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, No. 20-cv-04737-RS, 2025 WL 2380970, at *6-10 (N.D. Cal. Aug. 25, 2025) (plaintiffs' counsel from MDL litigation permitted to intervene in "parallel case" where settlement was pending in order to obtain discovery materials).

[3] Movants appear to contend they are only bringing their claims in arbitration because this Court "granted H&R Block's motion to compel arbitration of such claims" in *Hunt v. Meta Platforms, Inc.*, No. 23-cv-04953-PCP, 729 F. Supp. 3d 964, 971 (N.D. Cal. 2024). Motion at 2. But neither Movants nor their counsel appear to have litigated *Hunt*, meaning that in the face of the *Hunt* decision Movants *chose* to still initiate their claims in arbitration.

defendant in the instant case), generally provides a more streamlined discovery process than what is available in a court proceeding. *See Longboy v. Pinnacle Prop. Mgmt. Servs., LLC*, 718 F. Supp. 3d 1004, 1019 (N.D. Cal. 2024) ("[L]imitation on discovery is one important component of the simplicity, informality, and expedition of arbitration.") (internal quotations omitted). As such, Movants' claim they are entitled to the "same evidentiary record" as the parties to this litigation is incorrect. Motion at 7.

Moreover, Movants concede the materials they seek "are otherwise unavailable due to potentially more restrictive discovery and third-party subpoena rules in AAA." Motion at 8. However, "if the intervenor is seeking to circumvent limitations on its ability to conduct discovery in its own case or to gain access to materials it would otherwise have no right to access, a court should refuse to modify the protective order." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 324 (D. Conn. 2009) (cited by Movants) (citing *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005)); *see also In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02-1486 PJH, 2008 WL 4191780, at *1 (N.D. Cal. Sept. 10, 2008) (intervenors "must initially 'demonstrate the relevance of the protected discovery to the collateral proceedings *and its general discoverability therein*.'") (emphasis added) (quoting *Foltz*, 331 F.3d at 132 (cited by Movants) ("requiring this showing of relevance prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding")).[4]

### III.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully ask the Court to deny the Motion.

---

[4] It is unclear whether third party H&R Block was notified about Movants' Motion, which seeks certain materials designated as confidential by H&R Block. If not, and the Court grants the Motion, it should consider staying any order while H&R Block is provided notice and an opportunity to object. *See Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 16CV06370EJDVKD, 2021 WL 2645804, at *3 (N.D. Cal. June 28, 2021).

| | |
|---|---|
| Dated: November 24, 2025 | **GEORGE FELDMAN MCDONALD, PLLC**<br><br>By: ___/s/ *Michael Liskow*___<br>      Michael Liskow<br><br>Lori G. Feldman (*pro hac vice*)<br>Michael Liskow (State Bar No. 243899)<br>102 Half Moon Bay Drive<br>Croton-on-Hudson, NY 10520<br>Telephone: (917) 983-9321<br>E-mail: lfeldman@4-justice.com<br>            mliskow@4-justice.com<br>            eservice@4-justice.com<br><br>**BURSOR & FISHER, P.A.**<br>Neal Deckant (State Bar No. 322946)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile:  (925) 407-2700<br>Email: ndeckant@bursor.com<br><br>**SMITH KRIVOSHEY, P.C**.<br>Joel D. Smith (State Bar No. 244902)<br>867 Boylston Street, 5th Floor<br>Boston, MA 02216<br>Telephone: 617-377-7404<br>Email: joel@skclassactions.com<br><br>**GEORGE FELDMAN MCDONALD, PLLC**<br>Rebecca A. Peterson (State Bar No. 241858)<br>1650 West 82nd Street, Suite 880<br>Bloomington, MN 55431<br>Telephone: (612) 778-9595<br>Facsimile: (888) 421-4173<br>E-mail: rpeterson@4-Justice.com<br><br>**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**<br>Kate M. Baxter-Kauf (*pro hac vice*)<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900<br>Facsimile: (612) 339-0981<br>E-mail: kmbaxter-kauf@locklaw.com |

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (*pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
Email: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (*pro hac vice*)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiffs*