**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

JONATHAN C. BOND (*pro hac vice*)
jbond@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone:   (202) 955-8500
Facsimile:   (202) 467-0539

**LATHAM & WATKINS LLP**
MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD, SBN 304635
kristin.whitehead@lw.com
DIANNE KIM, SBN 348367
dianne.kim@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:   (415) 395-8129
Facsimile:   (415) 395-8095

MARISSA ALTER-NELSON (*pro hac vice*)
marissa.alter-nelson@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone:   (212) 906-1200

JESSICA STEBBINS BINA, SBN 248485
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:   (424) 653-5500
Facsimile:   (424) 653-5501

*Attorneys for Defendant Meta Platforms, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| IN RE META PIXEL TAX FILING CASES<br><br>This Document Relates To:<br><br>All Actions | Case No. 5:22-cv-07557-PCP (VKD)<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO MOTION TO INTERVENE**<br><br>Date:  December 4, 2025<br>Time:  2:00 p.m.<br>Via Zoom<br><br>Date Action Filed:  December 1, 2022<br>Honorable P. Casey Pitts |
|---|---|

# INTRODUCTION

Non-party movants, twenty individuals who are pursuing separate claims in arbitration against non-party H&R Block, seek to intervene and modify the Protective Order so that they can use the confidential documents produced here in their arbitral proceedings. But their motion is self-defeating. Under Ninth Circuit precedent, to gain access to the materials in this case, movants must show that they are entitled to them in their own arbitrations and that granting access would save a substantial amount of duplicative discovery. Movants, however, admit they are *not* entitled to seek these materials in arbitration, and they cannot use intervention as an end-run around the arbitral forum's discovery limits—which would "subvert limitations on discovery in another proceeding," fail to serve the purposes of intervention, and prejudice Meta. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003). And movants' suggestion that they are entitled to these materials simply because they are absent putative class members is unsupported and incorrect. The motion should be denied.

# BACKGROUND

Early in this case, Judge DeMarchi entered a Protective Order. Dkt. 73. That Order strictly limits the disclosure of materials designated "confidential" and "highly confidential." *See id.* §§ 7.3, 7.4, 7.5. It was the result of negotiations between the parties and Judge DeMarchi's resolution of the remaining disputes, *see* Dkt. 72, and it has governed discovery in this case to date. The Order specifically addresses, and prohibits, the use of confidential information in other legal proceedings. *See* Dkt. 73 § 1 ("All confidential documents and information produced in this action may be used solely for the purpose of litigating the instant action and its use in other legal actions or otherwise is expressly prohibited, except as otherwise ordered by this Court or any other court.").

Movants are twenty individuals who are not parties in this case, and are pursuing separate claims against H&R Block—also not a party to this case—before the American Arbitration Association (AAA). On November 10, 2025, they moved to intervene under Federal Rule of Civil Procedure 24(b) "for the purpose of modifying the protective order and seeking access to certain discovery materials and expert witness reports exchanged in this case." Mot. ii. Movants seek access to a range of confidential materials subject to the Protective Order, including expert reports, discovery responses, deposition testimony, declarations, and internal Meta and H&R Block documents. *Id.* at 3. They

represent that "the materials are otherwise unavailable due to potentially more restrictive discovery and third-party subpoena rules in AAA." *Id.* at 8.

Plaintiffs in this case, like Meta, oppose the motion. Dkt. 250.

## ARGUMENT

The motion to intervene should be denied. To promote efficiency and avoid duplicative discovery, the Ninth Circuit allows parties who could seek certain discovery materials in their own case to intervene in another case where those materials have already been produced. But here, movants admit they could *not* obtain the materials they seek in their own case, so intervention is inappropriate. And movants' fleeting suggestion that they are entitled to the materials merely because they fall within the putative class definition is baseless.

*First*, intervention to seek modification of a protective order is appropriate only where a person could otherwise obtain the materials in connection with their separate case. To prevent "collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding," the "collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings *and its general discoverability therein*." *Foltz*, 331 F.3d at 1132 (emphasis added). A court should not allow intervention unless "a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Id.* These requirements ensure that intervention will "advance[] the interests of judicial economy by avoiding the wasteful duplication of discovery." *Id.* at 1131; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992). Intervention is thus a mechanism to prevent a protective order from serving as an independent barrier to discovery materials that a person could "otherwise reach . . . after repetition of another's discovery." *Foltz*, 331 F.3d at 1132 (quotation marks omitted); *see also id.* at 1133 ("If the protective order is modified, the collateral courts may freely control the discovery processes in the controversies before them without running up against the protective order of another court."). It is not an opportunity for non-parties to obtain materials they could *not* get in connection with their own cases. So "[i]f the limitation on discovery in the collateral litigation would be substantially subverted by allowing access to discovery material under a protective order, the court should be inclined to deny modification." Wright & Miller, Fed. Prac. & Proc. § 2044.1.

That is exactly what movants seek here. Movants admit the materials they want "are otherwise unavailable due to potentially more restrictive discovery and third-party subpoena rules in AAA." Mot. 8. That is by design. Arbitration and litigation "are fundamentally different." *SDR Cap. Mgmt., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 320 F. Supp. 2d 1043, 1047 (S.D. Cal. 2004). One of the "asserted benefits of arbitration" is that it involves "less intrusive discovery." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023); *see also, e.g., Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 280 (1995) ("less expensive alternative to litigation"). In "agreeing to arbitrate, a party trades the procedures . . . of the courtroom for the simplicity, informality, and expedition of arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (quotation marks omitted). Far from advancing judicial economy or reducing discovery, movants' attempt to end-run the limitations in their arbitral forum would *undermine* the efficiencies arbitration is designed to deliver and "subvert [the] limitations on discovery" in that forum. *Foltz*, 331 F.3d at 1132. Because movants have not shown they "are entitled to th[e] documents during the Arbitration proceedings," they "have not met their burden of proving that modification avoids duplicative discovery." *Array Techs., Inc. v. Mitchell*, 2024 WL 4593409, at *5 (D.N.M. Sept. 20, 2024); *see also HDT Bio Corp. v. Emcure Pharms., Ltd.*, 2022 WL 4131589, at *2 (W.D. Wash. Sept. 9, 2022) (rejecting "sharing provision" in protective order that would allow use of materials in arbitration because "[s]uch an approach would circumvent the principles and procedures set forth in *Foltz*").[1]

Modifying the Protective Order would also unduly burden and unfairly prejudice Meta, which supplies an independent ground to deny movants' request. Meta has substantial "reliance interests" in adhering to the carefully negotiated and court-ordered Protective Order, and the Ninth Circuit has recognized that those interests are "greater" where, as here, "trade secret[s]" are involved. *Beckman*, 966 F.2d at 475; *see also Array Techs.*, 2024 WL 4593409, at *5. The Order itself contemplated and "expressly prohibited" the use of confidential materials from this case in "other legal actions,"

---

[1] In a footnote, movants suggest that intervention as of right under Rule 24(a) "may also be appropriate." Mot. 7 n.4. That footnote argument is forfeited. *See Estate of Saunders v. C.I.R.*, 745 F.3d 953, 962 n.8 (9th Cir. 2014). In any event, movants cite no authority for the proposition that their pursuit of claims against a completely separate entity—H&R Block—entitles them to intervention as of right in a case against Meta, or even that Rule 24(a)—as opposed to Rule 24(b)—is an appropriate mechanism to seek modification of a protective order.

underscoring Meta's reliance and interest in guarding against wider dissemination. Dkt. 73 § 1. Nor is this a case involving a "blanket order" that is "overinclusive," *Beckman*, 966 F.2d at 476; rather, the Order is tailored to protect confidential information where good cause exists. And the prejudice here is especially onerous given the nature of arbitration. Movants admit they would not be entitled to seek this discovery in arbitration, and for good reason: arbitration proceedings are themselves confidential, and Meta's sensitive information would be put at risk in proceedings where Meta could not adequately protect it. Meta would thus suffer "great prejudice . . . because the proposed modification would disclose all of [its] confidential documents and information in a private Arbitration, of which [Meta] is not a party," and where Meta "would not be able to defend its interests" in protecting its confidential information. *Array Techs.*, 2024 WL 4593409, at *2. To the extent Meta could defend those interests at all, revealing its information in another proceeding—and potentially many others, if more arbitral claimants followed movants' lead—would force Meta to "incur new expenses to protect its confidential information" and cause ongoing "prejudice[] by having to participate in the Arbitration process, as [Meta] would have to monitor the proceedings and oppose potential disclosures or violations of the order." *Id.* at *5.

*Second*, movants suggest their status as putative class members entitles them to the confidential materials they seek. *See* Mot. 1, 2–3, 7. That is incorrect. No class has been certified, and "putative class members . . . are *always* treated as nonparties." *Molock v. Whole Foods Market Grp., Inc.*, 952 F.3d 293, 297 (D.C. Cir. 2020). Movants cite no authority supporting the proposition that every putative class member is entitled to materials subject to a protective order. That anomalous and far-reaching result would open a "floodgate of discovery" by absent class members (including any number of other individuals who may be involved in their own arbitrations against other entities who are not parties to this case), undermining judicial economy and overwhelming the parties and the court. *Lee v. Ocwen Loan Serv., LLC*, 101 F. Supp. 3d 1293, 1297–98 (S.D. Fla. 2015) (denying discovery request from absent class member even where class had been certified). Nor should absent class members— who are protected from participating in discovery outside "limited circumstances," *see McKinney-Drobnis v. Massage Envy Franchising, LLC*, 2017 WL 4798048, at *3 (N.D. Cal. Oct. 24, 2017)—be allowed to use their absent status as both a shield to avoid discovery and a sword to access it.

## CONCLUSION

The motion to intervene should be denied.

DATED: November 24, 2025         **GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
    Lauren R. Goldman