**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:    (303) 298-5783
Facsimile:    (303) 313-2800

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>_____<br><br>This Document Relates To:<br><br>All Actions | Case No. 5:22-cv-07557-PCP (VKD)<br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF META'S MOTION TO FILE UNDER SEAL**<br><br>Hon. P. Casey Pitts |

Gibson, Dunn & Crutcher LLP

I, Lauren R. Goldman, state and declare as follows:

1.      I am an attorney licensed to practice in the State of New York.  I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions.  I am admitted *pro hac vice* to practice before this Court.  I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1]  I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.      I submit this declaration under Local Rule 79-5(f)(3) in support of Meta's Administrative Motion to File Under Seal.  Meta seeks to seal narrowly tailored portions of the Corrected Appendix to the Rebuttal Expert Report of Georgios Zervas, Ph.D (the "Appendix").  These redactions relate to specific, non-public information in the Appendix that contain confidential business information about Meta's highly confidential Source Code.[2]

3.      Meta is asking to seal only information which provides insight into specific non-public aspects of its highly confidential Source Code.  If persons or entities obtain this proprietary information, it may enable them to understand in detail how Meta processes, filters, stores and/or uses data.  Further, Meta's interest in sealing proprietary, competitively sensitive information or information that bad actors could use to undermine the integrity of Meta's systems and gain improper access to user data overrides any public interest in the specific details Meta seeks to seal.  Relevant factors in deciding whether a party's interest in sealing overcomes the public's interest in disclosure include: (1) the amount of material sought to be sealed (see *Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure

---

[1]  Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5.  *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013).  I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

[2]  This appendix was previously filed at Dkt. 239-54.  Meta previously sought to seal this Appendix at Dkt. 237-9.  Because Meta is re-filing the Appendix, it is filing renewed sealing papers.

of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets" (*Id*.). Each of these factors supports sealing the material Meta is requesting to seal.

4.    ***First***, Meta seeks to seal limited portions of the Appendix that are necessary to protect its proprietary confidential information as described above. See *Algarin*, 2014 WL 690410, at *3 (permitting sealing because a party "only s[ought] to seal a limited amount of information"). Indeed, Meta only seeks to seal six total lines on a single page out of the 41-page Appendix.

5.    ***Second***, sealing this limited information will not impede the public's understanding of the judicial process as this detailed, proprietary information is not essential to the public's understanding of the merits of this dispute or this case. Meta is leaving unsealed general descriptions its systems and technologies—it only seeks to protect from disclosure the highly technical and confidential details about its highly confidential Source Code that do not impede the public's understanding of the merits of the case.

6.    Disclosure of this information is likely to place Meta at a competitive disadvantage, as Meta's competitors could use this sensitive information for their own gain, and bad actors could use this confidential information to better understand and infiltrate the data that Meta stores, including user data. For example, Meta's competitors should not benefit from the ways Meta receives, stores, uses, and filters data.

7.    Meta asks the Court to seal only those parts of the Appendix that reveal proprietary, commercially sensitive, and confidential information about Meta's highly confidential Source Code.

8.    Competitive harm is likely if Meta's highly confidential information is made public. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide competitors with unfair insight into how Meta's systems are designed, organized, and operate, which would cause Meta competitive harm. Absent redactions, Meta's competitors would gain access to detailed information about the technologies, analyses, and structures that give Meta a competitive advantage.

9.      In addition, absent redactions, unsealing the Appendix likely would cause Meta harm because it would reveal information that bad actors could then use to access or gain insight into and highly confidential Source Code.  Meta has an interest in maintaining confidentiality over information related to its systems and Source Code, and Meta takes care to protect the confidentiality of its proprietary systems and technologies.  Divulging details about Meta's highly confidential Source Code would undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or better understand Meta's systems and the data they store (including data related to users).  Bad actors could use the information about where data is stored in Meta's to infiltrate and misappropriate the data in those systems.  Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access.  Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed.  Meta's position regarding material that should be sealed is set forth in the following table:

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Appendix to the Rebuttal Expert Report of Georgios Zervas, PhD | Parts of page D-14, paragraphs 21-23. | Meta | This text should be redacted because it reveals specific, non-public information about highly confidential Source Code, including how the Source Code can be queried.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

10.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 26th day of November 2025 in New York, New York.


*/s/ Lauren R. Goldman*
Lauren R. Goldman