1  **ZIMMERMAN REED LLP**
   Ryan J. Ellersick (SBN 357560)
2  6420 Wilshire Blvd., Suite 1080
   Los Angeles, CA 90048
3  Tel (877) 500-8780
   Fax (877) 500-8781
4  ryan.ellersick@zimmreed.com

5  *Attorney for Movants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All actions | Master Case No. 5:22-cv-07557-PCP<br><br>*Assigned to the Honorable P. Casey Pitts*<br><br>**MOVANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**<br><br>Date:        December 4, 2025<br>Time:        2:00 P.m.<br>Courtroom:   8<br><br>Date Action Filed: December 1, 2022<br>Trial Date:   TBD |

1
MOVANTS' REPLY IN SUPPORT OF MOTION TO INTERVENE – 5:22-cv-07557-PCP

## I. INTRODUCTION

Movants Julio Armstrong, Chesley Bonnes, Samantha Brewster, Patricia Carlson, Cessley Cole, Leslie Dent, Lonnie Dunaway, Joanna Gasperson, Flor Gomez, Beth Howard, Jason Karras, Justin Lee, Joseph Lipuma, Alysha Ottrix, Krystal Smith, Denise Sturgeon, Angela Wardell, Rosa Wardlow, Rachel Wegleitner, and Kristen Wilder (collectively "Movants") submit this reply to respond to both Parties' Oppositions to Movants' Motion to Intervene. (ECF 250, 251). The arguments raised in Plaintiffs' and Defendant's (collectively the "Parties") respective Oppositions to Movants' motion do not warrant a denial to the Motion to Intervene under Fed. R. Civ. P. 24(b). Rather, the Parties' arguments ignore the basic premise of Movants' motion—that due process and fundamental fairness dictate that Movants' claims against Meta and H&R Block based on the same challenged practices be decided on similar factual records. It is difficult to see how the same materials can be considered relevant in one case against an alleged co-conspirator (Meta), but not in collateral litigation brought by members of the same class against the other co-conspirator (H&R Block). *Compare* Second Am. Compl. ¶ 144, Dkt. No. 173 ("Meta agreed or conspired with the subject tax filing websites to permit or cause the sharing of tax filing information at issue here.") *with* Pls.' Opp'n to Mot. to Intervene, 3, Dkt. No. 250 (arguing that Movants have not demonstrated the relevance of the discovery materials sought); *and* Def.'s Opp'n to Mot. to Intervene, 2-3, Dkt. No. 251 (same). Nor should Movants be punished and denied access to relevant materials simply because H&R Block forced them to present their claims in arbitration. Because Movants have satisfied the requirements for intervening to modify the protective order, the motion should be granted.

## II. ARGUMENT

The Parties' raise several arguments in opposition to Movants' Motion to Intervene, but none warrant a denial of the motion.

### A. The Parties Did Not Raise their Current Arguments Against Intervention During the Meet and Confer Process.

As an initial matter, it should be noted that the arguments raised in both Plaintiffs' and Defendant's Oppositions to the Motion to Intervene were not raised during the meet and confer process. *See* Dkt. Nos. 250, 251. When Movants' counsel initially raised the issue of seeking access to the

discovery materials on October 29, 2025, Plaintiffs' counsel simply responded that, due to the presence of the protective order, Movants would need to seek relief from the Court. Ellersick Decl. ¶ 8, Ex. C. No other grounds for objection were provided. *See id.* Counsel for Defendant did not respond at all. *See id.* Movant's counsel then attempted to raise the issue again, reconfirming that they would comply with any Protective Order, but received the same responses. *Id.* In turn, the more detailed written objections now presented should be taken with a grain of salt.

B.   **Movants are All Members of The Putative Class in this Case.**

Plaintiffs' argument that "Movants only provide evidence that one Movant, Cessley Cole, is likely to be a member of the Proposed Class" is without merit. All 20 Movants are consumers who used H&R Block's do it yourself (DIY) online tax preparation service in 2021 and/or 2022. Each are plainly within the class definition alleged in both the operative Second Amended Complaint and Motion for Class Certification in this case. *See* Second Am. Compl. ¶ 92, Dkt. No. 173 (defining the class as "All people in the United States whose tax filing information was obtained by Meta from an online tax preparation provider such as H&R Block, TaxAct, or TaxSlayer"); Mot. for Class Certification, Dkt. No. 218 (defining class to include: "All individuals in the United States who visited the website H&R Block.com from January 15, 2019 to June 30, 2023").

Movants' counsel demonstrated this by appending a single Movant's (Cessley Cole) Demand for Arbitration to his declaration as a "representative example" "similar in form and content to the separate Demands for Arbitration filed on behalf of the other Movants." *See* Ellersick Decl., ¶ 4, Ex. A. The Demand confirmed: "Claimant is an H&R Block customer who used Respondents' online tax preparation services to file their taxes in at least calendar years 2021 and/or 2022." *Id*. at Ex. A. As Plaintiffs argue that the other 19 Movants have not similarly shown that their claims place them within the class definition in this case, Movants attach their Demands for Arbitration to the Supplemental Declaration of Ryan Ellersick. *See* Ellersick Suppl. Decl., ¶ 3, Ex. D. These Demands confirm that, like Ms. Cole, all other Movants used H&R Block's online tax preparation services "in at least calendar years 2021 and/or 2022," which places them within the class definition here.

C.   **The Parties Fail to Demonstrate That the Standard for Granting Permissive Intervention to Obtain Access to Discovery Materials is Not Satisfied.**

3
MOVANTS' REPLY IN SUPPORT OF MOTION TO INTERVENE – 5:22-cv-07557-PCP

As explained by the Ninth Circuit, permissive intervention under Rule 24(b) requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013). The Parties fail to demonstrate that the applicable standard is not satisfied. As jurisdiction is not challenged, Movants address the other two elements below.

### 1. Movants' Motion is Timely.

Movants were diligent in seeking access to the materials. *See generally* Pls.' Opp'n to Mot. to Shorten Time, Dkt. No. 247. While Movants initially filed their individual claims in AAA in April 2025, the arbitrators in each case were only assigned starting in mid-September 2025, with limited discovery starting thereafter. Ellersick Suppl. Decl. ¶ 2. So, while the timeline in each AAA case is relatively short—with evidentiary hearings scheduled to start in January 2026—Movants were diligent in promptly seeking access to the materials at issue through this motion in October 2025. The timeliness element is satisfied. *See Blum*, 712 F.3d at 1354.

### 2. The Materials Sought Are Relevant to Movants' Proceedings Against H&R Block in the AAA Arbitration Forum.

#### a. The discovery materials sought are equally relevant to Movants' claims in AAA.

As the Court is aware from proceedings in both this case and *Hunt v. Meta Platforms, Inc.*, No. 23-cv-04953-PCP (N.D. Cal.), consumers who used H&R Block's DIY online tax preparation service in 2021 and 2022 present privacy claims against both Meta and H&R Block for their alleged conspiracy to deploy tracking pixels on the H&R Block website. The tracking pixels allegedly triggered the interception of consumers' communications while using the website to prepare their personal tax returns and disclosed protected tax information to Meta in violation of applicable federal and state privacy laws. While the consumers' claims are based on common facts, because H&R Block had an arbitration clause in its Online Service Agreement, claims against H&R Block were compelled to arbitration while those same consumers' companion claims against Meta continued to proceed in this Court. *See Hunt v. Meta Platforms, Inc.*, 729 F. Supp. 3d 964, 971 (N.D. Cal. 2024) (granting H&R Block's Motion to Compel Arbitration).

Movants seek to intervene in this case to obtain discovery materials filed under seal in this putative class action because those materials are directly relevant to their claims pending in their collateral litigation filed against H&R Block in the AAA arbitration forum. The relevance of the primary materials sought (prior testimony, expert witness reports, documents filed under seal, documents related to marketing arrangements, etc.) is confirmed by the fact that the Parties filed many of these documents in connection with the pending motion for class certification. In that motion, Plaintiffs argue that the supporting testimony, evidentiary materials, and expert reports demonstrate that the claims of Movants are common and typical to those of the named plaintiffs and other absent class members and therefore warrant classwide adjudication. Fairness dictates that the Movants be afforded access to the same materials to present their separate claims against Meta's co-conspirator, H&R Block, which are based on the same predicate acts. Otherwise, Movants' claims against H&R Block risk being decided on a more limited and incomplete factual record, potentially leading to inconsistent determinations. This would be prejudicial to Movants.

In *Blum,* the Ninth Circuit addressed a situation where the same transactions were subject of litigation in two separate lawsuits brought by a plaintiff: one proceeding in federal court against investment advisor firm Merrill Lynch, the other in state court against accounting firm KPMG. 712 F.3d at 1352-53. The Ninth Circuit affirmed an order granting the motion to intervene brought by the state court defendant (KPMG) allowing modification of a protective order to allow KPMG access to the transcript of the plaintiff's deposition in the Merrill Lynch case. *Id.* at 1354. The Ninth Circuit found that the discovery materials were relevant as they related to the same transactions challenged in both cases and observed that, "'Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation.'" *Id.* at 1355 (quoting *Beckman,* 966 F.2d at 475). Because Movants' claims against H&R Block involved the same transactions at issue in this case against Meta, the discovery materials are plainly relevant.

    **b. The Request for Access to Discovery Materials Is Not Restricted to Judicial Cases to the Exclusion of Cases Proceeding in Arbitration.**

Both parties argue that Movants are not entitled to the discovery materials because their individual claims are proceeding in an arbitration forum, as opposed to in a court of law. This argument

is illogical and not supported by this Circuit's caselaw, which broadly provides for permissive intervention under Fed.R.Civ.P. 24(b) to obtain access to discovery materials for use in any collateral litigation, regardless of whether the other venue is a court, a private arbitration forum, or other venue. Here, the Parties' arguments ignore the applicable test for permissive intervention, which only requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). The particular type of venue where the collateral claims are adjudicated is not an element of the test. Neither Party cites any case establishing that the ability to seek permissive intervention to obtain access to discovery materials is less for litigants in arbitration proceedings.

In *Beckman*, the Ninth Circuit confirmed that state court litigants were entitled to intervene in federal court action to permit them access to discovery based on the presence of common issues of fact and law between the collateral proceedings. *Id.* The decision did not turn on whether the collateral litigation was pending in any particular type of forum. Rather, the determining factor was whether the issues presented were sufficiently common, creating an opportunity to realize efficiencies by allowing intervention to obtain the similar discovery materials. *Id.* at 474. The Court determined that whether the proposed intervenors had jurisdiction in the court where the intervention motion was filed was not necessary to establish when they were not seeking to intervene for purposes of becoming parties and participating in the merits of the litigation, but rather to only obtain access to discovery. *Id.*; *see also Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1132 (9th Cir. 2003) (drawing no distinction between different forums hosting collateral litigation); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 325 (D. Conn 2009) (allowing parties to similar litigation venued in Canada to intervene and modify protective order in purported class action so to have access to discovery materials).[1]

---

[1] Meta cites *Array Techs., Inc. v. Mitchell*, No. 1:17-CV-00087-DHU/LF, 2024 WL 4593409 (D.N.M. Sept. 20, 2024), and *HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334JLR, 2022 WL 4131589 (W.D. Wash. Sept. 9, 2022), in which courts denied motions to intervene by litigants in arbitration, but neither decision hinged on the fact that the collateral litigation was in an arbitration forum as opposed to a judicial forum.

Critically, in presenting their arguments, both Parties ignore the unique procedural posture of these proceedings, which make arguments for intervention *even stronger* and more necessary than in the cases cited. Here, the proposed intervenors are putative class members presenting similar claims against a co-conspirator to the named Defendant in the current case.[2] Plaintiffs' class certification motion itself argues that the claims are common and subject to resolution using the same evidence. Fairness dictates that Movants should at least be able to review the materials supporting those arguments when their own rights and claims are at issue. Further, the Parties motion papers, supporting declarations, and reports filed in this case present arguments that directly affect Movants' legal rights, yet Plaintiffs take the position that Movants are not entitled to even see what they have presented cloaked in redactions, despite Movants' agreement to comply with any confidentiality provisions. Any attempt to equate the equities here simply does not add up.

### c. More Restrictive Discovery Rules in Arbitration Do Not Support a Denial of the Motion.

The Parties' argument that the materials sought must be equally discoverable in the arbitration forum is also misplaced. While courts entertaining motions to intervene may consider issues of comity to prevent parties from improperly subverting discovery limitations or expired deadlines in collateral proceedings, this is not such a situation. *See, e.g., AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (denying motion to intervene and modify protective order in federal case where it "appear[ed] to be an attempt to circumvent the close of discovery in [movant's] State Court Action"). Movants have certain discovery rights in AAA,[3] but the process of requesting and serving separate subpoenas in all 20 arbitrations only to still have to come to this Court to seek modification of the protective order would

---

[2] Contrary to Plaintiff's argument, Movants did not "choose" or "elect" to proceed with their claims in arbitration. Rather, this Court previously granted H&R Block's motion to compel arbitration. *Hunt*, 729 F. Supp. at 971. The enforceability of H&R Block's arbitration clause, challenged by claimants who first attempted to arbitrate privacy claims in light of *Hunt* but then faced obstruction and barriers, is currently before the Ninth Circuit. *See Rios v. HRB Digital LLC*, No. 25-cv-03530-EMC, 2025 WL 3003768, at *13 (N.D. Cal. Oct. 27, 2025) (denying H&R Block's motion to compel arbitration); Notice of Appeal, *Rios v. HRB Digital, LLC*, No. 25-7199 (9th Cir. Nov. 14, 2025), Dkt. No. 1.

[3] *See, e.g.*, AAA Consumer Arbitration Rules (Effective September 1, 2014) R-34(d) ("An arbitrator or other person authorized by law to subpoena witnesses or documents may do so on the request of any party or on the arbitrator's own determination. If a party requests the arbitrator sign a subpoena, that party shall copy the request to the other parties in the arbitration at the same time it is provided to the arbitrator.").

unnecessarily waste party and judicial resources. This motion seeks to avoid duplicative and repetitive discovery proceedings and bolster judicial efficiencies, while recognizing the time constraints in the AAA proceedings. Whether the materials are ultimately admissible in Movants' final arbitration hearings is a different determination within the discretion of the individual arbitrators. *See Foltz*, 331 F.3d at 1133 (observing that "the collateral courts may freely control the discovery processes in the controversies before them without running up against the protective order of another court"). Movants simply seek access to the materials in the first instance so they can make informed decisions and present consistent arguments in arbitration.

### 3. Any Balancing of Prejudices Lies in Favor of Intervention.

Meta unpersuasively argues that it would be prejudiced by modification of the protective order based on its "reliance interests" when entering into the protective order In doing so, Meta ignores Movants' counsel's representations that: (1) they would sign onto the current protective order in order to maintain confidentiality of materials marked "confidential" or as "trade secrets"; (2) maintain confidentiality in any Movant's AAA proceedings pursuant to protective orders in place in the arbitrations; and (3) not seek production of or allow redactions of any other class member's personal tax information. *See* Ellersick Decl. ¶¶ 6-7, Ex. B. Courts have held that the proposed intervenors' agreement to comply with protective orders is sufficient to protect against any such claimed prejudice, while recognizing the needs of litigants in collateral proceedings to common discovery. *Blum*, 712 F.3d at 1355; *Beckman*, 966 F.2d at 475.

Further, Defendant ignores that Movants are not mere strangers to this case seeking to obtain discovery materials for completely unrelated litigation or for separate benefits. Rather, Movants are putative class members in *this case* with pressing time constraints in their collateral litigation presenting claims based on the same predicate facts. Given that Movants fall within the alleged class, and the current protective order anticipated motions by "Challenging Parties," it is difficult to see the merit of Meta's objection based on "reliance interests" when entering into the protective order. Def.'s Opp'n to Mot. To Intervene, 3:20, Dkt. No. 251; *see also*, Protective Order ¶ 2.1, Dkt. No. 73. In fact, many of the materials at issue were filed by the Parties in relation to the class certification motion with the intention of directly affecting each Movants' rights with respect to their claims against both Meta and

H&R Block. In such circumstances, Meta's objections claiming prejudice ring hollow. *See, Beckman*, 966 F.2d at 475-76 (rejecting claims of prejudice to "reliance interests").[4]

Any attempt to argue that the Court should make a distinction between members of a certified class and putative class members like Movants also misses the point. Movants have already come forward and filed claims against H&R Block in collateral litigation. Movants do not argue that "every putative class member is entitled to materials subject to a protective order." Def. Opp. at 4:19-20 (ECF 251). Rather, Movants argue that intervention to modify a protective order to gain access to discovery materials is appropriate where the materials are relevant to ongoing collateral litigation involving common facts and issues. Courts have held that this is proper. *See Hernandez v. County of Monterey*, No. 13-cv-02354-BLF, 2021 WL 2166211, at *3-4 (N.D. Cal. May 27, 2021).

Contrary to the Parties' arguments, any balancing of prejudices and equities clearly fall in favor of permitting Movants' intervention for purposes of securing access to the discovery materials. Absent intervention, Movants' claims against one alleged co-conspirator risk being decided on a different and incomplete record than claims against the other co-conspirator, leading to potentially inconsistent decisions. In contrast, the only burden to the Parties is to provide access to materials already produced and/or filed with the Court under seal. In comparison, this is quite minimal. Movants remain willing to work with counsel for both Parties to reasonably limit the scope and/or timing of production to avoid any claimed burdens, but while also recognizing Movants' scheduling concerns..

**4.     Plaintiffs' Reference to Costs is a Red Herring.**

As a final matter, Plaintiffs' counsel make passing reference to the contingent costs they have advanced in discovery. It is clear, however, that Plaintiffs have done so with the understanding that those costs will be recovered on a pro-rata basis from the members of the class at the conclusion of this action. *See* Fed.R.Civ.P. 23(g) and (h). In this regard, putative class counsel cannot voluntarily undertake to represent Movants' rights in the class action but then refuse them access to the very

---

[4] The protective order here is a blanket protective order because there was not a unique motion determining good cause for each document sought to be marked confidential in advance. *See Beckman*, 966 F.2d at 476.

materials used to affect those rights when there are active collateral proceedings.[5]  Any balancing of the equities lies in favor of Movants.

### III.   CONCLUSION

For all the above stated reasons, Movants respectfully request that their Motion to Intervene for the limited purpose of modifying the protective order and obtaining access to certain discovery materials and expert reports should be granted.

Dated: November 26, 2025                             Respectfully submitted,

**ZIMMERMAN REED LLP**

*/s/ Ryan Ellersick*
Ryan J. Ellersick (SBN 357560)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780
Fax (877) 500-8781
ryan.ellersick@zimmreed.com

*Attorney for Movants*

---

[5] Plaintiffs also object to the Motion to Intervene because it is "unclear whether third party H&R Block was notified about Movants' Motion." On November 11, 2025, Movants' counsel informed H&R Block that a motion to intervene was filed in this case. Ellersick Suppl. Decl. ¶ 4.