**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:   (303) 298-5783
Facsimile:   (303) 313-2800

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-07557-PCP (VKD) |
| This Document Relates To:<br><br>All Actions | **DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE CORRECTED EXPERT REBUTTAL REPORT OF GEORGIOS ZERVAS, PH.D.**<br><br>Hon. P. Casey Pitts |

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE
CORRECTED EXPERT REBUTTAL REPORT OF GEORGIOS ZERVAS, PH.D.
CASE NO. 5:22-CV-07557-PCP (VKD)

## I. INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") hereby applies for leave of this Court pursuant to Local Civil Rules 7-11 and 79-5 to seal parts of the Corrected Rebuttal Expert Report of Georgios Zervas, Ph.D. (the "Report").[1] This Court and other courts in this District have previously granted administrative motions to seal under Civil Local Rule 79-5 where a party has shown that a document (or portions thereof) is "privileged, protectable as a trade secret or otherwise entitled to protection under the law" and the request is "narrowly tailored to seal only the sealable material." *Singh v. Costco Wholesale Corp.*, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023); *see also, e.g., Jones v. PGA Tour, Inc.*, 2023 WL 2167400, at *2 (N.D. Cal. Feb. 21, 2023); *Arebalo v. Apple, Inc.*, 2022 WL 580865, at *2 (N.D. Cal. Feb. 25, 2022). Meta asks the Court to seal select parts of the Report that reveal specific, non-public information about Meta's highly confidential Source Code.

Meta's request is "narrowly tailored" because it seeks to seal only material that reflects Meta's internal, proprietary, commercially sensitive, and confidential information. The Report describes specific confidential information about Meta's highly confidential Source Code. Decl. of Lauren R. Goldman in Supp. of Def. Meta Platforms, Inc.'s Administrative Mot. to Seal ("Goldman Decl.") ¶ 2. Public disclosure of this confidential information would place Meta at a competitive disadvantage in the marketplace. *Id*. ¶¶ 3, 6, 8-9. Furthermore, the disclosure of the information Meta seeks to seal could allow bad actors to compromise Meta's systems and gain access to the data Meta receives and stores, including data related to users. Meta's interest in sealing proprietary, competitively sensitive information or information that bad actors could use to undermine the integrity of Meta's systems and gain improper access to user data overrides any public interest in the specific details Meta seeks to seal. Accordingly, there is "compelling reason" to seal narrow parts of the Report.

---

[1] Meta previously moved to seal the Rebuttal Expert Report of Georgios Zervas, Ph.D. when it submitted its Administrative Motion to Seal Parts of the Opposition to Plaintiffs' Motion for Class Certification. Dkt. 237. The Corrected Rebuttal Expert Report of Georgios Zervas, Ph.D. corrected a few citation errors and a broken link to a figure and has no new or different material that Meta is seeking to seal, so this motion seeks to seal the same material as Meta previously sought to seal.

## II.     LEGAL STANDARD

The Court has "broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *1 (N.D. Cal. Sept. 5, 2018) (citing Fed. R. Civ. P. 26(c)(1)(G)). What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," and sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp.*, *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

For a motion to seal documents in connection with a dispositive motion, a movant must meet the "compelling reason" standard. *Ctr. for Auto Safety* , 809 F.3d. at 1102 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Under this standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Relevant factors in deciding whether a party's interest in sealing overcomes the public's interest in disclosure include: (1) the amount of material sought to be sealed (*see Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets" (*Id.*)."

## III.     ARGUMENT

The Court should seal select confidential information in the Report. The "compelling reason" test applies here, because the Report relates to a motion for class certification that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety,* 809 F.3d. at 1097; *see also English v. Apple Inc.*, No. 14-CV-01619-WHO, 2015 WL 13427750, at *2 (N.D. Cal. Aug. 6, 2015). And a compelling reason to seal narrow portions of the Report exists for several reasons.

*First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Report that reveal proprietary, commercially

sensitive, and confidential information about Meta's highly confidential Source Code.

*Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Meta is likely to suffer harm if highly confidential information regarding the subject matter listed above is made public. Goldman Decl. ¶ 8.

*Third*, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015). The "compelling reason" standard is clearly met here because the disclosure of specific information about Meta's highly confidential Source Code is competitively sensitive and/or could empower bad actors to exploit Meta's systems and misuse data stored by Meta, including data related to users. Goldman Decl. ¶¶ 8–9.

Courts routinely protect the type of information that Meta seeks to seal here. For example, in *Bottoms v. Block, Inc.*, the court found that compelling interests warranted sealing of specific fields in Block's database. *See* No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block database used to store information related to the Cash App Invite Friends program, and the confidential names and descriptions of certain fields of data stored in the database"). *See also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection from disclosure); *Calhoun v. Google LLC*, No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references to "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"). Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed.

In conclusion, Meta's request is narrowly tailored to seal only the most sensitive, non-public information contained within the Report that reveal proprietary details about Meta's highly confidential Source Code. Disclosure of this information would place Meta at a competitive disadvantage and is unnecessary to the public's understanding of this case. Given these circumstances, Meta respectfully requests that the Court grant Meta's motion to seal parts of the Report. Meta's positions regarding the confidential portions of the Report are set forth in the table attached as Appendix A.

Dated: December 10, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ *Lauren R. Goldman*
  Lauren R. Goldman

LAUREN R. GOLDMAN (admitted *pro hac vice*)
DARCY C. HARRIS (admitted *pro hac vice*)
lgoldman@gibsondunn.com
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:     (303) 298-5783
Facsimile:      (303) 313-2800
*Attorneys for Meta Platforms, Inc.*

**APPENDIX A**

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Corrected Rebuttal Expert Report of Georgios Zervas, Ph.D. | Parts of page I, heading IV(A)(1); page 4, footnote 6; page 7, paragraph 12(a)(i); page 27, footnotes 90-93; page 28, figure 4, paragraph 36, footnotes 93-95; page 29, paragraphs 36-37, footnotes 96-98; page 30, paragraphs 37-39, footnotes 99-101; page 31, paragraph 39, footnotes 102-104; page 32 footnotes 105-107; page 33, footnotes 107-108; page 34, paragraph 42, figures 5-6, footnote 110; page 38, footnote 118; page 39, paragraphs 46-47, footnotes 122, 126-127, 129; page 40, paragraphs 47, heading A(1), paragraph 48; page 41, paragraphs 51-51, footnote 135;  page 42, paragraphs 53-54; page 43, paragraph 57, footnote 140; page 44, paragraphs 57, 141; page 48, paragraph 63, footnote 158; page 50, paragraph 67;  page 51, paragraphs 67-68, footnotes 167-169; page 53, footnote 176; page 55, paragraph 78, footnotes 186-187; page 56, paragraphs 78-79; page 57, paragraph 80, footnote 197; page 72, footnote 237; page 84, paragraph 266; page 85, figure 28; page 87, paragraph 112, footnote 273; page 95, footnote 297; page 97, paragraph 123, footnotes 300-304; page 98, paragraph 123. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables), integrity systems (including how the systems work and how they were developed and detailed information about Meta's finance-related filter), and highly confidential Source Code.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |