UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE META PIXEL TAX FILING CASES

Case No. 22-cv-07557-PCP

**ORDER DENYING MOTION TO INTERVENE**

Re: Dkt. No. 245

In this consolidated putative class action against Meta Platforms, Inc., plaintiffs assert several claims arising from Meta's alleged collection of their personal financial data through tracking tools installed on tax preparation websites including H&R Block, TaxAct, and TaxSlayer. Movants Julio Armstrong, Chesley Bonnes, Samantha Brewster, Patricia Carlson, Cessley Cole, Leslie Dent, Lonnie Dunaway, Joanna Gasperson, Flor Gomez, Beth Howard, Jason Karras, Justin Leo, Joseph Lipuma, Alysha Ottrix, Krystal Smith, Denise Sturgeon, Angela Wardell, Rosa Wardlow, Rachel Wegleitner and Kristen Wilder assert that they are members of the putative class who are currently arbitrating related claims against H&R Block. Movants seek to intervene in this action pursuant to Federal Rule of Civil Procedure 24(b) for the purpose of accessing certain protected discovery materials and expert witness reports, which movants state are necessary "to adequately prosecute their individual claims … against H&R Block."[1] For the reasons that follow, the Court denies the motion to intervene.

---

[1] Plaintiffs also argue in a footnote that, "[i]n the alternative, intervention under [Federal Rule of Civil Procedure] 24(a) may also be appropriate." The Court need not address this argument. *See Est. of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014) ("Arguments raised only in footnotes ... are generally deemed waived.").

Third parties may sometimes use permissive intervention under Rule 24(b) to seek access to protected case materials for use in collateral litigation. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131–32 (9th Cir. 2003); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473–74 (9th Cir. 1992). But the Ninth Circuit has explained that doing so is appropriate only where it "advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz*, 331 F.3d at 1131 (citations omitted). Accordingly, "the collateral litigant" seeking to intervene for this purpose "must demonstrate the relevance of the protected discovery to the collateral proceedings *and its general discoverability therein.*" *Id.* at 1132 (emphasis added). Before granting a collateral litigant's motion to intervene, a district court must "satisfy itself … that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Id.* In other words, if intervention and subsequent modification of the protective order would not "place [the collateral] litigants in a position they would otherwise reach … after repetition of [a party's] discovery," intervention is not proper. *Id.* (quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990)). Denying intervention in such circumstances "prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding." *Id.* at 1132 (citing *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1300 (7th Cir. 1980)).

Here, movants have not established that the protected discovery materials they seek would be discoverable in their collateral arbitration proceedings. Indeed, their motion expressly concedes that "the materials are otherwise unavailable due to [the] potentially more restrictive discovery and third-party subpoena rules" that apply in their private arbitrations before the American Arbitration Association.[2] There is thus no risk that the discovery in movants' arbitration proceedings will be entirely duplicative of the discovery conducted in this matter. And denying movants' request to intervene is proper to "'prevent the subversion of any limitations on discovery' in the arbitration." *HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334JLR, 2022 WL 4131589, at *2 (W.D.

---

[2] Movants attempt to walk back this statement in their reply, arguing that they will "have certain discovery rights in" their arbitration proceedings. That general assertion does not rebut their earlier concession that the specific materials they seek in this litigation may not be discoverable in their arbitrations.

2

Wash. Sept. 9, 2022) (quoting *Foltz*, 331 F.3d at 1133).

Movants' arguments to the contrary are unavailing. First, they argue that they are entitled to access the protected discovery materials because they are members of the putative class. But putative class members are not parties to the litigation, *Miller v. Nature's Path Foods, Inc.*, No. 23-CV-05711-JST, 2024 WL 4177940, at *4 (N.D. Cal. Sept. 11, 2024), and the Supreme Court has affirmed that a putative class members' motion for "intervention under [Rule] 24(b) may be denied in the discretion of the District Court," *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 351 n.4 (1983). Next, movants argue that the nature of the forum in which collateral litigation proceeds does not bear on whether collateral litigants may intervene. But the issue here is not the nature of the forum; it is the sought-after material's "discoverability therein." *Foltz*, 331 F.3d at 1132. Had movants established that the protected documents to which they seek access would be discoverable in their arbitration proceedings, the Court's conclusion might differ. But they are not entitled to use intervention in this action to make an end-run around the conceded limits on discovery in their arbitration proceedings.

For the foregoing reasons, movant's motion to intervene is DENIED.

**IT IS SO ORDERED.**

Dated: December 15, 2025

P. Casey Pitts
United States District Judge