**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
lfeldman@4-justice.com
mliskow@4-justice.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., Ninth Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
ndeckant@bursor.com

*Attorneys for Plaintiffs*
*Additional Attorneys on Signature Page*

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This document relates to:<br><br>All Actions | Case No.:  5:22-cv-07557-PCP (VKD)<br><br>**DECLARATION OF KATE M. BAXTER-KAUF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT META PLATFORM INC.'S MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF ROBERT ZEIDMAN**<br><br>Date: January 15, 2026<br>Time: 10:00 a.m.<br>Court: Courtroom 8, 4th Floor<br>Honorable P. Casey Pitts |

I, Kate, Baxter-Kauf, declare as follows:

1.      I am an attorney licensed to practice in the State of Minnesota, in good standing as an active member of the Bar in the State of Minnesota, and appearing in this Court *pro hac vice*. I am a partner at the law firm Lockridge Grindal Nauen PLLP counsel of record for Plaintiffs in this case. I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.      I submit this declaration in support of Plaintiff's Opposition to Defendant Meta Platforms, Inc.'s Motion to Exclude the Expert Report and Testimony of Robert Zeidman.

3.      Each document is being filed under seal pursuant to the operative protective order in this case either because Meta designated cited portions as confidential or the document describes information that Meta designated as confidential.

4.      Attached hereto as **Exhibit A** is a true and correct copy of excerpts of the deposition transcript of Robert Zeidman, who was deposed in this matter on October 3, 2025.

5.      Attached hereto as **Exhibit B** is a true and correct copy of excerpts of the deposition transcript of Georgios Zervas, Ph.D., who was deposed in this matter on December 2, 2025.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 15, 2025, at Minneapolis, Minnesota.

By: */s/  Kate Baxter-Kauf*
Kate Baxter-Kauf

# EXHIBIT A

# REDACTED

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1                   UNITED STATES DISTRICT COURT

2                 NORTHERN DISTRICT OF CALIFORNIA

3                    SAN JOSE DIVISION B

4

5                                        )
                                         )
6       IN RE META PIXEL TAX FILING      )
        CASES                            )
7                                        )
                                         )
8       Case No. 5:22-cv-07557-PCP       )
        (VKD), All Actions               )

9

10

11       ***HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER**

12

13

14

15          VIDEOTAPED DEPOSITION OF ROBERT ZEIDMAN

16                   Las Vegas, Nevada

17                Friday, October 3, 2025

18                      9:36 a.m.

19

20

21

22      Reported by:  Jill E. Shepherd, RPR,
        NV CCR 948
23      CA CSR 13275
        MA CSR 1408608
24      UT CSR 10410191-7801
25      Job No. 7625547; Firm No. 053F
26

                                            Page 1

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1              VIDEOTAPED DEPOSITION OF ROBERT ZEIDMAN, a

2       witness called on behalf of the Defendants, before

3       Jill E. Shepherd, RPR, NV-CCR #948, CA-CSR #13275,

4       at the offices of McDonald & Carano, 2300 West

5       Sahara Avenue, Las Vegas, Nevada, on Friday,

6       October 3, 2025, 9:36 a.m.

7

8

9       APPEARANCES:

10

11      For the Plaintiffs:

12          GEORGE FELDMAN MCDONALD, PLLC
            By:  Michael Liskow, Esq.

13          745 Fifth Avenue, Suite 500
            New York, New York 10151

14          718.878.6433
            mliskow@4-Justice.com

15

16

17      For the Defendants:

18          LATHAM & WATKINS
            By:  Jessica Stebbins Bina, Esq.

19          10250 Constellation Boulevard, Suite 1100
            Los Angeles, California  90067

20          424.391.0600
            jessica.stebbinsbina@lw.com

21

22      -- and --

23

24

25

26

                                            Page  2

1      APPEARANCES CONTINUED:

2

           LATHAM & WATKINS, LLP
3          By:  Lauren Robertson, Esq.
           1271 Avenue of the Americas
4          212.906.4865
           lauren.robertson@lw.com

5

6

7

8

9

       ALSO PRESENT:

10

       Tiffany Tandingan, Videographer
11     Maksym Khomenko, expert witness (via Zoom)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                          Page  3

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

```
 1                        I N D E X
 2      WITNESS                                    PAGE
 3    ROBERT ZEIDMAN
 4    Examination by Ms. Stebbins Bina                8
 5    Examination by Mr. Liskow                     193
 6
 7
 8
 9
10                     E X H I B I T S
11
12    NO.              DESCRIPTION                  PAGE
13    Exhibit 1    Curriculum Vitae                  11
14    Exhibit 2    Retainer Agreement,               25
                   PLAINTIFFS00000004 -
15                 PLAINTIFFS00000007
16    Exhibit 3    E-mail with July Invoice          29
                   Attached, PLAINTIFFS00000016 -
17                 PLAINTIFFS00000017
18    Exhibit 4    Filed Under Seal - Expert         31
                   Report of Robert Zeidman
19                 (Confidential)
20    Exhibit 5    Exhibit A - Materials Relied      32
                   Upon
21
      Exhibit 6    Exhibit C - Relevant Legal        58
22                 Statutes
23    Exhibit 7    Exhibit S - About standard and    79
                   custom website events
24
      Exhibit 8    Exhibit R - About automatic       79
25                 events
26
```

Page 4

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

```
 1        Exhibit 9       Exhibit G -  Meta Pixel          80
 2        Exhibit 10      Exhibit K - Defendant eta        83
                          Platforms, Inc.'s First
 3                        Supplemental Responses and
                          Objections to Plaintiffs'
 4                        First Set of Interrogatories
 5        Exhibit 11      Wayback Machine Archive          85
                          Document April 2022
 6
          Exhibit 12      Exhibit L - Meta Pixel Helper    93
 7
          Exhibit 13      Exhibit E - How the Meta Pixel   93
 8                        Works
 9        Exhibit 14      Exhibit J - Declaration of       94
                          Tobias Wooldridge in Support
10                        of Defendant Meta Platforms,
                          Inc.'s Opposition to
11                        Plaintiffs' Motion for
                          Preliminary Injunction
12
          Exhibit 15      Exhibit M - Defendant Meta       94
13                        Platforms, Inc.'s Amended
                          Responses and Objections to
14                        Plaintiffs' First Set of
                          Requests for Admission
15
          Exhibit 16      Exhibit N - Defendant Meta       94
16                        Platforms, Inc.'s Responses
                          and Objections to Plaintiff's
17                        First Set of Requests for
                          Admission
18
          Exhibit 17      Exhibit O -                      94
19                        Offsite_signals_inc_archive_
                          2022-7-26_1.csv,PIXEL_TAX
20                        000036169, Excerpted, rows
                          2540 - 6700, (Highly
21                        Confidential - AEO)
22        Exhibit 18      10-3-2025 H&R Block Website      104
                          Printout - The government may
23                        be on pause, but the October
                          15 tax deadline isn't
24
25
26
```

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1    Exhibit 19    Exhibit F –                         153
                   PIXEL-TAX000003585, Excerpted:
2                  Tab Jane Doe, Ros 1, 121-124
                   (Highly Confidential - AEO)
3

     Exhibit 20    Excerpt from the Videotaped         156
4                  Deposition of Jori M. Lindley
                   dated June 24, 2025
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | 37, you describe different kinds of events and | 10:52:14 |
| 2 | material.  When you say "various kinds of data" in | 10:52:24 |
| 3 | your conclusion, are you referring to what's | 10:52:26 |
| 4 | described in paragraphs 36 and 37? | 10:52:29 |
| 5 | A.   Yes. | 10:52:32 |
| 6 | Q.   Let's go back to paragraph 57.  I want to | 10:52:33 |
| 7 | look at 57.2.  Actually, before I get to 52, what do | 10:52:39 |
| 8 | you mean by "largely uniform"? | 10:52:44 |
| 9 | A.   Largely -- by largely uniform, I mean that | 10:52:46 |
| 10 | with respect to the data -- some data is sent from | 10:52:54 |
| 11 | every website that contains a Meta Pixel, and some | 10:52:59 |
| 12 | data is determined by the specific tag that the tax | 10:53:03 |
| 13 | preparer included on their website.  But if it's the | 10:53:11 |
| 14 | automatic data, it's all the same for each tax | 10:53:16 |
| 15 | preparers' website.  If it's some of the custom data | 10:53:20 |
| 16 | or that's determined by developer of the tax | 10:53:25 |
| 17 | preparer website, it's limited to data and data that | 10:53:29 |
| 18 | Facebook describes how to send.  So in other words, | 10:53:39 |
| 19 | although it may be -- the tax preparer may choose | 10:53:44 |
| 20 | which data to send, Meta describes which data can be | 10:53:48 |
| 21 | sent.  So it's -- there's nothing that's allowed | 10:53:51 |
| 22 | differently from each website.  And that's what I | 10:53:56 |
| 23 | mean by done in a uniform manner. | 10:53:59 |
| 24 | Q.   I just want to break that down a little | 10:54:01 |
| 25 | bit. | 10:54:03 |
| 26 | | |

Page 54

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | When you say the tax preparer may choose | 10:54:03 |
| 2 | which data to send, but Meta describes the data that | 10:54:07 |
| 3 | can be sent, does that mean, in your understanding, | 10:54:11 |
| 4 | that there's a list of kinds of data that can be | 10:54:15 |
| 5 | sent and everything falls into those categories? | 10:54:21 |
| 6 | A.   Well, if we look at the earlier paragraph | 10:54:25 |
| 7 | you pointed me to, which was -- | 10:54:28 |
| 8 | Q.   37, I believe? | 10:54:34 |
| 9 | A.   Actually, I'm thinking of 36. | 10:54:39 |
| 10 | Q.   Okay. | 10:54:42 |
| 11 | A.   There are three kinds of events, which | 10:54:43 |
| 12 | represent three kinds of data that Meta specifies | 10:54:45 |
| 13 | can be sent to Meta through a Meta Pixel.  And by | 10:54:51 |
| 14 | uniform, I mean that although each website may have | 10:54:58 |
| 15 | some different data, they do it in a manner that's | 10:55:02 |
| 16 | described by Meta.  So standard events are a list of | 10:55:05 |
| 17 | events that the user can choose to send to Meta. | 10:55:11 |
| 18 | That means that specific data that the -- sorry, | 10:55:16 |
| 19 | that the tax preparer site could choose to send to | 10:55:21 |
| 20 | Meta. | 10:55:24 |
| 21 | The custom events are other data that Meta | 10:55:25 |
| 22 | explains how to send, but is up to the tax preparer | 10:55:31 |
| 23 | itself or the developers of the tax preparer site to | 10:55:35 |
| 24 | send.  And then automatic events are sent regardless | 10:55:39 |
| 25 | of what the developer does.  So those or defined | 10:55:42 |
| 26 | | |

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | specifically by Meta.  And again, by events, that | 10:55:45 |
| 2 | really means the kind of data that's sent. | 10:55:49 |
| 3 | Q.   And so in your definition, custom events | 10:55:54 |
| 4 | are still uniform even though they are defined by | 10:55:59 |
| 5 | the client's -- or by the operator, the tax preparer | 10:56:03 |
| 6 | website, because there is a description from Meta on | 10:56:10 |
| 7 | how to set up a custom event? | 10:56:15 |
| 8 | A.   Correct. | 10:56:17 |
| 9 | Q.   Let's go back to paragraph 57. | 10:56:18 |
| 10 | Let's look at 57.2. | 10:56:21 |
| 11 | You looked at samples of visitor data from | 10:56:26 |
| 12 | the tax preparer's website that Meta produced to | 10:56:29 |
| 13 | plaintiffs from its repository of Hive data. | 10:56:33 |
| 14 | And when you say "samples," are those | 10:56:38 |
| 15 | specific samples listed on your Exhibit A? | 10:56:43 |
| 16 | A.   Yes. | 10:56:51 |
| 17 | Q.   And what are they listed as? | 10:56:52 |
| 18 | A.   That's number 1, the data produced by Meta | 10:56:54 |
| 19 | to plaintiff's, including event data sample and | 10:56:58 |
| 20 | representative data. | 10:57:02 |
| 21 | Q.   And your next sentence is:  "I determined | 10:57:07 |
| 22 | that the data included 'pen register' data -- and | 10:57:10 |
| 23 | pen register is quotes -- that was transmitted from | 10:57:14 |
| 24 | each visit to the tax preparer's website to Meta as | 10:57:17 |
| 25 | well as other data reflecting visitors' tax | 10:57:22 |
| 26 | | |

Page 56

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | Q.   Sure.  It's near the bottom of 57, | 11:16:54 |
| 2 | paragraph 2. | 11:16:56 |
| 3 | A.   Oh.  Two.  Okay. | 11:16:56 |
| 4 | Q.   Yes.  This is the paragraph we were just | 11:16:58 |
| 5 | looking at about pen register.  You say, | 11:16:59 |
| 6 | "transcended pen register data as well as" -- and | 11:17:05 |
| 7 | it's about halfway through the paragraph -- "other | 11:17:06 |
| 8 | data reflecting visitors' tax information and other | 11:17:09 |
| 9 | financial concerns." | 11:17:11 |
| 10 | A.   And your question is what other financial | 11:17:13 |
| 11 | concerns? | 11:17:18 |
| 12 | Q.   What data -- what's in this category, | 11:17:18 |
| 13 | "reflecting visitors' tax information and other | 11:17:21 |
| 14 | financial concerns."  I can break it up if you want. | 11:17:27 |
| 15 | What is visitors' tax information? | 11:17:29 |
| 16 | A.   So I have examples in paragraph 46. | 11:17:32 |
| 17 | Q.   Okay.  Go ahead. | 11:17:47 |
| 18 | A.   This is information that Meta confirmed was | 11:17:57 |
| 19 | being sent through the Meta Pixel, and there's a | 11:18:00 |
| 20 | list of information there including e-mails, | 11:18:05 |
| 21 | ██████████████████████████████████  ████ | 11:18:12 |
| 22 | ████████████████████ | 11:18:16 |
| 23 | Q.   Okay.  So which items in paragraph 46 | 11:18:20 |
| 24 | constitute tax information? | 11:18:23 |
| 25 | A.   I'm not certain which each individual | 11:18:24 |
| 26 | | |

Page 67

| | | |
|---|---|---|
| 1 | data -- piece of data represents, but my | 11:18:32 |
| 2 | understanding -- and I'm not an accountant, but my | 11:18:37 |
| 3 | ███████████████████████████████████████ | 11:18:42 |
| 4 | ████████████████████████████████████ | 11:18:51 |
| 5 | ██████████████████████ | 11:18:55 |
| 6 | ████████████ ███████ | 11:19:00 |
| 7 | ██████ ████ | 11:19:02 |
| 8 | ██████ ██████████ | 11:19:04 |
| 9 | █████████████████ ██████ █████ | 11:19:11 |
| 10 | those, I believe are -- in my understanding, are | 11:19:20 |
| 11 | tax-related information.  There's also in paragraph | 11:19:25 |
| 12 | 47 I list other information that Meta admitted was | 11:19:35 |
| 13 | ██████████████████████ | 11:19:40 |
| 14 | █████████████████ ███████ | 11:19:47 |
| 15 | █████████████████████ ██ | 11:19:53 |
| 16 | █████████. | 11:19:58 |
| 17 | Q.   Okay. | 11:20:02 |
| 18 | So did you do any independent work to | 11:20:03 |
| 19 | determine what each of these categories means? | 11:20:07 |
| 20 | A.   Well, I can -- I believe that Meta | 11:20:14 |
| 21 | confirmed, and I have that in Exhibit M in the | 11:20:18 |
| 22 | responses and Exhibit N in responses, and also in | 11:20:22 |
| 23 | paragraph 49 there is an event data sample that Meta | 11:20:27 |
| 24 | ████████████████████████████ | 11:20:34 |
| 25 | ████████████████████████████ | 11:20:37 |
| 26 | | |



Page 68

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | the case? | 11:23:38 |
| 2 | A.   I found this data in the Hive data that I | 11:23:38 |
| 3 | was provided. | 11:23:45 |
| 4 | Q.   But did you do anything to quantify it? | 11:23:45 |
| 5 | MR. LISKOW:  Objection.  Vague. | 11:23:48 |
| 6 | THE WITNESS:  With regard to how often? | 11:23:49 |
| 7 | Not that I recall, but I can do that.  I do have | 11:23:52 |
| 8 | some quantification about the number of visits. | 11:23:57 |
| 9 | BY MS. STEBBINS BINA: | 11:23:57 |
| 10 | Q.   Well I'd like to go back to paragraph 57.2. | 11:24:00 |
| 11 | You state there that there was, quote:  "An enormous | 11:24:04 |
| 12 | amount of tax information and other data | 11:24:09 |
| 13 | transmitted." | 11:24:12 |
| 14 | Is that correct? | 11:24:14 |
| 15 | A.   Yes. | 11:24:15 |
| 16 | Q.   What is your basis for determining that it | 11:24:18 |
| 17 | was an enormous amount of tax information and other | 11:24:22 |
| 18 | data? | 11:24:25 |
| 19 | A.   Well, enormous is, of course, a | 11:24:26 |
| 20 | non-technical term, it's not a quantifiable or | 11:24:29 |
| 21 | quantity; however, the -- the spreadsheets that I | 11:24:34 |
| 22 | received as a sample of data from Meta was, when put | 11:24:42 |
| 23 | into a database, created a database that was as I | 11:24:49 |
| 24 | recall, ███████████████ over a limited period | 11:24:52 |
| 25 | of time.  And it was so much that I had to get a -- | 11:24:55 |
| 26 | | |

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | one of the top end solid state drives.  And as a | 11:25:03 |
| 2 | spreadsheet, it was virtually unusable because the | 11:25:13 |
| 3 | spreadsheet program Excel could not open it -- any | 11:25:16 |
| 4 | one of these, and there were, I believe, ███████ | 11:25:21 |
| 5 | So Excel had difficulty opening one of them, and | 11:25:26 |
| 6 | putting it into a database took a while to search. | 11:25:30 |
| 7 | So I think although ████████████████████ | 11:25:34 |
| 8 | term, it just meant that there was a very large | 11:25:38 |
| 9 | amount of data by any standard that I'm used to. | 11:25:43 |
| 10 | Q.   Is it your testimony that every event in | 11:25:46 |
| 11 | that database included fields similar to those | 11:25:50 |
| 12 | described in paragraphs 46, 47, and 49 of your | 11:25:55 |
| 13 | report? | 11:26:00 |
| 14 | A.   Not every one, but when I wrote a script to | 11:26:00 |
| 15 | find the data, there was a very large amount of it. | 11:26:11 |
| 16 | I don't recall the exact number. | 11:26:14 |
| 17 | Q.   Do you have any sense of whether it was | 11:26:16 |
| 18 | more or less than half of the entries? | 11:26:18 |
| 19 | A.   I don't recall. | 11:26:20 |
| 20 | Q.   More or less than 10 percent of the | 11:26:22 |
| 21 | entries? | 11:26:26 |
| 22 | MR. LISKOW:  Objection.  Asked and | 11:26:26 |
| 23 | answered. | 11:26:27 |
| 24 | THE WITNESS:  I don't recall.  One issue | 11:26:27 |
| 25 | that I run into as with any database program that | 11:26:30 |
| 26 | | |

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

```
 1   ███████████████████████████████████████     11:30:45

 2   ████████                                     11:30:49

 3       A.   I think ███████████████████████     11:30:49

 4   ███████████████████████████████████████     11:30:54

 5   I talk about in Section D of my report, starting    11:30:59

 6   with paragraph 51, how I proposed doing that.       11:31:02

 7       Q.   So the last sentence of 57.2, is supported 11:31:08

 8   by Section D of your report?                 11:31:13

 9       A.   Yes.                                11:31:15

10       Q.   We'll come back to that then.       11:31:16

11       A.   Sure, let me just clarify that.  It's   11:31:20

12   specifically Section 5(D).                   11:31:22

13       Q.   Did you do anything to determine that the  11:31:26

14   transmission -- that the materials that the tax     11:31:33

15   preparers chose to send to Meta via the Meta Pixel, 11:31:39

16   was uniform over the proposed class periods?        11:31:43

17       A.   Well, I looked at the documentation that   11:31:46

18   Meta provided about how to do it, so in the sense   11:31:54

19   that Meta provided rules that at least is one        11:31:58

20   understanding of uniformity, but I also did search  11:32:05

21   through these enormous -- let's say through the      11:32:09

22   enormous database and pulled up some of these        11:32:15

23   spreadsheets to look at them directly in Excel,      11:32:20

24   which took a really long time, actually, sometimes   11:32:24

25   in Notepad++ -- that's a product, Notepad++, to      11:32:29

26
```

Page 76

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | visually confirm it.  I don't recall if I did, for | 11:32:39 |
| 2 | example, run a script to examine any of the data or | 11:32:43 |
| 3 | its -- how often any particular item of data was | 11:32:47 |
| 4 | transmitted. | 11:32:51 |
| 5 | Q.    What time period did the event data sample | 11:32:52 |
| 6 | and representative data cover? | 11:32:56 |
| 7 | A.    So my understanding of the event data | 11:32:58 |
| 8 | sample was data from the ███████████████ | 11:33:22 |
| 9 | ███████████ between April 2022, and April 2023. | 11:33:31 |
| 10 | Q.    The proposed classes in this period cover a | 11:33:38 |
| 11 | somewhat broader time period than that, correct? | 11:33:44 |
| 12 | A.    Yes. | 11:33:47 |
| 13 | Q.    Did you look at any documentation from the | 11:33:47 |
| 14 | earlier periods or later periods to determine | 11:33:54 |
| 15 | whether or not the pixel functioned in the same way | 11:33:58 |
| 16 | at those earlier or later times? | 11:34:00 |
| 17 | A.    So if I understand your question, you are | 11:34:03 |
| 18 | asking me if the Meta Pixel functioned in the same | 11:34:07 |
| 19 | way between those times? | 11:34:12 |
| 20 | Q.    Or your testimony is that the Meta Pixel | 11:34:13 |
| 21 | collected and transmitted various types of data to | 11:34:17 |
| 22 | Meta during the relevant class periods and doing so | 11:34:20 |
| 23 | in a largely uniform manner on each website during | 11:34:23 |
| 24 | the relevant class periods. | 11:34:26 |
| 25 | And so I'm asking:  What did you do to | 11:34:28 |
| 26 | | |

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1    Q.    So if there is a way to turn off automatic    11:50:31

2    configuration in the current Meta pixel, would that    11:50:34

3    affect your opinion that the data was absolutely    11:50:39

4    transmitted in a uniform manner across the proposed    11:50:41

5    class periods?    11:50:45

6         MR. LISKOW:  Objection.  Vague.    11:50:45

7         THE WITNESS:  I still think it's uniform in    11:50:47

8    that each visitor to each tax preparer's website    11:50:50

9    sent the same type of information contingent on    11:50:57

10   their actions at the website and that it was    11:51:01

11   controlled by what Meta allowed.    11:51:03

12   BY MS. STEBBINS BINA:    11:51:03

13   Q.    But isn't the issue in this case about    11:51:10

14   whether or not personal or confidential tax    11:51:13

15   information was transmitted?    11:51:16

16        MR. LISKOW:  Objection.  Calls for a legal    11:51:18

17   conclusion.    11:51:19

18   BY MS. STEBBINS BINA:    11:51:19

19   Q.    I'm just asking for your understanding of    11:51:21

20   the case?    11:51:23

21        MR. LISKOW:  Objection.  Call for a legal    11:51:23

22   conclusion.    11:51:25

23   BY MS. STEBBINS BINA:    11:51:25

24   Q.    You can still answer.    11:51:25

25   A.    That's my understanding and whether some of    11:51:27

26

Page 88

| | | |
|---|---|---|
| 1 | Q.    And you are not providing any opinions with | 11:55:52 |
| 2 | respect to TaxSlayer, correct? | 11:55:54 |
| 3 | A.    That's correct. | 11:55:56 |
| 4 | Q.    This document itself does not state that | 11:55:57 |
| 5 | the pixel operated in uniform manner over those | 11:56:02 |
| 6 | periods, correct? | 11:56:05 |
| 7 | A.    It does not specifically state that, no. | 11:56:06 |
| 8 | Q.    And then we looked also at Exhibits 7, 8, | 11:56:18 |
| 9 | and 9, all of which were printed in August 2025, | 11:56:25 |
| 10 | correct? | 11:56:32 |
| 11 | A.    That's correct. | 11:56:32 |
| 12 | Q.    And, at least, as we sit here today, none | 11:56:33 |
| 13 | of these three printed documents demonstrate that it | 11:56:36 |
| 14 | could be operated in a uniform manner over the | 11:56:40 |
| 15 | proposed class periods, right? | 11:56:43 |
| 16 | A.    It's my understanding that that is the | 11:56:45 |
| 17 | case, but these documents do not specifically state | 11:56:48 |
| 18 | that. | 11:56:50 |
| 19 | Q.    Is there anything else in your materials | 11:56:51 |
| 20 | relied upon that you believe does state that? | 11:56:54 |
| 21 | A.    Well, again, I believe it is the data, at | 11:57:30 |
| 22 | least, the data produced by Meta.  The event data | 11:57:33 |
| 23 | sample and the representative data, my analysis | 11:57:37 |
| 24 | shows that it's uniform again in that this data was | 11:57:41 |
| 25 | transmitted during the period and that it was | 11:57:45 |
| 26 | | |

Page 92

```
 1    controlled by Meta in the rules that Meta set.          11:57:49
 2        Q.    In 2022 and 2023?                             11:57:53
 3        A.    Yes.   That's correct.                        11:57:55
 4        Q.    Even though during that time period, there    11:57:58
 5    were ███████████████████████████████████?              11:58:00
 6        A.    I can't confirm that.   I would need to go    11:58:05
 7    and confirm that.                                       11:58:07
 8        Q.    Anything else on Exhibit A that you are       11:58:08
 9    relying on for your opinion that the Meta Pixel         11:58:11
10    operated in a uniform manner over the proposed class    11:58:15
11    periods?  And I'm looking specifically with respect     11:58:19
12    to time here.                                           11:58:21
13        A.    I don't think we've looked at Exhibit L and   11:58:23
14    I would need to refresh my memory about what's in       11:58:30
15    that.                                                   11:58:32
16        Q.    Sure.                                         11:58:33
17            MS. STEBBINS BINA:   Let's mark that as         11:58:34
18    Exhibit 12.                                             11:58:36
19                  (Exhibit 12 marked.)                      11:58:38
20            THE WITNESS:   And I'm not sure we looked at    11:58:38
21    Exhibit E.                                              11:59:04
22            MS. STEBBINS BINA:   You can grab that one      11:59:09
23    too and mark it as 13.                                  11:59:11
24                  (Exhibit 13 marked.)                      11:59:11
25            THE WITNESS:   There's also information in      11:59:23
26
```

Page 93

 1   provide the opinions you were asked to provide in        13:21:13

 2   this case?                                               13:21:15

 3          MR. LISKOW:  I want to object generally to        13:21:16

 4   this line of questioning, only in the narrow sense       13:21:19

 5   of the extent that the answers to these types of         13:21:22

 6   questions require discussion of our -- your              13:21:25

 7   communications with us as counsel, but are not facts     13:21:28

 8   or assumptions we provided to you, I will caution        13:21:32

 9   you to avoid those.  But, otherwise.                     13:21:35

10   BY MS. STEBBINS BINA:                                    13:21:39

11      Q.   I'm just asking what you did to determine        13:21:39

12   what you needed to rely on.  If the answer is, you       13:21:44

13   know, you provided documents by counsel and asked to     13:21:47

14   use those as your basis for your report, that's          13:21:50

15   fine.  I'm just wondering if you, you know, if you       13:21:52

16   did anything additional or further or kind of how        13:21:54

17   you went through that process.                           13:21:56

18      A.   Well, the process was that I was given           13:21:58

19   documents that counsel thought would be relevant to      13:22:02

20   my opinions.  And then as I developed my opinions        13:22:05

21   and did my analysis, I requested documents saying, I     13:22:09

22   need to understand this issue or, you know, is there     13:22:13

23   any testimony about this particular fact.  And then      13:22:17

24   if there was, I was supplied with those documents.       13:22:21

25   And this was an ongoing process of back and forth.       13:22:26

26

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

1    page and says, you know, "Do you want to accept        13:34:17

2    cookies?  Do you want to allow data sharing?"  Or       13:34:22

3    "Don't sell or share my information," is how they       13:34:25

4    are often presented?                                    13:34:28

5        A.    That's my understanding.                      13:34:29

6        Q.    And if a consent banner is implemented on a   13:34:30

7    website or a web page, that could change the Meta       13:34:35

8    Pixel's functionality, right?                           13:34:39

9            MR. LISKOW:  Objection.  Vague.                 13:34:41

10           THE WITNESS:  That could, yes.                  13:34:43

11   BY MS. STEBBINS BINA:                                   13:34:45

12       Q.    Do you know whether or not H&R Block or       13:34:45

13   TaxAct ever instituted any kind of operator            13:34:53

14   consent -- operator consents with respect to the       13:34:57

15   installation of the Meta Pixel or operation of the     13:35:01

16   Meta Pixel?                                             13:35:04

17           MR. LISKOW:  Objection.  Vague.                 13:35:04

18           THE WITNESS:  Are you referring to the          13:35:05

19   banner we were just discussing?                         13:35:08

20   BY MS. STEBBINS BINA:                                   13:35:08

21       Q.    Something like a banner, yes.  Anything       13:35:09

22   along those lines.                                      13:35:12

23           MR. LISKOW:  Same objection.                    13:35:12

24           THE WITNESS:  I'm not aware if they did or      13:35:14

25   didn't implement something like that.                  13:35:16

26

                                             Page 124

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

```
 1   BY MS. STEBBINS BINA:                               13:35:16

 2      Q.   If they did, in fact, implement something   13:35:18

 3   like that for some portion of their users, would    13:35:20

 4   that impact your opinion as to whether the sites     13:35:23

 5   operated -- the pixel operated in a uniform manner?  13:35:27

 6           MR. LISKOW:  Same objection.                13:35:30

 7           THE WITNESS:  From what I saw on the data,   13:35:30

 8   it was uniform, so I don't know what was             13:35:34

 9   implemented, but as I use the term as I saw in the   13:35:37

10   data, it was uniform.                               13:35:41

11   BY MS. STEBBINS BINA:                               13:35:41

12      Q.   But if it were not uniform, I'm going to    13:35:43

13   ask you to assume that it was not uniform and that,  13:35:46

14   in fact, they operated in some portions, would that  13:35:48

15   impact your opinion?                                13:35:54

16           MR. LISKOW:  Objection.  Misstates          13:35:55

17   testimony and vague.                                13:35:57

18           THE WITNESS:  I think I need to think about  13:35:57

19   it because I need to -- I think we would need to     13:35:59

20   come to a, perhaps, more detailed understanding of   13:36:02

21   what we meant by uniform.                           13:36:05

22   BY MS. STEBBINS BINA:                               13:36:06

23      Q.   But uniform is in your opinions, so I think  13:36:08

24   it's certainly helpful and important to clarify what 13:36:12

25   you mean by uniform.                                13:36:14

26
```

Page 125

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

```
 1      A.   I do know that.                          13:41:43

 2      Q.   Would the fact that some users used such 13:41:44

 3   private browsing modes impact your opinion as to 13:41:52

 4   whether or not the Pixel operated in a substantially 13:41:54

 5   uniform manner?                                  13:41:58

 6      A.   I don't believe so.                      13:41:59

 7      Q.   What about the VPNs?  Do you understand  13:42:00

 8   that when I say "VPN," I mean virtual private    13:42:05

 9   network?                                         13:42:08

10      A.   Yes.                                     13:42:08

11      Q.   I'm sort of giving you background.       13:42:09

12           A VPN will mask a user's IP address, right, 13:42:12

13   such that the user's real IP address is typically 13:42:17

14   not transmitted?                                 13:42:21

15      A.   That's correct.                          13:42:21

16      Q.   So, for example, if I use a VPN from     13:42:22

17   California, I might show up as being in Europe   13:42:26

18   somewhere?                                       13:42:28

19      A.   That's correct.                          13:42:29

20      Q.   Your report does not analyze anything about 13:42:30

21   how Meta matches data to users, right?           13:42:47

22      A.   That's correct.                          13:42:51

23      Q.   Do you have any technical understanding of 13:42:51

24   what Meta does or doesn't do to match data?      13:42:56

25      A.   I have a general understanding about     13:42:59

26
```

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

```
 1   and ███████████████████████████████████████         14:07:02

 2   █████████████████████████████████████               14:07:06

 3   ███████████, end quote.  Right?                      14:07:09

 4        A.   Yes.                                        14:07:12

 5        Q.   Do you understand what "███████████         14:07:13

 6   ███████████████" means here?                          14:07:18

 7        A.   Sorry.  Could you repeat the question?      14:07:20

 8        Q.   Sure.  Do you understand what "████████      14:07:27

 9   ███████████████████████" means here?                  14:07:29

10        A.   Yes.  So my understanding is that there was 14:07:31

11   ███████████████████████████████████████               14:07:35

12   ████████████████████████████████████████              14:07:41

13   ████████████████████████████████████.                 14:07:45

14        Q.   So your testimony, I think, is that there   14:07:48

15   was an █████████████████████████████████              14:07:53

16   ███████████████████████████████████████████           14:07:58

17   ████████████████████████████████████ ████████         14:08:01

18   ████████████████████████████████████████████          14:08:04

19   ███████████████████████████████████                   14:08:07

20   correct?                                              14:08:09

21        A.   Yes.                                        14:08:10

22        Q.   What is an IP address?                      14:08:10

23        A.   Everything -- well, it's an Internet        14:08:14

24   protocol address, and everything connected to the     14:08:19

25   Internet has to have a distinct address.  It's a      14:08:22

26
```

Page 146

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | A.    That's correct. | 14:10:41 |
| 2 | Q.    And an IP address could be reassigned from | 14:10:44 |
| 3 | one person to another by a network? | 14:10:47 |
| 4 | A.    That's correct. | 14:10:51 |
| 5 | Q.    IP addresses are not always reliable for a | 14:10:52 |
| 6 | specific geolocation, right? | 14:10:57 |
| 7 | A.    I'm not sure.  I think although IP | 14:10:58 |
| 8 | addresses can be changed, I think they generally | 14:11:06 |
| 9 | don't change significantly.  And I'm not familiar | 14:11:08 |
| 10 | with the process of mapping IP addresses to | 14:11:12 |
| 11 | geolocations, but I think it's fairly reliable. | 14:11:16 |
| 12 | Q.    And do you know how precise it is? | 14:11:20 |
| 13 | A.    I can't -- I can't quantify how precise it | 14:11:23 |
| 14 | is. | 14:11:30 |
| 15 | Q.    For example, former plaintiff Crystal Craig | 14:11:30 |
| 16 | is listed as residing in Illinois per the second | 14:11:33 |
| 17 | amended class action complaints, right? | 14:11:37 |
| 18 | A.    I don't recall. | 14:11:40 |
| 19 | Q.    Any reason to doubt me?  I can pull out the | 14:11:41 |
| 20 | second amended class action complaint, if you like? | 14:11:44 |
| 21 | A.    I have no reason to doubt you. | 14:11:46 |
| 22 | Q.    So let's assume she's a citizen of | 14:11:48 |
| 23 | Illinois.  In the data, would it surprise you to | 14:11:51 |
| 24 | know that she's associated with a location in | 14:11:57 |
| 25 | Belleview, Wisconsin, ZIP 54311. | 14:11:57 |
| 26 | | |

Page 149

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1          THE VIDEOGRAPHER:  This concludes today's          15:36:27

2     deposition of Robert Zeidman.  We are now going off     15:36:29

3     the record at 3:36 p.m.                                  15:36:32

4          (Whereby the proceedings were adjourned at         15:36:36

5          3:36 p.m.)

6                    * * * * *

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                                    Page 196

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

```
 1                    REPORTER'S CERTIFICATE
 2    STATE OF NEVADA  )
                       ) ss
 3    COUNTY OF CLARK  )
               I, JILL E. SHEPHERD, CA-CSR 13275;
 4    NV-CSR 948, RPR, do hereby certify:
 5
                    That I reported the taking of the
 6    deposition of ROBERT ZEIDMAN commencing on
      October 3, 2025, at the hour of 9:36 a.m.
 7
                    That prior to being examined, the
 8    witness was by me duly sworn to testify to the
      truth, the whole truth, and nothing but the truth:
 9
                    That I thereafter transcribed my
10    said shorthand notes into typewriting, and that the
      typewritten transcript of said deposition is a
11    complete, true, and accurate transcription of my
      said shorthand notes taken down at said time.
12
                    I further certify that (1) I am not
13    a relative, employee or independent contractor of
      counsel of any of the parties; nor a relative,
14    employee or independent contractor of the parties
      involved in said action; nor a person financially
15    interested in the action; nor do I have any other
      relationship with any of the parties or with counsel
16    of any of the parties involved in the action that
      may reasonably cause my impartiality to be
17    questioned; and (2) that a request has been made to
      review the transcript.
18
                    IN WITNESS WHEREOF, I have hereunto
19    set my hand and affixed my official seal of office
      in the County of Clark, State of Nevada, this 10th
20    day of October, 2025.
21
22
23    Jill E. Shepherd, RPR
      NV CCR 948
24    CA CSR 13275
      MA CSR 1408608
25    UT-CSR 10410191-7801
26
```

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1    Jessica Stebbins Bina, Esq.

2    jessica.stebbinsbina@lw.com

3                                    October 10, 2025

4    RE: In Re Meta Pixal Filing Cases v.

5    10/3/2025, Robert Zeidman, (#7625547).

6    The above-referenced transcript has been

7    completed by Veritext Legal Solutions and

8    review of the transcript is being handled as follows:

9    __ Per CA State Code (CCP 2025.520 (a)-(e)) - Contact Veritext

10      to schedule a time to review the original transcript at

11      a Veritext office.

12   __ Per CA State Code (CCP 2025.520 (a)-(e)) - Locked .PDF

13      Transcript - The witness should review the transcript and

14      make any necessary corrections on the errata pages included

15      below, noting the page and line number of the corrections.

16      The witness should then sign and date the errata and penalty

17      of perjury pages and return the completed pages to all

18      appearing counsel within the period of time determined at

19      the deposition or provided by the Code of Civil Procedure.

20      Contact Veritext when the sealed original is required.

21   __ Waiving the CA Code of Civil Procedure per Stipulation of

22      Counsel - Original transcript to be released for signature

23      as determined at the deposition.

24   __ Signature Waived - Reading & Signature was waived at the

25      time of the deposition.

26

                                              Page 198

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1    __ Federal R&S Requested (FRCP 30(e)(1)(B)) – Locked .PDF

2    Transcript – The witness should review the transcript and

3    make any necessary corrections on the errata pages included

4    below, notating the page and line number of the corrections.

5    The witness should then sign and date the errata and penalty

6    of perjury pages and return the completed pages to all

7    appearing counsel within the period of time determined at

8    the deposition or provided by the Federal Rules.

9    _X_ Federal R&S Not Requested – Reading & Signature was not

10    requested before the completion of the deposition.

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

# <u>EXHIBIT B</u>

# FILED  UNDER
# SEAL