**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Email: ndeckant@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
E-mail: lfeldman@4-justice.com
         mliskow@4-justice.com

*Attorneys for Plaintiff*
*Additional Attorneys on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-07557-PCP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *DAUBERT* MOTION TO STRIKE OR EXCLUDE THE OPINIONS OF PLAINTIFFS' EXPERT COLIN B. WEIR**<br><br>Date: January 15, 2026<br>Time: 10:00 AM<br>Courtroom: Courtroom 8, 4th Floor<br><br>Judge: Hon. P. Casey Pitts |

## I. INTRODUCTION

Defendant Meta Platforms, Inc.'s ("Defendant") four-page Motion to Exclude the Testimony of Colin Weir ("Motion," ECF No. 230), begins by asserting that Mr. Weir's opinions do not offer specialized knowledge, even though Defendant produced, and Mr. Weir considered, almost 300 gigabytes of complex, technical data that cannot be meaningfully interpreted without expert analysis. Defendant imagines a jury box filled with data scientists, equipped with computers and database software, capable of performing complex operations on SQL and STATA tables to analyze millions of records on demand. This is obviously not the case. Here, Defendant produced substantial transactional records, which are sufficiently voluminous to require someone with expertise like Mr. Weir to use specialized software to review and tabulate the records. The remainder of Defendant's arguments go to the weight of Mr. Weir's testimony, not its admissibility. Accordingly, the Court should deny Defendant's Motion.

## II. LEGAL STANDARD

The admissibility of expert testimony in a civil proceeding is governed by Fed. R. Evid. 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The Ninth Circuit has "interpreted Rule 702 to require that expert testimony … be both relevant and reliable." *Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (internal citations and brackets omitted). Relevance "simply requires that the evidence … logically advance a material aspect of the party's case." *Id.* (internal citations and brackets omitted). Reliability concerns "whether an expert's testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Id.* (quoting *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999)). The role of the Court is not to determine the "'correctness of the expert's conclusions but the soundness of

his methodology.'" *Id.* (quoting *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010)). The Court must "screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). Simply put, the "district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Id.* at 969-70. Even "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564.

### III.    ARGUMENT

First, Defendant argues that Mr. Weir's testimony should be excluded because his methodology and analysis purportedly do not require an expert's "specialized knowledge" because "[c]ounting entries in a table is something anyone can do." Motion at 3. In other words, Defendant demands that the jury perform Mr. Weir's analysis on its own. *See generally id.*

However, Mr. Weir's methodology involved a multi-step process of analyzing ▓▓▓▓ transactional records. *See* Declaration of Colin B. Weir ("Weir Decl.," ECF No. 217-4) at 3. Specifically, Mr. Weir reviewed of complex Meta Pixel event data from Meta's "Hive" database produced by Defendant in numerous comma delimited text ("CSV") files and totaling almost 300 gigabytes in size. *See* Weir Decl., Ex. 2. He then used the data analytics program STATA to perform an analysis of the data. *See id.* at 5. Once the raw data was imported into STATA, Mr. Weir ensured it was formatted in a manner to facilitate further analysis and ran several descriptive tabulations of the data to confirm that he could read and parse the information. *Id.* The use of STATA, or a comparable data analytics program to perform analysis of the data is necessary because it is "implausible" for a human to look at every single entry in each of the fields - "with data that large, you have to use the computer to analyze it." Transcript of Deposition of Colin B. Weir ("Weir Dep.") at 132:15-20.[1] And using a computer to do these types of calculations would involve "specialized

---

[1] Excerpts of the Weir Deposition transcript are attached as Exhibit 1 to the concurrently-filed Declaration of Michael Liskow in Support of Plaintiffs' Opposition to Defendant's Daubert Motion to Strike or Exclude the Opinions of Plaintiffs' Expert Colin B. Weir.

training … in order for the program to be functional in a meaningful way." *Id.* at 129:14-130:9. That is why an expert is necessary.

During his deposition, Mr. Weir explained the enormous size of the data he was analyzing:

Q: How many data files did you perform your analysis on?

A: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ were readable and searchable in the way that would allow us to meet the two sets of criteria that I set forth in the report.

Q: How large were those data files?

A: I don't know what criteria you would use to gauge their size, but I feel comfortable saying that they were voluminous.

Q: Approximately how many entries did you include in your analysis?

A: Again, I don't have these numbers memorized, but I believe there would have been ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ combined total of the exemplars that I was given.

Weir Dep. at 112:5-22. Further, Mr. Weir explained in his expert report that, in tabulating the data, "[t]here would be a table there for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ have been previously parsed to meet the criteria stated . . ." *Id.* at 125:8-18. Moreover, Mr. Weir clarified that "'[p]arse' means that, based on the CSV files, I was able to import the data, that the data was readable by the software, that, for example, if I said, Show me [certain] records . . . that that data would be processed and actually return records that matched." *Id.* at 126:10-23.

It is clear that lay persons on the jury cannot be expected to perform these types of calculations, which require the type of expertise Mr. Weir possesses. *See U.S. v. Fox*, 2005 WL 23421, at *1 (9th Cir. 2005) (district court permissibly relied on testimony that made "several thousand pages of records" of complex transactions "more accessible to the jury through both summary and analysis"); *Solstice Oil & Gas I LLC v. OBES Inc.*, 2015 WL 5059601, at *5 (E.D. La. Aug. 26, 2015) ("Regardless of whether [the damages expert's] calculations involve complex methodology, his ability to present a vast quantity of calculations derived from disparate sources in an understandable format will assist the trier of fact."); *Mascagni v. Schlumberger Tech Corp*, 2017

WL 4127714, at *2 (W.D. La. Sept. 15, 2017) ("Even if an individual calculation appears straightforward, an expert's ability to present, in an understandable format, a vast quantity of calculations derived from disparate sources can assist a trier of fact.") (internal quotations omitted).

Next, Defendant proffers a number of fact-based arguments calling into question whether Mr. Weir can calculate the number of unique visits to H&R Block's and TaxAct's websites, and whether such calculations would be useful in determining statutory damages. *See* Motion at 3-4. At best, these challenges are appropriately directed at Bob Zeidman, Plaintiffs' subject matter expert who is opining on technical issues. *See* ECF No. 217-4. More importantly, these arguments should be rejected because they go to the weight of Mr. Weir's testimony, not its admissibility. *See Miller v. Travel Guard Group, Inc.*, 2023 WL 7106479, at *4 (N.D. Cal. Sept. 15, 2023) (disagreement with expert's theories "goes to the weight given [the expert's] opinions, not its admissibility.").

## IV.  CONCLUSION

For the reasons above, the Court should deny Defendant's Motion.

Dated:  December 15, 2025

**GEORGE FELDMAN MCDONALD, PLLC**

By:  /s/ *Michael Liskow*
       Michael Liskow

Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
E-mail: lfeldman@4-justice.com
              mliskow@4-justice.com

**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ndeckant@bursor.com

**SMITH KRIVOSHEY, P.C.**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor
Boston, MA 02216
Telephone: 617-377-7404
Email: joel@skclassactions.com

**GEORGE FELDMAN MCDONALD, PLLC**
Rebecca A. Peterson (State Bar No. 241858)
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
Facsimile: (888) 421-4173
E-mail: rpeterson@4-Justice.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Kate M. Baxter-Kauf (*pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (*pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
Email: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (*pro hac vice*)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiffs*