**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone:   (303) 298-5783
Facsimile:    (303) 313-2800

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES | Case No. 5:22-cv-07557-PCP (VKD) |
| This Document Relates To:<br><br>All Actions | **DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Hon. P. Casey Pitts |

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 5:22-CV-07557-PCP (VKD)

Gibson, Dunn & Crutcher LLP

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted pro hac vice to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of plaintiffs' Administrative Motion to File Documents Under Seal. Dkt. No. 259. Meta seeks to seal only part of Exhibit 4 to plaintiffs' Reply in Support of Class Certification (the "Reply") (Dkt. No. 259-7; "Exhibit 4"). This redaction relates to specific, non-public content in Exhibit 4 that reflects confidential business information about Meta's proprietary data storage systems, including the names of a specific Hive table and the names and meanings of specific fields.

3. Meta meets the "compelling reasons" standard for sealing material filed in connection with a motion for class certification. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210 (N.D. Cal. Mar. 24, 2020); *Yan Mei Zheng v. Toyota Motor Corp.*, 2019 WL 6841324 (N.D. Cal. Dec. 16, 2019). Under the compelling reasons standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Meta is asking to seal only information which provides insight into specific non-public aspects of its highly confidential and proprietary data storage systems. Meta's interest in sealing proprietary, competitively sensitive information, information that bad actors could use to undermine the integrity of Meta's

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g., Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

systems and gain improper access to user data, and information that could be used by business competitors to circumvent the time and resources necessary to develop their own systems, overrides any public interest in the specific details Meta seeks to seal because that information is not necessary for the public's understanding of this case.

4.  Relevant factors in deciding whether a party's interest in sealing overcomes the public's interest in disclosure include: (1) the amount of material sought to be sealed (*see Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), 2014 WL 690410, at *3 (S.D. Cal. Feb. 21,2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets" (*Id.*). Each of these factors supports sealing the material Meta is requesting to seal.

5.  **First**, Meta seeks to seal only the parts of Exhibit 4 in connection with the Reply, redacting only the material that is necessary to protect its proprietary confidential information from improper disclosure. *See Algarin*, 2014 WL 690410, at *3 (permitting sealing because a party "only s[ought]to seal a limited amount of information"). Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only the parts of Exhibit 4 because it reveals proprietary, commercially sensitive, and confidential information about Meta's proprietary data storage systems, including the names of a specific Hive table and the names and meaning of specific fields.

6.  **Second**, sealing this limited information will not impede the public's understanding of the judicial process, as this minutely detailed information is not essential to the public's understanding of the merits of this dispute or this case. Meta is leaving unsealed general descriptions of its systems, technologies, and analyses—it only seeks to protect from disclosure highly technical and confidential details about its proprietary data storage systems. Indeed, the vast majority of information in the Reply and its exhibits will remain unsealed, so the public will have access to the core information relevant to the merits of the Reply, its exhibits, and the case.

7. **Third**, disclosure of this information is likely to place Meta at a competitive disadvantage, as Meta's competitors could use this sensitive information for their own gain (and at Meta's expense), and bad actors could use this confidential information to better understand and thwart Meta's systems designed to protect users and their data and infiltrate the data that Meta stores, including user data. As the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Meta is likely to suffer competitive harm if the names a specific Hive table, the names of the fields and the contents of those fields within Meta's proprietary data storage systems is made public.

8. Competitive harm is likely if Meta's highly confidential information is made public. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide competitors with unfair insight into how Meta's systems are organized and the specific data it stores in specific Hive tables and fields within its data tables, which would give competitors the ability to "duplicate features of" Meta's systems and technical infrastructure, "which could cause competitive harm." *In re Google Inc. Gmail Litig.*, 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates"). Absent redactions, Meta's competitors would gain access to detailed information about the technologies and structures that give Meta a competitive advantage.

9. Moreover, there is an additional "compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015). The "compelling reasons" standard is clearly met here because the disclosure of specific information about Meta's proprietary data storage systems could empower bad actors to exploit those systems and misuse data stored by Meta, including data related to users. Meta has an interest in maintaining confidentiality over information related to its proprietary data storage systems. Divulging details about

these systems would undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or better understand Meta's systems and the data they store (including data related to users). If left unsealed, bad actors could use this information about where data is stored in Meta's systems and how the systems are labeled and organized to infiltrate and misappropriate data in those systems. Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access. *See Clark v. InComm Fin. Servs., Inc.*, 2024 WL 1600631, at *3 (C.D. Cal. Mar. 13, 2024) (sealing under compelling interest standard "descriptions of the information and processes required to conduct searches of transactions and users on Defendant's internal systems" because "public disclosure of this information could impede Defendant's ability to combat future fraud"); *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1-2 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal video game company's anti-cheating efforts and attendant data because disclosure risked hindering "ability to identify and combat future fraud").

10.  Courts routinely seal the specific types of information Meta seeks to seal here. For example, in *Bottoms v. Block, Inc.*, the court found that compelling interests warranted sealing of specific fields in Block's database. *See* No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block database used to store information related to the Cash App Invite Friends program, and the confidential names and descriptions of certain fields of data stored in the database"). Similarly, in *Calhoun v. Google LLC*, the court granted a motion to seal "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions." No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022); *see also, e.g. Ojmar US LLC v. Sec. People, Inc.*, No. 16-cv-04948-HSG, 2016 WL 6091543 (N.D. Cal. Oct. 19, 2016), at *2 (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices").

11. Plaintiffs filed Exhibit 4 entirely under seal. Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed. Meta's position regarding material in Exhibit 4 that should be sealed is set forth in the following table:

| Document | Portions to be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Exhibit 4 (highlighted in Dkt. No. 265) | Parts of page 15, paragraph 40; page 18, paragraph 44. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit D to Exhibit 4 (highlighted in Dkt. No. 265) | Entire exhibit. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names and meaning of specific fields. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit E to Exhibit 4 (highlighted in Dkt. No. 265) | Entire exhibit. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names and meaning of specific fields. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit F to Exhibit 4 (highlighted in Dkt. No. 265) | Entire exhibit. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names and meaning of specific fields. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit G to Exhibit 4 | Entire exhibit. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names and meaning of specific fields. |

| | | | |
|---|---|---|---|
| (highlighted in Dkt. No. 265) | | | If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit L to Exhibit 4 (highlighted in Dkt. No. 265) | Parts of page 1, rows 11-12, 15-16, 19-20. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit P to Exhibit 4 (highlighted in Dkt. No. 265) | Parts of page 1, rows 7, 17, 27, 35. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit O to Exhibit 4 (highlighted in Dkt. No. 265) | Parts of page 9, line 6. | | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of a specific Hive table. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |
| Exhibit Q to Exhibit 4 (highlighted in Dkt. No. 265) | Parts of page 1, rows 6, 31. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

12. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 12th day of January 2026 in New York, New York.

|   |   |
|---|---|
| 1 | |
| 2 |         */s/ Lauren R. Goldman*<br>        Lauren R. Goldman |

-2-
DECLARATION OF LAUREN R. GOLDMAN IN FURTHER SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)