**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:   (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:   (415) 393-8200
Facsimile:    (415) 393-8306

JONATHAN C. BOND (*pro hac vice*)
jbond@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone:   (202) 955-8500
Facsimile:    (202) 467-0539

**LATHAM & WATKINS LLP**
MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD,
SBN 304635
kristin.whitehead@lw.com
DIANNE KIM, SBN 348367
dianne.kim@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:   (415) 395-8129
Facsimile:    (415) 395-8095

MARISSA ALTER-NELSON (*pro hac vice*)
marissa.alter-nelson@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone:   (212) 906-1200

JESSICA STEBBINS BINA, SBN 248485
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:   (424) 653-5500
Facsimile:    (424) 653-5501

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES<br><br>This Document Relates To:<br><br>All Actions | Case No. 5:22-cv-07557-PCP (VKD)<br><br>**DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF COLIN WEIR**<br><br>Date:  February 26, 2026<br>Time:  10:00 a.m.<br>Courtroom 8, 4th Floor<br><br>Date Action Filed: December 1, 2022<br>Honorable P. Casey Pitts |

## ARGUMENT

Plaintiffs' opposition does not address the core issue presented by Meta's motion to exclude Mr. Colin Weir's testimony: his six-page report will not help this Court resolve plaintiffs' motion for class certification. Because Mr. Weir's testimony does not advance that inquiry, it should be excluded.

Plaintiffs spend most of their opposition arguing that Mr. Weir's testimony would ultimately be useful to help a *jury* count data entries, relying on cases about analysis of voluminous records at the *trial* stage. *See* Opp. 3–4. But while Mr. Weir's testimony does not satisfy the standards to get to a jury either, that is not the relevant question at the class-certification stage. Expert testimony offered at this stage should be excluded unless the proponent shows "by a preponderance of the evidence" that "the expert evidence is 'useful in evaluating whether class certification requirements have been met.'" *Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 546 (C.D. Cal. 2012) (first quote); *Young v. Cree*, 2021 WL 292549, at *4 (N.D. Cal. Jan. 28, 2021) (second quote); *see also In re Apple iPhone Antitrust Litig.*, 2025 WL 3124160, at *4 (N.D. Cal. Oct. 27, 2025) (similar). Plaintiffs have not made that showing.

Tellingly, plaintiffs never even cite Mr. Weir's testimony in their class-certification reply. In their initial class-certification motion, they cited Mr. Weir's testimony once, asserting that his report offers a "method of calculating visits" to the websites at issue in this case. Dkt. 214 at 15. Meta has already explained why Mr. Weir does no such thing, and why—even if he did—counting visits would not advance any classwide methodology for determining statutory damages. Mot. 3–4. Plaintiffs offer no substantive response. Instead, in the final paragraph of their opposition, they pass the buck: plaintiffs assert that "these challenges are appropriately directed at Bob Zeidman," their purported expert "on technical issues." Opp. 4. But plaintiffs bear the burden to show how *Mr. Weir's* testimony would assist this Court in ruling on their class-certification motion. *Cholakyan*, 281 F.R.D. at 546. Similarly, plaintiffs assert that the gaps in Mr. Weir's analysis go only to "weight," not admissibility. Opp. 4. But once again, Mr. Weir's testimony is inadmissible unless it advances the class-certification inquiry. *Young*, 2021 WL 292549, at *4. Plaintiffs offer no rationale for how it could.

## CONCLUSION

The Court should exclude Mr. Weir's opinions.

DATED: January 14, 2026                    **GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
       Lauren R. Goldman