**LATHAM & WATKINS LLP**
MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD, SBN 304635
kristin.whitehead@lw.com
DIANNE KIM, SBN 348367
dianne.kim@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8129

MARISSA ALTER-NELSON (*pro hac vice*)
marissa.alter-nelson@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

JESSICA STEBBINS BINA, SBN 248485
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200

JONATHAN C. BOND (*pro hac vice*)
jbond@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: (202) 955-8500

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE META PIXEL TAX FILING CASES

This Document Relates To:

All Actions

Case No. 5:22-cv-07557-PCP (VKD)

**DEFENDANT META PLATFORMS, INC.'S NOTICE OF MOTION TO STRIKE PORTIONS OF REPLY REPORT OF ROBERT ZEIDMAN**

Date: February 26, 2026
Time: 10:00 a.m.
Court: Courtroom 8, 4th Floor
Honorable P. Casey Pitts

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 26, 2026, at 10:00 a.m., or as soon thereafter as the Court's schedule allows, in Courtroom 8 of the United States District Court for the Northern District of California, located at 280 South 1st Street, Room 2112, San Jose, CA 95113, Defendant Meta Platforms, Inc. ("Meta") will, and hereby does, move this Court for an order striking portions of the Reply Report of Robert Zeidman (Dkt. 259-7 ("Reply Report" or "Reply Rpt.")).

The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

**STATEMENT OF ISSUES TO BE DECIDED**

Should the Court strike paragraphs 10-14, 40-44, 47-48, 54-55, 58, and 63 and the section headers of §§ IV.B.ii and IV.F of the Reply Report of Robert Zeidman as improper rebuttal or legal opinions?

DATED: January 14, 2026

LATHAM & WATKINS LLP

By: */s/ Jessica Stebbins Bina*
Jessica Stebbins Bina

**LATHAM & WATKINS LLP**
JESSICA STEBBINS BINA, SBN 248485
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Facsimile: (424) 653-5501

MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD, SBN 304635
kristin.whitehead@lw.com
DIANNE KIM, SBN 348367
dianne.kim@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8129

Facsimile: (415) 395-8095

MARISSA ALTER-NELSON (*pro hac vice*)
marissa.alter-nelson@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200

JONATHAN C. BOND (*pro hac vice*)
jbond@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: (202) 955-8500

*Attorneys for Defendant Meta Platforms, Inc*

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Under Federal Rule of Civil Procedure 26(a)(2)(B), experts are required to produce a written report which "must contain … a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Rule 37(c)(1) gives teeth to this requirement: a party who fails to disclose information required by "Rule 26(a) … 'is not allowed to use that information … to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.'" *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (quoting Fed. R. Civ. P. 37(c)(1)). Sanctions for failure to properly disclose under Rule 26 are "self-executing [and] automatic." *Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).[1]

Plaintiffs' expert Robert Zeidman produced a written report and was deposed on it. Afterwards, Meta moved to exclude his opinions under Rule 702. Dkt. 233 ("Daubert Motion"). Rather than defend those opinions, or engage in a proper rebuttal report, Zeidman instead offers new methodologies and analyses that appear nowhere in his opening report. Zeidman claims that he is providing "minor clarifications" to his original opinions. Reply Rpt. ¶ 63. But he does much more: he conducts entirely new data analyses, writing new scripts, providing new estimates and counts, and otherwise creating wholly new opinions. *Id.* ¶¶ 40-41, 43-44, 47-48, 54-55. This is impermissible rebuttal testimony, and should be stricken. *Wadler v. Bio-Rad Lab'ys, Inc.*, 2016 WL 6070530, at *3 (N.D. Cal. Oct. 17, 2016) ("Rebuttal testimony cannot be used to advance new arguments or new evidence.").

In addition to conducting wholly new analyses, Zeidman and plaintiffs also use Zeidman's Reply Report to provide legal arguments and opinions in opposition to Meta's Daubert Motion (Dkt. 261) and to support their class-certification reply brief (Dkt. 260). These legal opinions are improper expert testimony, and likewise should be stricken. *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015).

---

[1] Unless noted otherwise, all emphasis is added and internal citations are omitted.

The Court should strike paragraphs 10-14, 40-44, 47-48, 54-55, 58, and 63 and the section headers of §§ IV.B.ii and IV.F of Zeidman's Reply Report and any related testimony as improper rebuttal or legal opinions.

## ARGUMENT

### I. Zeidman's Reply Report Improperly Offers New Methodologies And Analyses.

On reply, Zeidman offers entirely new methodologies and analyses that were not part of his opening report. They should be stricken as improper rebuttal testimony.

***New Methodologies.*** First, in his initial report, Zeidman opined that one could "determine the number of visits made to the Tax Preparers' websites during the relevant class periods" by filtering the data contained in certain fields in Meta's Hive tables. Zeidman Rpt. ¶¶ 51-56. At his deposition, he admitted that his methodology did "not attempt to filter out bots in any way." Dkt. 233-2 at 179:17-24. In his Reply Report, however, Zeidman for the first time makes such an attempt, providing a completely new proposed methodology to do so. Reply Rpt. ¶¶ 40-41 ("Bot Methodology"). Similarly, Zeidman originally claimed he "determined that there are numerous (and more than 40) people who visited the [Tax Preparers'] websites, both nationally and in California," "[b]y reviewing the number of unique (encrypted) IP addresses and associated zip codes." Zeidman Rpt. ¶ 43. In his initial Report and at deposition, Zeidman provided no explanation for how he used encrypted IP addresses to determine there were more than 40 people who visited the websites in California. *See id.* In his Reply Report, however, Zeidman wrote a brand-new "SQL script" "to extract California users from the *ads_pixel_traffic* table of the Meta Hive." Reply Rpt. ¶¶ 43-44. He now concludes that he "found 61,860 unique users from California"—a brand-new, undisclosed opinion based on a methodology found nowhere in his original report. *Id.* ("California Visit Methodology").

Zeidman's Bot Methodology and California Visit Methodology are completely new methodologies and are not proper rebuttal testimony. "Courts in this district have found that reply reports cannot raise new theories or analyses, because this practice makes a fair response impossible." *Pac. Steel Grp. v. Com. Metals Co.*, 2024 WL 3171832, at *5 (N.D. Cal. June 25, 2024). Experts thus may not offer new methodologies on rebuttal or reply that they did not disclose

in their opening report. *Matthew Enter., Inc. v. Chrysler Grp. LLC*, 2016 WL 4272430, at *4 (N.D. Cal. Aug. 15, 2016) (striking rebuttal opinion that "applies a new methodology"); *Young v. Cree Inc.*, 2021 WL 292549, at *12-13 (N.D. Cal. Jan. 28, 2021) (striking rebuttal report that cites to new methodology and studies); *Int'l Swimming League, Ltd. v. World Aquatics*, 2025 WL 3257200, at *10 (N.D. Cal. Nov. 21, 2025) (striking expert testimony because it included "new methodologies, opinions, and theories absent from [the] opening report"). The Bot Methodology (Reply Report ¶¶ 40-41) and California Visit Methodology (*id.* ¶¶ 43-44) should both be stricken.

***New Analyses***. In his original Report, Zeidman assumed that each user of the Tax Preparers' Websites was associated with a unique encrypted IP address. Zeidman Rpt. ¶ 43. After Meta demonstrated otherwise, Zeidman agreed: "a user may have more than one encrypted IP address." Reply Report ¶ 47. To address this problem, Zeidman now provides a brand-new estimate, assuming (with no justification) that each user is associated with *exactly* 270 encrypted IP addresses—which, he claims, would demonstrate "55 unique visitors from TaxAct and 173 unique visitors from H&R Block" in the sample data. *Id.* ¶¶ 43-47 ("Visitor Estimate"). This is a completely new analysis and new evidence, *i.e.*, Zeidman's estimate of unique visitors from each Tax Preparer Website. Again, this is improper rebuttal testimony: Zeidman is not allowed to provide new opinions that relied on new estimates not initially disclosed. *Chrysler*, 2016 WL 4272430, at *3 (striking rebuttal opinions that relied on new estimates not included in initial report); *Cook v. Cnty. of Los Angeles*, 2022 WL 1470574, at *6 (C.D. Cal. Mar. 21, 2022) (striking expert opinions because they were not "rebuttal opinion but affirmative opinions presenting new argument and evidence").

Similarly, in his opening report, Zeidman concluded that he found "an enormous amount of tax information" transmitted from the Tax Preparers' Websites to Meta. Zeidman Rpt. ¶ 57(2). In its Daubert Motion, Meta argued that Zeidman "fail[ed] to define 'tax information'" and "fail[ed] to quantify 'enormous amount.'" Dkt. 233 at 17-18. In his Reply Report, Zeidman admits he did neither: "I did not specifically define the term 'tax information'" (Reply Rpt. ¶ 24) and "I was not asked to quantify the amount of tax information" (*id.* ¶ 48). Yet, on reply, he attempts to explain what he meant by "tax information" (*id.* ¶ 24) and newly creates "two SQL queries" to

count "tax information" in the sample data (*id.* ¶¶ 54-55). Having initially failed to define or quantify the supposed "enormous amount" at all, Zeidman now asserts there are 19,519 events where 18 parameters he deemed were "tax information" were transmitted to Meta, of which 12,227 were not blank or filtered. *Id.* ¶ 55. ("Tax Information Analysis").

This, too, is wholly improper. *City & County of San Francisco v. Purdue Pharma L.P.*, 2022 WL 1203075 (N.D. Cal. Apr. 22, 2022), is on point. There, plaintiffs' expert opined initially that "Defendants' aggressive marketing of opioids resulted in an oversupply of opioids causing numerous harms in San Francisco." *Id.* at *1. Similarly to Meta's criticisms of Zeidman here, defendants' experts criticized plaintiffs' expert "for failing to define the term 'oversupply' and for failing to perform any quantitative analysis" to support her opinion. *See id.* In a rebuttal report, plaintiffs' expert "present[ed] an entirely new analysis that [was] not part of her opening report" to "quantify the extent to which Defendants' alleged misconduct caused an oversupply of opioids." *Id.* The court granted defendants' motion to strike the rebuttal report because it was "responding to an identified omission in her report by performing a new analysis in an attempt to fill the hole that Defendants' experts identified" and "[p]laintiff offer[ed] no explanation as to why [the expert] did not perform the analysis in her opening report." *Id.* at *1-2.

Similarly here, Zeidman initially claimed he found "an enormous amount of tax information" in the sample data. Zeidman Rpt. ¶ 57(2). In response to Meta's arguments that he failed to define "tax information" or quantify "enormous amount," Zeidman presents an entirely new quantification that he expressly admits he did not include in his original report because he was "not asked to." Reply Rpt. ¶¶ 48, 54-55. This is not proper rebuttal. *In re High-Tech Emp. Antitrust Litig.*, 2014 WL 1351040, at *12 (N.D. Cal. Apr. 4, 2014) ("Plaintiffs will not be allowed to 'sandbag' Defendants with new analysis that should have been included at the very least in [the expert's] opening merits report.").

None of these new methodologies and analyses are proper "supplementation" of Zeidman's opinions. "Supplement[ation]" of an expert report means "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 1982797, at *5 (E.D. Cal.

May 13, 2013). The challenged Reply opinions rely entirely on data and information that were available to Zeidman at the time of his original report. They do not address new facts or correct inaccuracies; there is no reason Zeidman could not have offered any of these opinions with his opening report. *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009) (affirming exclusion of report with new theory that "did not correct an inaccuracy in the Plaintiffs' original disclosures, nor did it fill in a gap based on information previously unavailable to the Plaintiffs."). Zeidman's new methodologies and analyses in ¶¶ 40-41, 43-44, 47-48, and 54-55 of his Reply Report are improper rebuttal testimony and should be stricken.

**II. Zeidman Offers Legal Opinions In Response To Meta's Legal Arguments.**

Zeidman's legal opinions and conclusions are also improper, and should likewise be stricken. "[A]n expert witness cannot give an opinion as to [his] legal conclusion," *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008), and may not offer rebuttal testimony that does not rebut opposing experts' opinions and instead responds to legal arguments made by opposing counsel, *Moussouris v. Microsoft Corp.*, 2018 WL 3328418, at *11 (W.D. Wash. June 25, 2018) ("[R]ebuttal reports are proper only 'to contradict or rebut evidence on the same subject matter' from an opposing party's expert."), *aff'd*, 799 F. App'x 459 (9th Cir. 2019). Yet, that is what Zeidman's Reply Report does on numerous occasions:

- Zeidman admits that the consent of Tax Preparer Website visitors is "a legal issue, not a technical issue," and therefore he "do[es] not address it." Reply Rpt. ¶ 42. But he nevertheless opines that "[i]t is irrelevant that [his] proposed method for counting visits to the H&R Block and TaxAct Websites cannot be used to exclude visits from users who provided consent." *See id.* § IV.B.ii section header.[2]
- Zeidman opines that "Meta's detection and filtration code is irrelevant, as are user controls," because plaintiffs modified their class definitions. Reply Rpt. § IV.F section

[2] Plaintiffs make the same argument in their reply brief in support of their motion for class certification: "Meta's express consent defense … is irrelevant to Rule 23(a)." Dkt. 260 at 5.

header; *id.* ¶ 58.[3]

- Finally, Zeidman claims that Meta "misconstrued" his background and experience in its Daubert Motion, and argues that he is "well-qualified to opine on the matters in [his] original report and in this reply" report. Reply Rpt. ¶¶ 10, 63.[4]

All of this is improper. Zeidman's statements that certain arguments made by Meta are "irrelevant" to class certification are impermissible legal arguments. It is clear that Zeidman is acting as a mouthpiece for plaintiffs, who are improperly trying to advance their class certification and *Daubert* arguments through an expert reply report. *Liaw v. United Airlines, Inc.*, 2019 WL 6251204, at *4 (N.D. Cal. Nov. 22, 2019) (excluding expert's "bare-boned conclusion [that] essentially parrots attorney argument"); *Williams v. Lockheed Martin Corp.*, 2011 WL 2200631, at *16 (S.D. Cal. June 2, 2011) (striking expert opinions on class certification because they were "legal conclusions regarding issues to be decided by the Court" and "'amount[ed] to written advocacy'"). Opinions that "attempt[] to augment [plaintiffs'] reply by attacking a legal argument from [Meta's] counsel" are improper expert testimony. *Johnson v. Hartford Cas. Ins. Co.*, 2017 WL 2224828, at *3 (N.D. Cal. May 22, 2017) (excluding expert report). These legal conclusions should be stricken. *See Am. Alt. Ins. Corp. v. Coyne*, 2016 WL 801374, at *3 (N.D. Cal. Mar. 1, 2016) (striking expert testimony that included improper legal opinions); *Hadley v. Kellogg Sales Co.*, 2019 WL 3804661, at *25 (N.D. Cal. Aug. 13, 2019) (same).

Similarly, Zeidman's defense of his qualifications (Reply Rpt. ¶¶ 10-14) is directed only at arguments made by Meta's counsel and is not responsive to any opinions offered by Meta's experts. This is not proper expert rebuttal. *Moussouris*, 2018 WL 3328418, at *11 n.5 (striking reply report that "centers on rebutting [defendant's] arguments—not on [defendants'] expert report"); *HM Elecs., Inc. v. R.F. Techs., Inc.*, 2015 WL 1879428, at *1-2 (S.D. Cal. Apr. 17, 2015) (striking rebuttal that was "nonresponsive to [opposing expert's] report" and "instead direct[ed] at

---

[3] Plaintiffs make the same arguments in their class certification reply brief: "All of Meta's arguments about ad blockers [and] its purported filter … become moot when limiting the classes." Dkt. 260 at 6.

[4] Citing the same paragraphs in Zeidman's Reply Report, plaintiffs highlight the same experiences and make the same argument that "Zeidman is well-qualified to opine on the Meta Pixel" in their opposition to the Daubert Motion. Dkt. 261 at 3-5.

arguments made by Plaintiffs"). Zeidman's assertions that he is "well-qualified" to opine on the Meta Pixel (Reply Rpt. ¶ 63) are his legal conclusions on *Daubert* issues. But this is an inquiry for the Court, not Zeidman. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) ("[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."). And his opinions regarding the standards set by Rule 702 are neither within his expertise nor helpful to the Court. *Avila v. Ford Motor Co.*, 796 F. Supp. 3d 593, 598 (N.D. Cal. 2025) (Pitts, J.) (striking rebuttal testimony that presented "'lawyer argument[s] dressed up as expert opinion'") (quoting *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 5148390, at *5 (N.D. Cal. Nov. 6, 2017)).

**CONCLUSION**

For the reasons stated above and in the Motion, Meta respectfully requests the Court to strike paragraphs 10-14, 40-44, 47-48, 54-55, 58, and 63 and the section headers of §§ IV.B.ii and IV.F of Zeidman's Reply Report and any related testimony.

DATED: January 14, 2026

LATHAM & WATKINS LLP

By: */s/ Jessica Stebbins Bina*
Jessica Stebbins Bina

**LATHAM & WATKINS LLP**
JESSICA STEBBINS BINA, SBN 248485
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Facsimile: (424) 653-5501

MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD, SBN 304635
kristin.whitehead@lw.com
DIANNE KIM, SBN 348367
dianne.kim@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8129

Facsimile: (415) 395-8095

MARISSA ALTER-NELSON (*pro hac vice*)
marissa.alter-nelson@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200

JONATHAN C. BOND (*pro hac vice*)
jbond@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: (202) 955-8500

*Attorneys for Defendant Meta Platforms, Inc.*