**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:   (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:   (415) 393-8200
Facsimile:    (415) 393-8306

JONATHAN C. BOND (*pro hac vice*)
jbond@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone:   (202) 955-8500
Facsimile:    (202) 467-0539

**LATHAM & WATKINS LLP**
MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD,
SBN 304635
kristin.whitehead@lw.com
DIANNE KIM, SBN 348367
dianne.kim@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:   (415) 395-8129
Facsimile:    (415) 395-8095

MARISSA ALTER-NELSON (*pro hac vice*)
marissa.alter-nelson@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone:   (212) 906-1200

JESSICA STEBBINS BINA, SBN 248485
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:   (424) 653-5500
Facsimile:    (424) 653-5501

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE META PIXEL TAX FILING CASES <br><br> This Document Relates To: <br><br> All Actions | Case No. 5:22-cv-07557-PCP (VKD) <br><br> **DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br> Date Action Filed: December 1, 2022 <br><br> Honorable P. Casey Pitts |

Defendant Meta Platforms, Inc. (Meta) moves under Civil Local Rules 7-3(d) and 7-11 for leave to file a sur-reply to address the new class definitions and related arguments in plaintiffs' class-certification reply brief. Meta's proposed sur-reply is attached as Exhibit A. Courts routinely grant leave to file a sur-reply where, as here, plaintiffs change their proposed class definitions in a reply brief. *See, e.g.*, *Revitch v. Citibank, N.A.*, 2019 WL 1903247, at *1 (N.D. Cal. Apr. 28, 2019); *Crosby v. Cal. Physicians' Serv.*, 498 F. Supp. 3d 1218, 1224 (C.D. Cal. 2020); *B.R. v. County of Orange*, 2017 WL 10525878, at *6 (C.D. Cal. Dec. 11, 2017); *Baker v. Big Lots Stores, Inc.*, 2009 WL 10673045, at *3 (C.D. Cal. Aug. 25, 2009). Plaintiffs' counsel takes no position at this time and reserves the right to oppose this motion. *See* Decl. of Abigail A. Barrera ¶ 3.

Plaintiffs' case initially focused on allegations that Meta's Pixel code was configured by certain tax-filing websites to transmit their "sensitive financial information" to Meta. *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1003 (N.D. Cal. 2024). Even when plaintiffs later amended their complaint to add a claim under California's pen-register statute, *see* Cal. Penal Code § 638.51, their allegations still centered on the transmission of substantive tax-filing information, *see, e.g.*, Dkt. 180 (Sec. Am. Compl.) ¶¶ 1, 34–36, 61, 92, 113, 140, 155. The complaint therefore proposed a nationwide class of "[a]ll people in the United States whose *tax filing information* was obtained by Meta from an online tax preparation provider such as H&R Block, TaxAct, or TaxSlayer," and corresponding state subclasses. *Id.* ¶ 92 (emphasis added).

In their class-certification motion, plaintiffs proposed much broader classes of "[a]ll individuals" in the United States or California "who visited the website H&RBlock.com from January 15, 2019 to June 30, 2023," or "who visited the website TaxAct.com from August 25, 2015 to June 30, 2023"—whether or not they provided (or Meta received) any "tax filing information." Mot. i–ii.

Now, in their reply, plaintiffs further retreat from their claims about tax-filing information and propose two additional changes to their proposed classes.

First, plaintiffs say they are seeking Rule 23(b)(3) certification and damages *only* for "pen register and URL data"—*i.e.*, basic web-browsing information—and seek only Rule 23(b)(2) certification and injunctive relief for "traditional tax filing information." Reply 1. That distinction in the types of certification and relief sought appears nowhere in plaintiffs' initial motion. There, although

plaintiffs clarified that they sought only injunctive relief (not damages) under California's Unfair Competition Law, they described all of their proposed CIPA classes as "Damages Classes," and the class definitions themselves did not (and still do not) distinguish between the type of data at issue. *See* Mot. i–ii, 6 n.1.

Second, although plaintiffs' motion originally asked this Court to certify classes of all *visitors* to H&R Block's and TaxAct's websites between certain dates, *see* Mot. i–ii, they now seek to limit their proposed classes to include only website visitors whose data appears in Meta's Hive tables, *see* Reply 3–4. Plaintiffs thus propose adding the following language to each of their class definitions: "and whose data from visiting [Tax Preparers'] website is in Meta's Hive tables." Reply 2 (brackets in original); *see also id.* at 3–4.

Because Meta has "not yet had an opportunity to address Plaintiffs' new class definition[s]," *Crosby*, 498 F. Supp. 3d at 1224, it respectfully requests leave to file the attached sur-reply to do so.

DATED: January 16, 2026

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman