**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone: (303) 298-5783
Facsimile: (303) 313-2800

*Attorneys for Defendant Meta Platforms, Inc.*

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Email: ndeckant@bursor.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman *(pro hac vice)*
Michael Liskow (State Bar No. 243899)
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 354-6534
E-mail: lfeldman@4-justice.com
mliskow@4-justice.com

*Attorneys for Plaintiff*

*Additional Attorneys on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE META PIXEL TAX FILING CASES

This Document Relates To:

All Actions

Case No. 5:22-cv-07557-PCP (VKD)

**JOINT CONSOLIDATED ADMINISTRATIVE MOTION TO SEAL MATERIALS FILED IN CONNECTION WITH CLASS CERTIFICATION, MOTIONS TO EXCLUDE, AND OTHER BRIEFING RE DKT. 267**

Hon. P. Casey Pitts

## I. INTRODUCTION

On January 13, 2026, the Court entered an Order to Consolidate Sealing Motions directing Plaintiffs and Meta Platforms, Inc. ("Meta") (collectively, the "Parties") to file a joint administrative motion to seal that "consolidates all of the pending sealing motions pertaining to the motion for class certification (Dkt. Nos. 214, 218), the motions to exclude (Dkt. Nos. 230, 233), and the subsequent briefing." Dkt. 267. Pursuant to that Order, as well as to Local Civil Rules 7-11 and 79-5, Plaintiffs and Meta hereby submit this Joint Consolidated Administrative Motion to Seal Materials in Connection with Class Certification, Motions to Exclude, and Other Briefing ("Joint Motion"). As requested by the Court, attached to the Joint Motion as Exhibit 1 is "a table organizing all pending sealing requests by document." The Parties are also filing herewith all documents with material sought to be sealed as exhibits. Material Plaintiffs seek to seal is highlighted in green, material Meta seeks to seal is highlighted in yellow, material both plaintiffs and Meta seek to seal is highlighted in pink, and material third parties seek to seal is highlighted in blue. As a result of the Joint Motion, the following previously submitted administrative motions to seal are mooted: Dkts. 213, 217, 224, 231, 232, 234, 235, 237, 238, 243, 254, 257, 259, 266.

**<u>Parties' Joint Statement</u>**

This Court and other courts in this District have previously granted administrative motions to seal under Civil Local Rule 79-5 where a party has shown that a document (or portions thereof) is "privileged, protectable as a trade secret or otherwise entitled to protection under the law" and the request is "narrowly tailored to seal only the sealable material." *Singh v. Costco Wholesale Corp.*, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023); *see also, e.g., Jones v. PGA Tour, Inc.*, 2023 WL 2167400, at *2 (N.D. Cal. Feb. 21, 2023); *Arebalo v. Apple, Inc.*, 2022 WL 580865, at *2 (N.D. Cal. Feb. 25, 2022). Plaintiffs ask the Court to seal select parts of certain documents on file in this case to protect its clients' personally identifiable information ("PII") and other material of personal or sensitive nature that has been designated as Confidential or Highly Confidential by Plaintiffs. Meta asks the Court to seal select parts of these documents that reveal specific, non-public information about Meta's highly confidential Source Code; Meta's proprietary data storage systems (including specific non-

public field names and descriptions of those fields); strategic issues analyzed by Meta employees and actions Meta took in connection with those analyses; the proprietary methods Meta uses to try to match data sent by third-party advertisers; non-public, sensitive details about Meta's integrity systems; confidential communications between Meta and TaxSlayer and actions Meta took in connection with those communications; non-public information about advertisers' Meta Pixel and account with Meta; and employee contact information.

The Parties' requests are "narrowly tailored" because they seek to seal, with respect to Plaintiffs' request, Plaintiffs' PII or other information of a personal nature; and, with respect to Meta's request, material that reflects Meta's internal, proprietary, commercially sensitive, and confidential information about its highly confidential Source Code, proprietary data storage systems, matching methods, integrity systems, advertiser account information, and confidential communications, as well as other non-public information like employee contact information. These documents describe Plaintiffs' PII or other personal information. The documents also contain proprietary, commercially sensitive, and confidential information about its highly confidential Source Code, proprietary data storage systems, matching methods, integrity systems, advertiser account information, and confidential communications, as well as other non-public information like employee contact information. Decl. of Lauren R. Goldman in Supp. of Def. Meta Platforms, Inc.'s Administrative Mot. to Seal ("Goldman Decl.") ¶ 2. Public disclosure of that confidential information would place Meta at a competitive disadvantage in the marketplace or, in the case of employee contact information, risk a security concern. *Id.* ¶¶ 3, 6, 8-9. Furthermore, the disclosure of the information Meta seeks to seal about its highly confidential and proprietary Source Code, data storage systems, and integrity systems could allow bad actors to compromise Meta's systems and gain access to the data Meta receives and stores, including data related to users. Goldman Decl. ¶ 9. Meta's interest in sealing proprietary, competitively sensitive information or information that bad actors could use to undermine the integrity of Meta's systems and gain improper access to user data overrides any public interest in the specific details Meta seeks to seal. Accordingly, there is "compelling reason" to seal narrow parts of these documents.

## II. LEGAL STANDARD

The Court has "broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *1 (N.D. Cal. Sept. 5, 2018) (citing Fed. R. Civ. P. 26(c)(1)(G)). What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," and sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp.*, *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598-99 (1978)).

For a motion to seal documents in connection with a dispositive motion, a movant must meet the "compelling reason" standard. *Ctr. for Auto Safety* , 809 F.3d. at 1102 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Under this standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp*., 331 F.3d 1122, 1135 (9th Cir. 2003). Relevant factors in deciding whether a party's interest in sealing overcomes the public's interest in disclosure include: (1) the amount of material sought to be sealed (*see Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets" (*Id*.)."

## III. ARGUMENT

The Court should seal the specifically identified confidential information in the documents outlined in the table included found at Exhibit 1. The "compelling reason" test applies here, because these documents relate to the motion for class certification and related briefing, which is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety,* 809 F.3d. at 1097; *see also English v. Apple Inc*., No. 14-CV-01619-WHO, 2015 WL 13427750, at *2 (N.D. Cal. Aug. 6, 2015). And a compelling reason to seal narrow portions of these documents exists for several reasons.

*First*, the Parties' sealing requests are "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp*., No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D.

Cal. May 11, 2023). The Parties ask the Court to seal only those parts of the documents that reveal PII and personally sensitive information about Plaintiffs, one of which is proceeding as a Jane Doe; proprietary, commercially sensitive, and confidential information about Meta's highly confidential Source Code; Meta's proprietary data storage systems (including specific non-public field names and descriptions of those fields); proprietary strategic issues analyzed by Meta employees and actions Meta took in connection with those analyses; the proprietary methods Meta uses to try to match data sent by third-party advertisers; non-public, sensitive details about Meta's integrity systems; confidential communications between Meta and TaxSlayer, as well as actions taken by Meta in connection with those communications; non-public information about advertisers' Meta Pixel and account with Meta; and employee contact information.

*Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Meta is likely to suffer harm if highly confidential information regarding the subject matter listed above that it seeks to seal is made public. Goldman Decl. ¶ 8.

*Third*, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015). The "compelling reason" standard is clearly met here as to the disclosure of specific information about Meta's highly confidential Source Code and proprietary data storage systems, which is competitively sensitive and/or could empower bad actors to exploit Meta's systems and misuse data stored by Meta, including data related to users. Goldman Decl. ¶¶ 8–9.

Courts routinely protect the type of information that the Parties seek to seal here. For example, in *Bottoms v. Block, Inc.*, the court found that compelling interests warranted sealing of specific fields in Block's database. *See* No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block database used to store information related to the Cash App Invite Friends program, and the confidential names and descriptions of certain fields of data stored in the database"). *See also Phillips ex rel. Estates of Byrd*

*v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection from disclosure); *Calhoun v. Google LLC*, No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references to "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"). Meta proposes narrowly tailored redactions that would keep sealed only Meta's most sensitive, non-public material.

In conclusion, the Parties' requests are narrowly tailored to seal only PII and other personally sensitive information about Plaintiffs, including a party proceeding pseudononymously as a Jane Doe; as well as the most sensitive, non-public information contained within these documents that reflect Meta's highly confidential Source Code, proprietary data storage systems, matching methods, integrity systems, advertiser account information, and confidential communications, as well as other non-public information like employee contact information.. Disclosure of this information would place Meta at a competitive disadvantage (or in the case of employee contact information, risk a security concern to Meta), and is unnecessary to the public's understanding of this case.

Plaintiffs' and Meta's positions regarding the confidential portions of the documents sought to be sealed are set forth in the table attached as Exhibit 1.

Dated: January 30, 2026

**GIBSON, DUNN & CRUTCHER LLP**

By: <u>*/s/ Lauren R. Goldman*</u>
Lauren R. Goldman

LAUREN R. GOLDMAN (admitted *pro hac vice*)
DARCY C. HARRIS (admitted *pro hac vice*)
lgoldman@gibsondunn.com
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone: (303) 298-5783
Facsimile: (303) 313-2800

*Attorneys for Meta Platforms, Inc.*

Dated: January 30, 2026 **GEORGE FELDMAN MCDONALD, PLLC**

By: */s/ Michael Liskow*
Michael Liskow

Lori G. Feldman (*pro hac vice*)
Michael Liskow (State Bar No. 243899)
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
E-mail: lfeldman@4-justice.com
mliskow@4-justice.com

**BURSOR & FISHER, P.A.**
Neal Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com

**SMITH KRIVOSHEY, P.C.**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor
Boston, MA 02216
Telephone: 617-377-7404
Email: joel@skclassactions.com

**GEORGE FELDMAN MCDONALD, PLLC**
Rebecca A. Peterson (State Bar No. 241858)
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
Facsimile: (888) 421-4173
E-mail: rpeterson@4-Justice.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Kate M. Baxter-Kauf (*pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: kmbaxter-kauf@locklaw.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda, Esq. (*pro hac vice*)
12333 Sowden Road, Suite B
Houston, TX 77080
Telephone: (832) 848-0036
Email: marshal@thehodalawfirm.com

**FOSTER YARBOROUGH PLLC**
Patrick Yarborough, Esq. (*pro hac vice*)
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Email: patrick@fosteryarborough.com

**EMERSON FIRM, PLLC**
John G. Emerson (*pro hac vice*)
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiffs*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: January 30, 2026     By:     */s/ Lauren R. Goldman*

Lauren R. Goldman